1

```
1            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLORADO
2
     Case No. 20-cr-00152-PAB-4
3    _____

4    UNITED STATES OF AMERICA,

5         Plaintiff,

6    vs.

7    ROGER BORN AUSTIN,

8         Defendant.
     _____
9         Proceedings before KRISTEN L. MIX, United States

10   Magistrate Judge, United States District Court for the

11   District of Colorado, commencing at 4:13 p.m., June 4, 2020,

12   in the United States Courthouse, Denver, Colorado.

13   _____

14        WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

15   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

16   _____

17                          APPEARANCES

18        HEATHER CALL, MICHAEL KOENIG, CAROLYN SWEENEY and

19   PAUL TORZILLI, Attorneys at Law, appearing for the

20   Plaintiff.

21        MICHAEL FELDBERG, Attorney at Law, appearing for

22   the Defendant.

23   _____

24    INITIAL APPEARANCE, ARRAIGNMENT, DISCOVERY and DETENTION HEARING

25
```

```
 1                P R O C E E D I N G S
 2           (Whereupon, the within electronically recorded
 3  proceedings are herein transcribed, pursuant to order of
 4  counsel.)
 5           THE COURT:  And then last, Case Number 20-cr-152,
 6  United States of America vs. Roger Born Austin.  Ms. Call for
 7  the Government again.  And Mr. Austin's attorney, would you
 8  please enter your appearance?
 9           MR. FELDBERG:  And good afternoon, Your Honor.
10  Michael Feldberg for Mr. Austin.  My colleague, Julie Withers
11  is on with us.  Mr. Austin has had difficulty connecting via
12  the video link, but he is participating by the audio link.
13           THE COURT:  All right, thank you.  And -- sir, I'm
14  sorry, would you spell your last name for me?  Is it B-E-R-G,
15  Berg?
16           MR. FELDBERG:  Yes, Feldberg.
17           THE COURT:  Feldberg.
18           MR. FELDBERG:  F, as in Frank, E-L-D as in David,
19  B-E-R-G.
20           THE COURT:  Thank you very much.
21           All right, Mr. Austin, can you hear me?  Mr.
22  Austin, I don't mind if you're not on video, but I do need to
23  make sure that you can hear my voice and I can hear you.  Are
24  you there, sir?
25           MR. AUSTIN:  I can hear you.  Can you hear me?
```

3

1          THE COURT:  Yes, I can hear you now.  I cannot see
2    you --
3          MR. AUSTIN:  Okay, good.
4          THE COURT:  -- Mr. Austin and I need to make sure
5    that you are willing to proceed without the Court being able
6    to see you on the video screen.  Can you see me?
7          MR. AUSTIN:  I cannot.  I could not get the camera
8    to work so I do not have video in either direction, but I
9    give you the permission to move forward without video.
10         THE COURT:  All right, thank you.
11         Now, Mr. Austin, you're here so I can tell you
12   about the rights that you have in the court and the charges
13   against you.
14         You've been charged with one count of trusts, et
15   cetera, in restraint of trade illegal.  The penalty on that
16   count is not more than ten years imprisonment, not more than
17   a $1,000,000 fine or two times the gain or loss, whichever is
18   greater, or both the imprisonment and fine, not more than
19   three years of supervised release and a $100 special
20   assessment fee.
21         Sir, do you understand the general nature of the
22   charges against you?
23         MR. AUSTIN:  Yes, Your Honor.
24         THE COURT:  Sir, you have the right to remain
25   silent.  You do not need to speak to anyone about the

1  circumstances that brought you to court today.  If you do
2  choose to speak to someone other than your attorney about
3  those circumstances, what you say can and probably will be
4  used against you in court.  If you are questioned by the
5  police or law enforcement, you have the right to refuse to
6  answer questions.  You also have the right to insist that an
7  attorney be present with you during questioning.  If you
8  choose to remain silent, your silence cannot be used against
9  you in court.
10              Do you understand your right to remain silent?
11              MR. AUSTIN:  Yes, Your Honor.
12              THE COURT:  Sir, you have the right to an attorney,
13  and if you cannot afford one, you have a right to have an
14  attorney appointed for you by the Court.  I understand that
15  Mr. Feldberg is here representing you today and that he is
16  retained counsel.  Are you waiving or giving up your right to
17  have the Court appoint a free attorney to represent you?
18              MR. AUSTIN:  Yes, Your Honor.
19              THE COURT:  All right, thank you.
20              Is Mr. Austin prepared to enter a plea today, Mr.
21  Feldberg?
22              MR. FELDBERG:  Yes, Your Honor.  Mr. Austin pleads
23  not guilty, waives a detailed reading of the indictment and
24  asks for a trial by jury.
25              THE COURT:  Thank you, the not guilty plea is

5

1   received.  Speedy trial dates, counsel.  30 days is July 6th,
2   2020; 70 days is August 13th, 2020.
3          I have the discovery conference memorandum and
4   order in front of me.  I note that counsel have been through
5   it, they have provided electronic signatures.  I have a
6   disclosure date for the Government of August 4th, 2020.  Mr.
7   Feldberg, what disclosure date would the defendant like?
8          MR. FELDBERG:  Your Honor ordered September 15th in
9   one of the other matters in this case.  That seems reasonable
10  to us.
11         THE COURT:  All right, September 15th it is.  I'll
12  write that in and sign the discovery order and make it an
13  order of the Court effective today.
14         That leaves the issue of detention with respect to
15  Mr. Austin.  I understand the Government has released -- has
16  agreed to a release of Mr. Austin on bond.  I'll read the
17  conditions of bond as proposed by the Government and then
18  entertain any argument counsel would like to make.
19         The conditions of bond proposed by the Government
20  are that this would be a personal recognizance bond.  Mr.
21  Austin would surrender his passport to the Clerk of the Court
22  within two business days.  He would not obtain a new passport
23  or other international travel document.  He would not be
24  permitted to travel outside his home district and the
25  district of Colorado without permission form the Court.

1               He would have no direct contact initiated by him
2    with employees of broiler chicken suppliers listed in the
3    Attachment A provided to the Court.  He would have no direct
4    contact initiated by him with employees of companies listed
5    in Attachment B provided to the Court and to the defendant.
6               He would not possess a firearm, a destructive
7    device or another weapon and he would not act as an informant
8    for any law enforcement agency without prior permission of
9    the Court.
10              Ms. Call, are these -- is this an accurate list of
11   the bond conditions proposed by the Government?
12              MS. CALL:  Yes, Your Honor.
13              THE COURT:  Thank you.  And Mr. Feldberg, any
14   argument for the defendant?
15              MR. FELDBERG:  Yes, Your Honor.  We start with the
16   submission of the pretrial services report.  Mr. Austin was
17   interviewed by a pretrial services officer this morning.  The
18   pretrial services agency recommends that he be released on a
19   personal recognizance bond without any supervision.
20              We have two issues to present to the Court and they
21   will be familiar to the Court.  The first is travel.  Mr.
22   Austin lives with his wife of 39 years in rural Georgia.  His
23   children live in Georgia and Tennessee.  He drives through
24   Alabama to get to Tennessee to see his children.  He -- his
25   mother-in-law, who's along in years is -- lives in Florida,

1  my office is in New York.

2          There is no reason for any travel restrictions on
3  Mr. Austin.  He is not a flight risk, there is no contention
4  that he is -- poses any risk of flight.  We have known about
5  this investigation since at least last summer and Mr. Austin
6  has remained right where he is and there's no reason for any
7  restriction on travel.

8          Mr. Austin has advised me that he is happy to mail
9  me his passport tomorrow and I would take custody of that
10 passport, and if there is any need for foreign travel, he can
11 apply to (inaudible).  So we would request essentially the
12 same conditions that have been agreed in other -- for other
13 defendants in this case.  That's travel.

14         He's -- like Mr. Fries, Mr. Austin is an avid
15 hunter.  He lives in rural Georgia where as Your Honor had
16 (inaudible) this is part of the culture.  He has a gun
17 collection handed down through his family.  The restriction
18 that the Court has imposed with other defendants that firearm
19 use be limited to sporting use and we would request home
20 protection as well.  That is a restriction that we could
21 agree to.

22         THE COURT:  All right, thank you.  I want to make
23 sure that I understand, Mr. Feldberg, that the defendant does
24 not object to the condition with respect to Attachments A and
25 B?

1          MR. FELDBERG:  That's correct, Your Honor.  Mr.
2     Austin is semi-retired.  He's retired from Pilgrim's.  He
3     does do some consulting work.  And what I meant to suggest to
4     the Court, and I have not yet discussed this with the
5     Government, that if there is a need for him to have contact
6     with anyone who's somehow involved in this -- on these lists
7     for -- as part of his consulting business, perhaps I could
8     speak with Government counsel and we could attempt to reach
9     an agreement with respect to any individual in this case, but
10    we're not objecting, per se, to the restrictions in
11    Attachments A and B.
12         THE COURT:  All right, thank you, I understand.
13         So as I understand it, the defendant is proposing
14    that the conditions as proposed by the Government be modified
15    to allow him to surrender his passport to his attorney within
16    two business days.  He would be restricted from international
17    travel only without permission from the Court, but would
18    otherwise be permitted to travel within the United States
19    without Court permission, and he would be allowed to use
20    firearms for sporting purposes only.
21         To the extent that the defendant wished to contact
22    any of the individuals in Attachments A or B, defense counsel
23    proposes that he and the attorney for the Government have a
24    conversation about that.  And, of course, to the extent that
25    any party agrees to or wants to request a modification of the

9

1    conditions of bond, you may do so by filing either a -- an
2    unopposed motion, indicating that counsel agree that bond can
3    be modified or an opposed motion for the Court's
4    adjudication.
5           So those are the -- in my understanding of what the
6    defendant is proposing.  Did I go through that accurately,
7    Mr. Feldberg?
8           MR. FELDBERG:  Yes, with one footnote, Your Honor
9    which is that the use of firearms for sporting -- personal --
10   for sporting use or home protection.  He lives in a rural
11   area.
12          THE COURT:  I'm sorry, you were fading out on that
13   a little bit.  Can you say that again?
14          MR. FELDBERG:  Sure, and I have a dog barking in
15   the background.  My apologies.
16          THE COURT:  That's all right.
17          MR. FELDBERG:  He would agree to a restriction of
18   firearm use for sporting purposes or, in the unlikely event
19   that it's needed, for home protection.
20          THE COURT:  Well, I'm not inclined to allow for the
21   personal protection.  It's just too vague, frankly.  Ms.
22   Call, do you want to respond to any of those suggested
23   modifications?  I think you're muted, I can't hear you.
24          MS. CALL:  My apologies, Your Honor.  The
25   Government will agree to the modification regarding the

1   surrender of passport to counsel and to the proposal
2   regarding contacts as part of the defendant consulting that
3   we will confer regarding that in any proposed amendment to
4   the order as necessary at that time.
5         Regarding firearms and domestic travel, the
6   Government will rest on the prior arguments.
7         THE COURT:  All right, thank you.
8         The Court will find that there is a combination of
9   conditions that I can impose that will reasonably assure Mr.
10  Austin's appearance in court in the future and the safety of
11  the community.
12        Mr. Austin, you will be released on a personal
13  recognizance bond.  The conditions of your release are that
14  you must surrender your passport to your counsel within two
15  business days.  You will not obtain a new passport or other
16  international travel document.  Your international travel
17  will be restricted.  You must get permission from the Court
18  to travel internationally.
19        You will not initiate any direct contact with
20  employees of broiler chicken suppliers listed in Attachment
21  A.  You will not initiate direct contact with employees of
22  companies listed in Attachment B.
23        You may use weapons only for sporting purposes and
24  you shall not act as an informant for any law enforcement
25  agency without prior permission of the Court.

1              Sir, do you understand the conditions of your
2     release?
3              MR. AUSTIN:  Yes, Your Honor.
4              THE COURT:  And are you going to authorize me to
5     sign these bond conditions on your behalf indicating that you
6     agree to them and will comply with them?
7              MR. AUSTIN:  Yes, Your Honor.
8              THE COURT:  All right, thank you, and then I will
9     do that.  The bond paperwork will be executed when it's
10    appropriately amended by the Court.
11             Anything further with respect to Mr. Austin this
12    afternoon from the Government?
13             MS. CALL:  No, Your Honor.
14             THE COURT:  Anything further from the defendant?
15             MR. FELDBERG:  No, Your Honor.  Thank you.
16             THE COURT:  Thank you.  We're in recess.
17             (Whereupon, the within hearing was then in
18    conclusion at 4:26 p.m.)
19
20
21
22
23
24
25

12

1               TRANSCRIBER'S CERTIFICATION

2    I certify that the foregoing is a correct transcript to the

3    best of my ability to hear and understand the audio recording

4    and based on the quality of the audio recording from the

5    above-entitled matter.

6

7    /s/ Dyann Labo                      June 10, 2020

8    Signature of Transcriber            Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25