```
                                                             1



1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLORADO
2
     Case No. 20-cr-00152-PAB-3
3    _____

4    UNITED STATES OF AMERICA,

5         Plaintiff,

6    vs.

7    SCOTT JAMES BRADY,

8         Defendant.
     _____
9          Proceedings before KRISTEN L. MIX, United States

10   Magistrate Judge, United States District Court for the

11   District of Colorado, commencing at 4:02 p.m., June 4, 2020,

12   in the United States Courthouse, Denver, Colorado.

13   _____

14        WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

15   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

16   _____

17                         APPEARANCES

18        HEATHER CALL, MICHAEL KOENIG, CAROLYN SWEENEY and

19   PAUL TORZILLI, Attorneys at Law, appearing for the

20   Plaintiff.

21        BRYAN LAVINE, Attorney at Law, appearing for the

22   Defendant.

23   _____

24    INITIAL APPEARANCE, ARRAIGNMENT, DISCOVERY and DETENTION HEARING

25
```

```
 1                P R O C E E D I N G S
 2            (Whereupon, the within electronically recorded
 3   proceedings are herein transcribed, pursuant to order of
 4   counsel.)
 5            THE COURT:  All right.  All right, same case
 6   number, 20-cr-00152, United States of America vs. Scott James
 7   Brady.  And let's have counsel --
 8            MR. LAVINE:  Your Honor --
 9            THE COURT:  -- Ms. Call for the Government.  Go
10   ahead, defense counsel, please enter your appearance.
11            MR. LAVINE:  And Your Honor, my name's Bryan Lavine
12   and with me is my partner, Megan Rahman from Troutman
13   Sanders.  We represent Mr. Brady who is here before the Court
14   today.
15            THE COURT:  All right, thank you.  I'm sorry, is it
16   Mr. Lavine?
17            MR. LAVINE:  Yes, it is.
18            THE COURT:  All right, thank you.
19            All right, we're here for an initial appearance and
20   other matters with respect to Mr. Brady.  Mr. Brady, with
21   respect to the initial appearance, you've been charged with
22   one count of trusts, et cetera, in restraint of trade
23   illegal.  The penalty on that count is not more than ten
24   years imprisonment, not more than a $1,000,000 fine or two
25   times the gain or loss, whichever is greater, or both the
```

1  imprisonment and fine, not more than three years of

2  supervised release and a $100 special assessment fee.

3         Do you understand the general nature of the charges

4  against you?

5         MR. BRADY:  Yes, Your Honor.

6         THE COURT:  Sir, you have the right to remain

7  silent.  You do not need to speak to anyone about the

8  circumstances that brought you to court today.  If you do

9  choose to speak to someone other than your attorney about

10  those circumstances, what you say can and probably will be

11  used against you in court.  If you are questioned by the

12  police or law enforcement, you have the right to refuse to

13  answer questions.  You also have the right to insist that an

14  attorney be present with you during questioning.  If you

15  choose to remain silent, your silence cannot be used against

16  you in court.

17         Do you understand your right to remain silent?

18         MR. BRADY:  Yes, Your Honor.

19         THE COURT:  Sir, you have the right to an attorney,

20  and if you cannot afford an attorney, I will appoint one for

21  you at no cost to you.  I note that you've appeared today

22  with Mr. Lavine who I presume that you have retained.

23         So I understand that you are not asking me to

24  appoint a free attorney in your case; is that right?

25         MR. BRADY:  That's right.

1          THE COURT:  All right, I've lost the video for Mr.
2    -- oh, there we -- I have you, I'm sorry.  You moved -- this
3    is a little bit like Hollywood Squares in terms of how the
4    folks appear on the video, but I found you.
5          All right.  With respect to the arraignment, Mr:
6    Lavine, is your client prepared to enter a plea today?
7          MR. LAVINE:  Yes, Your Honor.  We have gone over
8    the indictment with my client.  My client enters a plea of
9    not guilty and waives reading of the indictment.
10         THE COURT:  Thank you, the not guilty plea is
11   received.  Speedy trial dates, Counsel.  30 days of Mr. Brady
12   is July 6th, 2020; 70 days is August 13th, 2020.  I have the
13   discovery conference memorandum and order.  I note that
14   counsel have been through this.  They have signed it
15   electronically..
16         The version of the discovery conference memorandum
17   and order that I have does not have disclosure dates.  I
18   wonder if part of this document got inadvertently chopped off
19   when it was copied.  I'll ask my courtroom deputy to take a
20   look.
21         Do you recall providing disclosure dates with
22   respect to Mr. Brady, Mr. Lavine?
23         MR. LAVINE:  Yes, Your Honor.  I believe that the
24   Government had a date of August the 4th and we had proposed a
25   response date of September 15th.

5

1          THE COURT:  All right.  Is that your recollection
2  as well, Ms. Call?
3          MS. CALL:  That is correct, Your Honor.
4          THE COURT:  All right.  I'm asking my courtroom
5  deputy to see if she can find the remaining pages of the
6  discovery conference memorandum and order.  Give me just a
7  moment.
8          DEPUTY:  Your Honor, I apologize.  What pages --
9          THE COURT:  It's the final two pages after the
10 signature -- electronic signatures.  I don't know if they're
11 numbered, but it would come after page 8.  Just the last two.
12 Thank you.
13         All right, we now have the complete document and
14 you are correct.  The disclosure date for the Government is
15 August 4th and the disclosure date for the defendant is
16 September 15th.  Those are acceptable to the Court.  I'll
17 sign this and make it an order of the Court effective today
18 and that leaves the issue of detention.
19         I understand again that the Government has agreed
20 to bond with respect to Mr. Brady.  I'm going to read the
21 conditions as opposed -- as proposed by the Government and
22 then entertain any argument that the parties wish to make
23 with respect to this.
24         The conditions for release of Mr. Brady as proposed
25 by the Government are that -- this will be a personal

6

recognizance bond:

The defendant would surrender his passport to the Clerk of the Court within two business days, the defendant would not obtain a passport or other international travel document, the defendant would be prohibited from travel outside of the district of Colorado and the home district without getting permission from the Court.

He would be permitted no direct contact initiated by the defendant with employees of the broiler chicken suppliers listed in Attachment A and no direct contact initiated by the defendant with the employees of companies listed in Attachment B.

He may not possess a firearm, a destructive device or another weapon and he may not act as an informant for any law enforcement agency without prior permission of the Court.

Those are the conditions as proposed by the government. Is that right, Ms. Call?

MS. CALL: Yes, Your Honor.

THE COURT: Thank you. And defense counsel?

MR. LAVINE: Yes, Your Honor. There is an advantage of being the third one on the list here because we can pretty much go through what happened with the prior two counsel's arguments.

If I could address the passport and obtain the passport, we would propose to follow the same thing as was

PATTERSON TRANSCRIPTION COMPANY
scheduling@pattersontranscription.com

1    for Mr. Fries, and that is for Mr. Brady to turn over to me

2    his passport within 48 hours and he will not obtain any other

3    passport or international travel document.

4          Number two, as far as the restrictions of

5    contacting either suppliers or victim companies or alleged

6    victim companies, we would follow the same limitations set on

7    Mr. Fries and that is that we would not initiate any contact

8    with those individuals of the suppliers that the Government

9    will propose or send to the Court and nor will he initiate

10   any contact with the alleged victims that are on Exhibit B to

11   the Government's -- on -- to the proposed release.

12          I --

13          THE COURT:  Go ahead.

14          MR. LAVINE:  Go ahead, Your Honor?

15          THE COURT:  Yes.

16          MR. LAVINE:  And as far as possessing a firearm,

17   while my client is not as an avid hunter for -- as Mr. Fries,

18   he is an avid hunter living in Huntsville, Alabama and

19   spending some time in south Georgia where hunting is

20   important and they do go with customers.  We would ask the

21   same limitation as far as being able to use for sporting

22   purposes only.  They are kept, as we disclosed with pretrial

23   services, in locked cabinet at his residence -- at his home.

24   It's actually an apartment, but we'd request the same

25   limitation as was imposed upon Mr. Fries.

1        We don't have any objection to the informant
2   provision.
3        And finally, Your Honor, we would ask that there be
4   no other travel restrictions because he does travel all over
5   the southeast, as well as coming to Atlanta for the Claxton
6   office, as well as coming to see me.  So we would ask no
7   other travel restrictions except for the surrendering of the
8   passport to me, which I'll keep.
9        THE COURT:  So essentially what you're saying
10  there, Mr. Lavine, is that there would be no international
11  travel without permission from the Court due to the surrender
12  of the passport, but otherwise travel would be unrestricted;
13  is that right?
14        MR. LAVINE:  That is correct, Your Honor.
15        THE COURT:  All right, thank you.
16        All right.  Counsel for the Government, what's the
17  Government's position with respect to those requested
18  modifications?
19        MS. CALL:  Yes, Your Honor.  The Government would
20  agree to the modifications requested as to the surrendering
21  of the passport to counsel, as well as the modifications that
22  you -- the Court has already made with respect to contacts
23  with employees of competing suppliers.
24        With the respect to the firearms and the domestic
25  travel, we'll rest on the arguments that we have previously

1  made.

2              THE COURT:  All right, thank you.

3              The Court will find that there is a combination of

4  conditions that I can impose that will reasonably assure the

5  defendant's appearance in court in the future as well as the

6  safety of the community.  Mr. Brady, this will be a personal

7  recognizance bond.

8              The conditions of your bond are as follows:

9              You must surrender your passport to your attorney,

10 and I believe the timeframe you suggested, Mr. Lavine, was

11 within eight hours; is that right?

12             MR. LAVINE:  No, Your Honor.  I'm sorry, if I

13 misspoke.  It was 48 hours.  Two days, Your Honor.

14             THE COURT:  All right, within 48 hours.  Thank you.

15             You may not obtain a new passport or another

16 international travel document.  You may not travel

17 internationally without permission of the Court.

18             You may not have any direct contact initiated by

19 you with employees of the broiler chicken suppliers listed in

20 Attachment A to be further identified by name by the

21 Government by filing of a restricted document on the Court's

22 electronic record on or before the close of business on June

23 4th, 2020.

24             You may not have direct contact initiated by you

25 with the employees of the companies listed in Attachment B

1   provided to the Court and to you.

2          You may not use any weapons except for sporting

3   purposes and you shall not act as an informant for any law

4   enforcement agency without permission of the Court.

5          Do you understand the conditions of your release,

6   Mr. Brady?

7          MR. BRADY:  Yes, Your Honor.

8          THE COURT:  All right.  And sir, are you

9   authorizing me to sign the bond paperwork on your behalf

10  indicating that you understand and agree to these conditions?

11         MR. BRADY:  Yes, Your Honor.

12         THE COURT:  All right.  Thank you.  I will do so --

13         MR. BRADY:  Thank you, Your Honor.

14         THE COURT:  Is there anything further then from the

15  government with respect to Mr. Brady this afternoon?

16         MS. CALL:  No, Your Honor.

17         THE COURT:  Anything further from the defendant,

18  Mr. Lavine?

19         MR. LAVINE:  And no, Your Honor.  Thank you.

20         THE COURT:  Thank you.  We're in recess with

21  respect to Mr. Brady.

22         (Whereupon, the within hearing was then in

23  conclusion at 4:13 p.m.)

24

25

```
1                TRANSCRIBER'S CERTIFICATION
2    I certify that the foregoing is a correct transcript to the
3    best of my ability to hear and understand the audio recording
4    and based on the quality of the audio recording from the
5    above-entitled matter.
6
7    /s/ Dyann Labo                    June 10, 2020
8    Signature of Transcriber          Date
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```