IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY, and
4.    ROGER BORN AUSTIN,

    Defendants.

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

The matter is before me on Defendants' Joint Unopposed Motion for a Designation of Complexity and an Ends of Justice Exclusion of 180 Days from the Speedy Trial Calendar [Docket No. 49], wherein the defendants jointly request that I declare this case "complex" within the meaning of § 3161(h)(7)(B)(ii) of the Speedy Trial Act and exclude 180 days from the Speedy Trial period. *Id.* at 1. The trial in this matter is set for August 10, 2020.

Based on the initial appearances of defendants on June 4, 2020 and the filing of their motion to exclude on June 12, 2020, I find that 62 days remain in the Speedy Trial period.

The defendants' motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

2

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id*., § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an

3

ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

The indictment in this case charges one count of conspiracy to restrain trade in violation of Section 1 of the Sherman Act.  Docket No. 1 at 1. The charge relates to alleged bid rigging and price fixing for broiler chicken products sold in the United States between 2012 and 2017.  *Id*.

Defendants indicate that the United States intends to produce 12.5 million documents to them as part of discovery, comprising 19 terabytes of data.  Docket No. 49 at 4.  The government has told the defendants that discovery will not be completed until early August 2020.  *Id*.  Defendants state that they will need to organize and analyze all of these documents, which, given the volume is a large undertaking and one made more complicated by the ongoing COVID-19 pandemic.  *Id*.

Defendants also argue that the nature of the case is complex and will require significant time to investigate.  First, defense counsel will need to analyze the various aspects of the broiler chicken market, including the production, pricing, and marketing of broiler chickens.  *Id*. at 3.  Second, defense counsel will need to identify and interview potential experts and interview witnesses.  *Id*. at 4.  These tasks will be complicated by the pandemic and the hesitancy of some people to travel or meet in person.  *Id*. at 4-5.  Third, the pandemic will make is more difficult for defense counsel to meet with their clients to review discovery and to consult about the case.  *Id*.

In light of the large amount of discovery, I find that the case is complex within the meaning of the Speedy Trial Act.  Given that I will need to hold hearings to resolve any

4

motions filed, given the amount of discovery, and the likely complexity of the trial (thus necessitating more lengthy trial preparation), I find that the exclusion of 180 days is justified and is necessary to allow defense counsel adequate time to file and litigate motions and to prepare for trial.  The ongoing pandemic has made such an exclusion even more reasonable since its effect to make tasks that would take a long time take even longer.

Thus, I find that this case is so complex due to the nature of the crime charged and the amount and nature of discovery that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(3) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4) That 180 days from the date of this order should be excluded from the computation of speedy trial; and

(5) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that Defendants' Joint Unopposed Motion for a Designation of Complexity and an Ends of Justice Exclusion of 180 Days from the Speedy Trial Calendar [Docket No. 49] is **GRANTED**.  It is further

2. **ORDERED** that all pretrial motions shall be filed by December 28, 2020 and responses to these motions shall be filed by January 11, 2021.  It is further

3. **ORDERED** that a Trial Preparation Conference will be set on **February 12, 2021** at 1:30 p.m. and the trial set for **February 16, 2021** at 8:00 a.m. for 10 days.  It is further

4. **ORDERED** that 180 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED July 8, 2020.

        BY THE COURT:

        *[signature]*

        PHILIP A. BRIMMER
        Chief United States District Judge