IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY, and
4.     ROGER BORN AUSTIN,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Government's Motion to Restrict Document No. 67 [Docket No. 82]. No objections have been filed under D.C.COLO.LCrR 47.1. The government seeks to redact its initial statement of organizational victims, which the government is required to file pursuant to Fed. R. Crim. P. 12.4(a)(2), in order to omit the names of the victims. The government supports its motion to restrict on the grounds that "the interest in preserving victims' right to be treated with respect outweighs the presumption of public access," that "clearly defined and serious injury would result if access is not restricted," and that "only restricted access will adequately protect the interests in question." Docket No. 83 at 1-2. The government explains that, under the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8), the listed victims are afforded a right to privacy and that public access to the list of potential victims would undermine their right to privacy. *Id.* at 3. However, the only privacy interest at stake here is the

organizational victims' identities.  The government does not explain whether the victims here are seeking to protect their identities from disclosure and does not explain how, in the context of this case, their identities would not otherwise be disclosed, especially since the nature of the case makes the potential victims fairly obvious.  Moreover, the government offers no explanation for why disclosure will result in "clearly defined and serious injury."  *See* D.C.COLO.LCrR 47.1(c)(3).  Local Rule 47.1(c)(3) requires a party seeking restriction to "identify" the injury, not to merely parrot back the language of the subsection.  For the institutional victims involved in this case, it is not apparent why privacy interests are triggered by disclosure, particularly given the non-stigmatizing nature of the crime at issue, at least from the victims' perspective.  Thus, the Court finds that the government has failed to demonstrate that the privacy rights of the institutional victims under 18 U.S.C. § 3771(a)(8) have been jeopardized and fails to justify restriction under Local Rule 47.1.  Wherefore, it is

**ORDERED** that the Government's Motion to Restrict Document No. 67 [Docket No. 82] is denied.  It is further

**ORDERED** that the restrictions on Docket Nos. 67 and 83 shall be removed.

DATED July 29, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge