IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**JAYSON JEFFREY PENN, et al.**,<br><br>*Defendants.* | Case No. 1:20-cr-00152-PAB |

**UNOPPOSED MOTION OF TIMOTHY MULRENIN, WILLIAM KANTOLA, JIMMIE LITTLE, WILLIAM LOVETTE, GARY ROBERTS, AND RICKIE BLAKE FOR AN EXTENSION OF TIME IN WHICH TO FILE <u>ANY MOTIONS FOR BILLS OF PARTICULARS</u>**

Timothy Mulrenin, William Kantola, Jimmie Little, William Lovette, Gary Roberts, and Rickie Blake (collectively, "the New Defendants") move for an extension of time by which to file any motion for a bill of particulars to November 30, 2020. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, any motion for a bill of particulars may be filed "before or within 14 days after arraignment *or at a later time if the court permits.*" Fed. R. Crim. P. 7(f) (emphasis added). A deadline for a motion may be extended upon a showing of "good cause, . . . established with particularity." Rule I(F)(1), Practice Standards (Criminal Cases) (Jan. 26, 2018). Because none of the New Defendants has yet had an opportunity to review the extraordinarily voluminous discovery in this case and determine whether such a motion is necessary, good cause exists to extend the filing deadline. Counsel for the New Defendants have

coordinated with each other and with the Government to file this Motion as expeditiously as possible. The Government does not oppose this Motion.

## BACKGROUND

On June 2, 2020, Jayson Penn, Mikell Fries, Scott Brady, and Roger Austin were charged with one count of violating 15 U.S.C. § 1 by entering into an illegal price-fixing and bid-rigging agreement in the course of their work in the chicken supply industry. On October 6, 2020, a Superseding Indictment expanded on that charge and added the New Defendants. *Compare* Superseding Indictment, ECF No. 101, *with* Indictment, ECF No. 1.

All defendants were arraigned on the Superseding Indictment on October 13, 2020. *See* Tr. of Initial Appearance (Oct. 13, 2020), ECF No. 176. The New Defendants understand that discovery in this case is comprised of more than 12.6 million documents. *See, e.g.*, Unopposed Gov't Mot. to Extend the Gov't's Discovery Deadline, ECF No. 92, at 1 ¶ 2. The Government is in the process of providing these documents to the New Defendants and identifying a significantly narrower, but still voluminous, set of "core documents."

## APPLICABLE LAW

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (internal quotation marks omitted). While a bill of particulars "is not a discovery device," it "may serve to amplify the indictment by providing additional information." *Id.* (alteration adopted) (internal quotation marks omitted). "It is axiomatic that a criminal defendant should be given enough information about the offense

2

charged so that he may prepare adequately for trial" (*United States v. Rogers*, 617 F. Supp. 1024, 1027 (D. Colo. 1985)), and the defendant is entitled to know "the theory of the government's case" (*Dunn*, 841 F.2d at 1030 (internal quotation marks omitted)).

But where the Government provides the same information a defendant seeks through the course of discovery, or otherwise agrees to answer the defendant's questions about its theory of the case, a bill of particulars may not be necessary. *See, e.g.*, *Rogers*, 617 F. Supp. at 1028 (select requests in motion for bill of particulars were moot where requests had been answered "in whole or in part in the indictment and through discovery" or government "agreed to provide answers").

## ARGUMENT

Under Rule 7(f), any motion for a bill of particulars ordinarily would be due on or before October 27, 2020, which is fourteen days after the arraignment on the Superseding Indictment. However, "good cause" exists to extend the time in which any one of the New Defendants may file a motion for a bill of particulars without seeking further leave from the Court.

The New Defendants presently are not in a position to determine whether such a motion is warranted, given that they have not yet had the opportunity to review the voluminous discovery. *See supra* at 2. As such, none of the New Defendants is in a position to know whether his questions about the ambiguities in the Superseding Indictment will be answered when he is able to review the voluminous discovery in this case. It would be inefficient for the New Defendants to file a motion for a bill of particulars now, and the parties to fully brief the issues, when they may subsequently determine that the discovery answers one or more of their pending questions about the lack of specificity in the Superseding Indictment. *See Rogers*, 617

3

F. Supp. at 1028. Simultaneously, it would frustrate the interest in judicial economy for the New Defendants to file a motion for a bill of particulars now, without having the benefit of reviewing the discovery, and then need to file a second motion for a bill of particulars if, after reviewing the discovery, they are left with new questions about the theory of the Government's case.

The New Defendants respectfully request that the Court extend the deadline by which any of the New Defendants may file a motion for a bill of particulars. The New Defendants anticipate that an extension of approximately 30 days would allow them to obtain the discovery, perform a preliminary review of the discovery, and engage in a dialogue with the Government to determine whether the discovery itself or the Government's willingness to provide a bill of particulars voluntarily will obviate the need for any motion for a bill of particulars. An extension of precisely 30 days, however, would make the due date on Thanksgiving. Accordingly, the New Defendants seek an extension to November 30, 2020, which is the Monday after Thanksgiving. Counsel for New Defendants have conferred with the Government, and the Government does not oppose this request.

## CONCLUSION

"Good cause" exists to extend the deadline by which the New Defendants may file a motion for a bill of particulars without seeking further leave from the Court, because they have not yet had an opportunity to review the voluminous discovery in this case. The New Defendants respectfully request that the Court enter a new deadline of November 30, 2020, which the Government does not oppose.

Date:  October 27, 2020

*/s/ Elizabeth B. Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
555 11th Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone:  (202) 637-2200
Fax: (202) 637-2201
elizabeth.prewitt@lw.com

*Counsel for Mr. Mulrenin*

*/s/ Mark A. Byrne*
Mark A. Byrne
Jennifer Lynn Derwin
BYRNE & NIXON LLP
888 West Sixth Street, Suite 1100
Los Angeles, California 90017
Telephone: (213) 620-8003
Fax: 213-620-8012
markbyrne@byrnenixon.com
jenniferderwin@byrnenixon.com

*Counsel for Mr. Little*

*/s/ John Anderson Fagg, Jr.*
John Anderson Fagg , Jr.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone:  (704) 331-3622
Fax: (704) 378-2092
johnfagg@mvalaw.com

*Counsel for Mr. Lovette*

*/s/ James A. Backstrom*
James A. Backstrom
JAMES A. BACKSTROM, Counsellor at Law
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102
Telephone:  (215) 864-7797
jabber@backstromlaw.com

*Counsel for Mr. Kantola*

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
Jessica Arden Ettinger
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
2000 K Street N.W., 4th Floor
Washington, D.C. 20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
bpollack@robbinsrussell.com
jettinger@robbinsrussell.com

*/s/ Wendy W. Johnson*
Wendy W. Johnson
RMP LLP
5519 Hackett Road, Suite 300
Springdale, Arkansas  72762
Telephone:  (479) 443-2705
Fax:  (479) 443-2718
wjohnson@rmp.law

*Counsel for Mr. Blake*

*/s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN WITHERS & LAKE, LLC
400 Galleria Parkway, Ste 1920
Atlanta, Georgia 30339
Telephone:  (404) 842-9700
Fax: (404) 842-9750
cgillen@gwllawfirm.com

*Counsel for Mr. Roberts*

**CERTIFICATE OF SERVICE**

On this 27th day of October, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

        Respectfully submitted,

        */s/ Barry J. Pollack*
        Barry J. Pollack
        ROBBINS, RUSSELL, ENGLERT,
        ORSECK, UNTEREINER & SAUBER LLP
        2000 K Street N.W., 4th Floor
        Washington, D.C. 20006
        Telephone: (202) 775 4500
        Fax: (202) 775 4510
        bpollack@robbinsrussell.com

        *Counsel for Mr. Blake*