IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATERSON BLAKE,

      Defendants.

---

**GOVERNMENT'S FIRST AMENDED STATEMENT OF ORGANIZATIONAL VICTIMS PURSUANT TO FED. R. CRIM. P. 12.4(a)(2)**

---

The United States herewith files its First Amended Statement of Organizational Victims Pursuant to Fed. R. Crim. P. 12.4(a)(2). Under Rule 12.4 of the Federal Rules of Criminal Procedure, the United States must provide the Court with a statement identifying corporate victims of criminal activity. Fed. R. Crim. P. 12.4(a)(2). The United States must also provide certain ownership information concerning corporate victims to the extent this information is available through due diligence. *Id.* This information is

intended to aid the Court in complying with its obligations under the Code for Conduct for United States Judges. *See* Fed. R. Crim. P. 12.4 advisory committee's note.

On July 2, 2020, the United States provided the Court with a statement identifying potential corporate victims of criminal activity under this action for the one-count indictment returned against defendants Jayson Penn, Mikell Fries, Scott Brady, and Roger Austin.  On October 6, 2020, the grand jury returned a superseding indictment, adding six individual defendants to the first count and charging defendant Jimmie Little with two additional counts.

The United States therefore provides this supplemental statement identifying additional potential victims in view of its continued development of victim information. Fed. R. Crim. P. 12.4(b)(2).

Antitrust conspiracies often affect a large number of corporate victims at various levels of the downstream market. The instant case is no exception. Hundreds—if not thousands—of companies directly purchased broiler chicken products from the conspirators in this case during the conspiracy period. Even with the exercise of due diligence, the United States could not inform the Court of the identity and ownership of all these potential corporate victims.

Notwithstanding the above, the United States has used due diligence and identified what it believes are some of the customers directly affected by the alleged conspiracy. These customers are listed below. The United States believes that this list should allow the Court to make an informed decision of whether it has any "financial interest in the subject matter of the controversy." *Id.* (quoting Code of Judicial Conduct,

Canon 3C(1)(c) (1972)). Should the Court require further information, the United States will make its best efforts to provide the additional information.

1. <u>Golden Corral.</u> Ultimate parent company: Investors Management Corporation. The government knows of no publicly-held corporation that owns 10% or more of the stock of Investors Management Corporation.

2. <u>KFC Corporation.</u> Ultimate parent company: Yum! Brands, Inc. The government knows of no publicly-held corporation that owns 10% or more of the stock of Yum! Brands, Inc.

3. <u>The Kroger Company.</u> Ultimate parent company: not applicable. The government knows of no publicly-held corporation that owns 10% or more of the stock of The Kroger Company.

4. <u>Popeyes Louisiana Kitchen, Inc.</u> Ultimate parent company: Restaurant Brands International, Inc. The government knows of no publicly-held corporation that owns 10% or more of the stock of Restaurant Brands International, Inc.

5. <u>Restaurant Supply Chain Solutions.</u> Ultimate parent company: not applicable. The government knows of no publicly-held corporation that owns 10% or more of the stock of Restaurant Supply Chain Solutions.

6. <u>Supply Management Services.</u> Ultimate parent company: not applicable. The government knows of no publicly-held corporation that owns 10% or more of the stock of Supply Management Services.

7. <u>Walmart Inc.</u> Ultimate parent company: not applicable.  The government knows of no publicly-held corporation that owns 10% or more of the stock of Walmart, Inc.

8. <u>Church's Chicken</u>. Ultimate parent company: Church's Holdings Corporation. The government knows of no publicly-held corporation that owns 10% or more of the stock of Church's Chicken.

9. <u>Chick-fil-A</u>. Ultimate parent company: not applicable. The government knows of no publicly-held corporation that owns 10% or more of the stock of Chick-fil-A.

10. <u>Sysco Foods</u>. Ultimate parent company: Sysco Corporation. The government knows of no publicly-held corporation that owns 10% or more of the stock of Sysco Food.

11. <u>J.S. Foods</u>. Ultimate parent company: not applicable. The government knows of no publicly-held corporation that owns 10% or more of the stock of John Soules Foods.

Respectfully submitted this 10th day of November, 2020.

By: ___s/ Heather Call_____
    Heather D. Call
    Michael T. Koenigp
    Carolyn M. Sweeney
    Paul J. Torzilli
    Trial Attorneys
    Antitrust Division
    U.S. Department of Justice
    Washington Criminal II Office
    450 Fifth Street, N.W.
    Washington, D.C. 20530
    Tel: 202-598-2623
    Email: heather.call@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this November 10, 2020, I electronically filed the foregoing **GOVERNMENT'S FIRST AMENDED STATEMENT OF ORGANIZATIONAL VICTIMS PURSUANT TO FED. R. CRIM. P. 12.4(a)(2)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

By: __s/ Heather Call_____

Heather D. Call
Trial Attorney
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov

Attorneys for the United States