## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00152-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. **JIMMIE LEE LITTLE**,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

   Defendants.

## DEFENDANT JIMMIE LITTLE'S MOTION FOR BILL OF PARTICULARS

1

Defendant Jimmie Little, by and through his counsel, and pursuant to Rule 7(f) of the Federal

Rules of Criminal Procedure, respectfully requests that the Court order the Government to file a bill

of particulars with respect to the Superseding Indictment.

## I.    INTRODUCTION

On October 6, 2020, Mr. Little was indicted, along with nine other individuals, in a

Superseding Indictment.  Count One of the Superseding Indictment alleges that the ten defendants,

together with co-conspirators known and unknown to the grand jury, engaged in a continuing

combination and conspiracy to fix prices and other price related terms for broiler chicken products

sold in the United States in violation Section 1 of the Sherman Act (15 U.S.C. § 1).  (Superseding

Indictment ¶ 1.)  The Superseding Indictment alleges a conspiracy spanning at least seven years,

beginning "at least as early as 2012" and continuing through "at least early 2019."  (*Id.*)  The

Superseding Indictment identifies ten suppliers of broiler chicken parts (*id.* ¶¶ 14, 22-35), eight

customers and one distributor (*id.* ¶¶ 36-44), but it does not indicate whether the conspiracy was

limited to them.

The Superseding Indictment describes fourteen separate incidents under the heading of

"Means and Methods of the Conspiracy" that were "part of the conspiracy."  (*Id.* ¶¶ 47-143.)  It is

unclear from the Superseding Indictment how the fourteen distinct incidents are related to a single

conspiracy involving all the defendants.  In fact, the fourteen incidents involve different groups of

individuals, customers, and bids, further obscuring the basis for any alleged agreement.  Mr. Little is

named in only three of the fourteen identified incidents: one incident is based upon conduct that

occurred in 2013 (*id.* ¶¶ 66-70), one incident is based upon conduct that occurred in late 2013 and

early 2014 (*id.* ¶¶ 77-83), and one incident is based upon conduct that occurred in 2014 (*id.* ¶¶ 87-

107).  Mr. Little left the poultry industry when he retired in October 2016.[1]

The Superseding Indictment also charges Mr. Little with False Statements (18 U.S.C. § 1001) ("Count Two") and Obstruction of Justice (18 U.S.C. § 1512(c)(2)) ("Count Three"). (Superseding Indictment ¶¶ 146-149, 150-151.)  In Count Two, the Superseding Indictment alleges that on August 31, 2020, Mr. Little was interviewed by federal agents. (*Id.* ¶ 147.)   It further alleges that during the interview, Mr. Little made false statements when he stated that he had no contact with individuals at competing Suppliers outside of speaking to individuals at industry trade shows and that he had not called or sent text messages to any individuals at competing Suppliers.  (*Id.* ¶¶ 148-149.)  Count Three alleges that on August 31, 2020, Mr. Little was contacted by federal agents prior to the planned grand-jury testimony by one of the agents and the planned swearing for an affidavit to support a criminal complaint charging Mr. Little.  (*Id.* ¶ 151.)  The Superseding Indictment further alleges, "[a]fter contact by these special agents, but before the grand jury testimony and affidavit swearing, Little stated false or misleading information to the agents." (*Id.*)  The Superseding Indictment does not describe the false or misleading information that Mr. Little allegedly provided or allege how that information purportedly obstructed an official proceeding.

Discovery in this case is voluminous totaling more than 12.5 million documents.  The Government's identification of approximately 5,000 documents that it deems "highly relevant" neither provides adequate clarification of the charges against Mr. Little nor obviates the need for him to review the discovery.  Given the scope and ambiguity of the alleged conspiracy, Mr. Little cannot be forced to sift through a mountain of discovery trying to ascertain what may be relevant to the charges against him.  Accordingly, Mr. Little seeks a bill of particulars so that he has adequate

---

[1] Mr. Little originally was charged by Criminal Complaint with Conspiracy to Restrain Trade.  (*See U.S. v. Little*, 20-mj-149-SKC, Criminal Complaint, Doc. No. 1.)  In the Affidavit in Support of Criminal Complaint, the affiant stated that Mr. Little retired in approximately 2016, although it was noted that there was conflicting documentation about whether he retired in 2016 or 2017.  (*Id.* ¶ 13, FN. 2.)

3

notice of the charges against him and can prepare a defense.

## II.    LEGAL STANDARD

Pursuant to Local Criminal Rule 12.1(b), Mr. Little incorporates by reference the legal

authorities set forth in the Motion for Bill of Particulars filed by Mr. Penn on October 27, 2020.

(Defendant Jayson Penn's Motion for Bill of Particulars, Doc. No. 183.)

## III.    REQUESTED PARTICULARS

Mr. Little requests the following particulars in order to understand the charges against him

and be able to prepare for trial:

Count One for Conspiracy to Restrain Trade

(1) When the alleged conspiracy began;

(2) The bids and contracts that allegedly were fixed;

(3) The names of all co-conspirators and the names of the co-conspirators with whom Mr.

   Little directly conspired;

(4) When and by what action(s) Mr. Little allegedly agreed to join the conspiracy;

(5) When and by what action(s) Mr. Little allegedly became a co-conspirator and continued

   to be a co-conspirator as to the incidents in which he is not named; and

(6) Any acts that Mr. Little allegedly engaged in and any benefit that Mr. Little allegedly

   received from the conspiracy after he retired.

Count Three for Obstruction of Justice

(1) The false or misleading information that Mr. Little allegedly provided the agents; and

(2) The facts demonstrating how the official proceeding allegedly was obstructed because of

   the false or misleading information that Mr. Little allegedly provided the agents.

### A. Count One for Conspiracy to Restrain Trade

1. <u>The Government should identify when the alleged conspiracy began</u>

It is unclear when the alleged conspiracy began.  The Superseding Indictment alleges a conspiracy "[b]eginning at least as early as 2012." (Superseding Indictment ¶ 1.)  The first of the fourteen incidents alleged to be a part of the conspiracy began in "approximately the autumn of 2012."  (*Id.* ¶ 51.)  The subset of discovery that the Government has labeled "highly relevant" includes documents dating back to at least 2006.  The Government should specify when the alleged conspiracy began.

2. <u>The Government should identify all of the bids and contracts that were allegedly fixed</u>

The Superseding Indictment includes fourteen incidents under the heading of "Means and Methods of the Conspiracy" and labels the acts described therein as "part" of the conspiracy suggesting that the listed incidents are just examples of what the Government may present at trial. (Superseding Indictment ¶¶ 47-143.)  Counsel for Mr. Penn has identified at least 252 other transactions or events that are referenced within the subset of documents that the Government has labeled "highly relevant."  (Penn's Motion, Doc. No. 183, p. 9 & Ex. A.)   In order to prepare for trial, Mr. Little must know which bids or contracts the government alleges were fixed.  Mr. Little requests a list of the implicated bids or contracts, including the customers, products, terms and suppliers involved.

3. <u>The Government should identify all of the alleged co-conspirators and specifically the co-conspirators with whom the Government alleges Mr. Little directly conspired</u>

The Superseding Indictment names ten individuals from five different Suppliers who were alleged to have participated in the conspiracy.  (Superseding Indictment ¶¶ 12-21.)  The Superseding

Indictment refers to numerous other individuals, including individuals with whom Mr. Little

allegedly had contact, but it is not clear if those individuals are also alleged to be part of the

conspiracy. (*Id*. ¶¶ 23-33). Mr. Little must know with whom he is alleged to have conspired in

order to defend himself. The Government should provide a complete list of the allegedly co-

conspirators and identify those individuals with whom the Government alleges Mr. Little directly

conspired.

4. <u>The Government should identify when and by what action Mr. Little allegedly agreed to join the conspiracy</u>

Mr. Little is identified in only three of the fourteen incidents set forth in the "Means and

Methods of the Conspiracy" that were "part of the conspiracy." (Superseding Indictment ¶¶ 47-

143.) The first incident occurred in 2012, yet it is alleged that Mr. Little did not participate in the

conspiracy until 2013. (*Id*. ¶¶ 66-70.) The Superseding Indictment does not specify when and by

what action Mr. Little allegedly agreed to join the conspiracy. Nor does it allege how he joined (by

what agreement and with whom) and agreed to be part of this alleged wide-ranging conspiracy

involving numerous other individuals with whom it is not alleged that Mr. Little had any contact, let

alone some sort of agreement. In order to defend himself, Mr. Little needs to know these facts, if

they exist.

5. <u>The Government should identify when and by what action(s) Mr. Little allegedly became a co-conspirator and continued to be a co-conspirator as to the incidents in which he is not named</u>

As set forth above, Mr. Little is named in only three of fourteen incidents in the Superseding

Indictment. The Government should allege how Mr. Little is an alleged co-conspirator with respect

to those eleven incidents in which the Superseding Indictment does not allege he was involved. In

other words, the Government should identify how the fourteen incidents in the Superseding

Indictment were part of one overarching conspiracy, rather than separate conspiracies between
different alleged co-conspirators.

     6. <u>The Government should identify any acts that Mr. Little allegedly engaged in and
any benefit that Mr. Little allegedly received from the conspiracy after he retired</u>

The Superseding Indictment alleges that the conspiracy continued through "at least early
2019." (Superseding Indictment ¶ 1.)  Mr. Little retired from Supplier-1 in or about October 2016.
If the Government contends that Mr. Little remained a member of the conspiracy after his
retirement, the Government should identify any act(s) by Mr. Little in furtherance of the conspiracy,
or any benefit that he allegedly received from the conspiracy, after he retired.[2]

## B. Count Three for Obstruction of Justice

     1. <u>The Government should identify the false or misleading information that Mr.
Little allegedly provided the agents</u>

The Superseding Indictment alleges that Mr. Little obstructed an official proceeding, to wit,

the pending grand jury investigation of price fixing in the broiler chicken

industry, the pending prosecution of four individuals for conspiring to fix prices

in the broiler chicken industry, and the then about-to-be-instituted prosecution of

LITTLE for conspiring to fix prices in the broiler chicken industry.

(Superseding Indictment ¶ 151.)  According to the Superseding Indictment, on August 31, 2020, Mr.
Little was contacted by federal agents prior to the planned grand-jury testimony by one of the agents
and the planned swearing for an affidavit to support a criminal complaint charging Mr. Little.  (*Id.*)
The Superseding Indictment further alleges, "[a]fter contact by these special agents, but before the

---

[2]   The end date of Mr. Little's alleged participation in the alleged conspiracy is especially important
because the statute of limitations may impact the government's ability to charge Mr. Little with Count
One.

grand jury testimony and affidavit swearing, Little stated false or misleading information to the agents." (*Id.*)  The Superseding Indictment does not describe the false or misleading information that Mr. Little allegedly provided to the agents.

In Count Two of the Superseding Indictment, Mr. Little is charged with making false statements to federal agents when he was interviewed on August 31, 2020. (Id. ¶ 147.)   Count Two identifies two alleged false statements - Mr. Little stated that he had no contact with individuals at competing Suppliers outside of speaking to individuals at industry trade shows and that he had not called or sent text messages to any individuals at competing Suppliers.  (Id. ¶¶ 148-149.)  If Count Three for Obstruction of Justice is based upon the same alleged misstatements, the Government should so state.  If not, the Government should identify the false or misleading information that Mr. Little allegedly provided.

> 2. The Government should identify how the official proceeding was allegedly obstructed because of the false or misleading information that Mr. Little allegedly provided the agents

In addition to identifying the false or misleading information that Mr. Little allegedly provided to the agents on August 31, 2020, the Government should also identify how that information obstructed an official proceeding.  At the time of his contact with the agents, the Government presumably already had conducted an extensive investigation.  On June 2, 2020, the Government indicted the original defendants in this case.  (Indictment, Doc. No. 1.)  In Response to the Motion for a Bill of Particulars filed by Mr. Penn and Mr. Austin, on July 3, 2020, the Government represented that by August 4, 2020, it anticipated it would have produced approximately 12.5 million documents.  (Govt. Response, Doc. No. 68, p. 3.)  Given the stage of the Government's investigation, it is difficult to image how any statement made by Mr. Little on August 31, 2020, would have impeded the proceedings.  At the very least the government should identify

8

the false or misleading information upon which this allegation is based.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, Mr. Little respectfully requests that the Court order the

Government to provide a bill of particulars.

Dated: November 30, 2020

Respectfully submitted,

/s/ Mark A. Byrne

Mark A. Byrne (Cal. Bar No. 116657)
e-mail: markbyrne@byrnenixon.com
Jennifer L. Derwin (Cal. Bar No. 222420)
e-mail: jenniferderwin@byrnenixon.com
**BYRNE & NIXON LLP**
888 West Sixth Street, Suite 1100
Los Angeles, California 90017
Telephone: 213-620-8003
Facsimile: 213-620-8012

*Attorneys for Defendant Jimmie Lee Little*

## CERTIFICATE OF SERVICE

I hereby certify that November 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of such filing to all parties of record.

/s/ Mark A. Byrne
Mark A. Byrne
