IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on the defendants' various motions for bills of particular, filed after the grand jury returned the superseding indictment. *See* Docket Nos. 179, 180, 181, 183, 203, 204, 205, 206, 207, 208.

## I. BACKGROUND

The superseding indictment charges each of the defendants in Count One with restraining trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and charges defendant Jimmie Lee Little in counts two and three with making false statements in violation of 18 U.S.C. § 1001 and obstructing justice in violation of 18 U.S.C. § 1512(c)(2). *See* Docket No. 101.

Count One alleges that, between 2012 and 2019, the defendants were members of a conspiracy to rig bids and to fix prices for broiler chicken products sold in the United States. *Id.* at 1-2, ¶ 1. The superseding indictment anonymously refers to 16 unindicted individuals who acted in furtherance of the conspiracy. *See id.* at 6-7, ¶¶ 22-33. The government has identified these individuals in an email to defendants. *See* Docket No. 217 at 2. The superseding indictment identifies fourteen incidents that the government claims are "examples of the continuing network [of broiler chicken suppliers] in action" and are "selected acts in furtherance of the conspiracy by each defendant." *Id.* at 3.

The discovery is voluminous, consisting of over 12.8 million documents. Docket No. 183 at 5. The government has produced annotated indices to this discovery. Other than a few instances, the documents are electronically searchable. Docket No. 217 at 4. Over 40 interview reports have been produced as well as two letters summarizing attorney proffers and other information. *Id.* Of the documents produced, the government has identified a small subset of 5300 "highly relevant" documents. *Id.* at 4-5.

## II. Legal Standard

Federal Rule of Criminal Procedure 7(f) provides that "[a] court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A defendant can move for such a bill "before or within 14 days after arraignment or at a later time if the court permits." *Id.* "The granting or denial of a motion for bill of particulars is left to the

discretion of the trial court." *See United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987) (citation omitted).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *See United States v. Tyler*, 42 F. App'x 186, 190 (10th Cir. 2002) (citing *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)). It further enables a defendant "to minimize surprise at trial . . . [and] to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (citing *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)); *see also United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). However, a defendant is not permitted to use a bill of particulars to compel a detailed list of the evidence the government might use at trial. *See United States v. Gutierrez*, 625 F. App'x 888, 891 (10th Cir. 2015) (unpublished) (affirming denial of a bill of particulars where the indictment alleged where the prohibited conduct occurred and "described the prohibited behavior"); *Wright*, 826 F.2d at 944 ("It is not the function of a bill of particulars to disclose in detail the evidence upon which the government will rely at trial." (citation omitted)). Importantly, a bill of particulars "is not a discovery device," and a defendant "is not entitled to notice of the all of *evidence* the government intends to produce, but only the *theory* of the government's case." *See Tyler*, 42 F. App'x at 190 (citations omitted).

Moreover, it is only the general theory of the case that a defendant is entitled to, not the specific legal theories on which the government might rely. So long as the indictment contains the elements of the charges and the factual basis for each charge,

a defendant is not entitled to a bill of particulars. *See Kunzman*, 54 F.3d at 1526; *see also United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) ("Since the defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case, the district court does not abuse its discretion in denying defendant's motion for a bill of particulars where defendant has been served with a sufficient indictment." (alterations and quotations omitted)).  "An indictment is generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense." *Dunn*, 841 F.2d at 1029 (citations omitted).

### III. ANALYSIS

Although each of the ten defendants has filed a separate motion, each motion contains common arguments that will be addressed together.  Before addressing each category of requests, the Court notes that many of defendants' arguments implicitly rely on the complexity of the case and the volume of discovery. However, "[m]ere recitation of volume and complexity . . . is insufficient" to demonstrate prejudice from a deficient bill of particulars.  *See Wright*, 825 F.2d at 944.

#### A. Agreement to Join Conspiracy

The first category of requests is one for the government to "specify the substance of the alleged agreements" and how exactly they conspired together.  *See, e.g.*, Docket No. 179 at 6; Docket No. 204 at 6-7.  Defendants, however, ask for more than is required, and the Court finds that the indictment is sufficient.

As previously stated, a bill of particulars is not a means of compelling the government to explain in detail its legal theories; a defendant is only entitled to the government's theory of the case so that he or she can prepare a defense. *See Tyler*, 42 F. App'x at 190; *Gabriel*, 715 F.2d at 1449.  Here, the superseding indictment names the defendants and states that they had an agreement "to suppress and eliminate competition through rigging bids and fixing prices" for broiler chicken products.  *See* Docket No. 101 at 9, ¶ 47.  The superseding indictment provides further context for the agreement, stating that various defendants participated in conversations regarding price fixing, monitored bids of other suppliers, and received money based on the fixed prices. *Id.* at 9-10, ¶¶ 48-50.  The superseding indictment then proceeds to describe dates, prices, and discussions regarding the alleged conspiracy.  *See id.* at 10-39, ¶¶ 51-143. The indictment sets forth the elements of the charge and the government's general theory of the case.  That is all that is required.  *See Dunn*, 841 F.2d at 1029 (citations omitted); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983).

### B.  Conspiracy Start Date and End Date

Roughly half of the defendants request a bill of particulars regarding the start date and end date of the alleged conspiracy.  *See, e.g.*, Docket No. 180 at 5-6; Docket No. 183 at 13; Docket No. 208 at 5.  However, an exact start date is unnecessary.  *See Gutierrez,* 625 F. App'x at 891 (affirming denial of a bill of particulars that alleged the conduct occurred "[o]n or about between August 1, 2011 and November 7, 2011"); *United States v. Edmonson*, 962 F.3d 1535, 1541 (10th Cir. 1992) (rejecting motion for bill of particular that argued that the indictments statement of "from before on or about

April 6, 1989 to on or about July 5, 1989" was "fatally defective"); *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980) (denying request for "[t]he specific event, facts, conduct, or circumstances upon which the allegations in the indictment [were] based"). To the extent that defendants argue that the presence of some documents from before the indictment's start date of 2012 are listed as "highly relevant," defendants fail to explain how the presence of a small number of documents will hinder their defense or result in unfair surprise, particularly given that the disclosure of these documents has already occurred. Defendants' request for an end date fails for similar reasons. First, the government is not required to provide specific facts and details so long as defendants can prepare a defense. Second, defendants' claim that they must "guess" whether the alleged conspiracy ended in 2017, when the factual allegations end, or 2019, when defendants allegedly received money for the rigged bids, is unavailing. The superseding indictment states that the conspiracy ran through 2019; there is no guesswork involved.

### C. Unidentified Co-Conspirators

Most of the defendants request a bill of particulars naming any remaining unidentified co-conspirators. *See e.g.*, Docket No. 179 at 5-6; Docket No. 207 at 3; Docket No. 208 at 5-6. However, the government is not required to identify unindicted co-conspirators. *United States v. Paiva*, 892 F.2d 148, 155 (1st Cir. 1989); *United States v. Hajduk*, 370 F. Supp. 2d 1103, 1113 (D. Colo. 2005). Given the government's provision of a legend enable defendants to "deanonymize the [s]uperseding [i]ndictment and thereby identify 16 individuals employed by several broiler chicken suppliers," in

addition to the government's assurance that it will identify further co-conspirators as they are discovered, Docket No. 217 at 13-14, defendants' argument is unavailing.

### D.  Rigged Bids and Fixed Prices

Defendants argue "that they need to know the bids and prices they allegedly fixed and with whom." See Docket No. 225 at 2.  Like the request for the substance of the agreements, it is unclear what more defendants believe is required in the indictment.  A bill of particular "serves to minimize the defendant's surprise to the substantive facts of the charges, not the evidentiary basis of the charge."  See *United States v. Antoine*, No. 17-cr-00134-CMA-02, 2018 WL 858734, at *2 (D. Colo. Feb. 14, 2018) (citations omitted).  As already explained, the superseding indictment explains the charges, the facts underlying the charges, and how defendants were involved.  That is all that is required of the indictment.

### E.  Date on Which Each Defendant Joined

Each defendant requests a bill of particulars regarding when that defendant allegedly joined the conspiracy.  *See, e.g.*, Docket No. 179 at 4-5; Docket No. 203 at 7.  Defendants claim that, without this information, a defendant will have "no idea when he is alleged to have joined the conspiracy."  See Docket No. 225 at 11.  But defendants fail to explain why that date is necessary to prepare a defense.  In any event, as previously stated, the indictment provides the government's theory of the case and supporting facts for each charge.  Specific facts or conducts are unnecessary.  *Barbieri*, 614 F.2d at 719.

### F. Acts of the Conspiracy

Defendants request a bill of particulars as to each defendant's actions in the conspiracy. *See, e.g.*, Docket No. 208 at 6-7. Two defendants also request a bill of particulars as to their most recent act in furtherance of the conspiracy. *See* Docket No. 203 at 10; Docket No. 208 at 7 n.2. Both requests are broader than what is required. The indictment need only demonstrate "the substantive facts of the charges, not the evidentiary basis of the charge," *Antoine*, 2018 WL 858734, at *2, and it is only the theory of the case, not any specific legal theory, that must be disclosed. *See Tyler*, 42 F. App'x at 190. Defendants essentially are asking for every piece of evidence and each legal theory the government will present at trial, but that is not the purpose of a bill of particulars. *See Levine*, 983 F.2d at 167. Nor is a motion for a bill of particulars an appropriate place to make a statute of limitations argument, particularly given, as the government notes, a defendant's "passive nonparticipation" is insufficient to demonstrate that the defendant in fact left the conspiracy. *See Smith v. United States*, 568 U.S. 106, 112-13 (2013).

### G. Obstruction of Justice

Mr. Little requests a bill of particulars regarding the obstruction of justice charge. *See* Docket No. 208 at 8. Specifically, Mr. Little states that, while "Count Two identifies two alleged false statements," Count Three does not specifically state that the allegations from Count Two apply to Count Three. *Id.* But the superseding indictment specifically states that "[t]he Grand Jury incorporates and re-alleges Paragraphs 3-145 of Count 1, and Paragraphs 146-149 of Count 2." *See* Docket No. 101 at 40, ¶ 150.

8

Thus, Mr. Little's argument that Count Three does not identify the improper statements is unpersuasive. As to Mr. Little's request that the government produce a bill of particulars regarding how, exactly, Mr. Little's false statements obstructed justice, this is an improper request into the precise legal theory and evidence upon which the government might rely at trial.

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendant Roger Austin's Motion for Bill of Particulars [Docket No. 59] is **DENIED**. It is further

**ORDERED** that Defendant Jayson Penn's Motion for Bill of Particulars [Docket No. 60] is **DENIED**. It is further

**ORDERED** that Defendant Roger Austin's Motion for Bill of Particulars [Docket No. 179] is **DENIED**. It is further

**ORDERED** that Defendant Scott Brady's Motion for Bill of Particulars [Docket No. 180] is **DENIED**. It is further

**ORDERED** that Defendant Mikell Fries' Motion for Bill of Particulars [Docket No. 181] is **DENIED**. It is further

**ORDERED** that Jayson Penn's Motion for Bill of Particulars [Docket No. 183] is **DENIED**. It is further

**ORDERED** that Defendant Gary Brian Roberts' Motion for a Bill of Particulars [Docket No. 203] is **DENIED**. It is further

**ORDERED** that Defendant William Kantola's Motion for a Bill of Particulars [Docket No. 204] is **DENIED**.  It is further

**ORDERED** that Defendant William Lovette's Motion for Bill of Particulars [Docket No. 205] is **DENIED**.  It is further

**ORDERED** that Mr. Blake's Motion for a Bill of Particulars [Docket No. 206] is **DENIED**.  It is further

**ORDERED** that Timothy Mulrenin's Motion for Bill of Particulars [Docket No. 207] is **DENIED**.  It is further

**ORDERED** that Defendant Jimmie Little's Motion for Bill of Particulars [Docket No. 208] is **DENIED**.

DATED April 30, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge