IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
**9.   GARY BRIAN ROBERTS**, and
10.  RICKIE PATTERSON BLAKE,

      Defendants.

**DEFENDANT ROBERTS' MOTION TO DISMISS THE INDICTMENT
ON SUFFICIENCY GROUNDS AND BRIEF IN SUPPORT THEREOF**

Defendant Gary Brian Roberts respectfully moves the Court to dismiss the Superseding Indictment (Indictment) against him for the reason that the Indictment fails to allege an offense. Defendant approves, adopts, and incorporates the reasons, arguments, and authorities set forth by Defendant William Lovette in his Motion to Dismiss Superseding Indictment (Lovette Motion to Dismiss), Dkt. # 303, filed on July 26, 2021, pursuant to D.C.COLO.LCrR 12.1(b).

## I. INTRODUCTION

Count 1 of the Superseding Indictment charges that, as early as 2012, Defendants allegedly entered into and engaged in a continuing combination and conspiracy to suppress and eliminate

-1-

competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. *See* Dkt. No. 101, ¶ 1. The Superseding Indictment alleges that the Defendants and others allegedly utilized a "continuing network" of suppliers and co-conspirators to reach agreements and understandings to submit aligned bids and prices for broiler chicken products; to communicate non-public information for the purpose of rigging bids and fixing prices and price-related terms for broiler chicken products; and to monitor bids and price-related terms offered by suppliers and co-conspirators for broiler chicken products. *See* Dkt. No. 101, ¶ 48. Under the headings "QSR-4's 2013 Freezing Charge," "QSR-4's Quality Assurance Costs for 2014," and "QSR-1's 8-Piece COB Supply for 2015," the Superseding Indictment cites various communications to or from Mr. Roberts. *Id.* at ¶¶ 68(c), 69, 82, 91, 93, 98, 104.

The Government failed to allege an essential element of any count under Section 1 of the Sherman Act: intent to join and participate in the purported conspiracy. The Superseding Indictment is accordingly fatally defective, in violation of the Fifth Amendment, and subject to dismissal. But there are additional reasons that the Court should dismiss the Superseding Indictment. It does not allege an unlawful agreement between the Defendants or the manner and means by which they reached it. For the reasons set forth below, Mr. Roberts requests that the Court dismiss the Superseding Indictment against him.

## II. APPLICABLE LAW AND ARGUMENT

### A. The Government Fails to Allege That Mr. Roberts Intended To, And Did In Fact, Join a Section I Conspiracy

An indictment must contain the elements of the offense, and must fairly inform the defendant of the charge against which he or she must defend. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 119 (1974)). Failure to charge an essential element of a crime violates the Fifth Amendment. *See United States v. Sinks*, 473 F.3d 1315, 1320 (10th Cir. 2007) (citing *Apprendi v. New Jersey,* 530 U.S. 466 (2000)). "The court should dismiss an indictment if it does not 'contain[ ] the elements of the offense intended to be charged.'" *United States v. Kilpatrick*, 821 F.2d 1456, 1462 (10th Cir. 1987) (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962)).

A criminal antitrust offense under Section 1 of the Sherman Act has four elements: (1) an agreement; (2) that unreasonably restrains trade; (3) that affects interstate commerce; and (4) that was knowingly entered into by the defendant. *See Texaco Inc. v. Dagher*, 547 U.S. 1, 5 (2006). "Intent to restrain competition . . . is an element of a criminal violation of the Sherman Act." *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 479 (10th Cir. 1990) (citing *United States v. Metropolitan Enters., Inc.,* 728 F.2d 444, 449 (10th Cir. 1984); citing *United States v. United States Gypsum Co.,* 438 U.S. 422, 443–446 (1978)). "The requisite intent can be proved by showing that the defendants knowingly joined and participated in the conspiracy." *Id.* at 479-480 (citing *Metropolitan Enters., Inc.,* at 450).

The Superseding Indictment fails to allege that Mr. Roberts intentionally or knowingly joined or participated in the alleged conspiracy to rig bids and fix prices. It contains broad, generalized allegations concerning an alleged "continuing agreement, understanding, and concert

of action among the Defendants and co-conspirators, *see* Dkt. No. 101, ¶ 2, and the Defendants' alleged utilization of a "continuing network" of suppliers and co-conspirators, *id*. at ¶ 48. The Government's allegations regarding Mr. Roberts likewise contain no facts that speak to his alleged knowledge of any conspiracy, or evince his intent to join it. *Id*. at ¶¶ 68(c), 69, 82, 91, 93, 98, 104.

The U.S. Court of Appeals for the Tenth Circuit regularly affirms dismissals of indictments for failure to allege an essential element of an offense. *See, e.g.*, *United States v. Hathaway*, 318 F.3d 1001, 1009, 1010 (10th Cir. 2003) (affirming dismissal and finding that the indictment of the defendant for forcibly assaulting a federal officer, in violation of 18 U.S.C. § 111(a), failed to allege required and essential elements of the felony crime for which the defendant was convicted, and was insufficient to sustain the defendant's conviction); *United States v. Brady*, 13 F.3d 334, 340 (10th Cir. 1993) (affirming the district court's dismissal of indictment charging the defendant with four counts of using and trafficking counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(1), and finding that the indictment did not contain one of the necessary elements of a violation of § 1029); *United States v. Shelton*, 848 F.2d 1485, 1494 (10th Cir. 1988) (concluding, as to one defendant, that the indictment for mail fraud under 18 U.S.C. § 1341 which did not allege that the victims of the fraud were deprived of money or property, failed to ensure that the grand jury returned an indictable offense and to provide notice of the elements of the offense, and permitted the defendant to be convicted on the basis of conduct which was not a federal crime). Likewise, another court upheld a dismissal of a Sherman Act Section 1 charge based upon insufficient allegations in an indictment. *See United States v. ORS, Inc.*, 997 F.2d 628, 629 (9th Cir. 1993) (affirming the dismissal of an indictment where it failed to allege facts showing a nexus between the defendant's business activities and interstate commerce).

The Superseding Indictment here fails to allege Mr. Roberts' knowledge and intent, an essential and required element of the offense. The Indictment accordingly violates the Fifth Amendment, and any conviction of Mr. Roberts pursuant to the defective indictment would violate his Sixth Amendment rights. *See Sinks*, 473 F.3d at 1320 ("When a jury does not find an essential element of a crime, a defendant's conviction violates the Sixth Amendment") (cting *Blakely v. Washington*, 542 U.S. 296 (2004)). It follows that the Superseding Indictment should properly be dismissed as fatally defective.

The Tenth Circuit's *Metropolitan Enterprises* decision controls here. In *Metropolitan*—in which the government prosecuted an alleged antitrust conspiracy among highway paving contractors to rig the bidding on contracts to repave portions of an interstate highway—the Tenth Circuit rejected the defendants' contentions that the indictment failed to state an offense under Section 1 for failing to allege that defendants acted with the requisite anticompetitive intent or knowledge. 728 F.2d at 452. The Court found that it was clear from reading the indictment in its entirety that the defendants intended to produce the anticompetitive effects, and provided the defendants with sufficient information to adequately prepare their defense. *Id*. at 453 (citing *United States v. Cargo Service Stations, Inc.*, 657 F.2d 676, 681–684 (5th Cir. 1981); *United States v. Azzarelli Construction Co*., 612 F.2d 292, 297–298 (7th Cir. 1979); *United States Gypsum Co.,* 438 U.S. at 444-445; *United States v. Wilshire Oil Company*, 427 F.2d 969, 972 (10th Cir. 1970)). Specifically, the indictment alleged that the defendants "discussed the submission of prospective bids; agreed among themselves upon a low bidder; agreed that appellant Metropolitan Enterprises, Inc., would receive a specified subcontract to perform certain work on the projects in question; and submitted intentionally high, noncompetitive bids, or withheld bids." *Id.* Although

the government did not explicitly use the word "intent," the indictment included detailed descriptions of the agreement and the actions that the defendants took to manipulate the bid process pursuant to that agreement made clear that the defendants, "by conspiring, did intend to produce the anticompetitive effects." *Id.*

*Metropolitan* cannot be relied upon to salvage the deficiencies of the Superseding Indictment in this case. Here, in contrast to *Metropolitan*, the government failed to identify any specific anticompetitive agreement and actions taken pursuant to that agreement. Moreover, the Government's substantive allegations do not show that Mr. Roberts knowingly joined and participated in a conspiracy to restrain trade. The Government references 8 telephone calls to or from Mr. Roberts, yet makes no allegation regarding the content of any of the calls. *See* Dkt. No. 101, ¶¶ 91, 93. The Indictment cites five e-mails and attachments which were sent or forwarded to Mr. Roberts. *Id.* at ¶¶ 68(c), 82, 91, 98, 104. In the three e-mails which were sent by Mr. Roberts, in one e-mail Mr. Roberts states that he wants to understand what the "storage expectation" is, *id.* at ¶ 69, and in the other two Mr. Roberts attaches cost-plus pricing models for "Supplier-3," *id.* at ¶¶ 91, 98. The fourth email is an internal email in which another employee tells Mr. Roberts and Mr. Mulrenin about Supplier-1's planned response to quality assurance costs. *Id.* at ¶82. In the fifth, Mr. Roberts receives a meeting invitation from an employee of Cooperative-1 in which that employee comments that Supplier-3's pricing is "ridiculous." *Id.* at ¶104. The Indictment acknowledges that Mr. Roberts was a manager and director for Supplier-3. *Id.* at ¶ 20. Unlike in *Metropolitan Enterprises*, where the indictment described specific agreements to thwart a competitive bid process, the Government's allegations here are consistent with ordinary, legitimate business activity, and thus, wholly insufficient to support an inference of an alleged intent on the

part of Mr. Roberts to join and participate in a conspiracy to rig bids and fix prices for broiler chicken products. *See United States v. Suntar Roofing, Inc*., 897 F.2d 469, 475 (10th Cir. 1990) ("[I]t is not unlawful for competitors to… exchange information on independently derived prices"). The Government's Indictment fails to allege an essential element under Section 1 of the Sherman Act, is constitutionally invalid, and should be dismissed as to Mr. Roberts.

### B. The Superseding Indictment Fails to Allege that Mr. Roberts Committed an *Actus Reus* or Had the *Mens Rea* to Violate the Sherman Act, and Fails to Allege that Mr. Roberts Engaged in a *Per Se* Restraint of Trade

Mr. Roberts furthermore submits that the Superseding Indictment is subject to dismissal for failure to allege that Mr. Roberts possessed the *mens rea* to violate the Sherman Act or committed an *actus reus* in violation of the Act, or the manner and means by which Mr. Roberts and the other Defendants reached the agreement. *See* Dkt. No. 303, pp. 3-8. Moreover, as argued in the Lovette Motion to Dismiss, the Superseding Indictment fails to allege that Mr. Roberts engaged in a *per se* restraint of trade, and therefore a rule of reason analysis must apply to Mr. Roberts' alleged conduct and the Superseding Indictment should be dismissed. *Id*. at 12-13. In addition, the Superseding Indictment is subject to dismissal based upon the fact that it alleges multiple conspiracies in a single count, as opposed to a single conspiracy. *Id*. at 13-15. Pursuant to D.C.COLO.LCrR 12.1(b), Mr. Roberts approves, adopts, and incorporates the reasons, arguments, and authorities set forth in the Lovette Motion to Dismiss in support of dismissal of the Superseding Indictment as to him.

### III. <u>CONCLUSION</u>

Based upon the authorities and grounds set forth herein, Defendant Brian Roberts respectfully requests that the Court grant Defendant Roberts' Motion to Dismiss the Indictment on Sufficiency Grounds, and dismiss the Superseding Indictment as to him.

Respectfully submitted, this 26th day of July, 2021.

<u>s/ Craig A. Gillen</u>
Craig A. Gillen
GILLEN WITHERS & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
(404) 842-9700
cgillen@gwllawfirm.com
*Counsel for Gary Brian Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2021, I electronically filed the foregoing **DEFENDANT ROBERTS' MOTION TO DISMISS THE INDICTMENT ON SUFFICIENCY GROUNDS AND BRIEF IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

 *s/ Craig A. Gillen*
Craig A. Gillen
GILLEN WITHERS & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
(404) 842-9700
cgillen@gwllawfirm.com
*Counsel for Gary Brian Roberts*