**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

      Defendants.

---

**MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS TO UNITED STATES'
*JAMES* BRIEF AND ATTACHMENTS**

---

The government respectfully moves pursuant to Rule 49.1(d) of the Federal Rules of Criminal Procedure and District of Colorado Local Rule 47.1 for leave to restrict access to the government's *James* Brief and four of its five attachments. The government requests Level 1 restriction, limiting access to the Court and the parties in this case. In support of the requested relief, the government states as follows:

    1.    By Order dated August 4, 2021, ECF No. 326, the Court ordered the government to submit by August 13, 2021, a *James* brief and *James* log addressing the applicability of Federal Rule of Evidence 801(d)(2)(E) (the "co-conspirator exclusion" to

the hearsay rule) to out-of-court statements the government plans to offer as part of its case-in-chief.

2. On August 13, 2021, in accordance with the Court's order, the government submitted a *James* brief with five attachments: A (Conspiracy Guide); B (*James* Log); C (Co-Conspirators' Roles at Employers); D (Phone Number Reference Table); and E ("In-Furtherance" Categories). ECF No. 358. The brief and Attachments A-D identify unindicted co-conspirators and the names of victims and their employees.

3. Restriction of the case and documents at Level 1 is appropriate under D.C.Colo.LCrR 47.1 for the following reasons: (1) the interests stated herein outweigh the presumption of public access; (2) clearly defined and serious injury would result if access is not restricted at Level 1, and; (3) only restricted access will adequately protect the interests in question.

4. While the government plans to introduce such evidence in its case-in-chief at trial beginning October 25, 2021, restriction at Level 1 is necessary at this time to avoid prematurely alerting outstanding subjects of the investigation of their status, thereby increasing the likelihood of destruction of evidence or witness tampering, and to protect the identities of victims, witnesses, and uncharged individuals from public dissemination. The necessity in the secrecy of the ongoing investigation outweighs the presumption of public access. *See, e.g.*, *United States v. Mannino*, 480 F. Supp. 1182, 1188 (S.D.N.Y. 1979) (delaying the prosecution's production of certain discovery materials to avoid disclosing an ongoing criminal investigation and noting that "[a]lthough the public ordinarily has a strong interest in prompt disposition of criminal

charges, in this case the public has an even stronger stake in assuring that a comprehensive inquiry into serious criminal activity is completed...."); *United States v. Smith*, 985 F. Supp. 2d. 506, 532 (S.D.N.Y. 2013) (in a public corruption case noting that "while there may be great public interest in learning about the Government's investigation of public officials, there is a greater public interest in allowing those investigations to run their course"). Restricting access to the documents is the only practicable way to maintain the secrecy of the continuing investigation from the public and uncharged subjects for as long as possible.

5. Attachment D, which contains private phone numbers for unindicted co-conspirators and victims and their employees, should be restricted for the additional reason that there is no public interest in disclosing such numbers.

6. Accordingly, the government respectfully requests leave to restrict the *James* brief and four of its attachments (A-D).

Dated this 16th day of August 2021.

Respectfully submitted,

*/s/ Michael Koenig*
Michael Koenig
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov