IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. TIMOTHY R. MULRENIN,
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. **GARY BRIAN ROBERTS,**
10. RICKIE PATTERSON BLAKE,

    Defendants.

**MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS TO REDACTED PARTS OF GOVERNMENT'S RESPONSE TO DEFENDANT FRIES', BRADY'S, AUSTIN'S, KANTOLA'S, LITTLE'S, AND ROBERTS' MOTION TO ADDRESS THE DEPARTMENT OF JUSTICE'S INTERFERENCE WITH DEFENDANTS' RIGHT TO PRESENT THEIR DEFENSE**

The government respectfully submits this motion to restrict public access to redacted parts of its brief in response to certain Defendants' Motion to Address the Department of Justice's Interference with Defendants' Right to Present their Defense, ECF No. 364. For the reasons stated below, the presumption of public right to access the redacted information is outweighed by personal privacy interests and the law-enforcement interest in the ongoing criminal investigation.

Pursuant to District of Colorado Local Rule 47.1(c), a Level 1 restriction is necessary to protect certain information for the following reasons:

1. Restrictions from public access is sought for redactions in the Government's Response to Defendant Fries', Brady's, Austin's, Kantola's, Little's, and Roberts' Motion to Address the Department of Justice's Interference with Defendants' Right to Present Their Defense.

2. The Government's Response specifically discusses the contents of Defendants' no contact orders (Attachments A to the conditions of release), which are filed under Level 1 restriction.  ECF No. 339.  Attachment A for each Defendant identifies a list of potential co-conspirator witnesses. The redacted portion of the Government's Response contains details about the individuals listed in Attachment A which could permit identification of those witnesses.

3. Protection of personal privacy interests can outweigh the presumption to public access. *See U.S. v. Amodeo et al.*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("We have previously held that [t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation." (alteration and ellipses in original)); *see also U.S. v. Benzer*, 2:13-CR-00018-JCM-GWF, 2015 WL 9200365, at *7 (D. Nev. Dec. 15, 2015) (denying disclosure that may cause reputational harm from uncharged conduct).  Public access to potentially-identifying information about potential co-conspirators would undermine the privacy rights of unindicted co-conspirators and other witnesses.

4. Public access to potentially-identifying information about the individuals listed in Attachment A would also publicly disclose the direction of the ongoing investigation in direct tension with Federal Rule of Criminal Procedure 6(e).

5. Redaction of this information from the Government's Response is the least restrictive manner to adequately preserve these interests. Although the existence of the broiler chickens investigation is generally known to the public, the details of the ongoing investigation—including identifying information of those individuals listed on Attachment A—are not.

6. The government has filed, simultaneous with this brief, a public version of the Government's Response to Defendant Fries', Brady's, Austin's, Kantola's, Little's, and Roberts' Motion to Address the Department of Justice's Interference with Defendants' Right to Present Their Defense, with the information relating to the no contact order redacted. The government has also filed a restricted version of the Government's Response, containing no redactions.

7. The government seeks Level 1 restriction for the Government's Response with the protected information left unredacted.

Dated: August 16, 2020

                                  Respectfully submitted,

                                  By: s/Carolyn Sweeney
                                      Michael T. Koenig
                                      Heather D. Call
                                      Carolyn M. Sweeney
                                      Paul J. Torzilli
                                      Trial Attorneys
                                      Antitrust Division
                                      U.S. Department of Justice
                                      Washington Criminal II Office
                                      450 Fifth Street, N.W.
                                      Washington, D.C. 20530
                                      Tel: (202) 598-8685
                                      Email: carolyn.sweeney@usdoj.gov

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record in the above-captioned matter.

                                                      s/ Carolyn M. Sweeney
Carolyn M. Sweeney
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-8685
Email: carolyn.sweeney@usdoj.gov