**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

**UNITED STATES' MOTION FOR LEAVE TO FILE
AMENDED ATTACHMENTS TO ITS *JAMES* BRIEF**

---

The government respectfully moves the Court for leave to file amended attachments to the government's *James* brief filed on August 13, 2021: Attachment A (Conspiracy Guide) and Attachment B (*James* Log). ECF Nos. 358-1, -2. The government submits that good cause exists to grant the motion. The defendants oppose the motion.

*Attachment A*. The Conspiracy Guide was filed with the government's *James* submission as an aid for the Court. As explained in the *James* brief:

> The government has provided for the Court's convenience a Conspiracy Guide in Attachment A, which is a color-coded spreadsheet of various conspiratorial episodes, meant to be used in conjunction with the *James* log itself (Attachment B). The purpose of Conspiracy Guide is to aid the Court not only in determining whether the evidence supports the existence of the conspiracy and its membership, but also in evaluating the *James* log statements by providing context beyond what is apparent from the statements alone. The Conspiracy Guide is not intended to be an all-inclusive compendium of every piece of evidence relevant to the conspiracy. Nor does it contain every single *James* log statement. It is simply a tool that should allow the Court to more readily appreciate where each James log statement fits into the bigger picture.

ECF No. 358 at 2-3 (footnotes omitted).

Since the date of that filing, the government has refined the Conspiracy Guide by adding two additional columns to further assist the Court: "Corresponding *James* Log Entry" and "Other Relevant *James* Log Entries". The first provides the exact *James* log entry number corresponding to the document cited in each row of the Conspiracy Guide. The second provides *James* log entries that are relevant to, though not cited in, each row of the Conspiracy Guide.

The Conspiracy Guide also now includes two additional tabs: "Grouping of Others" and "Withdrawn". As the government explained in the passage cited above, the Conspiracy Guide does not contain every *James* log entry. Therefore, the "Grouping of Others" tab contains a chart that provides the *James* log entries not contained in the Conspiracy Guide tab in related groups by subject matter with a brief description of each group. The third tab ("Withdrawn") contains a list of 31 *James* log entries that the government withdraws from consideration as Rule 801(d)(2)(E) statements. By

withdrawing those entries, however, the government is not indicating that they will not be offered at trial under some other rule for admissibility.

Finally, the government discovered some typographical and color-coding errors in the original Conspiracy Guide that have now been corrected. The corrections are contained in cells D14, D31, D133, and D160.

*Attachment B*. The *James* log is now amended to shade the 31 entries that the government is withdrawing in gray. The *James* log is further amended to add four statements that were inadvertently removed in the course of editing. The four statements are interrelated, were uttered by a single declarant, and reflect an attempt by a co-conspirator to conceal during the course, and in furtherance, of the conspiracy. The log entries (highlighted in yellow) for the new statements are 327A, 327B, 327C, and 327D. Finally, *James* log entry 234 is amended to correct an error in the "Declarant(s)" column.

The refinements and corrections to the Conspiracy Guide, and the amendments to the *James* log, should significantly aid the Court's ability to use the *James* log and underlying exhibits in a more meaningful way, reduce the judicial resources expended in reviewing and evaluating the evidence, and should also allow the government's *James* hearing presentation to be more efficient the benefit of the Court and all parties. As such, good cause exists to grant the government's motion.

Moreover, the defendants are not unfairly prejudiced by the amended Conspiracy Guide and *James* log. While the government regrets the typographical and color-coding errors in its original submissions, the errors were minor and do not materially impair the

defendants' ability to respond. The addition of four statements—especially when considered in light of the 31 withdrawn statements—to the *James* log is also not unfairly prejudicial. All four statements have the same declarant and relate to the same discrete subject matter, leaving the defendants ample time to respond.

If the Court does not grant the motion, the government nevertheless requests to use the amended version of the Conspiracy Guide to assist the agent's testimony and any argument at the hearing.

For the above-stated reasons, the Court should grant the government's motion.

DATED: August 25, 2021

Respectfully submitted,

/s/ Michael Koenig
MICHAEL T. KOENIG
HEATHER D. CALL
CAROLYN L. SWEENEY
PAUL J. TORZILLI
Trial Attorneys
U.S. Department of Justice - Antitrust Division
450 Fifth Street NW, Suite 11300
Washington D.C. 20530
Tel: (202) 476-0435
michael.koenig@usdoj.gov