IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     **WILLIAM VINCENT KANTOLA**,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

      Defendants.

**DEFENDANT WILLIAM KANTOLA'S REPLY IN SUPPORT
OF HIS MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

COMES NOW, Defendant William Kantola, by and through his undersigned counsel, and replies to the United States' Consolidated Response to Defendants' Motions to Dismiss the Superseding Indictment (Dkt. 415, hereinafter "DoJ's Response") as it pertains to William Kantola's Motion to Dismiss the Superseding Indictment (Dkt. 295 "Kantola Opening Brief"). The Antitrust Division of the Department of Justice has ignored critical Supreme Court precedent and failed to address the absence of essential factual allegations regarding Mr. Kantola. Thus, Mr. Kantola respectfully requests dismissal of the Superseding Indictment against him.

**I.     THE RESPONSE FAILS TO ADDRESS THE SUPERSEDING INDICTMENT'S DEFICIENCIES REGARDING MR. KANTOLA.**

The Division arrogates to itself powers it does not have. Neither the U.S. Constitution nor the Sherman Act, 15 U.S.C. § 1, gives the Division the authority to apply the labels of "per se unlawful" "price fixing" to legitimate conduct and forego alleging essential elements of the offense. But, instead of addressing what is not alleged against Mr. Kantola, labeling is precisely what the Division claims is a cure-all for the deficiencies in the Superseding Indictment. Nor does piling inferences upon inferences suffice.[1] The Superseding Indictment fails to allege any agreement; fails to allege that Mr. Kantola knowingly joined any agreement; and fails to allege the requisite intent to restrain competition.

The recent Supreme Court unanimous decision in *National Collegiate Athletic Ass'n v. Alston* (*NCAA*) (S.Ct. June 21, 2021), cannot be ignored. The Division does not, and cannot, dispute that the case involved "admitted horizontal price fixing" to which the Court applied the rule of reason, not a *per se* analysis. *Id*. slip op at 14. The Division does not, and cannot, dispute that the Court recognized that "even '[u]nder the best of circumstances,' applying the antitrust laws 'can be difficult' '—and mistaken condemnations of legitimate business arrangements 'are especially costly, because they chill the very' procompetitive conduct 'the antitrust laws are designed to protect'." *Id*. slip op at 27 (citations omitted). And while a *judicial* determination may allow some restraints to be quickly condemned or exonerated, the Court was clear that in every case fact finding is required to determine whether a restraint is unreasonable or undue,

---

[1] DoJ's Response relies almost exclusively upon deriving a presumption from its labeling and fails to address anything specific to Mr. Kantola, instead alluding to generalized conclusory inferences resting upon the labeling and more inference.

with the bulk of restraints falling in the middle of the spectrum, neither able to be quickly condemned nor quickly approved. *Id*. slip op at 14-19.[2]

Simply stated, the Division's contention that it simply can label conduct as "per se unlawful price fixing" to dispense with alleging the essential element of an unreasonable restraint is false. The Supreme Court made clear this June in *NCAA* that the Sherman Act does not say "an agreement among competitors to fix prices is illegal" for good reasons—sometimes such agreements are legal. "Admitted horizontal price fixing" required a rule of reason analysis. Nor has the Tenth Circuit adopted the Division's approach that rule of reason and per se offenses are discrete theories of liability under the Sherman Act. Instead, as the Supreme Court has said: "per se and rule-of-reason analysis are but two methods of determining whether a restraint is 'unreasonable'…." *Atlantic Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 342 (1990).

Contrary to the Division's argument that it does not matter that the information exchange conduct alleged is legal[3], it does matter because the Division has failed to allege an illegal agreement. It cannot simply bootstrap its recitation of legal information exchanges into an unlawful conspiracy merely by using labels. *See Broadcast Music Inc. v. Columbia Broadcasting Syst., Inc.,* 441 U.S. 1, 8-9 (1979) ("*BMI*")("But easy labels do not always supply ready answers….") Thus, the Court in *BMI* explained that it is necessary to conduct fact-finding regarding whether price fixing can be classified as an undue restraint *before* determining whether to "apply the label of *per se* price-fixing". As explained by the former Chairman of the Federal

---

[2] DoJ's Response addresses *NCAA* only in footnote 8, p. 23, bizarrely resting upon the circular argument that, because price fixing is per se conduct, it is by definition unreasonable. Notably, judicial determination of this fact issue is common in civil cases, but judicial fact-finding on an element of the offense is prohibited in criminal cases.
[3] "It is immaterial that an exchange of information, by itself, would not be per se unlawful." DoJ's Response at p.19-20.

Trade Commission, "*BMI* contemplates that the defendant always has an opportunity to present cognizable justifications ..."[4]

The Division asks the Court to ignore *United States v. U.S. Gypsum Co.,* 438 U. S. 422 (1978), addressed only in a footnote.[5] But *Gypsum* starkly demonstrates the difficulty with reliance upon conclusory, price fix labeling. As the Division concedes, *Gypsum* is a rule of reason case because it dealt with information exchanges.[6] Yet, the indictment charged:

"'[A] continuing agreement understanding and concern(sic) of action among the defendants and co-conspirators to (a) raise, fix, maintain and stabilize the prices of gypsum board; (b) fix, maintain and stabilize the terms and conditions of sale thereof; …'" *Id*. at 427. The Court recognized, however, that the "focus of the Government's price-fixing case" was the exchange of price offers to specific customers.[7] Thus, the Division's concession undermines any argument to avoid the Court's express holding in *Gypsum* that an element of a Sherman Act criminal violation is not just the intent to agree, but also intent regarding the unreasonableness of the restraint. The price-fixing label in the indictment played no role in the Court's consideration.

---

[4] William E. Kovacic, *The Future Adaptation of the Per Se Rule of Illegality in U.S. Antitrust Law*, 2021 Colum. Bus L. Rev. 33, 83-84; see also Thomas G. Krattenmaker, Commentary, *Per Se Violations in Antitrust Law: Confusing Offenses with Defenses*, 77 Geo. L.J. 165, 178 (1988) (the Supreme Court has not established rules of per se illegality so much as it has declared certain justifications to be per se unacceptable.) And the Division's own Guidelines direct application of a rule of reason analysis to some "agreements of a type that otherwise might be considered per se illegal." FED. TRADE COMM'N & U.S. DEP'T OF JUST., ANTITRUST GUIDELINES FOR COLLABORATIONS AMONG COMPETITORS, 4 (2000), https://www.ftc.gov/sites/default/files/documents/public_events/joint-venture-hearing-antitrust-guidelines-collaboration-among-competitors/ftcdojguidelines-2.pdf.
[5] DoJ's Response at 12, fn 5.
[6] *Id. See also Mitchell v. Intracorp, Inc.,* 179 F.3d 847, 860 (10th Cir. 1999) ("Mere exchanges of information, even regarding price, are not necessarily illegal, in the absence of additional evidence that an agreement to engage in unlawful conduct resulted from, or was a part of, the information exchange."); *In re Baby Food,* 166 F.3d 112 (3d Cir. 1999).
[7] *Gypsum* at 429.

And the Court explicitly invalidated the jury instruction that permitted use of a presumption on this element of the offense.[8]

## II. THE RESPONSE FAILS TO ADDRESS PRECEDENT DEMONSTRATING THAT THE PER SE LABEL IS AN UNCONSTITUTIONAL PRESUMPTION.

The Division is not the arbiter of what conduct is condemned under the antitrust laws and cannot invoke a label to avoid alleging the elements of the offense. As a matter of constitutional law pursuant to Supreme Court cases neither disputed nor even addressed by the Division, the fact-finding role belongs to the jury in a criminal case, but this is if and only if an indictment has alleged all essential elements of the offense.[9] The indictment in this case does not. The Division's only response, while accepting that the Supreme Court routinely has explained the per se rule to be a presumption,[10] is to ask this Court to look the other way and disagree, saying it's not really a presumption. Yet, given the clear explanation in *NCAA* and *BMI* of how Section 1 analysis must proceed, the use of a per se presumption in a criminal case falls squarely within the parameters of unconstitutional presumptions. As explained in Kantola's Opening Brief, the typical summary judgment process of judicial determination to summarily condemn conduct can have no counterpart in a criminal case due to the constitutional rights of the defendant to have a jury determine every element of the offense beyond a reasonable doubt.

## III. THE RESPONSE CONCEDES THE LEGAL BASIS DEMONSTRATING THAT THE SHERMAN ACT IS VOID FOR VAGUENESS.

We agree with the Division that *Skilling v. United States*, 561 U.S. 358, 402-03 (2010), explains the test for whether a statute is void for vagueness: "A statute is not unconstitutionally

---

[8] Because *Gypsum* involved a post-trial challenge the sufficiency of the indictment was not before the Court. But the DoJ does not dispute that at an indictment must allege all elements of the offense. DoJ's Response at 7-8.
[9] *See* Motion to Dismiss Opening Brief at 8-9, detailing the Supreme Court precedent that refuses to permit presumptions of elements of the offense.
[10] "To be sure, courts have called the per se rule a presumption,…" DoJ's Response at 31.

vague if the criminal offense it prohibits is defined "(1) with sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement." DoJ's Response at 23. And we need look no further than Supreme Court cases decided after 2013 to understand why Section 1 of the Sherman Act fails this test. *See NCAA,* slip op. at 27 (even in the "best circumstances" applying the Sherman Act is "difficult"); *Gypsum* at 439.[11] " 'Thus, it may be difficult for today's businessman to tell in advance whether projected actions will run afoul of the Sherman Act's criminal strictures.'" *Id.* Arbitrary and discriminatory enforcement has resulted. "For the sake of business certainty and litigation efficiency, we have tolerated the invalidation of some agreements that a full-blown inquiry might have proved to be reasonable." *Arizona v. Maricopa Cnty. Med. Soc'y,* 457 U.S. 332, 344 (1982); *see also Atlantic Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 344 (1990).

We also agree with the Division's reference to *United States v. Gaudreau*, 860 F.2d 357, 362 & n.14 (10th Cir. 1988), that "[t]he Court has consistently held statutes sufficiently certain when they employ words or phrases with 'a well-settled common law meaning, notwithstanding an element of degree in the definition as to which estimates may differ . . .'" DoJ's Response at 23. But the Division then ignores that, as stated by the Supreme Court, " judicial elaboration of the Act [has not] always yielded the clear and definitive rules of conduct which the statute omits…" *Id.* Indeed, a review of the Supreme Court's precedent interpreting the Act since 2013 amply demonstrates that, far from imbuing the Act with a well-settled meaning, the Court has

---

[11] *See* Kantola Opening Brief at 10.

6

expressly changed interpretations of what constitutes illegal price fixing and otherwise revised the definitions of conduct that falls within the Act's prohibitions.[12]

Ultimately, the Division urges this Court to avoid deciding the void-for-vagueness issue. The Division attempts to rebut the more than ample support that the Supreme Court has already undermined the validity of the 2013 *Nash* decision, not only in words, but in conduct,[13] by quoting a 1940 case that the Court has "consistently and without deviation" applied the principal that price fixing agreements are unlawful.[14] In the next sentence the Division relies for its plea to this Court to defer by citing *State Oil Co. v. Khan*, 522 U.S. 3 (1999), one of the many, more recent cases where the Court directly reversed itself about what type of conduct should be considered illegal price fixing.[15] The Superseding Indictment in this case presents precisely the right occasion to find the statute void for vagueness.[16]

## IV. CONCLUSION

The Superseding Indictment fails to allege the elements of a Sherman Act violation and fails adequately to inform Mr. Kantola of the charge against him. Neither the statute, the Supreme Court, nor the U.S. Constitution permits the use of a per se shortcut to fill the voids and dispense with elements of the offense in a criminal case, and the statute itself fails as a criminal statute under the void for vagueness doctrine.

---

[12] *Id.*
[13] *See* Kantola Opening Brief at 10-11.
[14] DoJ's Response at 26.
[15] *Id.*
[16] On September 2, 2021, the lead case agent testified that he did not feel qualified to answer whether sharing price information could constitute a violation of the Act, that a lot of different variables needed to be considered, and that he deferred to the government attorneys to determine whether the conduct in this case constituted a crime. *James Hearing*, Tr. 111:20-24; 112:22-113:23.

For the foregoing reasons and those in William Kantola's Motion to Dismiss the Superseding Indictment, Mr. Kantola respectfully requests that the Court dismiss this proceeding against him.

Dated:  September 10, 2021                          Respectfully submitted,

JAMES A. BACKSTROM, COUNSELLOR

<u>s/ James A. Backstrom</u>

1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
Tel: (215) 864-7797
jabber@backstromlaw.com

ROXANN E. HENRY, ESQ.

5410 Wilson Lane
Bethesda, MD 20814-1342
Tel: (202) 489-9556
Henry.Roxann@me.com

***Counsel for Defendant William Kantola***

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2021, I filed the foregoing **Defendant William Kantola's Reply in Support of His Motion to Dismiss the Superseding Indictment** with the Clerk of Court using the CM/ECF system, which will serve notice of such filing on all counsel of record.

At:   Denver, Colorado                                    _s/ James A. Backstrom_
                                                          James A. Backstrom