IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

  Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  WILLIAM WADE LOVETTE,
9.  **GARY BRIAN ROBERTS**, and
10.  RICKIE PATTERSON BLAKE,

  Defendants.

## DEFENDANT ROBERTS' REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Defendant Gary Brian Roberts files this Reply to Government's Consolidated Response to Defendants' Motions to Dismiss, and hereby replies to the United States' Consolidated Response to Defendants' Motions to Dismiss the Superseding Indictment, Dkt. # 415 (Response), as follows.

The recent hearing held by the Court pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979) underscores a conclusion that the Government's alleged conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, is a fiction which requires the piling of inference upon inference. The Government has charged that the Defendants allegedly entered into a conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler

-1-

chicken products beginning at least as early as 2012. *See* Dkt. # 101, ¶ 1. However, nearly a year after obtaining the Superseding Indictment, the Government cannot point to any direct evidence tending to establish the alleged 2012 or earlier conspiratorial agreement. An agreement is an essential element of an alleged criminal Sherman Act violation. *See United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 479–80 (10th Cir. 1990) (citing *United States v. Metropolitan Enters., Inc.*, 728 F.2d 444, 449 (10th Cir. 1984); citing *United States v. United States Gypsum Co.*, 438 U.S. 422, 443–446 (1978)).

Mr. Roberts has challenged the timeliness of the Government's Superseding Indictment as to him. The Government possesses the burden to respond to such challenge with evidence showing that the charged offense continued to within the limitations period. The Government has made no effort whatsoever to satisfy its burden. Furthermore, the Government, in its Response and in its Superseding Indictment, provides nothing more than conclusory assertions concerning how its 2012 or earlier charged conspiracy continued until within the limitations period. Mr. Roberts' Motion to Dismiss the Indictment As Barred By the Statute of Limitations and Brief in Support Thereof (Motion to Dismiss) should properly be granted in accordance with Mr. Roberts' rights to Due Process and a fair trial.

**I. The Government Has Failed to Meet Its Evidentiary Burden and Dismissal of the Superseding Indictment As to Mr. Roberts Is Warranted**

As Mr. Roberts sets forth in his Motion to Dismiss, when a statute of limitations defense is raised, the Government "'bears the burden of establishing compliance with the statute of limitations by presenting *evidence* that the crime was committed within the limitations period or by establishing an exception to the limitations period.'" Dkt. # 293, p. 3 (emphasis added) (quoting *United States v. DeLia*, 906 F.3d 1212, 1217 (10th Cir. 2018); quoting *Musacchio v. United States*,

136 S.Ct. 709, 718 (2016)). The Government points to no evidence in its Response with any tendency to establish that it timely obtained its Superseding Indictment against Mr. Roberts. To the contrary, it merely cites the allegations in its Superseding Indictment. *See* Doc. # 415, p. 33. The Superseding Indictment and charges against Mr. Roberts should accordingly be dismissed, pursuant to Due Process.

Furthermore, Mr. Roberts should not be required to wait to be placed in jeopardy at trial in order to see if the Government can actually prove that the alleged 2012 or earlier conspiracy actually existed, that Mr. Roberts knowingly and voluntarily joined it, and that the conspiracy continued until at least October 6, 2015, as the Government proposes in its Response. *See* Dkt. # 415, p. 33. The Fifth Amendment requires the *dismissal* of an indictment where the defendant shows that the government's delay in bringing the indictment was a deliberate device to gain an advantage of him or her and cause him or her actual prejudice in presenting his or her defense. *See* Dkt. # 293, p. 11 (quoting *United States v. Gouveia*, 467 U.S. 180, 192 (1984); citing *United States v. Lovasco*, 431 U.S. 783, 788-790 (1977); *United States v. Marion*, 404 U.S. 307, 322, 324 (1971)). The Government fails entirely to address its delay in obtaining the Superseding Indictment in its Response. The Superseding Indictment should be dismissed as to Mr. Roberts.

## II. The Superseding Indictment Fails to Allege, And the Government Fails to Show, How The Alleged 2012 or Earlier Conspiracy Allegedly "Continued"

The Government asserts in its Response that a price-fixing conspiracy is a continuing offense. *See* Dkt. # 415, p. 35 (citing *United States v. Kissel*, 218 U.S. 601, 608 (1910); *United States v. Inryco, Inc.*, 642 F.2d 290, 293 (9th Cir. 1981); *United States v. Anderson*, 326 F.3d 1319, 1328 (11th Cir. 2003)). More accurately, a Sherman Act conspiracy "*may*" be a continuing offense. *See Kissel*, at 608 ("A conspiracy is a partnership in criminal purposes. That as such it may have

continuation in time…"). Otherwise, a Sherman Act conspiracy is complete upon the act of conspiring. *See* Dkt. # 293, p. 6 (quoting *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940); quoting *Nash v. United States*, 229 U.S. 373, 378 (1913)). Continuing "results" of a crime do not render it a continuing crime. *See Kissel*, at 607.

The Government is required to prove that its alleged 2012 or earlier conspiratorial agreement continued to exist into the statute of limitations period—i.e. as late as October 6, 2015, and later. *See United States v. Hayter Oil Co. of Greeneville, Tenn.*, 51 F.3d 1265, 1270–71 (6th Cir. 1995) (citing *Socony–Vacuum*, 310 U.S. at 223–224; *United States v. Cooperative Theatres of Ohio, Inc.*, 845 F.2d 1367, 1373 (6th Cir.1988); *Grunewald v. United States*, 353 U.S. 391, 396–97 (1957); *United States v. Lash*, 937 F.2d 1077, 1081 (6th Cir. 1991)). The Government asserts that it the government expects the evidence at trial to prove that the alleged conspirators continued to carry out the alleged conspiracy within five years of the Superseding Indictment's return through acts in furtherance of the conspiracy, but claims that it is "premature" to assess the evidence. *See* Dkt. # 415, p. 41. It is not premature to assess the evidence relating to the alleged conspiracy given that it is the Government's burden to produce evidence in response to the raising of a limitations defense, and in view of the fact that the Government has recently been required to meet the burden of demonstrating the alleged conspiracy and Mr. Robert's alleged knowing and voluntary participation in the conspiracy for the purposes of the *James* hearing held by the Court.

The Superseding Indictment makes generalized allegations that, beginning at least as early as 2012, the Defendants entered into a "continuing combination and conspiracy." *See* Dkt. # 101, ¶ 1. However, the only specific conduct alleged to have actually commenced in 2012 is "QSR-1's Dark Meat, Wings, and 8-Piece COB Supply for 2013" ("QSR-1's Supply for 2013"). *Id*. at ¶¶ 51-

63. The conduct relating to QSR-1's Supply for 2013 contains no allegations concerning Tyson Foods or Mr. Roberts. *Id*. Moreover, the alleged conduct was complete by December 17, 2012, or, at latest, by the end of 2013. *Id*. at ¶ 63. This is six or more years prior to the obtaining of the Superseding Indictment against Mr. Roberts.

The Government's alleged 2012 or earlier conspiratorial agreement—which it has failed to adduce any direct evidence regarding--could not conceivably have included contracts or agreements for 2014, 2015, 2016, 2017, 2018, and 2019. *See* Dkt. # 101, ¶¶ 64-116, 120-143. The Superseding Indictment fails to allege, and there is no evidence regarding, how any alleged 2012 or earlier conspiracy or agreement lasted until within the limitations period. "Though the result of a conspiracy may be continuing, the conspiracy does not thereby become a continuing one.. Continuity of action to produce the unlawful result, or as stated in *United States v. Kissel* … 'continuous co-operation of the conspirators to keep it up' is necessary." *Fiswick v. United States*, 329 U.S. 211, 216 (1946) (citing *United States v. Irvine*, 98 U. S. 450 (1878); *Kissel*, 218 U.S. at 607). The Government's Superseding Indictment fails to sufficiently allege continuous cooperation between the Defendants to demonstrate that its 2012 or earlier charged conspiracy--even if it continued--continued until within the statutory period. As to Mr. Roberts, the Superseding Indictment should be dismissed as barred by the statute of limitations.

### III. The Court May Hold An Evidentiary Hearing On The Timeliness of the Government's Superseding Indictment And Its Power to Prosecute Mr. Roberts

The Government argues that there is no basis for Mr. Roberts' request for an evidentiary hearing. *See* Dkt. # 415, p. 41. It cites the rules that an indictment must be tested solely on the face of its allegations, that commission of a crime within the statute of limitations is not an element of a conspiracy offense, and that the government is not required to allege the time of the offense in

the indictment. *Id*. (citing *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006); *Smith v. United States*, 568 U.S. 106, 112 (2013)).

While correct, none of the Government's asserted rules alter the standard to be applied when a defendant raises a statute of limitations challenge. As the Court of Appeals has expressly held:

> [A] defendant must affirmatively and timely raise a statute-of-limitations defense. [Cit]. *When* a defendant does so, "the Government *then* bears the burden of establishing compliance with the statute of limitations by presenting evidence that the crime was committed within the limitations period or by establishing an exception to the limitations period."

*DeLia*, 906 F.3d at 1217 (emphasis added) (quoting *Musacchio*, 136 S.Ct. at 717-718). Moreover, the Court has held that limitations periods must be held to operate as a jurisdictional limitation upon the power to prosecute. *See United States v. Cooper*, 956 F.2d 960, 961–962 (10th Cir. 1992).

Pursuant to *DeLia*, it is clear that the Government possesses the burden to respond with evidence demonstrating that its indictment was returned within the statute of limitations at the time a defendant affirmatively raises a statute of limitations defense. This requirement is consistent with the Court of Appeals' ruling that statutes of limitations constitute a jurisdictional limitation upon the Government's power to prosecute a defendant.

The foregoing rules support the holding of an evidentiary hearing in which the Government should be required to prove via evidence that its charged 2012 or earlier conspiracy continued until October 6, 2015, or later. Such a hearing prior to trial is wholly consistent with the purpose of statutes of limitations as a bar to prosecution and the bringing of overly stale charges. *See Lovasco*, 431 U.S. 783, 789 (quoting *Marion*, 404 U.S. 307, 322; quoting *United States v. Ewell*, 383 U.S. 116, 122 (1966)).

## CONCLUSION

Based upon the authorities and grounds set forth herein, Defendant Brian Roberts respectfully requests that the Court grant Defendant Roberts' Motion to Dismiss the Indictment As Barred by the Statute of Limitations, and dismiss the charges against Defendant as barred by the statute of limitations and due process. In the event that the charges against Defendant are not dismissed, Defendant respectfully requests that an evidentiary hearing be held on the issue of whether the Government's prosecution of Defendant is barred by the statute of limitations.

Respectfully submitted, this 10th day of September, 2021.

 */s/ Craig A. Gillen*_____
Craig A. Gillen
Anthony C. Lake
GILLEN WITHERS & LAKE LLC
400 Galleria Parkway
Suite 1920
Atlanta, Georgia 30339
(404) 842-9700
cgillen@gwllawfirm.com
aclake@gwllawfirm.com

*/s/ Richard Tegtmeier*_____
Richard L. Tegtmeier, #2544
SHERMAN & HOWARD LLC
633 Seventeenth Street
Suite 3000
Denver, Colorado 80202
(303) 299-8163
rtegtmeier@shermanhoward.com

*Counsel for Gary Brian Roberts*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2021, I electronically filed the foregoing **DEFENDANT ROBERTS' REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

                                 /s/ Craig A. Gillen
                                 Craig A. Gillen
                                 Anthony C. Lake
                                 GILLEN WITHERS & LAKE LLC
                                 400 Galleria Parkway
                                 Suite 1920
                                 Atlanta, Georgia 30339
                                 (404) 842-9700
                                 cgillen@gwllawfirm.com
                                 aclake@gwllawfirm.com

                                 /s/ Richard Tegtmeier
                                 Richard L. Tegtmeier, #2544
                                 SHERMAN & HOWARD LLC
                                 633 Seventeenth Street
                                 Suite 3000
                                 Denver, Colorado 80202
                                 (303) 299-8163
                                 rtegtmeier@shermanhoward.com

                                 *Counsel for Gary Brian Roberts*