IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    **MIKELL REEVE FRIES,**
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN,
5.    TIMOTHY R. MULRENIN,
6.    WILLIAM VINCENT KANTOLA,
7.    JIMMIE LEE LITTLE
8.    WILLIAM WADE LOVETTE,
9.    GARY BRIAN ROBERTS,
10.   RICKIE PATTERSON BLAKE,
      Defendants.

---

### MIKELL R. FRIES' CLOSING SUPPLEMENT TO THE *JAMES* BRIEF AND LOG

---

Defendant Mikell Fries, by and through his counsel, respectfully submits this Supplement to his response to the United States' *James* Brief ("*James* Brief") and amended Log.

    I.    **THE GOVERNMENT HAS FAILED TO PROVE THAT A CONSPIRACY EXISTED AND MR. FRIES AND OTHERS WERE MEMBERS OF THE CONSPIRACY**

        a.  <u>A Conspiracy Did Not Exist</u>

In analyzing evidence produced at the *James* hearing, Mr. Fries starts with a single and simple legal principle: exchanges of information, even including price information, does not constitute a *per se* violation of the Sherman Act. Such exchanges are not illegal, in the absence of additional evidence that an agreement to engage in unlawful conduct resulted from, or was a

part of, the information exchange. *Mitchael v. Intracorp, Inc.*, 179 F.3d 847 (10th Cir. 1999). Here, the Government merely established that coconspirators and others exchanged information, including information on price. Through this presentation, they also unwittingly, though convincingly, proved to this Court the utter absence of additional evidence that an *agreement* to engage in unlawful conduct resulted from, or was part of the information exchange.

Agent Taylor testified of the coconspirators, "they kind of needed and used each other to form the basis of their own price increases to know where they were as it relates to other competitors." James Hearing Transcript ("Tr.") at p.47, lines 22-24. Agent Taylor did not testify that an agreement is required under the law, or that one existed here. Tr. at p.180, lines 19-24; Tr. p.193, lines 20-24. The Agent described the objective of the alleged conspiracy as the gathering of pricing information of coconspirators. *Id.* He further defined the "illegal conduct" as "…competitors call competitors to get pricing to better inform their decisions or whatever about pricing...." Tr. p.195, line 25, through p.196, line 4. Such conduct is not illegal.

  b. <u>The Declarants and Mr. Fries Were Not Members of a Conspiracy</u>

As stated in *U.S. v. Chavis,* 461 F.3d 1201 (10th Cir. 2006), to establish that Mr. Fries and other declarants were members of the alleged conspiracy, the government must first prove that each agreed with another person to violate the law. Here, the government admitted the entire *James* Log and Conspiracy Guide into evidence, without providing context[1], substance, or analysis to each statement, and each declarant. Such a dump is insufficient for an 801(d)(2)(E) analysis. The Court must focus on the conduct of *each individual defendant* for purposes of its

---

[1] Agent Taylor offered throughout his testimony that an understanding of the conspiracy requires "context," which he has gotten by reviewing 16mm documents. Indeed, the word "context" occurs in the transcript 34 times. The government's failure to present or provide that context, even with Agent Taylor's repeated insistence on the need for the same, is a seeming confession of their failure to prove by a preponderance of the evidence that the conspiracy existed, or of each declarant's participation in the same.

analysis; it cannot label a defendant as a "conspirator" merely because the defendant associated or communicated with someone else who was a member of a conspiracy. *U.S. v. Horn*, 946 F.2d 738 (10th Cir. 1991).

      c.  <u>There Is No Independent Evidence Linking Mr. Fries To The Conspiracy</u>

To admit cocoinspirator statements, there must be some independent evidence linking Mr. Fries to the conspiracy. *U.S. v. Martinez,* 825 F.2d 1451 (10th Cir. 1987). The "independent evidence" is evidence other than the proffered [coconspirator] statements themselves." *Id.* Here, the government has failed to present such independent evidence, especially considering that no witness implicates Mr. Fries. Tr. at p.209, lines 14-17.

      <u>d. There Is No Independent Evidence Of When Mr. Fries Joined The Conspiracy</u>

The government alleges, at slide 10 of Exhibit 3, that the "As Of" date for Mr. Fries is November 13, 2012. The government contends by this text Mr. Fries directed Mr. Brady to tell Mr. Austin that Claxton is trying to raise prices. However, there is no evidence to support: 1) the inference that any price increase by Claxton is part of a collusive agreement; and 2) which prices Claxton is raising. Pricing is different for wings, dark meat and 8-piece (Tr. at p.210, lines 22-25), and that pricing is based on the 8-piece price (Tr. at p.211, lines 1-3). To know a competitor's actual price, you need to know their 8-piece price. *Id.* The agent conceded there is no indication Mr. Fries or Mr. Brady knew George's 8-piece price. *Id*. The agent further conceded bluffing occurs in the chicken business (Tr. at p.213, lines 14-17). As for the "tell him we are trying" quote, there is no evidence Mr. Fries was attempting to illegally raise future prices. In fact, the reference to ".03 higher" refers to *current* prices and not *future* prices. Tr. at p.214, lines 6-9.  The agent himself conceded the slide does not reveal a price. Tr. at p.212, lines

18-20. Accordingly, the government has failed to establish when Mr. Fries allegedly joined the conspiracy.

II. **THE GOVERNMENT FAILS TO PROVE THE SUBJECT STATEMENTS WERE MADE IN THE COURSE OF AND IN FURTHERANCE OF THE CONSPIRACY.**

A coconspirator statement is made during the course of the conspiracy if it is made before the objectives of the conspiracy have either failed or been achieved. Here, the government dumped more than 300 statements on the Court without analyzing each statement. The record reflects a glaring absence of evidence (vs. argument) that any of the proffered statements were made in the course of the conspiracy.

A statement is in furtherance of the conspiracy if it is intended to promote the conspiratorial objectives. *U.S. v. Reyes,* 798 F.2d 380 (10th Cir. 1986). The government failed to identify which statements pertains to past, current, or future pricing of broiler chicken; instead, it asks the Court to admit any statements about money. But by definition, and as testified by the agent, past and current pricing cannot be fixed, as the contracts are already negotiated and finalized. Tr. at p.163, lines 17-25 through p.164, lines 1-2. The same is true for "fixed," and "flat pricing." Tr. at p.166, lines 23-25, through p.167, lines 1-3. When the government offered testimony specific to Mr. Fries and pricing, Agent Taylor testified that the exchange was about current, not future pricing. Tr. at p.214, line 8-9 and, Tr. at p.269, line 13-17.

Despite this testimony, the government introduces Exhibit 2-323 at page 3, implying that the statement, "we could increase by .005 to .0075," is a reference to future pricing. However, there is no evidence supporting the inference that this references future pricing versus costs or otherwise. Further, the government concedes, at times, that the customer provided prices to other suppliers (Tr. at p.254 lines 6-13) and operated under a "cost-plus" model.

Agent Taylor testified the defendants commonly spoke regarding "covering" the orders of other suppliers. These "covers" necessarily required the sharing of pricing information and done in the ordinary course of business. Tr. at p.276, lines 14-18. But the government seeks to introduce these bilateral transaction discussions as statements made in furtherance of the conspiracy. Tr. at p.188, lines 8-19.

### III.   CONCLUSION

Agent Taylor stated he did not want to get "too bogged down in the word 'agreement.'" Tr. at p.244. That testimony elucidates the fact the government has paid short shrift to its legal obligations at a *James* hearing. The government invites this Court to infer knowledge of the conspiracy by Mr. Fries based on the totality of the circumstances not fully presented at the *James* hearing. The agent says he has reviewed millions of documents and the supporting evidence exists somewhere in that morass, but this attitude is legally insufficient. This perverse misunderstand of law is an attempt at a runaround to the protections of the Rules of Evidence and as such, compromises Mr. Fries' rights protected under the confrontation and due process clauses. Considering the foregoing, Mr. Fries respectfully requests the Court to (1) find the government has failed to meet its burden for the admissibility of its proffered 801(d)(2)(E) statements against Mr. Fries; and (2) deny admission of those statements under Rule 801(d)(2)(E).

Respectfully submitted this 12th day of September 2021,

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFED, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Ste. 1400
Denver, CO 80202
303-573-1900
rick@rklawpc.com

## Certificate of Service

   I hereby certify that on this 12th day of September, 2021, I electronically filed the foregoing **MIKELL R. FRIES' CLOSING SUPPLEMENT TO THE *JAMES* BRIEF AND LOG** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


s/ Erin Holweger
Erin Holweger