IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

---

**UNITED STATES' MOTION FOR LEAVE TO OFFER SEVEN ADDITIONAL EXHIBITS INTO THE *JAMES* HEARING RECORD**

---

The government respectfully moves the Court for leave to offer seven additional exhibits into the *James* hearing record for the Court's consideration as co-conspirator statements that meet the requirements of Rule 801(d)(2)(E). The exhibits are attached to this motion and described in the table below:

| Exhibit # | Bates # | Description |
|---|---|---|
| 2-334 | Pilgrims-DOJ-0000509329<br><br>(produced to the defendants on October 30, 2020, or earlier) | Excel spreadsheet that defendant Austin maintained for nearly 20 years, spanning 1999 through the beginning of 2018, and contains co-conspirator Pilgrim's and its competitors' pricing to KFC for the entire time period. (The last page of the exhibit is a screen shot of the Excel metadata showing defendant Austin as the author.) |
| 2-335 | GEODOJ_ 0587593<br><br>(produced to the defendants on May 18, 2021) | Scan of a hardcopy folder labeled "KFC Cost-Plus 2017" and the folder's contents produced from the files of co-conspirator George's. Handwritten on the folder itself (Ex. 2-335 at 1) are the names and phone numbers for:<br><br>(1) defendant Kantola of Koch;<br>(2) co-conspirator Carl Pepper of Tyson;<br>(3) co-conspirator Dale Kelly of Kelly's Foods;[1]<br>(4) defendant Brady of Claxton; and<br>(5) defendant Austin.<br><br>The folder contains handwritten monthly pricing to KFC in 2017 for George's and its competitors. Ex. 2-335 at 3, 8, 13, 18, 23, 28, 33, 38, 52, 57, 62, 67. |
| 2-336 | GEODOJ_ 0583959<br><br>(produced to the defendants on May 18, 2021) | Scan of a hardcopy folder labeled "KFC 2015 Cost Plus Pricing Info" and the folder's contents, produced from the files of co-conspirator George's. Handwritten on the folder itself (Ex. 2-336 at 1) are the names and phone numbers for:<br><br>(1) defendant Kantola of Koch; |

---

[1] The government offered statements by Chris Sharp of Kelly's Foods at the *James* hearing but no statements by Dale Kelly. Nevertheless, the government views Kelly as a co-conspirator.

2

| | | |
|---|---|---|
| | | (2) co-conspirator Pepper of Tyson;<br>(3) co-conspirator Kelly of Kelly's Foods;<br>(4) defendant Brady of Claxton; and<br>(5) defendant Austin of Pilgrim's.<br><br>The folder contains handwritten monthly pricing to KFC in 2015 for George's and its competitors. Ex. 2-336 at 2, 6, 10, 15, 20, 25, 29, 33, 40, 44, 48, 52. |
| 2-337 | GEODOJ_ 0584721<br><br>(produced to the defendants on May 18, 2021) | Scan of a hardcopy folder labeled "Popeye's Cost Plus 2017" and the folder's contents, produced from the files of co-conspirator George's. Handwritten on the folder itself (Ex. 2-337 at 1) are the names and phone numbers for:<br><br>(1) defendant Kantola of Koch;<br>(2) co-conspirator Pepper of Tyson;<br>(3) co-conspirator Kelly of Kelly's Foods;<br>(4) defendant Brady of Claxton; and<br>(5) defendant Austin of Pilgrim's.<br><br>The folder contains handwritten monthly pricing to Popeye's in 2017 for George's and its competitors. Ex. 2-337 at 2, 15, 26, 37, 48, 59, 70, 81, 92, 103, 113, 124. |
| 2-338 | GEODOJ_ 0582919<br><br>(produced to the defendants on May 18, 2021) | Scan of a hardcopy folder labeled "Church Cost Plus 2012" and the folder's contents, produced from the files of co-conspirator George's. Handwritten on the folder itself (Ex. 2-338 at 1) are the names and phone numbers for:<br><br>(1) co-conspirator Pepper of Tyson;<br>(2) defendant Kantola of Koch; and<br>(3) defendant Little of Pilgrim's.<br><br>The folder contains handwritten monthly pricing to Church's Chicken in 2012 for George's and its competitors. Ex. 2-338 at 5, |

| | | |
|---|---|---|
| | | 8. |
| 2-339 | GEODOJ_0582840<br><br>(produced to the defendants on May 18, 2021) | Scan of a hardcopy folder labeled "Churchs Cost Plus 2011" and the folder's contents, produced from the files of co-conspirator George's. Handwritten on the folder itself (Ex. 2-339 at 1) are the names and phone numbers for:<br><br>(1) defendant Roberts of Marshall Durbin;[2]<br>(2) defendant Kantola of Koch;<br>(3) defendant Little of Pilgrim's; and<br>(4) co-conspirator Pepper of Tyson.<br><br>The folder contains handwritten monthly pricing to Church's Chicken in 2011 for George's and its competitors. Ex. 2-339 at 4, 9, 14, 19, 24, 29, 34, 40, 45, 50, 55, 60. |
| 2-340 | GEODOJ_0582734<br><br>(produced to the defendants on May 18, 2021) | Scan of a hardcopy folder labeled "Church's Cost Plus 2010" and the folder's contents, produced from the files of co-conspirator George's. Handwritten on the folder itself (Ex. 2-340 at 1) are the names and phone numbers for:<br><br>(1) defendant Roberts of Marshall Durbin;<br>(2) defendant Kantola of Koch;<br>(3) defendant Little of Pilgrim's;<br>(4) co-conspirator Pepper of Tyson;<br>(5) co-conspirator Kelly of Kelly's Foods; and<br>(6) Laurice Coan of Cagles, Inc.[3]<br><br>The folder contains handwritten monthly pricing to Church's Chicken in 2010 for George's and its competitors. Ex. 2-340 at 40, 45, 50, 55, 60, 65, 70, 75, 80, 85, 89, 93. |

---

[2] In 2010 and 2011, defendant Roberts worked at Marshall Durbin, a competing broiler chicken supplier that was later purchased by another competing broiler chicken supplier, Mar-Jac.

[3] Cagle's was a competing chicken processor that went into bankruptcy in 2011.

All seven exhibits satisfy the standards of Rule 801(d)(2)(E). At the *James* hearing, the government showed by a preponderance that the conspiracy existed and that the declarants were members of the conspiracy. In the case of Exhibit 2-334, the metadata reveals that defendant Austin is the declarant and the *James* record is replete with evidence that he was a member of the conspiracy. For exhibits 2-335 through 2-340, while the government expects to establish at trial that defendant Blake wrote the notes[4]—and there is ample evidence in the *James* record that he was a member of the conspiracy—the fact that the notes were contained in George's files is enough to establish that, regardless of the notes' author, the declarant was a member of the conspiracy.

Finally, the assertions concerning competitors' monthly pricing for various customers contained in the exhibits were made in the course,[5] and in furtherance, of the conspiracy. The statements contained in the exhibits, which are compilations of the competition's then-current prices, furthered the conspiracy because, among other reasons, they enabled: (1) monitoring as a means of ensuring that the competition was adhering to the conspiratorial understanding and not cheating on the price-fixing agreement; (2) the defendants to determine their competitors' absolute pricing for items

---

[4] The government's expectation is based on documentary evidence containing defendant Blake's known handwriting, information provided by George's counsel, and witness interviews.

[5] Some of the exhibits predate 2012 in whole or part. Exs. 2-334, 2-339, 2-340. Although the Superseding Indictment alleges that the conspiracy began "at least as early as 2012," ECF No. 101 ¶ 1, SA Taylor testified at the *James* hearing that he has seen conspiratorial communications dating back to at least 2010. Tr. 13:9-15. Thus, the exhibits that predate 2012 contain assertions made in the course of the conspiracy.

such as dark meat, which, as defendant Fries's counsel elicited from SA Taylor at the *James* hearing, Tr. 210:22-211:20, is often priced relative, *e.g.*, "30 back", to the absolute price of 8-piece chicken on the bone; and (3) at least in the case of defendant Austin, who in 2014 "did some checking around" and obtained "the range of the total increases (margin and costs) folks are going in with [for KFC]," and his co-conspirator Jason McGuire, to calculate the increased price Pilgrim's needed to propose to KFC "to be the leader" for 2015 prices. Ex. 2-118.

The government respectfully submits that good cause exists for the Court to grant this motion. The government worked diligently to include all 801(d)(2)(E) statements in its *James* log. The government further submits, however, given that the log was submitted 73 days before trial and 54 days before the exhibit list is due, limited modifications to the government's anticipated proof at trial is not unreasonable. Thus, in light of the clear relevance of each exhibit and the fact that there are 36 days until the start of trial (meaning the defendants are not unfairly prejudiced by the introduction of the seven exhibits), the government respectfully urges the Court to enter the seven exhibits into the *James* hearing record and include them in the Court's forthcoming Rule 801(d)(2)(E) rulings.

DATED: September 19, 2021           Respectfully submitted,

                                 /s/ Michael Koenig
                                 MICHAEL T. KOENIG
                                 HEATHER D. CALL
                                 CAROLYN L. SWEENEY
                                 PAUL J. TORZILLI
                                 Trial Attorneys
                                 U.S. Department of Justice

450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov