IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

      Defendants.

---

## DEFENDANTS WILLIAM LOVETTE AND JAYSON PENN'S MOTION IN LIMINE TO EXCLUDE COMPENSATION AND FINANCIAL CIRCUMSTANCES EVIDENCE

Defendants William Lovette and Jayson Penn move in limine for an order excluding any evidence, testimony, or argument regarding their financial circumstances, including personal wealth, compensation, or assets.  Mr. Lovette served as the president and chief executive officer of Pilgrim's Pride Corporation ("PPC") during a portion of the charged conspiracy (Super. Ind. ¶¶ 1, 19, ECF No. 101), and Mr. Penn served in senior positions and succeeded Mr. Lovette as president and CEO (*Id.* ¶¶ 1, 12).  Their compensation and resulting wealth have no bearing on the elements of the charged offense.  Moreover, disclosure of and argument to the jury about their

financial circumstances would trigger unnecessary classism, substantially and unfairly prejudicing Messrs. Lovette's and Penn's right to a fair trial.  Indeed, it is well-settled that evidence about wealth or income often encourages juries to equate wealth with wrongdoing.  Messrs. Lovette and Penn would also need to engage in a series of mini-trials about the calculation of their compensation, how it compares to the compensation of other senior executives, and the absence of a connection between that compensation and the alleged conspiracy.  The Court should exclude this evidence.

## LEGAL STANDARD

To be relevant, evidence must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Irrelevant evidence is inadmissible.  Fed. R. Evid. 402. The Court may also exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury. . . ." Fed. R. Evid. 403.  "Unfair prejudice" under Rule 403 "'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee note).  The Court has broad discretion on admissibility and "has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971).

## ARGUMENT

Appeals to class prejudice "have no place in a court room." *United States v. Stahl*, 616 F.2d 30, 32-33 (2d Cir. 1980) (reversing conviction based on "the prosecutor's trial strategy that

obviously included a persistent appeal to class prejudice").  They "are highly improper and cannot be condoned and trial courts should ever be alert to prevent them."  *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940); *see Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) ("Reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument.").  Accordingly, the "default rule is not to admit evidence of wealth."  *SEC v. Goldstone*, No. CIV 12-0257 JB/GBW, 2016 U.S. Dist. LEXIS 92512, at *48 (D.N.M. June 13, 2016) (excluding "any evidence regarding the Defendants' wealth").

Indeed, courts regularly exclude evidence of compensation and financial circumstances in criminal and civil cases because it is irrelevant and/or unfairly prejudicial.  *E.g.*, *United States v. Kail*, No. 18-cr-00172, 2021 U.S. Dist. LEXIS 14635, at *26-27 (N.D. Cal. Jan. 26, 2021); *United States v. Wilmington Tr. Corp.*, No. 15-23, 2017 U.S. Dist. LEXIS 165765, at *20 (D. Del. Oct. 6, 2017); *Christou v. Beatport, LLC*, No. 10-cv-02912, 2013 U.S. Dist. LEXIS 78233, at *29-30 (D. Colo. June 4, 2013) (granting motion in limine to exclude evidence about personal finances); *Novey v. Heartland Home Fin., Inc.*, No. 06-cv-00031, 2007 U.S. Dist. LEXIS 56832, at *3 (D. Colo. July 26, 2007) (excluding evidence of "compensation as irrelevant").  The Court should do the same here.

## I.    EVIDENCE OF FINANCIAL CIRCUMSTANCES IS IRRELEVANT HERE.

In their roles at PPC, Messrs. Lovette and Penn were well compensated and they acquired wealth.  But compensation and net worth are irrelevant to any element that the Government must prove.  How much the two men earned in any given year or during their tenure at PPC is, therefore, irrelevant.  *See Kail*, 2021 U.S. Dist. LEXIS 14635, at *26 (excluding evidence in fraud

prosecution of defendant's "precise salary [a]s not relevant because the scheme alleged does not implicate [defendant's] salary"); *cf. Heinrich v. Master Craft Eng'g, Inc.*, No. 13-cv-01899, 2016 U.S. Dist. LEXIS 179281, at *10 (D. Colo. Dec. 28, 2016) (Brimmer, C.J.) ("[R]eferences to the wealth of a party or a financial disparity is always improper argument unless it is relevant to some issue.").

Nor does Messrs. Lovette's and Penn's compensation or financial circumstances speak to motive. *See, e.g.*, *United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999) ("A rich man's greed is as much a motive to steal as a poor man's poverty.  Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.").  Wealth as an asserted motive to commit a crime "ignores the real possibility that" a defendant's wealth "was made possible by legitimate means and, if so, the introduction of such evidence would appeal solely to class prejudice." *United States v. Jackson-Randolph*, 282 F.3d 369, 378 (6th Cir. 2002).

Here, there is no connection between Messrs. Lovette's and Penn's compensation and the alleged conspiracy.  There is no legitimate purpose for offering such evidence and the Court should exclude it under Rules 401 and 402.

## II.   EVIDENCE OF COMPENSATION OR WEALTH WILL CAUSE UNFAIR PREJUDICE AND UNDUE DELAY AND WILL CONFUSE THE ISSUES.

Even if the Court finds that evidence of Messrs. Lovette's or Penn's compensation at PPC is relevant, the Court should nonetheless exclude this evidence because any probative value (which is none) "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, and misleading the jury. . . ." *See* Fed. R. Evid. 403.

***First***, "[e]vidence regarding a party's income is generally inadmissible, because it prejudices the jury against the party whose situation is being exposed." *Goldstone*, 2016 U.S. Dist.

LEXIS 92512, at *55; *see Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1130 n.1 (10th Cir. 2009) (Gorsuch, J.) ("Comments on the wealth of a party have repeatedly and unequivocally been held highly prejudicial. . . ."). It is unfairly prejudicial "'because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996) (quoting *United States v. Yazzie*, 59 F.3d 807, 811 (9th Cir. 1995)). In *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, for example, this Court excluded evidence of defendant's profits as "motivation for breaching its fiduciary duties." 445 F. Supp. 3d 1327, 1341-42 (D. Colo. 2020) (Brimmer, C.J.). Even if relevant, this Court concluded that "allowing the jury to hear evidence of [defendants'] profits or net worth runs the risk of prejudicing defendants. . . ." *Id*. at 1342.

Evidence of Messrs. Lovette's or Penn's compensation creates the same risk of substantial prejudice. The evidence would risk inflaming the jury because it appeals to the potential bias of jurors against the wealthy and risks the jury "equat[ing] wealth with wrongdoing." *Stahl*, 616 F.2d at 31; *see also Socony-Vacuum*, 310 U.S. at 239 (injecting "class prejudice" is "highly improper"). Jurors also may treat Messrs. Lovette and Penn differently than the other Defendants, who received less compensation only because they did not hold the same position. Put simply, Messrs. Lovette's and Penn's compensation may "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. This is impermissible.

***Second***, evidence of their wealth and compensation will cause undue delay, confuse the jury, and waste the Court's time. If this evidence is admitted, Messrs. Lovette and Penn will be compelled to rebut any inference that the jury may draw from it. *See United States v. Todd*, 108

F.3d 1329, 1333-34 (11th Cir. 1997) (reversing embezzlement conviction because trial court precluded defendant from offering evidence "to combat the government's criminal intent argument that [the defendant] was motivated by greed and selfishness"); *United States v. Hurn*, 368 F.3d 1359, 1365 (11th Cir. 2004) (recognizing constitutional right "to introduce evidence concerning a collateral matter where the government attempts to use that collateral matter as the basis for securing a conviction").

Each man will need to address, among other things, how their compensation and wealth compares to that of senior executives at other companies, PPC's annual budget-setting process, how the PPC board of directors decided compensation each year, whether the alleged conspiracy impacted the revenue of the company, and how that revenue actually affected their compensation, if at all, in the relevant years.

This kind of evidence would needlessly "sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case" and would create a series of mini-trials. *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998); *see also FDIC v. Clark*, 768 F. Supp. 1402, 1413-14 (D. Colo. 1989) ("The court has the responsibility to control introduction of evidence that injects collateral issues into the case, or matters that would confuse the jury and not be helpful on the point involved."), *aff'd*, 978 F.2d 1541 (10th Cir. 1992). The Court should exclude the prejudicial and irrelevant evidence about Messrs. Lovette's or Penn's compensation and general financial circumstances.[1]

---

[1] The Court should also preclude any references to either's ownership of items that indicate wealth. "In general, gratuitous references to, or emphasis on, the wealth and lifestyle of the parties are not relevant and therefore are to be excluded." *Roda Drilling Co. v. Siegal*, No. 07-CV-4002009, U.S. Dist. LEXIS 55578, at *7 (N.D. Okla. June 29, 2009) (excluding evidence that the defendant used "private planes"), *aff'd*, 442 F. App'x 391 (10th Cir. 2011). Such evidence also creates immense

## **CONCLUSION**

Messrs. Lovette and Penn respectfully request that the Court exclude testimony, evidence, or argument about their financial circumstances, including compensation, wealth, or assets.

Dated:  October 1, 2021                              Respectfully submitted,


_s/ John A. Fagg, Jr._                              _s/ Michael F. Tubach_
John A. Fagg, Jr.                                    Michael F. Tubach
James P. McLoughlin, Jr.                             O'MELVENY & MYERS LLP
Frank E. Schall                                      Attorney for Jayson Jeffrey Penn
Kaitlin M. Price                                     Two Embarcadero Center, 28th Floor
MOORE & VAN ALLEN PLLC                               San Francisco, California 94111-3823
Attorney for William Wade Lovette                    (415) 984-8700
100 North Tryon Street, Suite 4700                   mtubach@omm.com
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

---

prejudice. *CMI Roadbuilding, Inc. v. SpecSys, Inc.*, No. CIV-18-1245, 2021 U.S. Dist. LEXIS 114332, at *5 (W.D. Okla. June 18, 2021) (excluding "highly prejudicial" references to defendant's "assets," including a boat and jet).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ John A. Fagg, Jr.*