IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

      Defendants.

---

### UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO STRIKE SA TAYLOR'S *JAMES* HEARING TESTIMONY

---

The government opposes the defendants' motion to strike FBI Special Agent Taylor's *James* hearing testimony based on the timing of the government's production of his July 2021 grand jury testimony. ECF No. 536. The defendants make no attempt to show unfair prejudice and, in any event, the government is willing to make SA Taylor available for cross-examination on the contents of the July 2021 transcript that were not revealed in prior grand jury transcripts or other material, either during the trial preparation conference on October 8, or at any other time that is convenient for the Court.

The only salient facts are the following: (1) SA Taylor testified to the grand jury in July 2021, resulting in an indictment against Koch Foods and a separate indictment against four individuals, for their participation in the same conspiracy charged in this case; (2) the government possessed the July grand jury transcript before the *James* hearing; and (3) due to an oversight, the government produced the transcript after the *James* hearing.

Federal Rule of Criminal Procedure 26.2 does not require SA Taylor's testimony to be stricken in part or in whole. Rule 26.2(g) limits the scope of the rule to very specific situations, none of which are a *James* hearing. The defendants acknowledge as much, ECF No. 536 at 4 (conceding that Rule 26.2 "is not specifically mentioned in the rule itself"), and argue instead that a *James* hearing fits the spirit of the rule.

Nor does the sanction provision of Rule 26.2 apply; the government did not "disobey[] an order to produce or deliver a statement," FED. R. CRIM. P. 26.2(e). Again, the defendants acknowledge as much, ECF No. 536 at 6 (conceding that "the Court did not specifically order the production of Rule 26.2 prior statements in the context of the *James* hearing"), and instead argue that two prior orders stating that "[t]he United States may disclose grand jury materials to the defendants," ECF Nos. 88, 197, should be construed as orders of the sort contemplated by Rule 26.2(e).

Notwithstanding the defendants' arguments that Rule 26.2 should not be applied as written, they claim that the sanction of striking SA Taylor's testimony is mandatory. The defendants are attempting to put a square peg in a round hole, but it simply does not fit. The Court is not bound by the mandatory language of Rule 26.2(e) and is not required to strike SA Taylor's testimony.

Even if Rule 26.2 were to apply, the extreme remedy of striking the testimony is not required in the absence of prejudice. *See United States v. Butler*, 904 F.2d 1482, 1487 (10th Cir. 1990) ("We need not decide whether Rule 26.2 imposes a duty on the government to preserve possible Jencks Act material because we conclude that even if the government's failure to preserve page one of the report was a violation of the Jencks Act, it did not result in any prejudice to Butler."). Here, the defendants have the transcript but fail to cite even a single line of grand jury testimony that would have provided fodder for cross beyond what was already in their possession at the time of the *James* hearing. That is because there is nothing new of consequence in the transcript. As such, the defendants were not prejudiced by the timing of the transcript's production and therefore SA Taylor's *James* hearing testimony should not be stricken.

For those reasons, the Court should deny the defendants' motion.

Dated: October 3, 2021        Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States