**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. **JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT JIMMIE LITTLE'S MOTION FOR DISCLOSURE OF JENCKS, *GIGLIO*, AND *BRADY* MATERIAL**

The government respectfully submits this brief in opposition to defendant Jimmie Little's motion for disclosure of Jencks, *Giglio* and *Brady* material. The government satisfied its disclosure requirements with respect to materials relevant to the case agents' interview of Little on August 30, 2020, by providing him with PDF versions of the interview reports, underlying notes, and other materials. Little is not entitled to Microsoft Word versions of the materials because he speculates that there might be exculpatory "metadata" hidden in those versions. The government understands its obligations and has complied, and will continue to comply, with them. In any event, Little's counsel will have an opportunity to cross examine both agents at trial.

*Background*.  On August 31, 2020, Special Agents Matthew Koppenhaver and LaNard Taylor knocked on Jimmie Little's door in Fort Worth, Texas, as part of their investigation in this matter. Little agreed to a volunteer interview and invited the agents inside. When they asked him about competitor communications, Little said words to the effect that he did not communicate with competitors outside of trade shows. That was a lie. The agents warned him lying to federal agents is a crime, but Little did not budge. In the end, the government charged him with making false statements in violation of 18 U.S.C. § 1001 and obstruction and obstruction in violation of 18 U.S.C.§ 1812. Superseding Indictment, ECF No. 101 ¶¶ 146-151.

Shortly after the August 30 interview, however, SA Koppenhaver drafted a report and participated in a few debriefing sessions.[1] During that time, he recalled additional facts that had not made it into his original report, leading him to supersede his original report twice. As a result, there are three versions of the report. The government provided Little with: all three versions of the report in PDF; SA Koppenhaver's interview notes; and various emails relating to the interview.

More recently, the government and counsel for Little had phone calls and other communications to discuss the three reports. During one of those calls, Little's counsel requested any native Microsoft Word versions of the reports so he could inspect the

---

[1]   Little attempts to imply something nefarious occurred based on the fact that SA Koppenhaver supplemented his report after debriefing prosecutors. That is a mere distraction, as there is nothing wrong with case agents and prosecutors reviewing investigative steps taken in a case. Either way, the facts added to the report are consistent with the facts contained in the prior reports.
   Little also attempts to create an appearance of impropriety by pointing out that the date on each report is the same: August 31, 2020. Apparently, SA Koppenhaver forgot to change the date when he supplemented his report. Again, mere distraction.

metadata. The government tentatively agreed, but upon further reflection determined that it had fulfilled its disclosure requirements with the PDF versions and subsequently told counsel that the native versions would not be turned over. As a compromise, the government agreed to re-review the metadata, which the government did, and found nothing of any significance.

*Brady/Giglio*. The duty to determine what information must be disclosed under *Brady* and *Giglio* belongs to the prosecution. *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). The government's *Brady/Giglio* obligations are not license for a defendant to rummage through the prosecution's files. *United States v. McVeigh*, 923 F. Supp. 1310, 1313 (D. Colo. 1996). *See United States v. Caro-Muniz*, 406 F.3d 22, 29 (1st Cir. 2005) ("*Brady* does not permit a defendant to conduct an *in camera* fishing expedition through the government's files…").

As stated above, the government has complied with its obligations and will continue to do so. And while the government does not typically discuss its process beyond that, the government reiterates that it did re-review the metadata as a reassurance to Little and it contains nothing that the government must disclose to fulfill its Brady/Giglio obligations: the metadata does not contain previously undisclosed information that is favorable to the defense and material to either guilt or punishment, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), nor does it contain previously undisclosed information affecting SA Koppenhaver's or SA Taylor's credibility under *Giglio v. United States*. 405 U.S. 150, 154-155 (1972).

*Jencks*. Metadata is not a statement and therefore the Jencks Act does not apply. *Hamilton*, 413 F.3d at 1142 (10th Cir. 2005). The government has provided the

3

statements of SA Koppenhaver by producing his draft and final reports, notes, and underlying communications regarding the reports, and therefore no additional disclosure is required.

## CONCLUSION

For the reasons discussed above, the metadata underlying SA Koppenhaver's reports is not discoverable, and Defendant Little's motion should be denied in full.

Respectfully submitted this 8th day of October, 2021.

By:   /s/ Michael T. Koenig_____

Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov