IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

_____

## ORDER
_____

This matter comes before the Court on Defendants' Motion to Quash the Government's Rule 17(c) Subpoenas to LinkedIn Corporation [Docket No. 619]. Defendants ask the Court to quash the government's Rule 17(c) subpoena issued to LinkedIn Corporation ("LinkedIn") and to order the government to identify all other Rule 17(c) subpoenas that have been issued without Court approval "so that Defendants can address the government's use of those materials at trial with the Court." *Id.* at 1. Defendants state that they have received notice of the issuance of subpoenas duces

tecum based on the government's exhibit list and that it appears the government may have issued other subpoenas without the Court's approval. *Id.* at 2.

In response, the government states that the LinkedIn subpoena is the only Rule 17(c) subpoena the government has issued. Docket No. 630 at 2. The government argues that Rule 17(c) does not require judicial approval of subpoenas, defendants objection is incongruent with defendant Timothy Mulrenin's argument in a prior filing that the government did not have standing to quash a third-party subpoena, and "nothing in Rule 17 contemplates a time limit on the government's ability to issue trial subpoenas." *Id.* at 2-3.

The government apparently submitted the subpoena in question, Docket No. 619-1, to the Clerk's Office on October 5, 2021, which issued the subpoena. The subpoena requires LinkedIn to produce the following records and information associated with identified accounts[1]: (1) screenshots or other means of conveying the content of LinkedIn profile pages, to specifically include name, photograph, and employment history, and (2) basic subscriber information for account holders, including name, email address(es), account URL, date and time of account creation, billing information, address, and phone numbers. *Id.* at 3.

Rule 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and states that the court "may direct the witness to produce the designated items in court before trial." Fed. R. Crim. P. 17(c).

---

[1] Defendants have redacted which accounts are in question. *See* Docket No. 619-1 at 3.

The government, however, failed to seek the Court's approval for the Rule 17(c) subpoena. Before a Rule 17(c) subpoena issues, the Court must review and approve the request so that the Court may direct the items to be produced. *See, e.g.*, *United States v. Llanez-Garcia*, 2011 WL 4073920, at *6 (N.D. Ohio Sept. 13, 2011), *vacated in part by United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013). The Rule, thus, gives the Court, not counsel or the Clerk of Court, the discretion to direct the witness to produce the items in question before trial or before the items are to be offered into evidence. By causing the issuance of the subpoena without first submitting it to the Court for approval, the government stripped the Court of its discretion under Rule 17(c). *See id.; see also United States v. Beckford*, 964 F. Supp. 1010, 1020–21 (E.D. Va. 1997); *United States v. Finn*, 919 F. Supp. 1305, 1329 (D. Minn. 1995); *United States v. Jenkins*, 895 F. Supp. 1389, 1395–96 (D. Haw. 1995); *United States v. Ashley*, 162 F.R.D. 265, 266 (E.D.N.Y. 1995); *United States v. Urlacher*, 136 F.R.D. 550, 554–555 (W.D.N.Y. 1991); *United States v. Ferguson*, 37 F.R.D. 6, 7–8 (D.D.C. 1965).

Although nothing in Rule 17(c) prescribes a time limit on the issuance of subpoenas, motions for the issuance of Rule 17(c) subpoenas were due on July 26, 2021. *See* Docket No. 264 at 5. The Court has denied a defendant's motion for a Rule 17(c) subpoena that was filed after this deadline because it was untimely. *See* Docket No. 486. Additionally, the government's argument that defendants do not have standing to quash the subpoena ignores that, if the government had filed a motion for the issuance of the subpoena, as required, defendants would have been permitted to respond to the motion. Accordingly, the Court will quash the subpoena issued to

LinkedIn.  The remainder of defendants' motion, requesting an identification of any other Rule 17(c) subpoenas issued without a Court order, is now moot.

Wherefore, it is

**ORDERED** that the Motion to Quash Subpoena Issued Pursuant to Fed. Crim. P. Rule 17 [Docket No. 619] is **GRANTED in part** and **DENIED as moot in part**.  It is further

**ORDERED** that the subpoena directed to LinkedIn Corporation [Docket No. 619-1] is quashed.

DATED October 13, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge