IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00152-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
**7. JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

   Defendants.

**DEFENDANT JIMMIE LITTLE'S RESPONSE TO
GOVERNMENT'S MOTION TO DISMISS COUNT 2**

Defendant Jimmie Little, by and through his counsel, responds to the Government's Motion to Dismiss Count 2 of the Superseding Indictment without Prejudice (Dkt. #607).  Mr. Little is charged in Count 2 with making false statements and he is charged in Count 3 with obstruction of justice based upon the same false statements.  Now, nearly two weeks before trial, the Government moves to dismiss Count 2 without prejudice, expressly stating that it intends to re-indict Mr. Little for the same count in district court in Texas, while proceeding against Mr. Little on Count 3 here based upon the same false statements.  Essentially, the Government wants two bites at the apple.  Although courts routinely grant requests for dismissal without prejudice, in this case, in would result in harassment, waste judicial resources and undermine the integrity of the judicial process.  Here, the Government should be required to choose: either dismiss Count 2 with prejudice, and proceed against Mr. Little here on Count 3, without the threat of re-litigating the false statements in Texas, or dismiss Counts 2 and 3 without prejudice and bring its entire "false statement" case in district court in Texas.

**I.      Factual Background**

On October 6, 2020, the Government filed a Superseding Indictment that charges Mr. Little with Conspiracy to Restrain Trade ("Count 1"), False Statements (18 U.S.C. § 1001) ("Count Two") and Obstruction of Justice (18 U.S.C. § 1512(c)(2)) ("Count Three"). (Superseding Indictment ¶¶ 101, 146-149, 150-151.)  In Count Two, the Government alleges that on August 31, 2020, Mr. Little was interviewed by federal agents in Fort Worth, Texas. (*Id*. ¶ 147.)  It further alleges that during the interview, Mr. Little stated that he had no contact with individuals at competing Suppliers outside of speaking to individuals at industry trade shows and that he had not called or sent text messages to any individuals at competing Suppliers, and those

statements were false.  (*Id.* ¶¶ 148-149.)  The Government has conceded that Count 3 for Obstruction of Justice is based solely upon the false statements alleged in Count 2.  (Govt. Opp. to Little Motion for Bill of Particulars, Dkt. #217, p. 17-18.)

On May 20, 2021, the Court set the matter for trial beginning on October 25, 2021, and scheduled a pre-trial conference on October 8, 2021.  (Dkt. #264.)  On October 1, 2021, a year after filing the Superseding Indictment and one week before the pre-trial conference, the Government informed counsel for Mr. Little that unless Mr. Little waived venue, the Government would move to dismiss Count 2 without prejudice.  Counsel for the Government also stated that the Government intends to pursue the false statement charge in the district court in Texas where Mr. Little resides and made the purportedly false statements.  Mr. Little has not waived venue.

On October 7, 2021, the Government filed its Motion to Dismiss Count Two pursuant to Rule 48 of the Federal Rules of Criminal Procedure ("Rule 48").  (Dkt. #607.)  The Government seeks dismissal without prejudice.  Mr. Little respectfully submits that Count 2 should be dismissed with prejudice, or the Government should move to dismiss Counts 2 and 3 without prejudice, if the Government intends to pursue charges for the false statements by indicting Mr. Little in Texas.

## II.  Count 2 Should Be Dismissed With Prejudice, Or Counts 2 And 3 Should Be Dismissed Without Prejudice

Rule 48 requires leave of court for a dismissal.  Fed. R. Crim. P. 48(a).  Courts are generally required to grant a Rule 48(a) motion unless dismissal is "clearly contrary to manifest public interest."  *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) (*quoting United*

*States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (internal quotation omitted). Requiring the government to obtain leave of the court to dismiss an indictment serves two purposes. The primary purpose is to protect a criminal defendant from prosecutorial harassment. The rule is also intended to allow courts to consider the "public interest, fair administration of criminal justice and preservation of judicial integrity." *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).

In the vast majority of cases, when the Government moves to dismiss under Rule 48, it moves to dismiss the entire indictment. Such dismissals are commonly granted without prejudice.[1] However, in this case, the Government seeks to dismiss Count 2, proceed on Count 1 and Count 3, and maintain the option of bringing a separate case for false statements, even though Count 3 is based on the same false statements.

In *United States v. Poindexter*, 719 F.Supp. 6 (D.D.C. 1989), the court was faced with a request to dismiss only specific counts. The government wanted the option of pursuing those charges at a future time when it was possible that evidence related to those counts may not be classified and witnesses who were protected by the privilege against self-incrimination may become available to testify. *Id*. at 12-13. The court began by noting that the subjective good faith of counsel for the Government was not in question. *Id*. at 11. Rather, the question was the effect on the defendant of a dismissal of charges followed by their reinstitution at a later date – would it objectively amount to harassment, contrary to the public interest, to allow the prosecutor to dismiss charges but nevertheless keep them in abeyance for an indefinite period of time. *Id*. at

---

[1] The Government's Proposed Order asks the Court to dismiss Count 2 "for good cause shown." (Dkt. #607-1.) To the contrary, the Government's motion does not establish any cause for dismissal without prejudice, let alone good cause.

11.

The court found that the considerations in favor of a dismissal with prejudice were enhanced by the singular circumstance that the government was not seeking to dismiss an entire indictment, but was attempting to pick and choose among several charges in a single indictment, proceed to trial on some, and asking to delay until some future, indefinite date, the resolution of others. *Id*. at 12. The court cautioned that kind of selectivity must be viewed with suspicion and disfavor, for it clearly lends itself to abuse and is particularly invasive of a defendant's legitimate expectations. *Id.* If the government's motion were granted, the defendant's conviction or acquittal would not be the end of it. *Id*. The defendant would have to wait in a state of uncertainty until the government decided to proceed on the second half of the charges. *Id*. The court held it had an obligation to protect the defendant from what, objectively, would be harassment, and ordered dismissal with prejudice. *Id*.

The result of the Government's intended action in this case is even more egregious than in *Poindexter*. Unlike *Poindexter*, where the counts the government sought to dismiss were not dependent upon the same evidence as the remaining count, in this case the Government seeks to dismiss Count 2 and proceed on Count 3, which is based upon the same false statements alleged in Count 2. In order to prove the Count 3 obstruction charge, the Government will have to introduce and prove exactly the same underlying facts at issue in Count 2, which the Government will then seek to prove in the subsequent Texas case. Although perhaps technically not amounting to double jeopardy, it will subject Mr. Little to prosecution twice for the same false statements.

This is the very type of selectivity that the *Poindexter* Court recognized should be viewed

5

with suspicion and disfavor because it lends itself to abuse and invades defendant's legitimate expectations.  In fact, here, counsel for the Government expressly stated that it intends to re-file the false statements charge in the district court where Mr. Little resides regardless of the outcome in this case, even though the false statements are the basis of Count 3.  The Government's prosecution of Mr. Little will not end with a verdict in this case.  Even if he is acquitted, Mr. Little will live under the threat of further prosecution in Texas.  Proceeding in that manner clearly would be harassment.  In addition, trying Mr. Little twice for the same false statements would be a waste of judicial resources and undermine the integrity of the judicial process.  Under the circumstances, the Court should dismiss Count 2 with prejudice.

Alternatively, if the Government wishes to charge the false statements in district court in Texas, the Court should give the Government the option of dismissing Counts 2 and 3 without prejudice, which Mr. Little would not oppose.

### III. Conclusion

For the foregoing reasons, Mr. Little respectfully requests that the Court dismiss Count 2 with prejudice.  Alternatively, Counts 2 and 3 should be dismissed without prejudice.

Dated: October 13, 2021              Respectfully submitted,

/s/ Mark A. Byrne
Mark A. Byrne (Cal. Bar No. 116657)
e-mail: markbyrne@byrnenixon.com
Jennifer L. Derwin (Cal. Bar No. 222420)
e-mail: jenniferderwin@byrnenixon.com
**BYRNE & NIXON LLP**
888 West Sixth Street, Suite 1100
Los Angeles, California 90017
Telephone: 213-620-8003
Facsimile: 213-620-8012

*Attorneys for Defendant Jimmie Little*

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of such filing to all parties of record.

                                               /s/ Mark A. Byrne
                                              Mark A. Byrne