IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. **JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

**UNITED STATES' REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS COUNT 2 WITHOUT PREJUDICE**

The government promptly filed its motion to dismiss count two of the Superseding Indictment once it became apparent that Defendant Little was neither challenging nor waiving venue, and notified defendant Little of its intention to refile in his home district. Because the government has consistently acted in good faith to promote judicial economy in its prosecutorial decision making, the Court should grant the government's motion for dismissal without prejudice. (ECF No. 607).

Leave of court is required pursuant to a motion to dismiss under Federal Rule of Criminal Procedure 48(a), but courts are "generally required to grant a prosecutor's

Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985) (citations and internal quotation omitted)).  The requirement that the government obtain leave of court to dismiss an indictment is intended to protect criminal defendants from prosecutorial harassment and allows courts to consider the "public interest, fair administration of criminal justice, and preservation of judicial integrity." *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).  As defendant Little acknowledges, "courts routinely grant requests for dismissal without prejudice."  (ECF No. 637, at 2).

Dismissal without prejudice is appropriate where, as here, such dismissal advances the public interest of efficient disposition of criminal charges and the government has acted in good faith by seeking a single trial on all three charges. *United States v. Casados*, No. 11-cr-00440-PAB, 2011 U.S. Dist. LEXIS 145129, at *5 (D. Colo. Dec. 16, 2011) (citing *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997)); *see also United States v. Ellzey*, 1993 WL 307949, at *3 (10 Cir. Aug. 10, 1993) (citing *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("the burden is not on the prosecutor to prove dismissal is in the public interest")).  Here, the government in good faith brought all three charges against defendant Little in the District of Colorado to promote judicial efficiency, given the substantial factual overlap underlying these charges.  Unlike cases where the "repeated[] filing and dismissing charges" created long-term uncertainly for a defendant, here the government promptly filed its motion to dismiss once it became apparent that Defendant Little was neither challenging nor

waiving venue.  See *Ellzey*, 1993 WL at *2-3 (finding no evidence of harassment where the government obtained a second indictment "immediately upon learning that the first indictment was dismissed, thereby avoiding any uncertainty as to defendant's status").

*United States v. Poindexter*, which reserves prosecution with prejudice to "exceptional cases," does not move the needle. 719 F.Supp. 6 (D.D.C. 1989). In *Poindexter*, the Court found that dismissal with prejudice was merited where the defendant "would have to wait in a state of uncertainty and under public obloquy for an indefinite period of time until the government decided that, somehow, for some reason, the time had become more propitious for proceeding with a trial." *Id.* at *12. Rather, here although defendant Little requested that the government refrain from re-charging in his home district until the conclusion of the *Penn* trial, as defendant Little himself acknowledged, there is no uncertainty as to his future. The government has been clear and transparent regarding its intention to re-file the false statement charge in the district in which defendant Little resides and first made the false statements. (ECF No. 637, at 3).  Defendant Little does not have to wait in a "state of uncertainty" until the government decides to proceed.  See *United States v. Hutchinson*, 1993 WL 307940, at *3 (10 Cir. Aug. 10, 1993) (finding no abuse of discretion in granting motion to dismiss without prejudice where the government's reason for dismissal was to gather more evidence, and defendant was re-charged six months later).

Defendant Little attempts to overcome these defects by, without citation to any authority or procedural rule, suggesting that the Court *sua sponte* dismiss both Counts 2 and 3. If the Court interprets his response as a motion to dismiss, it would be untimely

3

because the indictment clearly alleged that his false statements were made in Texas. *See* Fed. R. Crim. P. 12(b)(3)(A)(ii)(requiring a defense of improper venue by pretrial motion where it can be determined without a trial on the merits). If defendant Little instead seeks a transfer of venue on Count 3, he must so move. *See* Fed. R. Crim. P. 21(b).

Count 2 of the Superseding Indictment is all that the government has sought to dismiss, and the court is "not free to substitute its judgment for that of the prosecutor." *Poindexter* at *10.  Dismissal of Count 2 without prejudice will allow the government to properly enforce federal law, promoting the fair administration of criminal justice.  *See Carrigan*, 778 F.2d at 1463.

Dated: October 15, 2021

Respectfully submitted,

/s/ Heather D. Call
HEATHER CALL
MICHAEL KOENIG
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-2623
heather.call@usdoj.gov
Attorneys for the United States