IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB-7

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7.  JIMMIE LEE LITTLE,

    Defendant.

# ORDER

This matter comes before the Court on Defendant Jimmie Little's Motion for Disclosure of Jencks, *Giglio* and *Brady* Material [Docket No. 597]. The government has filed a response. Docket No. 608.

Jimmie Little is charged in Count Three of the Superseding Indictment with obstruction of justice.[1] *See* Docket No. 101 at 40-41. The charge stems from an August 31, 2020 interview of Mr. Little by Special Agent LaNard Taylor and Special Agent Matthew Koppenhaver. *See id.*; Docket No. 597 at 2. The government states that, shortly after the interview, Special Agent Koppenhaver drafted a report of the interview, but, after participating in "a few debriefing sessions" with prosecutors, recalled additional facts that were not included in the original report, which led Special

---

[1] On October 20, 2021, the Court granted the government's motion to dismiss Count Two of the Superseding Indictment without prejudice. Docket No. 688.

Agent Koppenhaver to twice revise his original report.[2]  Docket No. 608 at 2.  The government produced three versions of Special Agent Koppenhaver's written report to defendants in PDF format.  *Id.*; Docket No. 597 at 1-2.

Mr. Little asks the Court to order the government to disclose all native versions of these three reports and their metadata on the grounds that he is entitled to this information under the Jenks Act, *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States,* 405 U.S. 150, 154-55 (1972).  Docket No. 597 at 5-8.  The government objects, arguing that (1) the government has reviewed the metadata and it does not contain any previously undisclosed information that is favorable to the defense and material to either guilt or punishment or affecting the credibility of Special Agent Koppenhaver or Taylor, and (2) metadata is not a statement and therefore the Jencks Act does not apply to it.  Docket No. 608 at 3-4.

**I.  *Brady/Giglio***

Mr. Little argues that he is entitled to the metadata under *Brady* and *Giglio* because the credibility of Special Agent Koppenhaver and Special Agent Taylor will be paramount to the government's case in count three.  Docket No. 597 at 6.  The government states that it has complied with its *Brady* and *Giglio* obligations and will continue to do so.  Additionally, the government indicates that it conducted a second review of the metadata and found that no disclosure is required.  Docket No. 608 at 3.

---

[2] The date on each report is the same, August 31, 2020, despite the fact that the reports were prepared on different days.  *See* Docket 597 at 4.  The government states that "[a]pparently, SA Koppenhaver forgot to change the date when he supplemented his report," and that Mr. Little's reference to the incongruous dates is "mere distraction." Docket No. 608 at 2 n.1.

"Reading *Brady* and *Giglio* together, the government must produce or disclose evidence that is favorable to the accused when relevant to guilt, credibility, or punishment." *United States v. Wright*, No. 11-cr-00497-REB, 2012 WL 4049826, at *2 (D. Colo. Sept. 13, 2012).  However, "[m]ere speculation that a government file may contain *Brady* material [is] not enough to require an in camera examination." *United States v. Brooks*, 966 F.2d 1500, 1504 (D.C. Cir. 1992) (internal quotation marks and citation omitted).  The government represents that it has thoroughly reviewed the requested information and it does not contain any *Brady* or *Giglio* material.  The Court has no reason to doubt that representation.  Mr. Little will, of course, be able to cross-examine the special agents at trial.  Accordingly, the Court will deny the portion of Mr. Little's motion brought pursuant to *Brady* and *Giglio*.

## II. Jencks Act

Mr. Little also argues that he is entitled to this information pursuant to the Jencks Act.  Docket No. 597 at 5.  Under the Jencks Act,

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.  If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b).  "Statement" is defined as

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

3

> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

*Id.* § 3500(e).  An FBI agent's report "summarizing an interview with a potential witness is always a Jencks Act statement vis-à-vis the agent who drafts it."  *United States v. DeLeon*, 323 F. Supp. 3d 1285, 1290 n.4 (D.N.M. 2018); *see Clancy v. United States*, 365 U.S. 312, 314-15 (1961) (stating that a memorandum summarizing witness interviews that a testifying FBI agent drafted and signed was a Jencks Act statement under 18 U.S.C. § 3500(e)(1)).  The government has produced three versions of Special Agent Koppenhaver's report, but Mr. Little argues that the Jencks Act requires production of the native files and metadata for each report, which may contain additional communications in the form of track changes or comments and will reveal who made what changes and when.  Docket No. 597 at 2.

Mr. Little argues that "[d]raft reports prepared by a government witness and then transmitted to others are statements within the meaning of the Jencks Act."  *Id.* at 3.  This is exactly what the government has provided.  What Mr. Little seeks goes beyond draft reports to include the metadata associated with them.  Mr. Little does not identify, and the Court has not found, caselaw concluding that metadata of a report is a "statement" within the meaning of the Jencks Act.[3]

---

[3] The government cites *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir. 2005), where the Tenth Circuit upheld the district court's admission of images that included computer generated "header" information of, *inter alia*, the screen name and IP address of the person posting the image.  Docket No. 608 at 3. The court found that the "header" information was not a "statement" by a declarant, and was therefore not hearsay.  *Hamilton*, 413 F.3d at 1142.  This is inapposite to the Court's determination of whether the metadata of Special Agent Koppenhaver's report is a statement for the purposes of the Jencks Act.

"[T]here is no discreet right to the preservation or production of handwritten notes that have been incorporated into final reports or statements." *Wright*, 2012 WL 4049826, at *3 (citing *United States v. Shovea*, 580 F .2d 1382, 1389-90 (10th Cir. 1978)). However, under the Jencks Act, "agents' notes, generated from interviews with defendants, . . . must be turned over to the defendants after the agents testify at trial." *United States v. Burton*, 81 F. Supp. 3d 1229, 1252 (D.N.M. 2015) (citing *United States v. Goxcon–Chagal*, 2012 WL 3249473, at *2, *6 (D.N.M. Aug. 4, 2012)). "The type of 'statement' contemplated by the Jencks Act is a factual narrative." *United States v. Anderson*, 2004 WL 624966, at *5 (D. Kan. Mar. 25, 2004); *Goldberg v. United States*, 425 U.S. 94, 114 (1976) (Stevens, J., concurring) (stating that a Jencks Act statement "must . . . be the kind of factual narrative by the witness that is usable for impeachment"). The Court finds that any comments by the special agents who will testify at trial concerning Mr. Little's statements from the interview that are contained in the native files or metadata are subject to the Jencks Act. This does not extend to comments of persons who will not testify. However, it is unclear to the Court what metadata exists. Mr. Little's motion states that the government told Mr. Little it was "unable to pull any metadata from OIG's case management system, as it is not technically possible," Docket No. 597 at 3 (internal quotation marks omitted), but the government indicates that it has reviewed the metadata for any exculpatory information and found none. Docket No. 608 at 2. The Court will order the government to produce any comments of the case agents in the metadata concerning statements of the witness that are not already reflect in the three versions.

## III. CONCLUSION

Wherefore, it is

**ORDERED** that Defendant Jimmie Little's Motion for Disclosure of Jencks, *Giglio* and *Brady* Material [Docket No. 597] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that the government shall produce any comments of Special Agents Koppenhaver and Taylor in the metadata concerning the statements of Mr. Little in their August 31, 2020 interview on or before October 22, 2021.

DATED October 20, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge