**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

---

**UNITED STATES' MOTION FOR CLARIFICATION REGARDING
WITNESS TESTIMONY OF ILLEGALITY**

---

The government respectfully seeks clarification of the Court's order permitting fact witnesses to testify about wrongfulness. In particular, the gov seeks clarification whether testimony may be elicited that the witness believed coordinating pricing with competitors was illegal, or words to that effect. The government believes such testimony is consistent with the Court's order, but seeks clarification in an abundance of caution and to minimize disruptions during trial.

As the Court held, "whether a witness believes something was 'wrong' or improper may be relevant to the jury's determination of the elements of Count One."

ECF No. 604 at 3. And there "is little danger of jury confusion given the ability of defendants to explore what a witness had in mind." Thus, the Court denied that portion of the defendants' motion *in limine* to prohibit fact witnesses from describing certain conduct as wrong or improper. *Id.* at 3-4 (quoting defendants' motion in limine, ECF No. 537 at 1-2). The government further reads the Court's order as allowing fact witnesses to say that the conduct was over the line or otherwise unethical, but seeks clarification on that point as well.

The government expects to elicit such testimony, but also expects to elicit testimony that witnesses believed such conduct was illegal, or words to that effect. Customer witnesses, for example, will testify that they believed discussing and coordinating pricing with competitors was anticompetitive and illegal, and one was suspicious of collusion in 2014. Just like testimony of wrongfulness, testimony that witnesses believed such conduct was unethical or illegal is relevant to the existence of the charged price-fixing conspiracy, as it tends to show the conspiratorial agreement was not merely an agreement to share prices, but rather an agreement to fix prices and rig bids.

Moreover, the defendants have opened the door to that line of witness testimony by calling into question an ordinary person's ability to understand the illegality of the charged conduct. In his trial brief, Mr. Kantola argues the evidence at trial will show that the Sherman Act as applied in this case is unconstitutional under the void-for-vagueness doctrine, because the evidence will show that "ordinary people are unable to

understand what a violation of the law is." ECF No. 660 at 7.[1] He further argues that witness testimony "about what they believed 'wrong' … will [] demonstrate how impossible it is for ordinary people to assess legality under the law as applied to the conduct in this case." *Id.* at 7-8. Mr. Kantola's argument regarding witnesses' ability to perceive the charged conduct as illegal opens the door to testimony that particular witnesses believed the charged conduct to in fact be illegal or unethical.

Where "defense counsel purposefully and explicitly opens the door on a particular (and otherwise inadmissible) line of questioning, such conduct operates as a limited waiver allowing the government to introduce further evidence on that same topic." *United States v. Brooks*, 736 F.3d 921, 933 (10th Cir. 2013) (quoting *United States v. Lopez-Medina*, 596 F.3d 716, 731 (10th Cir. 2010)). Therefore, the defendants should not be permitted to elicit witness testimony regarding perceived illegality and argue that witnesses could not understand the unethical or illegal nature of the charged conduct without the government being permitted to similarly question witnesses. And as explained above, witness testimony regarding the unethical or illegal nature of competitor pricing coordination is directly relevant to the conspiracy charged. The government thus seeks clarification of the Court's Order, ECF No. 604, that it may affirmatively question witnesses regarding their beliefs or understanding of the unethical or illegal nature of the conduct charged.

---

[1] The Court previously rejected the defendant's motions to dismiss the Superseding Indictment on that basis. ECF No. 553 at 9-10.

Dated: October 24, 2021    Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States