IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY R. MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  WILLIAM WADE LOVETTE,
9.  GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on the United States' Motion to Lead Certain Records Custodian Witnesses on Direct Examination at Trial and to Authenticate by Other Means [Docket No. 720]. Defendants responded. Docket No. 727.

The government asks the Court to permit it to ask leading questions on direct examination of the records custodians for Claxton Poultry ("Claxton"), Koch Foods ("Koch"), and Mar-Jac Poultry ("Mar-Jac"). Docket No. 720 at 1. The government argues that the records custodians for these three companies are hostile witnesses and seeks permission to ask leading questions as well as to authenticate documents by

other means. *Id.* at 3. Defendants argue that the request is premature and should be denied. Docket No. 727 at 1.

Fed. R. Evid. 611(c)(2) states that the Court should allow leading questions "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Courts "may thus wait until trial to determine whether the witness will actually demonstrate hostility." *Sec. & Exch. Comm'n v. Goldstone*, 317 F.R.D. 147, 164 (D.N.M. 2016). While "[o]ccasionally [a hostile witness's] bias is revealed by the witness's pretrial demeanor," 28 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 6168 (2d ed.), the Court will nevertheless wait until trial to evaluate the responses of the records custodians in determining whether the witnesses are hostile. *See id.* ("[W]here the direct examiner seeks to lead a witness on the ground that the witness is 'hostile,' the direct examiner must show that the witness will be resistant to suggestion. Usually this involves demonstrating that the witness's demeanor in response to non-leading questions reveals the witness is biased against the direct examiner, his client, or both.").

The government also seeks to authenticate documents by "other means." Docket No. 720 at 4. The government states it intends to call an attorney, Simeon Morbey, and a paralegal specialist from the relevant civil litigation, *In re Broilers Antitrust Litigation*, to authenticate documents that were produced to civil plaintiffs and then to the government pursuant to a grand jury subpoena. Fed. R. Evid. 901(a) states that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Defendants object, arguing that this contravenes the Court's

2

order prohibiting references to any related civil actions and Mr. Morbey has no personal knowledge of the materials. Docket No. 727 at 4. The government is aware of the exclusion of testimony related to the civil action and states that the attorney and paralegal will testify that the government exhibits are true copies of the documents produced by Claxton, Koch, and Mar-Jac to civil action plaintiffs. Docket No. 720 at 4-5. Accordingly, the Court finds this method of authentication proper and will permit it.

Lastly, the government states that it will offer the deposition of Peter Martin, a Mar-Jac employee, from *In re Broilers Antitrust Litigation* to authenticate Mr. Martin's handwritten notes. *Id.* at 5. Defendants argue that Mr. Morbey "should not be able to disclose, characterize, testify about, or summarize any deposition transcripts from *In re Broilers Antitrust Litigation.*" Docket No. 727 at 5. The government does not indicate that Mr. Morbey will testify about Mr. Martin's handwritten notes or that the government will introduce more of Mr. Martin's deposition than what is necessary to authenticate the notes. Accordingly, the Court will permit the government to authenticate Mr. Martin's notes in this manner, so long as there is no mention of *In re Broilers Antitrust Litigation*.

Wherefore, it is

**ORDERED** that the United States' Motion to Lead Certain Records Custodian Witnesses on Direct Examination at Trial and to Authenticate by Other Means [Docket No. 720]  is **GRANTED in part** and **DENIED in part**.

DATED October 27, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge