# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RECIPROCAL NOTICE REGARDING AGENT TEXT MESSAGES

The government respectfully submits this reciprocal notice regarding agent text messages. On October 28, 2021, defense counsel gave the Court "notice" of the following:

> Your Honor, there is one matter we need to give you notice of. There is one matter, Your Honor, we want to give you notice of. It took us a few days because of the amount of work we all have to do, but it appears that on October 21st and October 26 the government produced text messages between . . . Special Agent[s] Taylor and Koppenhaver. These text messages date for a fairly lengthy period in and around the indictment, thereafter and relate to the investigation.
>
> I think it is fair to say that a significant number of these are inappropriate and raise issues with respect to their conduct and the conduct of the investigation. We are not asking Your Honor for any relief right now. We have written to the government today to ask for additional information. It appears from the tone of the messages that suggest that

>    there may be others that have not yet been produced, but we are waiting until we get additional information from the government. We think they are clearly *Brady*. We think they should have been produced before the *James* hearing because they would go to Special Agent Taylor's credibility and the issues he testified to at the *James* hearing.
>
>    So we have asked the government for an immediate response and information. We may be back to the Court as early as Monday with a request for relief depending on what information the government provides, but we want it on the court's radar because at this point it's difficult to assess the significance of the issue, but we do believe it is potentially significant.

Tr. 236:15-237:17 (Oct. 28, 2021).

The government submits this reciprocal notice because defense counsel's characterization of the text messages is misleading and inaccurate. The agents' text messages, which were timely produced to the defendants, merely reflect frustrations that sometimes arise in long investigations with large teams. At best, the substance of the text messages may be the subject of cross examination or may be used to refresh recollection, but they do not constitute *Brady* and, importantly, they are not admissible.[1]

As such, the government is prepared to provide the messages to the Court for *in camera* inspection on Monday, November 1, 2021. However, because there may be further discussions between the government and the defendants, a more efficient route may be for the parties to sharpen the issues in dispute and, to the extent any disputes remain, provide the text messages for *in camera* inspection at a later date. In either event, the government stands ready to act in accordance with any order of the Court, whether it be to provide the messages for *in camera* inspection or to refrain from doing so at this time.

---

[1] The government produced the text messages as potential Jencks. However, the government does not concede that the text messages are *Giglio*.

Respectfully submitted this 30th day of October, 2021.

/s/ Michael T. Koenig_____
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov

3