IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

**GOVERNMENT'S MOTION TO QUASH RULE 17(C) TRIAL SUBPOENAS TO SPECIAL AGENTS TAYLOR AND KOPPENHAVER**

The government respectfully requests that the trial subpoenas for documents to Special Agents LaNard Taylor and Matthew Koppenhaver should be quashed, as they are untimely and they request information that is not independently discoverable.

*Background*: On October 28, 2021, Defendant Gary Brian Roberts filed a Notice of Issuance of Subpoenas for Government Employees and Documents related to SA Taylor and SA Koppenhaver pursuant to Federal Rule of Criminal Procedure 17. ECF No. 756. The attached subpoenas are dated October 26, 2021, and called for the following documents: "[a]ny and all notes, in any form, made by you during any

interviews conducted relating to the above-referenced case or the investigation underlying the above-referenced case." ECF Nos. 756-1 and 756-2.

*Agent Notes are Not Independently Discoverable*: Agent notes are not independently discoverable and therefore defendant Roberts is not entitled to them. The government has reviewed each agent's full set of notes, and to the extent any information was contained in agent notes that was not contained in a final interview report, that information has already been produced to the defendants. *See United States v. Garcia-Martinez*, 730 Fed. Appx. 665, 676-77 (10th Cir. 2018) (*citing* the proposition in *United States v. Greatwalker*, 356 F.3d 908, 911-12 (8th Cir. 2004) that a defendant was not prejudiced when the government failed to "provide agents' handwritten notes of witness interviews" but did instead provide typed interview reports, and the defendant "did not indicate how the handwritten notes were *additionally* exculpatory."). Unless he is able to demonstrate a good faith basis to believe that there is some discoverable information contained within the notes that is not contained within an agent interview report, there is no need for Mr. Roberts—or any defendant for that matter—to gain access to the agents' notes on top of the multitude of interview reports and other discovery the government has provided in this case.

*The Subpoena for Documents is Untimely*: Additionally, the Court previously ruled that "[b]efore a 17(c) subpoena issues, the Court must review and approve the request so that the Court may direct the items to be produced[,]" and that "motions for the issuance of Rule 17(c) subpoenas were due on July 26, 2021." ECF No. 636 at 3 (internal citations omitted). In addition, the Court has denied at least two Rule 17(c)

2

subpoenas for documents as untimely post-July 26, 2021. *Id.* (citing ECF No. 486 which is filed under Level 3 Restriction and therefore not visible to the government, but which ECF No. 636 refers to as an order quashing an additional 17(c) subpoena). Therefore, the untimely Rule 17(c) subpoenas to SA Taylor and SA Koppenhaver should be quashed as untimely.

*No Prejudice*:  The government has already produced all of the agent interview reports in its possession, and continues to produce additional reports as they are created, including producing agent notes when interview reports are not created. Further, the government does not oppose the portion of the trial subpoenas that relates to agent testimony, and Defendant Roberts will have the ability to cross-examine each agent after he testifies in the government's case-in-chief. Thus, Defendant Roberts will not suffer any prejudice without the notes he requests.

*Conclusion*:  For the reasons above, the government respectfully requests that the Court quash the trial subpoenas to Special Agents Koppenhaver and Taylor as they relate to documents.

Dated November 3, 2021

                                                      Respectfully,

                                                    By:  _s/ Jill Rogowski____
                                                          Jill Rogowski
                                                          Laura J. Butte
                                                          Heather D. Call
                                                          Michael T. Koenig
                                                          Carolyn M. Sweeney
                                                          Paul J. Torzilli
                                                          Trial Attorneys

Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (773) 703-7633
Email: jillian.rogowski@usdoj.gov