IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RESPONSE TO DEFENDANTS' JOINT OBJECTION TO THE ABUSE OF OVERVIEW TESTIMONY

    The court should overrule the defendants' Joint Objection to the Abuse of Overview Testimony. The testimony of Special Agent Matthew Koppenhaver and Special Agent LaNard Taylor will not be closing arguments or otherwise improper. The agents will establish the relevance of documents by describing emails and texts in terms of the participants, the date/time, and the general subject matter, but they will not offer interpretations of evidence. The agents will also sponsor the government's summary exhibits and demonstratives by providing the jury with the timing of the emails and texts relative to the surrounding timing of the relevant toll records.

The defendants' argument that the government is attempting to introduce "overview testimony" is misguided. The agents' testimony is not "susceptible to abuse" under *United States v. Brooks*, 736 F.3d 921, 930 (10th Cir. 2013), because the agents' testimony will merely ensure that the evidence from emails, texts, and phone records are presented in a digestible way to the jury.

SA Koppenhaver will testify in the manner described above to 2014 KFC negotiations (which is the episode with the greatest number of documents), and then, toward the end of trial, SA Taylor will testify to the non-2014 KFC negotiations.

The agents will vehicles for the government to introduce evidence in an organized, efficient, and generally sequential manner.[1] In presenting the evidence, the government will ask the agents to identify particular documents (including participants, dates, times, and subject matter) to establish relevance. Each of the documents will then be offered into evidence and, if accepted, published to the jury. For emails, texts, and other such documents, the government will ask the agents to read selected portions to the jury. The government will then transition to summary exhibits and ask the agents to testify about the timing of the email/text communications relative to the toll records showing phone calls between co-conspirators.[2]

---

[1] While the Court questioned whether the agents should be permitted to be vehicles for the government to introduce otherwise admissible evidence in this way, this response is intended to explain the efficiency in presenting the evidence in this manner.

[2] The government may also use SA Taylor to introduce relevant exhibits that do not specifically relate to a particular episode, but the government will not ask him to opine on or interpret, etc. any of those exhibits.

The testimony of the agents is instrumental to give the jury surrounding context to understand the conspiracy, including requests for bids, deadlines, and communications among conspirators occurring before and after the relevant dates. Agent testimony can also help make the sequence of calls among certain participants more understandable. For example, calls from defendant Blake to defendant Brady and subsequently to defendant Austin can be more readily understandable with a sponsoring witness. Absent the testimony of SA Koppenhaver, the jury may have a difficult time discerning which calls are important even through the summary exhibits, which may show several calls interspersed between the three relevant calls. Admitting the evidence in bulk, absent sponsoring witnesses, would deny the jury of the ability to view the records or emails in context. Rather than show the jury snippets and soundbites of the evidence, the government should be given an opportunity to present evidence to the jury in an efficient, manageable, and understandable way, allowing them sufficient time to consider the underlying materials more fully.

While the government will ask topical and date-related questions within the bounds of permissible signposting to provide the jury with context, the government will not ask the agents to opine, interpret, or evaluate the significance of, the evidence; nor will the agents testify as to the substance of any interviews they conducted (other than Jimmie Little, of course). Accordingly, there is no risk that the anticipated testimony will approach anything close to a "closing argument." *United States v. Ray*, 370 F.3d 1039, 1048 n.6 (10th Cir. 2004), *vacated on other grounds*, 543 U.S. 1109 (2005). None of the anticipated testimony constitutes overview testimony and, regardless, there is simply no

danger that any of the agents' testimony will "stray into matters that are reserved for the jury, such as opinions about a defendant's guilt or a witness's credibility." *Brooks*, 736 F.3d at 930.[3]

In *Brooks*, the Tenth Circuit was primarily concerned with the potential for overview testimony to "usurp[] the jury's role," including to "mak[e] fact findings based on the credibility and demeanor of witnesses with personal knowledge." *Id*. The court also cited "[o]ther potential problems" with overview testimony, "include[ing] the government's ability (1) to spin the evidence in its favor before it is admitted (assuming it is ever admitted), (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses (usually law enforcement) to testify on matters about which they have no personal knowledge or that are based on hearsay." *Id*. Even assuming the agents' testimony qualifies as overview testimony, which it does not, their anticipated testimony will implicate these concerns. The government does not intend to elicit any testimony regarding the credibility of witnesses or on matters of which SA Koppenhaver and SA Taylor have no personal knowledge. The government also does not plan to solicit testimony that is based solely on hearsay.

Indeed, the type of testimony outlined above is permissible pursuant to Fed. R. Evid. 611(a), which grants district courts "the power to 'exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth.'"

---

[3] The government reserves the right to solicit additional testimony from the agents on redirect if the defendants open the door. *United States v. Brooks*, 736 F.3d 921, 932–33 (10th Cir. 2013).

*Ray*, 370 F.3d, 1046. Presentation of evidence through the agents in this case will serve to assist the jury in understanding the evidence and to smooth the process to "ascertain[] . . . the truth." *Id*.

*Second*, the defendants' claim that SA Koppenhaver's testimony is sure to be "expert"—because the government intends to "weave" in certain exhibits with his testimony—has no merit. ECF No. 782 at 3-4. As described above, the agents may identify particular documents, read selected portions to the jury, testify about the timing of certain communications, or describe other matters—but none of that requires "specialized training" or knowledge under Rule 702. Moreover, though the defendants acknowledge in general terms that opinion testimony "based on general investigative experience acquired from *separate* cases qualifies as expert testimony," *id*. at 4, the defendants fail to acknowledge the corollary: testimony is lay where it relies on knowledge gained during the course of an investigation. *See United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1259 (10th Cir. 2020) ("[A] law-enforcement officer's testimony based on knowledge derived from the investigation of the case at hand is typically regarded as lay testimony"). The government does not intend to elicit testimony about the agents' knowledge from the investigation at hand, but even if that were to happen, the testimony would not be from previous experience in other cases.

For the reasons above, the Court should overrule the defendants' objection.

Dated: November 4, 2021        Respectfully submitted,

                               /s/ Michael Koenig
                               MICHAEL KOENIG

5

HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States