IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

      Defendants.

## MR. LOVETTE'S OBJECTION TO THE UNITED STATES' REQUEST FOR ADMISSION OF GX 450[1]

Mr. Lovette respectfully objects to the admission of GX 450, which the Government previewed it would seek in its Notice of Amended and Supplemental Witness List and Schedule of Exhibits to be Introduced Without a Sponsoring Witness. Doc. No. 793 at 4. GX 450 is inadmissible for a host of reasons and the case relied upon by the Government, *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 753 (8th Cir. 2003), is inapposite.

---

[1] The Government cited to GX 451 in its Notice, which was included on the Government's *James* log. To the extent the Government meant to cite to GX 450, which was not a *James* log submission, Mr. Lovette objects to its admission.

If the statement is alleged to have been in furtherance of the conspiracy, it should have been identified by the government at the *James* hearing; it was not. (*See* Nov. 5, 2021 Tr., at 150:18-19) ("[T]he *James* hearing had to mean something.")  In fact, the Government's objective is to put into evidence the implied assertion in the text message.  Assertions of truth can be made sarcastically, and, therefore, are hearsay.  When the context indicates the declarant is using sarcasm to convey a fact or to give an instruction, the hearsay rule's purpose controls, and "[i]f helpfulness depends on the trier's belief that the declarant intended to assert a fact that supports the proponent's case, then the court should consider the statement hearsay under the truth-of-the-matter-asserted definition." *See, e.g.,* Roger C. Park, "*I Didn't Tell Them Anything About You": Implied Assertions as Hearsay Under the Federal Rules of Evidence*, 74 MINN. L. REV. 783, 800 (Apr. 1990).

For example, the statement "your hands are dirty" would be hearsay when the context indicates it was made as a metaphorical accusation of guilt.  *See id.* at 799-800.  When, as in this instance, the Government wants the jury to assume Mr. Lovette intended to send a text message about Pilgrim's Pride's negotiating position with Golden Corral and his strategic view of Golden Corral as a customer, which is the only rational reason the Government offers it, the text message is hearsay, even if the tone of the statement is sarcastic or metaphorical.

It is for this reason *Wheeler* is off point.  *Wheeler* discusses the issue of whether the plaintiff should have been permitted to testify about a sarcastic remark to rebut testimony about the plaintiff raising his voice in a meeting, which he denied.  348 F.3d at 753.  The case does not stand for the proposition that sarcasm is not hearsay; the testimony about the sarcastic remark was offered by the plaintiff to show that the witness was mistaken about the identity of the person in the meeting.  *Id.*  Here, the Government makes no allegation the writing is offered to show someone other than

Mr. Lovette wrote the text message per *Wheeler*. In fact, the Government fails to offer any non-hearsay purpose for introducing Mr. Lovette's "entirely sarcastic text message". Doc. No. 793.

Further, if the Government argues that the sarcastic statement was not made in furtherance of the conspiracy, it is irrelevant. The Government's apparent, but abstruse argument that the sarcastic remark was not made in furtherance of the conspiracy (because it was sarcastic), and, therefore, need not have been a subject of the *James* hearing, fails for the reasons above. If the Government asserts it was not made in furtherance of the conspiracy, and is not offered for the truth of the matter asserted, then arguably GX 450 fails the test for relevant evidence: It has no relevance because it does not make the existence of the conspiracy or the alleged conspiratorial conduct regarding Golden Corral more or less likely. *See* FED. R. EVID. 401.

Any fact to which it might be relevant is not "of consequence" in the determining the action as is required by the rule. *See United States v. Ferguson*, 246 F.R.D. 107, 121 (D. Conn. 2007) (ordering the Government to redact comments of a "sarcastic nature" from a transcript offered as an exhibit partly because "there is little support to justify characterizing these comments as non-hearsay statements made in furtherance of the conspiracy"). To the extent the Government just wants a sarcastic remark in the record, Federal Rule of Evidence 404 counsels against admission —this is character evidence in an effort to show Mr. Lovette in a bad light. *See* FED. R. EVID. 404(a)(1).

Further, under Federal Rule of Evidence 403, any probative value is outweighed by risk of unfair prejudice, wasting time (as Mr. Lovette will have to respond), and misleading the jury about the reasons for its admission. *See United States v. D'Amario*, 330 Fed. Appx. 409, 418 (3d Cir. 2009) (holding that the district court "did not abuse its discretion in excluding hearsay evidence

that was not relevant" where the court rejected the defendant's request to call a witness to testify about the defendant's "sarcastic attitude toward the federal judiciary"); FED. R. EVID. 403.

This 8th day of November 2021.    Respectfully Submitted,

/s/ *James P. McLoughlin, Jr.*
James P. McLoughlin, Jr.
John A. Fagg, Jr.
**Moore & Van Allen PLLC**
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: 704-331-3622
Email: jimmcloughlin@mvalaw.com

*Attorneys for William Wade Lovette*