**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY R. MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  **WILLIAM WADE LOVETTE,**
9.  GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

      Defendants.

---

**UNITED STATES' RESPONSE TO DEFENDANT LOVETTE'S
OBJECTION TO THE ADMISSION OF GX 450**

---

The government intends to offer GX 450, a short and sarcastic text message sent from defendant Lovette to defendant Penn. The exhibit is admissible against all defendants because the government is not offering it for the truth of the matter asserted. Even if it is for the truth, it is admissible against all defendants under Rule 801(d)(2)(E) and against defendant Lovette under Rule 801(d)(2)(A). There is also no risk that unfair prejudice or other factors enumerated in Rule 403 will substantially outweigh the exhibit's probative value.

GX 450 is part of a text thread involving defendant Lovette, defendant Penn, and another Pilgrim's executive (whose name is not disclosed here). It reads:

| Sender | Recipient | Content | GX # | *James* Log # |
|--------|-----------|---------|------|---------------|
| Jayson Penn | Bill Lovette | "That's right []. Get a to-go plate too. Stuff the chicken in your pants pocket to take home for dinner! OK Corral Losers!!" | 9709 | N/A |
| Jayson Penn | Bill Lovette | "I am a marketing guy at heart. I raised OK Corral 15c per lb to ensure our Brand Promise is personally delivered." | 449 | 188 |
| Bill Lovette | Jayson Penn | "But what if we lose their business? A key customer. Not sure we will survive without them. A true marketing guy would immediately reduce their prices. Corn is dropping big time. We must have them. **We will officially call for an all company panic if you don't lower prices to them…. I am trying to call my therapist on their emergency weekend number. I am really afraid**." | 450 (emphasis added) | N/A |
| Jayson Penn | Bill Lovette | "Keep Calm and Market On….note OK Corral's | 451 | 188 |

| | | Key Customer status. Telly Smith and his crew will pay market price plus the special A-Hole Premium." | | |
|---|---|---|---|---|

Defendant Lovette concedes the text message in GX 450 is sarcastic (ECF 802 at 2-3), but incorrectly argues that sarcasm is hearsay. In *Wheeler v. Missouri Highway & Transp. Comm'n*, the Eighth Circuit explained that statements constitute hearsay "only when offered in evidence to prove the truth of the matter asserted," 348 F.3d 744, 753 (8th Cir. 2003). The court explained that "the sarcastic remark . . .  was not offered to prove the truth of that remark, but only to show that [an interviewer] was mistaken about who had raised his voice." *Id.* The Court held that the remark was not hearsay. *Id*.

Similarly, here, the government is not offering defendant Lovette's text to prove the truth of any matter asserted, but instead to provide context for defendant Penn's earlier text message (GX 449) and subsequent response (GX 551). That is, the government is not offering GX 450 to show the truth of the assertions—*i.e.*, that Golden Corral is a "key customer" and that it was uncertain whether Pilgrims "will survive without them"; that a "true marketing guy" would in fact reduce prices; that corn is dropping; or that defendant Lovette in fact planned to "officially call for an all company panic." Defendant Lovette's distinction of *Wheeler* thus misconstrues the government's argument; the government's position here is not that sarcasm can never be assertive, but instead that the message is not being offered to prove the truth of what is asserted.

To the extent there is some kernel of truth being asserted the statements are

3

also admissible under Rule 801(d)(2)(E).[1] The statements show defendant Lovette encouraging defendant Penn's decision to raise prices to Golden Corral; his message empowers his subordinate to seek price increases—and the jury can reasonably infer that such price increases were reached via the conspiracy or other means.

Finally, the statements are admissible against defendant Lovette, the author, under 801(d)(2)(A). GX 450 is highly relevant to the existence of the conspiracy and defendant Lovette's involvement. The exhibit sheds light on his knowledge, role, and determination to execute on a conspiratorial purpose—*i.e.*, to avoid lowering prices Golden Corral.  There is also minimal, if any, risk of unfair prejudice defendant Lovette under Rule 403. Defendant Lovette's conclusory statement that any probative value from the text is outweighed by risk of unfair prejudice, wasting time, and misleading the jury, is unavailing in light of the clear probative value of the text.

For the aforementioned reasons, defendant Lovette's motion should be denied.

By:  /s/ Michael Koenig
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli

---

[1] While GX 450 and GX 9709 were not on the *James* log, they are Rule 801(d)(2)(E) co-conspirator statements. The government notes that the log was due nearly 3 months before trial and the hearing was nearly 2 months before trial. However, the government's case has not remained static in that time. And although the government has avoided offering additional Rule 801(d)(2)(E) evidence, the government respectfully submits that there should be some flexibility to adapt its case to accommodate for how the evidence unfolds at trial.

Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov