IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JAYSON JEFFREY PENN, *et al*.,

       Defendants.

No. 20-cr-00152-PAB

## MR. BLAKE'S BRIEF REGARDING GX 1547 AND E-570

Mr. Blake respectfully submits this brief in support of the Court's ruling, on the record, that the statements of Mr. Penn and Mr. Austin in GX 1547 and E-570 be admitted only against them. (Nov. 9, 2021 Tr. ("Tr") 260/10-11, 16; 261/1-10).[1] That ruling is consistent with the law on hearsay statements that do not fall within the co-conspirator exception, as well as Rules 401, 402, and 403.

**I.**     **Evidence relevant to one defendant is not admissible against co-defendants unless the evidence is relevant to them or satisfies 801(d)(2)(E).**

Rule 801 does not speak in terms of positive admissibility; it defines certain types of statements that are "not hearsay." Fed. R. Evid. 801(d). Statements that satisfy Rule 801(d)(2) must still "be relevant and more probative than prejudicial" to be admitted. *United States v. Gil,* 298 F. App'x 73, 76 (2d Cir. 2008). And in multi-defendant trials, determinations of relevance and prejudice must be made as to each defendant individually, not the group as a whole. *See United States v. Figueroa*, 618 F.2d 934, 944-45 (2d Cir. 1980).

The co-conspirator exception to hearsay in 801(d)(2)(E) is a "*limitation* on the

---

[1] The transcript is unofficial and is offered only to the extent the Court finds it helpful. Obviously, the Court's recollection, to the extent it differs from the unofficial transcript, controls.

admissibility of co-conspirators' statements" against other alleged conspirators. *United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993) (quoting *United States v. Johnson*, 927 F.2d 999, 1001 (7th Cir. 1991)). The "traditional hearsay rule … excludes a co-conspirator statement offered for its truth *unless* it is made in furtherance of the conspiracy." *Johnson*, 927 F.2d at 1003 (emphasis added). Thus, in *Johnson*, the district court "committed clear error" in allowing a statement by one co-defendant to be admitted against the defendant, Johnson, when the statement "did not satisfy the 'in furtherance' requirement" of 801(d)(2)(E). *Id.* at 1002-03. Although the statement had been admitted against the co-defendant to prove his "state of mind" and therefore did "not constitute hearsay," the Court held that the statement was nevertheless inadmissible against Johnson. *Id.* It was not made "in furtherance of" the conspiracy, and admitting co-conspirator statements against all co-conspirators "whenever any hearsay exception is satisfied would undermine the purpose of Rule 801(d)(2)(E), which is to protect defendants in conspiracy trials from co-conspirator statements that by their nature are highly unreliable." *Id.* at 1003; *see also United States v. Wolf*, 839 F.2d 1387, 1393 & n.4 (10th Cir. 1988) (statement by co-defendant was inadmissible against defendant under co-conspirator exception because it did not further conspiratorial objectives, even though statements were admissible against co-defendant under 801(d)(2)(A)).

The same is true for out-of-court statements by party opponents. "Rule 801(d)(2)(A) does not … permit such a statement to be used against anyone other than the party who made the statement, such as codefendants." *United States v. DeLeon*, 287 F. Supp. 3d 1187, 1193 (D.N.M. 2018) (citing *Wolf*, 839 F.2d at 1393 & n.4). That's especially true in a multi-defendant case charging a conspiracy, where there is a greater risk the jury will improperly consider evidence that

is relevant and admissible only as to one defendant against the other defendants who are charged with participating in the same crime. *United States v. Tuchow*, 768 F.2d 855, 869 (7th Cir. 1985) (abrogated on other grounds) (limiting instruction recommended even when co-conspirator statements are not offered for truth but only to show nature and scope of conspiracy because such statements are not independent evidence of defendant's participation in conspiracy).

**II.     GX 1547 and E-570 are not relevant to Mr. Blake and are not admissible against him under any rule of evidence.**

GX 1547 and E-570 contain hearsay statements of only two defendants: Jayson Penn and Roger Austin. The Government claims GX 1547 and E-570 are admissible against all defendants, even if they are "not admitted under the hearsay exception contained in 801(d)(2)(E)," because they are "relevant to the existence of the conspiracy." Tr. 259/18-25. But those exhibits are not relevant to Mr. Blake or any of the other defendants, and there is no hearsay exception or rule of evidence that would allow irrelevant evidence to be admitted against them.

Unlike the situation where a co-conspirator statement that is in furtherance of the conspiracy could be admissible against other co-conspirators even if made before they joined the conspiracy, a hearsay statement that is *not* in furtherance of the conspiracy (like GX 1547 and E-570) is not admissible against the co-conspirators. *Johnson*, 927 F.2d at 1003. Nor is a statement by a party opponent admissible against anyone other than the declarant. *See DeLeon*, 287 F. Supp. 3d at 1193 (citing *Wolf*, 839 F.2d at 1393 & n.4). The Government cannot bootstrap the hearsay statements by Mr. Penn and Mr. Austin, which may be admissible against them under Rule 801(d)(2)(A), into evidence against the other eight defendants, who are not involved in the communication.

Admission of G-570 is particularly problematic as to Mr. Blake because the exhibit

3

references "George's" and, without a proper limiting instruction, the jury may improperly use the

statement as evidence of Mr. Blake's involvement in the charged conspiracy. The Government has

offered no basis for the Court to reconsider its prior ruling. Indeed, as set forth above, the Court's

prior ruling is plainly correct. Mr. Blake respectfully requests that the Court adhere to its prior

ruling that Exhibit 1547 and E-570 are admissible only as to Mr. Penn and Mr. Austin, and that it

give a limiting instruction that the exhibits are admissible only against them.

Date:  November 11, 2021

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT,
ORSECK & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, D.C.  20006
Telephone: (202) 775 4500
bpollack@robbinsrussell.com

Respectfully submitted,

*/s/ Wendy L. Johnson*
Wendy L. Johnson
RMP LLP
5519 Hackett Street, Suite 300
Springdale, Arkansas 72762
Telephone: (479) 443-2705
wjohnson@rmp.law

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  November 11, 2021

*/s Wendy L. Johnson*

Wendy L. Johnson