IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

## UNITED STATES' SUBMISSION REGARDING GX 1547 AND DX E-570

---

    The government intends to introduce GX 1547 (which contains a question from defendant Penn) together with defense exhibit E-570 (which contains defendant Austin's response) per the Court's ruling on November 9, 2021.  Tr. Transcript 258:4-17.  The government understands the Court's decision to be an exception to the typical construction of the rule of completeness, *id*. at 25, but respectfully submits this brief to express its disagreement with the defendants' view of Rule 106.  The defendants' unduly broad reading of Rule 106—which appears to allow for admission of any

document to "explain the context" of another document, *id*. at 255:25—threatens to swallow the rule against hearsay in its entirety.  The government further disagrees with defendant Penn's proposed limiting jury instruction (ECF 814 at 3), which specifies DX E-570 can be considered only with respect to defendants Penn and Austin.  DX E-570 is admitted for a non-hearsay purpose and, as with other exhibits admitted for a non-hearsay purpose, should be admissible against all defendants.

## Discussion

In the hearing on November 9, 2021, defendant Penn argued that DX E-570—containing otherwise inadmissible hearsay by defendant Austin—must be admitted alongside GX 1547 in order to "explain the context of what Mr. Penn [was] asking about" in GX 1547.  Tr. Transcript 255:35-256:1.  Although the government intends to introduce both documents per the Court's ruling, it submits this brief to underscore the slippery slope inherent in the defendants' view of Rule 106:  Admitting one party's statements because they provide context for the statements of another party opens the door to admitting all kinds of hearsay.

Based on defendant Penn's view, because every response interprets a question and hence provides "context," a response should be admitted as part and parcel of every question.  This view (and its implications) would render useless the bar against hearsay.  *See United States v. Lemon*, 714 Fed. App'x. 851, 860–61 (10th Cir. 2017) (declining to fashion a rule that "would eviscerate the rule against inadmissible hearsay, allowing many out-of-court statements no assurances of reliability to be presented to the jury.").  When the Tenth Circuit has admitted otherwise inadmissible hearsay under Rule

2

106, it did so only when the evidence was misleading on its own. "Rule 106 is concerned with the 'misleading impression created by taking matters out of context,'" *id*. at 860, not the mere fact that additional statements have not been presented to the jury. *See also United States v. Harry*, 816 F.3d 1268, 1280 (10th Cir. 2016). For this reason, the typical use of the rule of completeness is to provide additional statements from the same declarant's writings or recordings, in order "to clarify or explain the portion already received." *Lemon*, 714 F. App'x at 860. *See also* Tr. Transcript 25:11-15 (Court explaining it does not believe "the government has to necessarily include all of the chain as long as there is no doctoring or omissions for the middle of it that would somehow be misleading to the jury."). Using one declarant's statement in order to provide context and meaning for the statement of a *different* declarant is thus far afield from what the rule of completeness contemplates.

Moreover, DX E-570 is admissible against all defendants and not only the declarant, as the defendants claim. *See* Tr. Transcript 257:5-9; *id*. at 260:25; ECF 814 at 3. DX E-570 is not being admitted as an opposing-party statement under Rule 801(d)(2)(A) (which would indeed be admissible against only the declarant)—but instead for a non-hearsay use.[1] Specifically, DX E-570 was admitted under Rule 106 for the purpose of completeness, so the exhibit is not being introduced for the truth of the matter asserted. As with other exhibits admitted for a non-hearsay purpose, there is no reason to limit admissibility to the declarant.

---

[1] The admission of DX E-570 is not based on rule 801(d)(2)(E) or 801(d)(2)(A), contrary to what defendant Blake implies. *See* ECF 815 at 3.

3

For the reasons above, the government respectfully expresses its position on Rule 106 and urges the Court to admit DX E-570 without the proposed limiting instruction.

By: /s/ Yixi (Cecilia) Cheng
Yixi (Cecilia) Cheng
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington, D.C. 20530
Tel: (202) 705-7342
Email: yixi.cheng@usdoj.gov