IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN,
5.    TIMOTHY R. MULRENIN,
6.    WILLIAM VINCENT KANTOLA,
7.    JIMMIE LEE LITTLE,
8.    **WILLIAM WADE LOVETTE**,
9.    GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

      Defendants.

## WILLIAM LOVETTE'S MOTION TO COMPEL THE PRODUCTION OF CERTAIN *BRADY* MATERIAL

William Lovette respectfully submit this motion to compel the government to produce (1) communications between or involving case agents that are *Brady* material and (2) pertinent time, date, and transmission information about those same communications. On October 6 and 21, 2021, the government produced material text messages that appear to be between two case agents—Special Agents LaNard Taylor and Matthew Koppenhaver—some of which occurred in 2020.[1]

---

[1] The recently produced text messages are Bates-numbered FBI-ATR024-00000001 through FBI-ATR024-00000016 (October 6, 2021 production) and DOJ-ATR035-00000001 through DOJ-ATR035-00000026 (October 21, 2021 production). The latter production letter provides that there

The government's two production letters are attached hereto as **Exhibit A**.[2] The text messages were produced as black-and-white copies, but after multiple demands, the government produced color copies nearly two weeks into trial.[3] The relevant correspondence with the government is attached hereto as **Exhibit B**. As best we can determine, these text messages, which the government did not identify as *Brady* material in the production letters, had not been produced prior to the October 6 and 21, 2021 productions.

Counsel for Mr. Lovette asked the government to disclose when the text messages first came to their attention, but the government has not answered the question. As a result, Mr. Lovette does not know how long the government withheld this evidence before producing it. Regardless, by failing to do so until after the *James* hearing and shortly before trial, the government has prejudiced Mr. Lovette (and the other defendants) by (1) preventing impeachment of S.A. Taylor at the *James* hearing, (2) substantially disrupting trial preparation and strategy, and (3) absent relief from the Court, truncating the impeachment of these agents when they testify. The issue must be viewed in the context of the controlling law: "It would eviscerate the purpose of the *Brady* rule and encourage gamesmanship were we to allow the government to postpone disclosures to the last minute"—whether shortly before or during trial. *United States v. Burke*, 571 F.3d 1048, 1054 (10th Cir. 2009)[4] ("It is not hard to imagine the many circumstances in which the belated revelation of

---

are 26 pages of text messages. The government did not explicitly list DOJ-ATR035-00000026 as part of that production, but it appears to have been included. In addition, the text messages appear to have occurred in 2020 and in 2021, but the government has withheld information concerning the specific dates of the messages despite repeated requests for the information.

[2] The production letters contain redactions of sensitive content unrelated to the issues herein.

[3] The **color** copies produced on November 3 and 4, 2021 are necessary for an accurate reading.

[4] The court in *Burke* reviewed the petitioner's appeal concerning an alleged *Brady* violation for plain error because the petitioner did not raise the proper objection at trial. *Id*. at 1057.

2

*Brady* material might materially alter a defendant's choices before and during trial . . . .").

Courts may impose any appropriate remedy, even mistrial, if "the government was dilatory in its compliance with *Brady*, to the prejudice of the defendant[.]" *Id*. This is so because a "limitation on disclosure delay is necessary to protect the principles articulated in *Brady v. Maryland*" including that "every defendant shall receive a fair trial." *Id.* at 1053-54. The government's tactical decision to produce these text messages after the *James* hearing and right before trial warrants an appropriate remedy with respect to the incurred prejudice and to ensure no further *Brady* material is being withheld.

To be clear, the text messages are *Brady* material because, inter alia, they cast doubt on the legitimacy of the investigation, the credibility of the agents, and the impartiality of government's process in bringing charges against Mr. Lovette (and the other defendants). *Brady* applies to evidence that is (1) favorable to the defendants and (2) material to guilt. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "Impeachment evidence as well as exculpatory evidence falls within the *Brady* rule." *Burke*, 571 F.3d at 1053 (quoting *United States v. Young*, 45 F.3d 1405, 1408 (10th Cir. 1995)) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972))).

Below are three relevant examples, which all came from the October 21, 2021 production:

May 4 at 10:02 am (DOJ-ATR035-00000012 through -00000014):

| SA Taylor | Woooooooooooooooow |
|---|---|
| SA Taylor | How in the world do you send draft indictment to your bosses and we've never seen it |
| SA Koppenhaver | That's how that's done. Makes you feel really needed and a part of this team doesn't it? |
| SA Koppenhaver | Lol |
| SA Koppenhaver | Were you on that call? |
| SA Taylor | Not gonna lie, I was a little livid when I heard that |
| SA Taylor | Yep |
| SA Taylor | Then sent it to us as an after thought |

3

| SA Koppenhaver | Me too. Not surprised though. |
|---|---|
| SA Taylor | I'm not surprised but its still pissing me off |
| SA Koppenhaver | Yup |
| SA Taylor | Can't wait until this case is over |
| SA Koppenhaver | Me too |

January 6 at 10:36 am (DOJ-ATR035-00000001 and -00000002):

| SA Koppenhaver | Proffer or interview? |
|---|---|
| SA Taylor | Sounds like a proffer Thursday. This is insane |
| SA Koppenhaver | Yeah wtf? |
| SA Taylor | Its getting me a little upset |
| SA Koppenhaver | I feel like we are so cut out. |
| SA Taylor | Big time |
| SA Koppenhaver | I just heard another interview on the agenda we don't know about. |
| SA Taylor | Like what interview is that |
| SA Koppenhaver | No clue |
| SA Taylor | Bro this is frustrating |
| SA Koppenhaver | I'd say |
| SA Koppenhaver | 5 batches a week! |
| SA Taylor | For paralegals |
| SA Taylor | I think lol |
| SA Koppenhaver | For an investigation we are not part of. |

April 29 (DOJ-ATR035-00000010):

| SA Koppenhaver | We are no longer allowed to do interviews…lol |
|---|---|
| SA Taylor | Yeah are we about to be reprimanded |
| SA Koppenhaver | I'm just going to forward all questions to Derek Repp. |
| SA Taylor | [several emojis in a row] |
| SA Taylor | And clearly he's not on that email lol. This whole case is bizarre |
| SA Koppenhaver | No I think he has been purposely left off a few times. |

These three sets of text messages are attached hereto as **Exhibit C**.

  Numerous courts have acknowledged that information material to impeaching an agent's credibility with respect to the investigation is *Brady* material. *See United States v. Grobstein*, No. CR 13-663 MV, 2013 WL 12328891, at *4 (D.N.M. Sept. 3, 2013) (directing the government "to review . . . all of [the agent's] personnel files . . . that may contain material exculpatory information

4

casting doubt on the credibility of [the agent], either as a general matter or with special reference to this case"); *Castellanos v. Kirkpatrick*, No. 10-CV-5075 (MKB), 2015 WL 7312908, at *9 (E.D.N.Y. Nov. 18, 2015) (ordering disclosure of detective's personnel file for *in camera* review because the file was "favorable to Petitioner in that it could have potentially served as impeachment material of [the detective], who was a key witness for the State"); *United States v. Ferreira*, No. CRIM. 07-00608 HG-02, 2011 WL 6012515, at *4, 5 (D. Haw. Nov. 30, 2011) (granting new trial where the government failed to disclose an ongoing investigation into an agent that "bears directly on the credibility of [the agent] as a witness"). Here, the text messages are a material basis for questioning the credibility of both the agents and the investigation itself.

Compounding the prejudice from the delay tactic, the government has declined to address Mr. Lovette's straightforward questions concerning the text messages:

- When were the produced text messages extracted from the case agents' devices?
- Why is it that not all of the messages were produced in August of this year or before?
- Are there any other messages that have not been produced?
    - If yes, when will they be produced to the defendants?
    - And, why have they not been produced to date?
- When can we expect to receive the metadata from all the agents' texts produced to date and those we have requested?
- Some texts refer to a reprimand—when will complete information about any such reprimand, or any review to determine whether a reprimand should be issued, be provided to defendants?

*See* Emails from Counsel for Mr. Lovette dated November 5, 2021, October 31, 2021, and October 28, 2021 attached hereto as **Exhibit D**.[5] The government's response raises even more concerns. Instead of answering (or even refusing to answer) these questions, the government summarily denied that the "text messages between Special Agents Taylor and Koppenhaver constitute *Brady* material" and then did not produce any of the requested information. *See* Letter from Michael T. Koenig dated November 1, 2021 attached hereto as **Exhibit E**.

The government should not be permitted to delay any further (1) producing communications between or involving case agents that are *Brady* material and (2) providing the data and answers to the reasonable data requests and questions posed pursuant to *Brady*. The Court has "discretion to determine an appropriate remedy" whenever the "government was dilatory in compliance with *Brady*, to the prejudice of the defendant[.]" *Burke*, 571 F.3d at 1054. If needed, the Court should compel an *in camera* review of all such additional text messages to determine whether they qualify as *Brady* material.

## CONCLUSION

The Court should thus order the requested relief concerning the *Brady* material.

This 10th day of November 2021.   Respectfully Submitted,

*s/ James P. McLoughlin, Jr.*
James P. McLoughlin, Jr.
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
jimmcloughlin@mvalaw.com

---

[5] The emails contain redactions of sensitive content unrelated to the issues herein.

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  November 10, 2021

*s/ James P. McLoughlin, Jr.*
James P. McLoughlin, Jr.