# Exhibit E



**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*Michael T. Koenig*
*Trial Attorney 450*
*5th Street, N.W.*
*Washington, DC 20001*
*(202) 616-2165 (Office)*
*(202) 476-0435 (Cell)*
*Michael.Koenig@usdoj.gov*

November 1, 2021

VIA EMAIL

Jim McLoughlin, Jr.
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003

    Re:    *United States v. Penn, et al.*, Criminal Action No. 20-cr-00152-PAB

Dear Counsel:

    I write in response to your emails on behalf of all defendants on October 28th, 2021 and October 31, 2021, regarding the government's *Brady* obligations. We do not agree with the defendants' characterization of our disclosure obligations, nor with the unsupported claims that the government has "failed to produce significant *Brady* material" in a timely fashion. We are aware of our obligations, have abided by them, and will continue to do so.

    The law does not require the government to identify *Brady* material generally, much less on each defendant's behalf. *United States v. Gray*, 648 F.3d 562, 567–68 (7th Cir. 2011). The cases you cited are not to the contrary; none of them imposes a duty on the government to identify *Brady* material for defendants, let alone material specific to each individual defendant. *See United States v. Parks*, 2019 WL 4979838, at *3 (N.D. Okla. Oct. 8, 2019) (refusing to "compel [the government] to identify potentially exculpatory evidence [under *Brady* or *Giglio*] that is included in the discovery materials," in part because the defendants "have cited no Supreme Court or Tenth Circuit precedent that [the government] has any [such] obligation").

    Further, we do not agree with your characterization that the text messages between Special Agents Taylor and Koppenhaver constitute *Brady* material, provide "significant impeachment" material, or "may call into question the very foundation of the Court's rulings on the government's *James* proffers." *Brady v. Maryland* requires disclosure of evidence that is (1)

favorable to the defendants, and (2) material to guilt or to punishment. 373 U.S. 83, 87 (1963). The text messages are neither. To the extent the defendants plan to cross examine government witnesses on the subject matter contained in the texts, you have time to prepare.[1]  Finally, the defendants have not provided any basis to suggest that the Court's *James* ruling would have been affected by the text messages.

Finally, we can confirm our reference to *in camera* review in our filing on October 30th, 2021 is meant to reflect a submission of text messages already produced to the defendants.

Sincerely,

Michael T. Koenig

cc:   Michael Tubach, Anna Pletcher
      Richard Kornfeld, David Beller, Kelly Page
      Michael Feldberg, Julie Withers, Laura Carwile
      Bryan Lavine, Megan Rahman, Laura Ann Kuykendall
      Elizabeth Prewitt, Marci LaBranche, Caroline Rivera
      James Backstrom, Roxann Henry
      Mark Byrne, Dennis Canty
      John Fagg, Dru Nielsen, Frank Schall, Kaitlin Price
      Barry Pollack, Wendy Johnson, Christopher Plumlee Craig Gillen, Anthony Lake, and Richard Tegtmeier

---

[1] Even taking your claims as true, which they are not, the disclosures are timely. *See United States v. Burke*, 571 F.3d 1048, 1055–56 (10th Cir. 2009); *United States v. Bishop*, 890 F.2d 212, 218 (10th Cir.1989); *United States v. Gray*, 648 F.3d 562, 567–68 (7th Cir. 2011).