**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

---

**UNITED STATES OF AMERICA**,

**v.**

**JAYSON JEFFREY PENN, et al.**,

*Defendants.*

Case No. 1:20-cr-00152-PAB

---

**MR. BLAKE'S MOTION FOR RECONSIDERATION OF**
**THE COURT'S RULING AS TO THE ADMISSIBILITY OF EXHIBIT C-025**

On November 10, 2021, Mr. Blake moved the admission of Exhibit C-025. *See* Ex. C-025 (attached as Exhibit A). The Government objected and the Court sustained the objection. The Court has ruled and, as a result, in asking the Court to reconsider that ruling, Mr. Blake understands that, appropriately, he is now held to a higher standard. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.") (citation omitted). Mr. Blake submits that he meets that standard. There was a limited amount of time in court to discuss this document—an important document to Mr. Blake's defense that is relevant to negating an element of the charged offense. Respectfully, as a result, the Court misapprehended Mr. Blake's position. The Court sustained the objection on a different ground than the one Mr. Blake offered for the document's admission. Accordingly, Mr. Blake respectfully requests the Court reconsider its ruling.

## BACKGROUND

The Government objected to the admission of C-025 on the ground that it contains hearsay and that the Rule 803(3) exception to the hearsay rule does not apply.  Tr. 155:18-25 ("MR. TORZILLI: Sure, Your Honor. I think this is very much -- this is pretty clearly hearsay as to the state of mind point.  As I said, I don't think there is any foundation for that other than the fact that Mr. Blake was on the -- was on the e-mail and this wasn't -- other than that, it's not 803(3) admissible either because we are not talking about the declarant's state of mind.  We are talking about a recipient's state of mind.").[1]

The Court sustained the objection, stating that C-025 was "not being considered for state of mind" and was not explaining "any type of action that is being taken" or "any type of effect on the listener."  Tr. 201:15-19.  Presumably, the Court's decision was premised on the ground that C-025 cannot be offered as non-hearsay based on its effect on the listener, because the document is not necessary to explain any action taken by Mr. Blake.  And, to be sure, the Court is correct that Mr. Blake has not proffered that he took any action as a result of receiving C-025.[2]

The Court was incorrect, however, in its understanding of Mr. Blake's argument.  Mr. Blake does not argue that the non-hearsay purpose for the admission of C-025 is that it explains

---

[1] The transcript is unofficial and is offered only to the extent the Court finds it helpful.  Obviously, the Court's recollection, to the extent it differs from the unofficial transcript, controls.

[2] Prior to ruling, the Court offered Mr. Blake the opportunity to brief the issue.  Given that the only basis the Government had provided for its objection was that C-025 contains hearsay, which as Mr. Blake argued in court was not a valid objection, Mr. Blake believed at the time that additional briefing was unnecessary.  Mr. Blake respectfully submits this motion not as further briefing on the Government's objection, but as a request for reconsideration of the Court's ruling with the heightened burden that accompanies that request.

an action he took.  Rather, Mr. Blake's argument is that Mr. Keck's statement was non-hearsay for

an altogether different reason: its tendency to negate Mr. Blake's *mens rea*—an element of the

charged offense.  *See* Tr. 155:2-15; 156:3-13.  As set forth below, it is on this basis that Mr. Blake

respectfully asks the Court to reconsider and find C-025 admissible.

## ARGUMENT

### I.  Rule 803(3) is irrelevant to the analysis.

The Government's sole basis for objecting to the admission of C-025—that it did not

satisfy hearsay *exception* 803(3)—is meritless.  Rule 803(3) is not at issue.  The Second Circuit,

in *United States v. Kohan*, 806 F.2d 18 (2d Cir. 1986), addressed the distinction between hearsay—

statements offered for the truth of the matter asserted that may come in under the Rule 803(3)

exception to the hearsay rule if they explain the state of mind of the declarant—and statements not

offered for the truth of the matter asserted, but because they are relevant to the defendant's

knowledge or intent.  The latter category of statements are non-hearsay and, therefore, need not fit

within Rule 803(3) or any other hearsay exception.

> [Defendant] was not basing his defense on the truth of [his co-defendant's]
> statements, but rather on the fact that they were made and that [defendant]
> believed them to be true.  Accordingly, the proffered testimony did not fit within
> the definition of hearsay [in Rule 801(c)] nor, *a fortiori*, within the state of mind
> exception [in Rule 803(3)], but instead was admissible as circumstantial
> evidence of [defendant's] state of mind—his belief that [the co-defendant's]
> activities were legitimate.

*Kohan*, 806 F.2d at 22 (internal citations omitted).  Statements like Mr. Keck's—which the Court

seemed to acknowledge provide "some evidence" of Mr. Blake's lack of culpable knowledge of

the alleged conspiracy—are not hearsay.  *See* Tr. 157:5-7 (C-025 provides "some evidence and

that's usually sufficient").  Accordingly, the Rule 803 exceptions to the general rule against hearsay are irrelevant to the analysis of the admissibility of C-025.

## II.     While Mr. Blake agrees that C-025 is not admissible for the non-hearsay purpose of the effect on the listener, C-025 is admissible for the different and important non-hearsay reason that it tends to negate an element of the offense.

Statements offered not for the truth, but as evidence that a defendant had culpable knowledge, intent, or notice, are not hearsay.  *See, e.g.*, *United States v. Emmons*, 24 F.3d 1210, 1216–17 (10th Cir. 1994) (map of marijuana-grow locations admissible because offered for "the non-hearsay purpose of demonstrating that [defendant] had knowledge of the location and quantity of the marijuana plants and of the efforts to treat the ground for their cultivation"); *United States v. Wicks*, 995 F.2d 964, 974 (10th Cir. 1993) (drug cookbooks were non-hearsay because admitted "solely to permit the inference to be drawn that [defendant] was involved in drug trafficking."); *United States v. Nall*, 949 F.2d 301, 309 (10th Cir. 1991) ("the statement bearing on [defendant's] knowledge of the reporting requirement [in structuring prosecution] is not hearsay.").[3]

---

[3] *See also, e.g.*, *United States v. Salameh*, 152 F.3d 88, 112 (2d Cir. 1998) ("[T]he government introduced this evidence to prove the state of mind of those who harbored these materials, relevant to prove: (1) the existence of the bombing conspiracy; and (2) the conspirator's intent and motives . . . . Where, as here, the statement is offered as circumstantial evidence of [a defendant's] state of mind, it does not fall within the definition given by Rule 801(c)"); *United States v. Chavis*, 772 F.2d 100, 105 (5th Cir. 1985) ("The government did not use these letters and related records complaining of appellants' failure to make refunds for the truth of the individual complaints but rather to show that defendants were notified of the complaints."); 5 Weinstein's Federal Evidence § 801.11 (2021) ("Statements are not hearsay when they are offered not for their truth but to prove the extent of a declarant's knowledge or a recipient's notice of certain conditions.").

Likewise, a statement is non-hearsay if it is offered not for the truth, but as evidence that the defendant *lacked* culpable knowledge, intent, or notice—*i.e.*, that he did not possess the *mens rea* to commit the charged offense. *See United States v. Dowlin*, 408 F.3d 647, 660 (10th Cir. 2005) (district court abused discretion in excluding evidence offered for the relevant, "nonhearsay purpose of showing a basis for [defendant's] belief" that an allegedly falsified certificate was authentic); *Marsee v. U.S. Tobacco Co.*, 866 F.2d 319, 325 (10th Cir. 1989) (the "hearsay rule is irrelevant" where scientific literature was "not admitted to prove the truth of the matter asserted," but "on the issue of whether the defendant had notice of the potential dangers its product posed to consumers.").

If a statement is not offered for its truth, it is not hearsay and, accordingly, its admissibility is determined solely on its relevance to a contested issue in the case. Because Mr. Blake's "state of mind is an element of the offense, this [non-hearsay] evidence is relevant." *United States v. Johnson*, 71 F.3d 539, 543 (6th Cir. 1995).[4]

The Government must show that Mr. Blake entered into a conspiracy knowingly, intending to restrain trade. *See United States v. U.S. Gypsum Co.*, 438 U.S. 422, 443 (1978). Whether or not Mr. Keck's statements were true, Mr. Keck's statements to Mr. Blake are relevant to whether Mr. Blake understood that George's bidding on the 2013 KFC contract was the product of a price-fixing conspiracy. Indeed, given Mr. Ledford's testimony that his negotiations were with Mr. Keck and Charles George and that he had no reason to believe Mr. Blake would have known

---

[4] Even where *mens rea* is not an element of the offense, statements offered for lack of *mens rea* are admissible when the government opens the door to the defendant's knowledge. *United States v. Baird*, 29 F.3d 647, 653 (D.C. Cir. 1994).

George's round-two bid before he saw Mr. Keck's email transmitting it (Ex. C-023), Tr. 141:10-14, Mr. Keck's later email in C-025 is *highly* relevant to whether Mr. Blake knew or believed that George's bidding activity was the product of legitimate competition rather than a collusive conspiracy.[5]

Unlike evidence offered for the non-hearsay purpose of an effect on the listener, evidence offered for the non-hearsay purpose that it is relevant to the defendant's *mens rea* or scienter does not require that any action be taken by the listener.  Indeed, such a statement may be offered even when *inaction* is relevant to *mens rea* or scienter.  Thus, the Tenth Circuit explained, in a § 1983 action alleging that a county negligently failed to prevent sexual harassment, that a report regarding a police officer's alleged prior misconduct "would be hearsay if offered to show that [the officer] had a history of sexual harassment, but it is nonhearsay if offered only to show that the Sheriff, or other high-level County personnel, had knowledge that there had been allegations of sexual misconduct against [the officer] in the past."  *Kramer v. Wasatch Cty. Sheriff's Off.* 743 F.3d 726, 756 n.20 (10th Cir. 2014).  Put differently, where *mens rea* or scienter is at issue, as it plainly is in this case, a statement relevant to the defendant's lack of culpable knowledge, intent, or notice that is offered for that reason is admissible non-hearsay.  *See Johnson*, 71 F.3d at 543.  This is precisely the reason that Mr. Blake offers C-025.  Mr. Blake respectfully asks that it be admitted.

---

[5] Further, Mr. Blake is unable to adduce this evidence without offering C-025, as Mr. Keck is unavailable as a witness.  Counsel for Mr. Keck has informed undersigned counsel that if called to testify, Mr. Keck would assert his Fifth Amendment rights.

## CONCLUSION

Mr. Keck's statement in Exhibit C-025 told Mr. Blake why George's bid the way that it did, offering a legitimate business reason for the bidding as opposed to a collusive anti-competitive purpose.  C-025 is offered not for the truth of Mr. Keck's statements.  Rather, it is offered as evidence that Mr. Blake did not know of any illicit conspiracy to rig bids for the 2013 KFC contract, but instead had reason to believe that there had been a bona-fide, competitive negotiation. Because the Government has brought a circumstantial case against Mr. Blake alleging a *knowing* agreement between him and his competitors to restrain trade, this evidence is not only relevant, but goes to the heart of Mr. Blake's defense.  Mr. Blake respectfully submits that the Court misapprehended his position, and that the Court should therefore reconsider its ruling.  As set forth above, under controlling law, Exhibit C-025 is relevant to Mr. Blake's lack of culpable knowledge and intent.  It is therefore admissible non-hearsay.

Date:  November 12, 2021

Respectfully submitted,

*/s/ Wendy W. Johnson*
Wendy W. Johnson
RMP LLP
5519 Hackett Road, Suite 300
Springdale, Arkansas  72762
Telephone:  (479) 443-2705
Fax:  (479) 443-2718
wjohnson@rmp.law

*Counsel for Mr. Blake*

*/s/ Barry J. Pollack*
Barry J. Pollack (*specially admitted*)
ROBBINS, RUSSELL, ENGLERT, ORSECK &
UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, D.C. 20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

On this 12th day of November, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Date:  November 12, 2021

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK, &
UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, D.C. 20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
bpollack@robbinsrussell.com

*Counsel for Mr. Blake*