IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ANY REFERENCE TO CONFIDENTIALITY AGREEMENTS

The government respectfully opposes the defendants' joint motion to exclude any reference to confidentiality agreements. ECF No. 819. Evidence that customers considered their negotiations and pricing confidential is highly relevant to their attempts to foster competition and to rebut the defendants' repeated attempts to demonstrate that customers did not care about competitors sharing pricing information, that customers

were relaxed about price sharing because pricing information was publicly available through publications such as Agri-Stats, etc.[1]

Testimony regarding confidentiality agreements are admissible in Sherman Act cases as supporting an inference of anticompetitive behavior. *See, e.g.*, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 594 F. Supp. 2d 945, 969 (N.D. Ill. 2009), *aff'd*, 629 F.3d 697 (7th Cir. 2011). Indeed, this Court previously held that "whether a witness believes something was 'wrong' or improper may be relevant to the jury's determination of the elements of Count One." ECF 604 at 3.

Joe Brink, for example, is expected to testify to the existence of the confidentiality agreements and that one purpose of the agreements is to ensure fair competition.[2] Similar expectations of other customer witnesses have already been elicited in this case, including through the testimony of Jim Olson of HMC, Robert Lewis and Sarah Fisher of RSCS, and Telly Smith of Golden Corral. All such testimony is relevant to the essential elements of this case. ECF 604 at 3.

Moreover, the testimony of Mr. Brink establishing the agreements existed coupled with other evidence will show that at least two defendants—Fries and Little, as signatories of the agreements—knowingly violated the confidentiality agreements and, as such, will tend to demonstrate their consciousness of guilt, which is most directly

---

[1] If the defendants' cross-examinations continue along those lines, the government plans to raise for reconsideration the Court's ruling that the confidentiality designations appended to the RSCS contracts in the ordinary course of business should not be redacted.

[2] The government does not intend to ask Mr. Brink whether he has personal knowledge of the confidentiality provisions being violated, as either a factual or legal matter.

relevant to Fries and Little knowingly joining the conspiracy to fix prices. The evidence therefore should not be excluded.

Finally, the probative value of Mr. Brink's anticipated testimony is not substantially outweighed by the considerations in Rule 403. The agreements in GX 9698 and 9699—which were perpetual in nature—were not remote in time from the allegations. They were signed in November 2009 and July 2015—before or during a time when the defendants were actively sharing confidential information. And contrary to the defendants' claims, no "mini trial" is needed on the issue of breach, because the government does not intend to solicit legal opinions from Mr. Brink. There is further no danger that the jury will conflate the confidentiality agreements with the Sherman Act violation. Several customer witnesses have testified already on the same subject and the defendants did not object on that ground.[3]

For the reasons above, the Court should deny the defendants' motion.

Dated: November 12, 2021        Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice

---

[3] The government also notes that the introduction of the confidentiality agreements is consistent with a true application of the "best evidence" rule. Instead of Mr. Brink merely testifying about the contents of the confidentiality agreements, the actual agreements will be introduced. Fed. R. Evid. 1002. The defendants misconceive the rule as somehow requiring the "original" of a document instead of a photocopy. That is not the best-evidence rule. *See* Fed. R. Evid. 1003.

450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States

4