# EXHIBIT 1

PK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE BROILER CHICKEN ANTITRUST
LITIGATION

No. 1:16-cv-08637

This Document Relates To: ALL CASES

### AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.**   All documents, electronically stored information, items, and other information produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential or Highly Confidential Information as defined below. This Order shall apply to any named party to this action (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)).   This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Confidential Information.**  As used in this Order, "Confidential Information" means any document, or any portion thereof, which contains confidential or proprietary business, commercial, research, personnel, product or financial content belonging to the producing party or non-party, and which is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation.   Confidential Information may fall

within one or more of the following categories:  (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Highly Confidential Information.**  As used in this Order, "Highly Confidential Information" means any document, or any portion thereof, which a producing party or non-party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business, competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party; and (iv) it is designated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation.  By way of example only, Highly Confidential Information may include but is not limited to:  (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; or (j) intellectual property.  If required by applicable privacy laws, Highly

Confidential Information may also include personnel files that are designated as such for purposes of this litigation.

4.      **Designation.**

(a)      A party may designate a document as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not practicable, the producing party may designate the document as confidential by cover letter, slip sheet, or by affixing a label to the production media containing the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of documents designated as

Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

(b)     The designation of a document as Confidential or Highly Confidential Information is a certification by an attorney that the document contains Confidential or Highly Confidential Information as defined in this order.

5.     **Depositions.**   Unless all parties agree otherwise on the record at the time the deposition testimony is taken all deposition testimony taken in this case shall be treated as Confidential Information for a period of thirty (30) days after the transcript is delivered to the party being deposed.  If counsel for the party being deposed states on the record that the deposition testimony should be treated as Highly Confidential Information, such testimony will be treated as Highly Confidential Information for the thirty (30)-day period following the delivery of the transcript to the party being deposed.  No later than the thirtieth day after the transcript is delivered to the party seeking to designate material as confidential, a party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information in the lower left hand corner of each designated page.

6.     **Protection of Confidential or Highly Confidential Material.**

(a)     **General Protections.**   Except as set forth below, Confidential or Highly Confidential Information shall not be used or disclosed by the parties, counsel for the

parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this litigation, including any appeal thereof. In this putative class action, Confidential or Highly Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified. Nothing in this Order, however, shall prevent or prejudice any party designating materials Confidential or Highly Confidential Information from using its own such designated documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this Paragraph 6, and such private disclosure shall not waive the protections of this Order.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential or Highly Confidential Information to any third person or entity except as set forth below in subparagraphs (1)-(10) and (1)-(9), respectively. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Outside or in house counsel for the parties and employees of such counsel who have responsibility for the preparation and trial of the action;

(2) Parties. Individual parties and employees or former employees of a party but only to the extent counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the individual party, employee, or former employee has knowledge; disclosure to such individual party,

5

employee, or former employee is limited to the portion of the document about such events, transactions, discussions, communications, or data; and such party, employee, or former employee has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound to this Order;

(3)   The Court and its personnel;

(4)   Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5)   Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)   Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A to this Order;

(7)   Witnesses. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may

6

have knowledge.   Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed testimony or exhibits to depositions that are designated as Confidential Information pursuant to Paragraph 5 may not be disclosed to anyone except as permitted under this Order.

(8)    Author or recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(9)    Identified Persons.  Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, and such person has completed the certification contained in Attachment A to this Order; and

(10)   Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

The following categories of persons may be allowed to review Highly Confidential Information:

7

(1)     Counsel.  Outside counsel for the parties and employees of such counsel who have responsibility for the action, provided that such individuals do not regularly participate in the commercial business activities of the party;

(2)     The Court and its personnel;

(3)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(4)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)     Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A to this Order;

(6)     Witnesses. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge.  Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify

8

counsel for the designating party of their intent to do so. At depositions, trial or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the witness. Until the designating party agrees to the disclosure, or the Court orders such disclosure, Highly Confidential Information shall not be disclosed to or discussed with any witness. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(7)     Author or recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(8)     Identified Persons. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or

9

referenced, and such person has completed the certification contained in Attachment A to this Order; and

(9)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

To the extent any person is be required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.,* PDF) shall be treated as original signatures purposes of this Order.

(c)     **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7.     **Absent Class Members.**  Confidential or Highly Confidential Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this Litigation, except under the circumstances described in Paragraph 6(b) of this Order.  If, however, Confidential or Highly Confidential Information is contained in a filing with the Court pursuant to Paragraph 9 of this Order, such filing may be disclosed to counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member have completed the certification contained in Attachment A to this Order.

8.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not, standing alone, waive

the right to so designate the document.  If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

9.      **Filing of Confidential or Highly Confidential Information.**  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

10.     **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11.     **Challenges by a Party to Designation as Confidential or Highly Confidential Information.**  The designation of any document as Confidential or Highly Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Meet and Confer.**  A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party

11

must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days of the meet and confer.

      (b)    **Judicial Intervention.**  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged document and sets forth in detail the basis for the challenge.  Each such motion may not exceed five (5) pages and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above.  The burden of persuasion in any such challenge proceeding shall be on the designating party, who shall have the right to respond to any motion filed by a challenging party.  Until the Court rules on the challenge, all parties shall continue to treat the document as Confidential or Highly Confidential Information under the terms of this Order.  As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential Information.

      12.    **Action by the Court.**  Applications to the Court for an order relating to documents designated Confidential or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

      13.    **Use of Confidential or Highly Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to limit the use of any document at any trial or hearing provided that the parties take necessary advance precautions to avoid the public

disclosure of Confidential or Highly Confidential Information.  A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at trial.

14.     **Third Parties.**  The parties in conducting discovery from third parties shall attach this Order to a copy of any subpoena or other discovery request.  Third parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

15.     **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this action as Confidential or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued.   The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.   The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential or Highly Confidential Information by the other party to this case.

16.     **Challenges by Members of the Public to Sealing Orders.**   A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17.     **Unauthorized Disclosure or Use.**   If a party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that party must within two (2) business days of learning of such disclosure (a) notify the designating party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who receiving such information, (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Exhibit A to this Order.

18.    **Obligations on Conclusion of Litigation.**

(a)    **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    **Obligations at Conclusion of Litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 4(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)    **Retention of Work Product and Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential Information.

(d)      **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**   Filings under seal shall be deleted from the ECF system only upon order of the Court.

19.      **Order Subject to Modification.**   This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

20.      **No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.      **Persons Bound.**   This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated:   _11/8/16_

HON. THOMAS M. DURKIN
U.S. District Judge

WE SO agree to be bound and agree to abide by the terms of this Order:


/s/ *Steven A. Hart*
Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
Kyle Pozan (#6306761)
HART MCLAUGHLIN & ELDRIDGE, LLC
121 West Wacker Drive, Suite 1050
Chicago, IL 60601
Telephone: (312) 955-0545
Facsimile: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com
kpozan@hmelegal.com

*Direct Purchaser Plaintiffs Interim Liaison*
*Class Counsel*

W. Joseph Bruckner
Heidi M. Silton
Elizabeth R. Odette
Brian D. Clark
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com
asheanin@pswlaw.com

*Direct Purchaser Plaintiffs Interim Co-Lead*
*Class Counsel*

Kenneth A. Wexler
Edward A. Wallace
Thomas A. Doyle
WEXLER WALLACE LLP
55W.Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
kaw@wexlerwallace.com
eaw@wexlerwallace.com
tad@wexlerwallace.com

*Indirect Purchaser Plaintiffs Liaison Counsel*

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua R. Rissman
Brittany N. Resch
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street, #2600
Minneapolis, MN 55402
Telephone: (612)333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com

Steven N. Williams
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
swilliams@cpmlegal.com

*Indirect Purchaser Plaintiffs Interim Co-Class
Counsel*

/s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Counsel for Defendants Koch Foods*
*Incorporated, JCG Foods of Alabama LLC,*
*JCG Foods of Georgia LLC and Koch Meat*
*Co., Inc.*

/s/ *J. Mark Gidley*
J. Mark Gidley
Peter J. Carney
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com
pcarney@whitecase.com

Robert A. Milne
David H. Suggs
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
rmilne@whitecase.com
dsuggs@whitecase.com

*Attorneys for Defendants Tyson Foods, Inc.,*
*Tyson Chicken, Inc., Tyson Breeders, Inc.,*
*Tyson Poultry, Inc.*

19

*/s/ Kevin J. Arquit*

Kevin J. Arquit
Andrea B. Levine
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 355-2502
karquit@stblaw.com
alevine@stblaw.com

Clayton E. Bailey
BAILEY BRAUER PLLC
8350 N. Central Expressway, Ste. 935
Dallas, TX 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7424
cbailey@baileybrauer.com

Michael L. McCluggage
EIMER STAHL LLP
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's*
*Pride Corporation*

/s/ *Kristin B. Ives*
Kirstin B. Ives
FALKENBERG FIEWEGER & IVES, LLP
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
kbi@ffilaw.com

J. Douglas Baldridge
Lisa Jose Fales
Danielle Foley
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com

*Attorneys for Defendant Perdue Farms, Inc.*

/s/ *Daniel E. Laytin*
Daniel E. Laytin, P.C.
Christa C. Cottrell
Martin L. Roth
Stacy Pepper
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
martin.roth@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms,
Inc., Sanderson Farms, Inc. (Processing
Division), Sanderson Farms, Inc. (Production
Division) & Sanderson Farms, Inc. (Foods
Division)*

/s/ *Christopher E. Ondeck*
Christopher E. Ondeck
Adrian Fontecilla
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Fax: (202) 416-6899
condeck@proskauer.com
afontecilla@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*


/s/ *Amy Lee Stewart*
Amy Lee Stewart
ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR 72201
Direct: (501)377-0334
www.roselawfirm.com
astewart@roselawfirm.com

*Attorneys for Defendants Mountaire Farms,*
*LLC and Mountaire Farms of Delaware, Inc.*

/s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 10036
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com

Boris Bershteyn
Sam Auld
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
sam.auld@skadden.com

*Counsel for Defendant Peco Foods, Inc.*


/s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601
Telephone:  312-609-7722
Facsimile:  312-609-5005
gwrobel@vedderprice.com

Henry W. Jones, Jr.
JORDAN PRICE WALL GRAY JONES &
CARLTON, PLLC
1951 Clark Avenue
Raleigh, NC 27605
Telephone:  919-828-2501
Facsimile:  (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford
Farms, Inc.*

/s/ *Lynn H. Murray*
Lynn H. Murray
Andrew M. Meerkins
SHOOK HARDY & BACON LLP
111 S. Wacker Dr.
Ste. 5100
Chicago IL 60606
312-704-7700
lhmurray@shb.com
ameerkins@shb.com

*Attorneys for Defendant Simmons Food, Inc.*

/s/ *Brendan J. Healy*
Brendan J. Healey
MANDELL MENKES LLC
One North Franklin, Suite 3600
Chicago, IL 60606
(312) 251-1006 (T)
(312) 759-2189 (F)
bhealey@mandellmenkes.com

B. Parker Miller (*pro hac vice* pending)
Valarie C. Williams (*pro hac vice* pending)
Nowell D. Berreth (*pro hac vice* pending)
Max Marks (*pro hac vice* pending)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000 (T)
(404) 881-7777 (F)
parker.miller@alston.com
valarie.williams@alston.com
nowell.berreth@alston.com
max.marks@alston.com

R. Brent Hatcher, Jr. (*pro hac vice* pending)
SMITH, GILLIAM, WILLIAMS & MILES PA
301 Green Street NW, Suite 200
Gainesville, GA 30501
(770) 536-3381 (T)
(770) 535-9902 (F)
bhatcher@sgwmfirm.com
cfranklin@sgwmfirm.com

*Attorneys for Fieldale Farms Corporation*


/s/ *Sondra A. Hemeryck*
Sondra A. Hemeryck
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, IL  60602
(312) 471-8700
shemeryck@rshc-law.com

William L. Greene
Ruth S. Shnider
STINSON LEONARD STREET LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
(612) 335-1500
william.greene@stinson.com
ruth.shnider@stinson.com

Gary V. Weeks
K.C. Dupps Tucker
Kristy E. Boehler
THE LAW GROUP OF NORTHWEST
ARKANSAS LLP
1830 Shelby Lane
Fayetteville, AR  72704
(479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and
George's Farms, Inc.*