IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS,
10.   RICKIE PATTERSON BLAKE,

      Defendants.

### DEFENDANTS MIKELL FRIES AND SCOTT BRADY'S MOTION TO EXCLUDE THE TESTIMONY OF JOSEPH BRINK

      Defendants, Mikell Fries and Scott Brady, by and through their respective counsel, hereby move to exclude the testimony of government witness Joseph Brink, the Chief Procurement Officer for Fiesta Restaurant Group, Inc. ("FRG"). "Pollo Tropical" is a brand name for FRG. Mr. Brink is responsible for purchasing broiler chicken products for Pollo Tropical. It is anticipated that Mr. Brink will testify that: (1) he was "shocked" at the chicken prices in 2015; (2) chicken suppliers were unwilling to negotiate prices with FRG in 2015; (3) he had no idea that suppliers were talking to each other and would have disapproved of such communications; and (4) negotiations with Claxton were intended to be confidential under a

1

confidentiality agreement between FRG and Claxton.  More specifically, it is anticipated that Mr. Brink will testify that Walter Cooper (from Claxton), Larry Pate (from Pilgrims), and Jimmy Little (from Pilgrims) should not have been discussing pricing information.  Mr. Brink's testimony should be excluded from evidence for the following reasons.

> 1. **FRG And Pollo Tropical Are Not Discussed In The Indictment Or The Superseding Indictment.**

When a particular legal theory is not charged in an indictment, documents, facts, and arguments related to that theory are "not of consequence" and "should be excluded." *Griffeth v. United States*, 2014 WL 6930056, at *2 (D. Utah Dec. 8, 2014), *aff'd* 672 F. App'x 806 (10th Cir. 2016) (excluding "facts and arguments" related to a legal theory as "irrelevant" where theory not part of case); *see also Reazin v. Blue Cross and Blue Shield of Kansas, Inc.*, 663 F. Supp. 1360, 1434 (D. Kan. 1987) (excluding "evidence of alleged price fixing" where it was "collateral" to "type of collusion" at issue); *United States v. Wittig*, 2005 WL 1227938, at *7 (D. Kan. May 23, 2005) (excluding evidence where "irrelevant" to charges "alleged in the indictment").

In its October 7, 2021 Order, this Court ruled that evidence relating to theories of liability not charged in the superseding indictment would unfairly prejudice the Defendants.  [Doc. 603, p.6].  In addition, the Defendants requested a bill of particulars which the Government opposed, arguing that the superseding indictment set forth the elements of the charges and provided a detailed factual basis for the charges.  [Doc. 217, p.6].  The Court ruled that "[s]o long as the indictment contains the elements of the charges and the factual basis for each charge," the defendants were not entitled to a bill of particulars." [Doc. 257, p.3].

Here, the superseding indictment fails to address any facts related to FRG and Pollo Tropical.  The charges and related factual allegations in the superseding indictment do not relate

to any conduct of the Defendants in connection with FRG or Pollo Tropical. Therefore, any testimony from Mr. Brink is irrelevant and unfairly prejudicial. *See* Fed. R. Evid. 401, 403; [Order at Doc. 603, p.6]. Moreover, the Government produced only twelve documents from FRG and Pollo Tropical, in a case with voluminous discovery from, *inter alia,* other broiler chicken customers discussed in the superseding indictment.[1] This failure to provide meaningful and comprehensive discovery from Pollo Tropical will deprive Defendants from effectively cross-examining Mr. Brink, which is unfairly prejudicial in that it precludes Defendants from exercising their confrontation and due process rights. *See* Fed. R. Evid. 403; U.S. Const. amend. V; U.S. Const. amend. VI.

### 2. Neither FRG Nor Pollo Tropical Is Included In The Government's 404(b) Notice.

The Government failed to include any other wrongs or acts evidence related to FRG and Pollo Tropical in its 404(b) notice [Doc. 621-1]. Federal Rule of Evidence 404(b)(3) requires notice of such evidence to protect a defendant's due process rights.[2] *See* Fed. R. Evid. 404(b)(3) (requiring notice of other wrongs or acts evidence). As the notes of the Advisory Committee on Rules state, "[b]ecause the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Fed. R. Evid. 404 (Notes of Advisory Committee on Rules—1991 Amendment)."

---

[1] It is clear from the Bates numbers on these documents that they are part of a voluminous document production from Pollo Tropical, most likely in related civil litigation.

[2] Nor does the testimony meet the requirements for admission of 404(b) evidence. It is entirely irrelevant to the issues in the case, there is no proper purpose for its admission, and even if there was some probative value offered by the testimony, it would be substantially outweighed by its potential for unfair prejudice. *See U.S. v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021) (discussing requirements for admission of 404(b) evidence).

Given that the Pollo Tropical "incident" is not included in the charging documents in this case and is not set forth with reasonable notice in the Government's 404(b) notice, Defendants lack reasonable notice regarding the allegations related to Pollo Tropical. That Defendants are aware of Joe Brink and the scant twelve documents related to Pollo Tropical does not mean they have adequate notice regarding allegations related to Pollo Tropical.

The Government may argue that the Pollo Tropical evidence does not fall within the notice requirement set forth by FRE 404(b) because it is intrinsic to the charged crime of price fixing. Intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *Cushing*, 10 F.4th 1055, 1075 (citation omitted). Evidence is intrinsic when it (1) is inextricably intertwined with the charged conduct; (2) occurred within the same time frame as the activity in the conspiracy being charged; (3) is a necessary preliminary to the charged conspiracy; (4) provides direct proof of the defendant's involvement with the charged crimes; (5) is entirely germane background information, directly connected to the factual circumstances of the crime, or (6) was necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice. *Id*. at 1075-76.

The Pollo Tropical evidence is not intrinsic to the charged crime in this case – it relates to completely different incidents regarding negotiations with a chicken buyer that is not included in the indictment or superseding indictment. Therefore, it is not "inextricably intertwined" with the charged crime, necessarily "preliminary" to the charged conspiracy, "direct proof" of the Defendants' involvement in the charged crimes, or "entirely germane background information which is "directly connected to the factual circumstances" of the charged crime. The alleged

4

confidentiality agreement between Claxton and FRG was entered in November 2009, which is significantly remote in time from the charged conduct. Nor is the Pollo Tropical evidence necessary to provide the jury with background and context of the nature of a defendant's relationship to his accomplice. Mr. Brink's interactions with Claxton involved conversations with Walter Cooper – not Mr. Fries or Mr. Brady. Mr. Brink will admit that he did not discuss pricing with Mr. Fries or Mr. Brady.

Finally, the Court has already ruled that evidence relating to theories of liability not charged in the superseding indictment would unfairly prejudice the Defendants. [Doc. 603, p.6].

### 3. Evidence Regarding Any Confidentiality Agreement Between Claxton And FRG Would Be Irrelevant, Confusing, And Result In A Distracting Mini- Trial.

The question for the jury in this case is whether Defendants entered a conspiracy to fix chicken prices, not whether the Defendants violated any confidentiality agreements with chicken buyers. As discussed above, the alleged confidentiality agreement between Claxton and FRG was entered in November 2009, which is significantly remote in time from the charged conduct. Such evidence, therefore, is irrelevant and would be confusing for the jury. Assuming, *arguendo,* that Claxton breached its confidentiality agreement with Pollo Tropical, such breach would constitute a civil wrong and not an act in furtherance of a criminal conspiracy. In addition, any testimony by Mr. Brink regarding the alleged confidentiality agreement would result in a distracting and confusing mini-trial regarding the interpretation of the alleged agreement, which is wholly unrelated to the charges. It also will confuse the jury regarding the elements of the crime. *See* Fed. R. Evid. 401, 403. Moreover, references to civil breaches, torts or wrongs comes perilously close to violating the Court's Order precluding any references to ongoing civil litigation [Doc. 603, p.10].

5

Defendants addressed this issue in more detail in Defendants' Motion to Exclude Any Reference to Confidentiality Agreements [Doc. 819], filed on November 10, 2021.  Mr. Fries and Mr. Brady incorporate herein the arguments made in that motion.

### 4. Any Testimony From Mr. Brink That Claxton And Pilgrims Should Not Have Been Discussing Chicken Pricing Constitutes Inadmissible Opinion Evidence Under Fed. R. Evid. 701.

Mr. Brink admits that he has no knowledge that the Defendants were communicating about pricing information.  He also has no specialized training that would support an opinion that Mr. Fries or Mr. Brady violated the Sherman Act or that Claxton breached a confidentiality agreement.  Any opinion by Mr. Brink that Claxton improperly exchanged pricing information or that it breached a confidentiality agreement constitutes inadmissible evidence under Fed. R. Evid. 701, which requires lay opinions to be rationally based on a witness's perception and scientific, technical, or other specialized knowledge.

### 5. Any Testimony From Mr. Brink That FRG Did Not Permit Its Distributors To Receive Rebates From Suppliers Is Irrelevant And Should Not Be Permitted

As set forth more fully in Mr. Fries' Trial Brief, Mr. Brink may testify that FRG did not permit its distributors to receive rebates from suppliers.  In addition, the Government has included CLAXTON_0022760 on its exhibit list.  CLAXTON_0022760 is an August 27, 2015, email exchange between Mikell Fries and Chris Sharp from Kelly Foods which the Government included in its *James* document list [Document No. 213].  In the email exchange, Mr. Sharp discusses a "small rebate" that Kelly Foods was receiving from Mar-Jac for deliveries to Pollo Tropical QSRs.  This Court has already determined in its *James* Order that the Government failed to show that the statements in the Sharp/Fries email exchange were made in furtherance of

a conspiracy. [Doc. 559, p.38].[3] Such evidence is irrelevant pursuant to Fed. R. Evid. 401, and would, in any event, be unduly prejudicial pursuant to Fed. R. Evid. 403. Accordingly, Mr. Brink should not be permitted to testify about any alleged rebates FRG sought from its distributors.

## Conclusion

For these reasons, the Court should exclude any testimony by Joseph Brink.

Respectfully submitted this 14th day of November 2021,

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

---

[3] The Court also determined that Mr. Sharp joined the alleged conspiracy in October of 2016, after the date of the email exchange. *Id*. p.20.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2021, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Erin Holweger*
Erin Holweger