IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. **WILLIAM WADE LOVETTE,**
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' OPPOSITION TO WILLIAM LOVETTE'S MOTION TO COMPEL THE PRODUCTION OF CERTAIN *BRADY* MATERIAL

The government respectfully opposes defendant Lovette's motion to compel (ECF No. 818). The defendant's motion is based on text messages that reflect agents venting to each other about personal frustrations that arose in a large investigation and that have no bearing on guilt or punishment. Moreover, nothing in the texts suggests that the government is withholding *Brady* or *Giglio* material. The text messages are, at most, potential Jencks for agents who may not even testify. Simply put, defendant Lovette is fishing in an empty pond without a hook, and his motion should be denied.

*Background*. Defendant Lovette misstates the facts surrounding the production of the agents' text messages. The text messages he claims were produced on October 6,

2021, were first produced over a month earlier, via email on September 1 in color format. And, contrary to defendant Lovette's claims, the government has responded to his numerous requests regarding the text messages. On November 1, the government wrote to counsel regarding his requests for *Brady* material. On November 3, the government provided color copies of the text messages that were previously produced on August 26, 2021, and October 21, 2021. The government has since confirmed that color copies of the text messages were provided with the original productions. There is no question that the government has met its obligations with respect to producing any potential Jencks statements within the agents' text messages.

    <u>Applicable Law</u>. *Brady* relates only to evidence that "is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "[E]vidence is only material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Impeachment evidence is that which impacts witness credibility, especially where such credibility is "determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154 (1972). "The mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *United States v. Fleming*, 19 F.3d 135, 1331 (10th Cir.1994). And it is well established that *Brady* "does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government.'" *United States v. Mayes*, 917 F.2d 457 (10th Cir. 1990) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)). "Unless defense counsel becomes aware that other exculpatory evidence was withheld and

2

brings it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).

*Discussion*. The text messages at issue here are not material to defendant Lovette's guilt or punishment. Nor do the text messages impact the credibility of the agents. The text messages do not contain conclusions about facts that relate to any element of the Sherman Act, and instead, reflect administrative frustrations shared between the agents. For example, the reference in one text cited by defendant Lovette to a reprimand was clearly a joke as preceded by a text message containing "lol" and a subsequent text message using laughing emojis. As reflected by the disclosure of the text messages themselves, the government is aware of its obligations had there been a reprimand of the magnitude to which defendant Lovette alludes to. As the counsel for the defendant knows, in any criminal investigation, a reprimand of the sort claimed would result in an inquiry and, if necessary, disclosure.

Nor could the text messages be considered impeachment material under *Brady* or *Giglio*. The cases the defendant cites are inapposite, as they involve information related to allegations of false statements or serious misconduct by testifying agents that was not provided to the defendants in those cases. *See, e.g., United States v. Grobstein*, No. 13-663 MV, 2013 WL 12328891, at *3-4 (D.N.M. Sept. 3, 2013) (finding neither *Brady* or *Giglio* entitled the defendant to an agent's personnel file when the agent was subject to an Office of Professional Responsibility investigation but requiring the government to review the file for any exculpatory material); *Castellanos v. Kirkpatrick*, 10-CV-5075 (MKB), 2015 WL 7312908, at *9 (E.D.N.Y. Nov. 18, 2015)

3

(requiring *in camera* review of a detective's personnel file when the detective was involved in allegations and investigations of misconduct); *United States v. Ferreira*, 07-00608 HG-02, 2011 WL 6012515, at *4, 9 (D. Haw. Nov. 30, 2011) (finding a *Brady* violation with a failure to disclose a memorandum related to a serious misconduct investigation of the testifying agent).

Here, there are no allegations that SA Taylor or SA Koppenhaver made false statements or engaged in misconduct. Because the text messages at most may be potential Jencks, the government produced them in a timely manner—that is, well advance of any potential testimony by the agents.

Regardless, and as stated above, the text messages are not relevant to any elements of the Sherman Act offense with which defendant Lovette is charged. Moreover, if the government decides not to call SA Taylor and SA Koppenhaver, but the defendants call them to testify in their case-in-chief instead, the text messages would not be relevant to the agents' testimony, and the government intends to move to exclude the text messages and testimony regarding them as irrelevant, unduly prejudicial, and improper impeachment.

## Conclusion

For the foregoing reasons, defendant Lovette's motion to compel should be denied.

Dated November 15, 2021                                Respectfully,

                                                      By:  /s/ Michael Koenig
                                                         Michael T. Koenig
                                                         Heather D. Call
                                                         Carolyn M. Sweeney

Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States