IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' MOTION TO COMPEL WITNESS LIST AND RULE 26.2 STATEMENTS OF DEFENSE WITNESSES

The government respectfully moves to compel the defendants to produce a realistic witness list and statements of such defense witnesses under Federal Rule of Criminal Procedure 26.2. The government will likely rest on or around November 23, 2021. In preparation for the defendants' case-in-chief, the government sent an email to the defendants requesting a revised witness list and such statements. The defendants did not respond. Therefore, the Court should compel the defendants to produce these materials as required by the Court's Practice Standards and Rule 26.2.

Witness List: The government seeks to compel a realistic witness list because we are now less than three days before the start of the defendants' case-in-chief and the government still does not know who the defendants' witnesses are. Their original witness list is effectively useless as a disclosure tool. The government simply needs what should be routine in a case like this: a list of the individuals that the defendants are likely to call as witnesses, and the sequence with which the defendants will call them.

Section IV.A of the Court's Criminal Practice Standards provides that "**Two business days** before the trial preparation conference, the parties shall file their proposed witness and exhibit lists via CM-ECF." The practice standards further instruct parties to use the form witness list available on the District Court website. *Id.* at II.D. The form witness list on the Court's webpage requires "Estimated Date(s)" and "Length of Testimony" for each witness. It is within the Court's discretion to require such pretrial disclosure of witnesses and to exclude witnesses not appropriately noticed. *See United States v. Combs*, 267 F.3d 1167, 1178–80 (10th Cir. 2001); *see also United States v. Russell*, 109 F.3d 1503 (10th Cir. 1997) (setting forth a three-factor test for the exclusion of witnesses based on improper disclosure based on prejudice to the opposing party).

Instead of following the Court's instructions for a realistic "proposed witness list," the witness list submitted by the defendants, ECF 589 attached herein as Exhibit 1, contained a total of 88 witnesses identified by name and four additional categories including *at least* 42 witnesses for which defendants refused to identify any actual

witness.[1] While the sheer numbers of witnesses on this list make it extremely difficult, if not impossible, for the government to adequately prepare for cross examination, the defendants also failed to provide the estimated dates for the witnesses testimony, instead listing "11/16/2021 – 12/17/2021" for each of the approximate 130 witnesses noticed.

With 15 remaining trial days, it is inconceivable that the defendants plan to call 130 witnesses. When the government requested a realistic witness list in Court, counsel for defendants Roberts and Fries cited a 48-hour rule agreed upon by the parties as their basis for nondisclosure. *See* Nov. 18 Tr. at 200; Nov. 19 Tr. at 96. Defendants appear to use as a sword an agreement reached by the parties regarding disclosure of specific exhibits to be used on direct examination with witnesses. The agreement never related to disclosure of witness names and sequence, as this is covered by the Court's practice standards. While it is possible that defense counsel misunderstood the agreement,[2] the prejudice to the government remains the same and the Court should require a witness list complying with the Court's practice standards.

---

[1] This category includes a "Fact Witness From McKinsey," "KFC Franchisees," "General Character Witnesses" and numerous Custodians of Records.

[2] The 48-hour agreement was reached on a call between counsel for all 10 defendants and the Government on October 15, 2021. It is unsurprising that counsel representing the agreement and stipulations discussed therein to the Court may have misunderstood its terms, because while all Government table counsel attended the October 15 meet and confer that was requested by the defendants weeks after the government sent initial proposed stipulations, many counsel at table for the defendants did not, including Mr. Beller, Mr. Gillen, and Mr. Pollack. Oct. 27 tr. at 7 (incorrectly representing that the government tried to condition any stipulation on authenticity and admissibility).

Rule 26.2 Material: Rule 26.2(a) provides in pertinent part that "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. Pro. 26.2(a).

Under subsection (d), the Court may grant a recess after direct testimony if the government requires time to assess the defense witness's prior statements. Fed. R. Crim. Pr. 26.2(d). Though the government is aware that the Court cannot order disclosure until after the witness has completed his or her testimony, in the interest of expediting the trial, the government requests the Court to compel the defendants to produce any witness statements as soon as practicable. This request is particularly apt to avoid trial delays immediately following defendants' expert witnesses, but extends to all defense witnesses. To the extent that defendants' counsel have possession of witness statements that contain privileged information, the government seeks *in camera* review, pursuant to Rule 26.2(c).

For the foregoing reasons, the Court should grant the government's motion and order the defendants to produce a realistic witness list and Rule 26.2 material as soon as practicable, but no later than (1) a revised witness list on November 21, and (2) Rule 26.2 material immediately following each defense witness's testimony.

Dated: November 20, 2021								Respectfully,


											By:  /s/ Heather D. Call
												Heather D. Call
												Michael T. Koenig
												Carolyn M. Sweeney
												Paul J. Torzilli
												Trial Attorneys
												Antitrust Division
												U.S. Department of Justice
												Washington Criminal II Office
												450 Fifth Street, N.W.
												Washington, D.C. 20530
												Tel: (202) 598-2623
												heather.call@usdoj.gov
												Attorneys for the United States