IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>1.  JAYSON JEFFREY PENN,<br>2.  MIKELL REEVE FRIES,<br>3.  SCOTT JAMES BRADY,<br>4.  ROGER BORN AUSTIN,<br>5.  TIMOTHY R. MULRENIN,<br>6.  WILLIAM VINCENT KANTOLA,<br>7.  JIMMIE LEE LITTLE,<br>8.  WILLIAM WADE LOVETTE,<br>9.  GARY BRIAN ROBERTS, and<br>10. RICKIE PATTERSON BLAKE,<br><br>    Defendants. | No. 20-cr-00152-PAB |

### DEFENDANTS' JOINT OPPOSITION TO THE GOVERNMENT'S THIRD MOTION TO EXCLUDE EXPERT TESTIMONY

The government's third motion to exclude expert testimony is a thinly veiled motion for reconsideration. It advances arguments that the Court has already rejected, that the government easily could have raised in its prior motions, and that have no basis in reality. The government offers no reason to exclude any of Professor Snyder's or Dr. Sengupta's testimony, or to revisit any of the Court's prior rulings. The Court should deny the government's motion.

### BACKGROUND

The government previously filed two motions to exclude Professor Snyder's testimony. *See* Docs. 299, 725. The first motion argued that Defendants' Rule 16 disclosures from May 14 and July 19, 2021 (Docs. 299-1 and 299-2) were inadequate and contained irrelevant or prejudicial opinions. *See* Doc. 299. The Court denied that motion, but ordered Defendants to provide a

1

supplemental disclosure on a single topic. Doc. 649. Defendants provided the government with a supplemental disclosure on October 22, 2021. *See* Doc. 734-1. The government then moved to exclude any testimony based on the supplemental disclosure, again arguing it was inadequate and the opinions were irrelevant or prejudicial. Doc. 725. The Court denied that motion in its entirety. Doc. 809. Now the government has filed a third motion to exclude. Doc. 872. It seeks to revisit issues upon which the Court has already ruled or that the government could have raised in prior motions. Other issues contained in the motion are simply irrelevant.

## ARGUMENT

### I. The Court Has Already Ruled that Professor Snyder's Benchmark Analysis Is Relevant.

The government argues that Professor Snyder should not be permitted to testify about any benchmarking analysis. It claims that benchmarking analyses are irrelevant in criminal actions and only have probative value to civil damages. Doc. 872 at 2. The government also argues that "to assess whether any defendants knowingly joined the conspiracy, the defendants must show at a minimum that the data used in the analysis was something known to and used by the defendants during the conspiracy period." *Id*. at 4. Absent such a showing, the government claims that "these data are not relevant to the conspiracy's existence and should be excluded." *Id*. at 5.

The government previously raised, and the Court already rejected, all of these arguments. The Court held:

> The government also objects that the supplemental disclosure fails to show that the dataset that Professor Snyder used to compare to the "prices at issue," namely, a dataset of prices that were "not alleged to have been affected by the alleged conspiracy," is relevant since defendants' supplemental disclosure does not indicate that "defendants knew about those prices." Docket No. 725 at 3-5. However, defendants say that Professor Snyder's comparison is not relevant to damages or to an economic justification for price fixing, but rather to the issue of whether a price

2

> fixing agreement existed. Docket No. 734 at 4. The Court has already indicated that defendants cannot elicit expert testimony that the alleged conspiracy was justified by procompetitive outcomes, *see* Docket No. 649 at 7, but that does not preclude Professor Snyder from testifying about whether or not his analyses show the existence of a conspiracy. *See id.* (discussing permissible use of Professor Snyder's opinion in support of defendants' theory that there was no agreement to fix prices). The Court accordingly rejects the government's argument that Professor Snyder's benchmarking analysis is irrelevant.

Doc. 809 at 3-4.

As this Court has already made clear, a "motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing" unless there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Doc. 770 at 2 (quotation omitted). None of these bases apply here. Defendants have not made any new disclosures and Professor Snyder's opinions (and the bases for them) remain the same. Nor has the government provided *any* argument that the Court erred when it previously rejected these same arguments. The Court should reject this latest attempt to circumvent prior orders and rehash old arguments. Professor Snyder's benchmarking analysis remains relevant evidence tending to show that the charged conspiracy did not exist. *See* Doc. 809 at 3-4.[1]

---

[1] The government also spends a significant amount of space challenging a footnote in Professor Snyder's October 22 supplemental disclosure. Doc. 872 at 3-4. This footnote was included in the disclosure that the government challenged in its second motion to exclude. If the government believed it was inappropriate, then it waived that argument when it failed to object to it in its second motion. *See* Doc. 770 at 2. Regardless, the footnote does not change any substantive aspect of Professor Snyder's analysis. It merely cites two articles that provide background on benchmarking analyses, in support of the unremarkable proposition that "Benchmarking is a standard approach used by economists by which one set of data is compared to another." Doc. 734-1 at 1. The citation to these two articles does not alter the fact that Professor Snyder only intends to rely on benchmark data as evidence of whether or not a conspiracy existed.

3

The government further speculates with respect to Mr. Blake's expert witness, Dr. Sengupta, "It is possible that she similarly will testify about a benchmarking analysis." *See* Doc. 872 at 2 n.1. Since, as set forth above, such testimony would have a permissible purpose, the government's speculation is irrelevant. In any event, should Dr. Sengupta testify, she will not be relying on benchmarking analysis.

## II. The Defense Experts Will Not Rely on Privileged Documents.

The government also argues that because defendants in the *In re Broiler Chicken* civil litigation recently claimed privilege over certain documents on Defendants' exhibit list, including documents related to a set of pricing data from Edgeworth Economics, any such data underlying Professor Snyder's testimony is irrelevant, unreliable, prejudicial, and "not of the type reasonably relied upon by other economists in the field." *Id.* at 5-6. This is a non-issue. Neither Professor Snyder nor Dr. Sengupta rely on or intend to testify about any of the documents over which the civil defendants have claimed privilege.[2] This should resolve the government's privilege concern entirely.

## III. The Defense Experts Will Not Violate the Hearsay Rule.

Finally, the government moves to exclude Professor Snyder on the purely speculative grounds that it "suspects" Defendants may use him as a conduit to "circumvent the hearsay rule." Doc. 872 at 7. By the government's own admission, the statement giving rise to this suspicion

---

[2] It should be noted that the civil defendants have only *claimed* privilege. No one has shown that the privilege claim is correct as a matter of law. The government's claims that Defendants "do not dispute the privilege claims" because they removed certain documents from their exhibit list is wrong. Doc. 872 at 5. Defendants removed the documents out of caution and courtesy, not because Defendants admit that the privilege claims are correct.

4

occurred in the May 14, 2021, expert disclosure. *Id*. Accordingly, the argument is waived. *See* Doc. 770 at 2.

In any event, the government seems to assume Defendants' counsel intend to knowingly violate the Federal Rules of Evidence under "the veil of expert testimony." Doc. 872 at 8. There is no basis for this claim. Defendants are well aware of the hearsay rule and all of the exceptions to it. They do not intend to elicit testimony from Professor Snyder that is inadmissible under the Federal Rules of Evidence. Nor does Mr. Blake intend to elicit such testimony from Dr. Sengupta.

Defendants and Professor Snyder have never suggested that he has expertise in interpreting so-called "co-conspirator" or "victim/customer" communications. *Cf. id*. By the same token, the government cannot ask a defense expert to "interpret or opine on co-conspirator or victim/customer communications" either. *See id*.

## CONCLUSION

For the reasons discussed, the Court should deny the government's motion.

Dated: December 2, 2021

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

Respectfully submitted,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

5

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

s/ Bryan Lavine
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

s/ James A. Backstrom
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

s/ Craig Allen Gillen
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

s/ Elizabeth Prewitt
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

s/ Barry J. Pollack
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: December 2, 2021                                   *s/ Michael F. Tubach*

                                                                               Michael F. Tubach