IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00152-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
**7. JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

   Defendants.

**DEFENDANT JIMMIE LITTLE'S MOTION
TO ADMIT EXHIBITS WITHOUT A SPONSORING WITNESS**

Defendant Jimmie Little, by and through his counsel, moves to admit Exhibits 3052, 3053 and F-170 without a sponsoring witness.[1]

**I.     Argument**

Out-of-court statements offered for a purpose other than to prove their truth are not barred by the hearsay rule. *See* Fed. R. Evid. 801. "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay[.]" *See Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1087 (10th Cir. 2001) (quoting Fed. R. Evid. 801(c) advisory committee's note).

Federal Rule of Evidence 803(6) permits the introduction of a record created by a person with knowledge of the information recorded if the testimony of a qualified witness shows that the record was "kept in the course of a regularly conducted business activity, and [that] it was the regular practice of that business activity to make the" record. *See* Fed. R. Evid. 803(6).

   A.  Exhibits 3052 & 3053

Exhibit 3052 is an e-mail dated March 5, 2014 from Mr. Little to Dean Bradley at Church's Chicken.  (*See* Exhibit A.)  There is no text in the body of the e-mail, but the e-mail attaches Exhibit 3053.  Exhibit 3053 is the supply Agreement between Cajun Operating Company d/b/a/ Church's Chicken and Pilgrim's Pride for the year 2014.  (*See* Exhibit B.)  It is a business record and admissible under Rule 803(6).   The Government has stipulated that Exhibit 3053 is authentic and admissible for the purposes of this lawsuit.  (*See* Stipulation on Certain Documents.)

---

[1] On Friday, December 3, 2021, Mr. Little asked the Government to stipulate to the authenticity of the exhibits, which the Government agreed to do.  The documents are included on the Stipulation on Certain Documents, which Mr. Little anticipates will be submitted forthwith.

Exhibit 3052 is not offered for the truth, it contains no assertions, but to establish that Pilgrim's returned the signed copy of Exhibit 3053 to Mr. Bradley on March 5, 2014. As such, it is not hearsay.

B. Exhibit F-170

Exhibit F-170 is an e-mail exchange between Mr. Little and Mr. Bradley. (*See* Exhibit C.) It begins on December 20, 2012, with Mr. Little providing a model for Church's frozen item. Mr. Bradley responds with a question about the pricing formula for frozen 8 piece and frozen dark meat. Mr. Little then forwards the e-mail to Thomas Lane, who responds that the additional cost is .0301. Mr. Little forwards the e-mail to Mr. Bradley and asks if he is okay with it. Mr. Bradley responds with a clarifying question and indicates his agreement.

Exhibit F-170 is admissible as a business record under Rule 803(6). Mr. Sangalis, Pilgrim's in-house counsel, testified that he was familiar with Pilgrim's process for forming sales contracts with customers and that the process regularly involved sending customers e-mails with bids. Trial Tr. at 171:9-172:15 (Oct. 28, 2021). This testimony demonstrates that emails like Exhibit F-170 were created in the course of Pilgrim's regularly conducted business activities and part of the regular practice of Pilgrim's sales employees to send such emails while negotiating contracts. *See, e.g., In re Motor Fuel Temperature Sales Pracs. Litig.*, 2012 WL 12548410, at *2 n.14 (D. Kan. May 4, 2012) (email "made by an employee about a business matter" admissible under Rule 803(6) if foundation shows "the employer imposed a business duty to make and maintain such a record").

Alternatively, F-170 is admissible, not for the truth of any assertion contained therein, but for the non-hearsay purpose of showing that Mr. Little sent Mr. Bradley pricing information for

3

frozen 8 piece and dark meat in December 2012.  *See Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1087 (10th Cir. 2001) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay[.]" (quoting Fed. R. Evid. 801(c) advisory committee's note)).  The timing of the exchange is relevant because the Government has presented Summary Exhibit 1-1 regarding Mr. Bradley's request in May 2013 for pricing information for frozen 8 piece and dark meat chicken.  Exhibit 1-1 includes telephone calls between Mr. Pepper and Mr. Little and Mr. Pepper and Mr. Kantola on May 31, 2013, followed by an e-mail from Mr. Pepper to Mr. Mulrenin and Mr. Roberts with information about Pilgrim's and Koch's freezer charges.  The Government suggests that the freezer charge was born out of an agreement between Mr. Pepper and Mr. Little during their call on May 31, 2013.  Evidence that Mr. Little sent information to Mr. Bradley regarding the freezer charge in December 2012 is relevant to disprove the allegation.   Fed. R. Evid. 401.

**II.   Conclusion**

For the foregoing reasons, Mr. Little respectfully requests that the Court admit Exhibits 3052, 3053 and F-170 without a sponsoring witness.

Dated: December 6, 2021              Respectfully submitted,

/s/ Mark A. Byrne
Mark A. Byrne (Cal. Bar No. 116657)
e-mail: markbyrne@byrnenixon.com
**BYRNE & NIXON LLP**
888 West Sixth Street, Suite 1100
Los Angeles, California 90017
Telephone: 213-620-8003
Facsimile: 213-620-8012

*Attorneys for Defendant Jimmie Little*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of such filing to all parties of record.

/s/ Mark A. Byrne
Mark A. Byrne