IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br>1.   JAYSON JEFFREY PENN,<br>2.   MIKELL REEVE FRIES,<br>3.   SCOTT JAMES BRADY,<br>4.   ROGER BORN AUSTIN,<br>5.   TIMOTHY R. MULRENIN,<br>6.   WILLIAM VINCENT KANTOLA,<br>7.   JIMMIE LEE LITTLE,<br>8.   WILLIAM WADE LOVETTE,<br>9.   GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>    Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' BRIEF REGARDING THE JURY'S NOTE ABOUT INSTRUCTION NO. 22**

Defendants respectfully request that the Court respond to the jury's question about Instruction No. 22—replicated in bold below—as indicated below.

**QUESTION: Clarification needed on Instruction #22—the verbiage of the first sentence says, '. . . beginning at least as early as 2012 and continuing through at least early 2019 . . .' Does this mean the conspiracy had to occur throughout this entire timeframe?**

PROPOSED RESPONSE: Regarding Instruction No. 22, which deals with venue—meaning whether the charges could be filed in the District of Colorado: No. The government must prove by a preponderance of the evidence that an act in furtherance of the conspiracy occurred in the District of Colorado at any point between 2012 to 2019. This is different, however, than what the government must prove in order to convict a defendant, which requires

1

the government to prove each element of the charged offense as to each defendant beyond a reasonable doubt. With respect to the first element, the existence of the charged conspiracy, the government must prove that the charged conspiracy existed reasonably near 2012 through 2019.

ARGUMENT: When an indictment charges a single, continuing conspiracy, the evidence at trial must prove beyond a reasonable doubt the existence of that single, continuing conspiracy. *United States v. Mobile Materials, Inc.*, 881 F.2d 866, 875 (10th Cir. 1989) (affirming instruction to the jury "that it must find the defendants not guilty of the Sherman Act count if it concluded 'that the government has failed to prove the existence of the single, continuing conspiracy charged in the indictment'"). If the government "fails to prove the conspiracy as charged, it will fail to obtain a conviction" and, if the jury nevertheless convicts, the Court is "obligated to reverse that conviction." *United States v. Evans*, 970 F.2d 663, 674 n.13 (10th Cir. 1992). There is no dispute that the government charged this case as a single, continuing conspiracy. *See* Doc. 101 ¶¶ 1, 2 (describing the conspiracy as a "continuing conspiracy" and a "continuing agreement" that allegedly occurred from "at least as early as 2012 and continuing through at least early 2019").

Evidence that shows a defendant participated in some temporally narrower conspiracy is insufficient to establish guilt for the crime charged. *Evans*, 970 F.2d at 674 ("Having chosen to allege that [a defendant] joined a single large conspiracy, that is what the government obligated itself to prove); *see* 3 L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions-Criminal § 58.01 (2018 ed.) ("The government must prove, beyond a reasonable doubt, that the particular conspiracy the defendant is charged with participating in existed, and existed at or about the time alleged in the indictment."); *United States v. Carnagie*, 533 F.3d

1231, 1239 (10th Cir. 2008) (the government must prove that defendants "knowingly agreed to participate in a conspiracy of the magnitude alleged in the indictment—not just that they knowingly agreed to participate in a conspiracy"); *United States v. Ailsworth*, 138 F.3d 843, 849 (10th Cir. 1998) (evidence showing defendant participated in some temporally shorter conspiracy "did not establish that Defendant was guilty of the broader conspiracy alleged in Count 1"); *United States v. Camiel*, 589 F.2d 31, 35-39 (3d Cir. 1982) (affirming district court's grant of defendants' motion for judgment of acquittal on the basis that the evidence was "insufficient as a matter of law to support an inference of a single, unitary scheme involving all alleged co-schemers from December 1974 to December 1978," as charged in the indictment).

*In re Urethane Antitrust Litigation*, 2013 WL 2097346 (D. Kan. May 15, 2013), does not require a different approach. In that case—a civil antitrust action brought under Section 4 of the Clayton Act, 15 U.S.C. § 16—the defendant sought judgment as a matter of law on the basis that the jury's *damages* award did not align with the single, five-year conspiracy the plaintiffs alleged in their complaint. *Id*. at *4 ("Dow argues that plaintiffs alleged a single five-year price-fixing conspiracy lasting from 1999 through 2003; that the jury's award of damages only beginning in November 2000 shows that it did not find a conspiracy of the five-year duration alleged by plaintiffs; and that plaintiffs' sole claim therefore fails."). The issue in *In re Urethane* was only whether the "plaintiffs were harmed by an illegal conspiracy involving Dow for at least a portion of the period" alleged in the complaint. *Id*. at *5. The unpublished decision from the U.S. District Court for the District of Kansas concluded that the jury's *damages* finding—that plaintiffs could only recover for part of the alleged conspiracy period—did "not provide a basis to award [the defendant] judgment on the entire claim." *Id*.

3

*In re Urethane* does not speak to the issue that the jury's question raises here: whether, in a criminal case under Section 1 of the Sherman Act, the government must prove beyond a reasonable doubt that the conspiracy existed reasonably near the dates charged. The answer to that question is "yes." Indeed, the Tenth Circuit Pattern Instructions make clear that when an indictment alleges that a crime occurred on certain dates, the government *must* prove the offense occurred "reasonably near" those dates. Tenth Circuit Pattern Jury Instruction 1.18 (2021 ed.). The Court already concluded as much when it adopted Jury Instruction Nos. 14 and 15. Instruction No. 14 makes clear that the first element of a Section 1 offense requires proof beyond a reasonable doubt that "the charged price-fixing and bid-rigging conspiracy existed at or about the times alleged." Instruction No. 15 then states that the government "must prove beyond a reasonable doubt that a defendant committed the crime reasonably near those dates [early 2012 through at least early 2019]." To tell the jury something else, in the context of a question about venue, would misstate the law, confuse the jury, and render Instruction Nos. 14 and 15 superfluous.

Relatedly, because the jury's question goes to the most essential element of the case and an issue about which the jury has already indicated it is struggling—whether the charged price-fixing and bid-rigging conspiracy existed at or about the times alleged—the Court must be particularly careful not to minimize the burden of proof on the substantive elements of the charged conspiracy. *See United States v. Zimmerman*, 943 F.2d 1204, 1213-14 (10th Cir. 1991) (when responding to jury questions, instructions should leave "no possibility that the conviction [will be] based on an incorrect legal basis"). And the Court should not encourage a variance. While a variance may not always require reversal on appeal, it cannot be affirmatively suggested

4

to the jury in contravention of the charged offense and the other jury instructions. *Evans*, 970 F.2d at 674; 3 L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions-Criminal § 58.01. For these reasons, it is critical that the Court direct the jury to the proper burden with respect to the substantive charge. *See Zimmerman*, 943 F.2d at 1213-14; *see also United States v. Goodwin*, 433 F. App'x 636, 641 (10th Cir. 2011) ("Unlike the other elements which must be proven beyond a reasonable doubt, venue need only be proven by a preponderance of the evidence.").

## CONCLUSION

Defendants respectfully request that the Court respond to the jury's note about Instruction No. 22 as discussed above.

Dated: December 15, 2021

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: December 15, 2021          *s/ Michael F. Tubach*

                                                  Michael F. Tubach