IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY R. MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  WILLIAM WADE LOVETTE,
9.  GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

      Defendants.

---

## ORDER DENYING ENDS OF JUSTICE CONTINUANCE

---

      This matter is before me on Defendants' Joint Motion for an Ends of Justice Exclusion of a Maximum of 27 Days from the Speedy Trial Calendar [Docket No. 926]. The government opposes the motion.  Docket No. 926 at 8; Docket No. 929.

      On December 16, 2021, the Court declared a mistrial due to the jury's inability to reach a verdict as to any defendant.  Docket No. 920 at 2.[1]  That same day, I re-set the jury trial within the 70-day speedy trial period for February 22, 2022.  *Id*.; Docket No. 925 at 1.  Based upon the mistrial on December 16, 2021 and the filing of the motion to

---

[1] Pursuant to 18 U.S.C. § 3161(e), "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final."

exclude on December 29, 2021, I find that there are 57 days left in the speedy trial period.

The defendants' motion is based on two arguments. First, several of defendants' trial counsel have previously scheduled trials in February and March that conflict with a February 22 trial. Docket No. 926 at 3. Second, one of Mr. Lovette's attorneys has a previously scheduled family vacation, involving non-refundable airline tickets, from March 12, 2021 through March 19, 2021. *Id*. at n.2. The defendants are seeking a continuance of the jury trial until March 22, 2022. *Id*. at 3.

The defendants' motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period

of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

> (i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

> (ii)   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

> (iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

> (iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests

of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(7)(A).  Although my

findings "'may be entered on the record after the fact, they may not be made after the

fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th

Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting

of the continuance because Congress intended that the decision to grant an

ends-of-justice continuance be prospective, not retroactive.'" *Id.* (quoting *Doran*, 882

F.2d at 1516).

Under the Speedy Trial Act, I cannot exclude additional time based on

congestion of the Court's calendar, 18 U.S.C. § 3161(h)(7)(C), but can only move back

to a date that poses fewer conflicts for the Court.  Due to the unavailability of the Court

during a significant portion of the requested trial period after March 22, 2022 and given

that defendants request the exclusion of a maximum of 27 days, the motion will be

denied.[2]  If the defendants determine that an additional exclusion of time is necessary

given certain attorneys' scheduling conflicts, they are free to file another motion.

Wherefore, it is

**ORDERED** that Defendants' Joint Motion for an Ends of Justice Exclusion of a

Maximum of 27 Days from the Speedy Trial Calendar [Docket No. 926] is **DENIED**

**WITHOUT PREJUDICE**.

DATED January 10, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] The Court is, however, available from May 9, 2022 through June 10, 2022.