IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

     Defendants.

## UNITED STATES' MOTION FOR RULE 15 DEPOSITION

The government respectfully requests the Court's leave to take a videotaped deposition of F.B., a witness in this case for the purpose of authenticating the handwriting of coconspirator Pete Martin, and play admissible portions of the tape at trial pursuant to Federal Rule of Criminal Procedure 15.

As set forth below, F.B. is a resident of Georgia who the government expects is able to authenticate the handwriting contained in GX 1030 as that belonging to her prior colleague and supervisor of many years, Pete Martin of Mar Jac poultry. As F.B.'s counsel explained to the DOJ, F.B. "is a 69-year-old retiree. She is unvaccinated and

1

suffers from leukemia and asthma. She has not flown during COVID, and in fact has not flown in many years. As someone who is immunocompromised, unvaccinated and elderly she is at serious risk if she were to fly to Denver, travel through the Atlanta and Denver airports, take a taxi to a hotel, stay in a hotel, and sit in a crowded courtroom."[1] In light of her serious medical conditions, F.B. is unable to travel to Colorado for trial.

The government has proposed to defense counsel that it could preserve F.B.'s testimony through a deposition in Gainesville, Georgia, to occur at a mutually agreeable date and time. At the deposition, defendants would have an opportunity to cross-examine F.B. The defendants have not stated a position regarding this motion. For the reasons that follow, the government submits that a Rule 15 deposition is appropriate in these circumstances.

## BACKGROUND

F.B.'s testimony is relevant to the authenticity of a single, one-page document: GX 1030 written by coconspirator Pete Martin of Mar Jac poultry. The government proffered statements from GX 1030 in its James Log entry #136. ECF No. 358-2. The Court ruled that the statements were conditionally admissible against all defendants, finding that "[t]he government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy." ECF

---

[1] Email from Kirby Behre to DOJ (November 12, 2021). F.B. is currently represented by different counsel, but Mr. Behre asserted to represent her at the time of the email. F.B.'s current counsel confirmed her condition and provided a declaration from her medical provider stating that she cannot safely travel to Denver. *See* Attachment (filed at Level 2 restriction due to PII contained therein and law enforcement sensitive information contained in footnote 2).

No. 559 at 31.

Although the authenticity of GX 1030 was never in question—Mr. Martin himself confirmed the document to be his handwritten notes from August 29, 2014 in a deposition taken on May 7, 2019 in a parallel class action, *see* ECF No. 721 at 4— defendant Penn moved to exclude GX 1030 based on his position that (1) the document was not what Mr. Martin himself had admitted it was—his own handwritten notes; and (2) the government could not authenticate the notes via the means it had noticed. ECF No. 749.

The Government thereafter sought to authenticate GX 1030 by means of its distinctive characteristics establishing that—regardless of proof of the particular handwriting on the document—GX 1030 was written by a coconspirator in this case because it contained hallmark indicia of records of price-fixing activity, including:

1. a Bates stamping showing production by Mar Jac Poultry (a conspirator entity), indicating that the document was in the company's possession, custody, or control;
2. the full name of an employee of a victim company (RSCS, the negotiator for KFC);
3. the names of coconspirators from purportedly competing chicken suppliers (including the full name of defendant Jayson Penn);
4. the date of August 29, 2014, when defendant Penn received a call from Mar-Jac's main line, and Mr. Pete Martin received a call from defendant Fries; and
5. competitor pricing and price increase amounts, including pricing attributed to defendant Penn and defendant Fries' company.

ECF No. 780; *see also United States v. Reyes*, 798 F.2d 380, 383 (10th Cir. 1986) (admitting in a drug conspiracy an undated and unsigned note by an alleged unknown coconspirator containing the defendant's name, initials of coconspirators, notations of numbers, arithmetic, and phone numbers). The Court refused the admission of GX 1030

3

on the record on November 5, 2021, based on the government's inability to prove the author of the notes with admissible evidence. Nov. 5 Trial Tr. at 180.

The government anticipates—due to her role as the longtime secretary of Mr. Martin—that F.B. will be able to authenticate Mr. Martin's handwriting. Though F.B.'s counsel has made clear that F.B. does not wish to speak to the government voluntarily and has not provided information regarding F.B.'s knowledge of the handwriting, in addition to her position, documents reflect F.B.'s transmission of scanned copies of handwritten materials signed by Mr. Martin. As such, it is extremely likely that F.B. is familiar with Mr. Martin's handwriting.[2] F.B. is therefore a proper lay witness to authenticate GX 1030 based on her familiarity with Mr. Martin's handwriting gained outside of the course of litigation pursuant to Fed. R. Evid. 901(b)(2).

## ARGUMENT

Federal Rule of Criminal Procedure 15 governs depositions in criminal proceedings. Under Rule 15, a district court may order that a trial witness's testimony be taken by deposition and preserved for use at trial "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The Tenth Circuit has explained that in determining whether "exceptional circumstances" exist, a district court considers three factors: (1) whether the witness's testimony is material; (2)

---

[2] ███████████████████████████████████████████████ The government currently understands that availability for the deposition will be after February 14.

whether the witness would be unavailable to testify; and (3) whether the deposition is necessary to prevent any injustice. *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991) (noting that such factors are relevant but not dispositive). A witness is "unavailable" if the government can show that it made a good-faith effort to secure her presence at trial using reasonable means. *United States v. Ruiz*, 105 F. App'x 254, 257 (10th Cir. 2004) (citing *Barber v. Page*, 390 U.S. 719, 723–25 (1968)). Rule 15 affords the district court broad discretion in deciding whether to order a deposition under the circumstances. *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995).

The government respectfully submits that this Court should exercise its discretion to order a Rule 15 deposition here. First, F.B.'s testimony is highly material to the Indictment in this case. In fact, GX 1030 was quoted in paragraph 102(a) of the superseding indictment. ECF No. 101, ¶102(a) (quoting portions of a "piece of paper with a handwritten notation '8-29-14'"). In particular, the notation on GX 1030 "talked to Jason [*sic*] Penn +8 cost +11 margin" is relevant to defendant Penn's participation in the charged conspiracy. The document establishes that defendant Penn, a key supervisor in the KFC contract negotiations underway at that time, spoke to his coconspirator Pete Martin and shared the fact of and precise amount of a price increase that Pilgrim's Pride would seek from the customer. Rather than sharing this information to compete with Mar Jac, it is clear from the face of GX 1030 and other evidence in this case—including the testimony of conspirator Robert Bryant—that Pilgrim's employees such as defendant Penn shared the planned price increases with competitors in order to

coordinate the increase that the suppliers would obtain. Therefore, any information about the handwriting in GX 1030 is material to this case.

F.B.'s anticipated testimony is proper to authenticate GX 1030 under Rule 901(b)(2) as non-expert opinion about handwriting. Federal Rule of Evidence 901(a) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." In turn, Federal Rule of Evidence 901(b) provides several "examples of authentication or identification conforming with the requirements of this rule...." Included among those examples is the following: "Nonexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation." Fed. R. Evid. 901(b)(2). F.B.'s familiarity with Mr. Martin's handwriting, based on her "long-standing association…standing alone [is] sufficient under Rule 901" to authenticate handwriting exemplars. *United States v. Apperson*, 441 F.3d 1162, 1200–01 (10th Cir. 2006) (affirming admission of handwriting identification by confidential informant); *see also United States v. Humphrey*, 208 F.3d 1190, 1204 (10th Cir. 2000) (lay witness testimony by resident in same house).

As to the second prong, unavailability, Becker's failing health provides exceptional circumstances to support the use of a deposition here. F.B., who is 69 years old, suffers from leukemia and asthma that render her unable to travel—particularly during the current pandemic conditions. Given F.B.'s serious health condition, travel from Georgia to Colorado would present a substantial hardship. In similar circumstances, when a witness's illness is server, chronic, and deteriorating over time,

courts have found that the witness is unavailable for purposes of Rule 15. *See, e.g., United States v. McGowan*, 590 F.3d 446, 453–456 (7th Cir. 2009) (holding that a Rule 15 deposition was appropriate where the witness was unavailable due to chronic health conditions, including liver disease, which compromised her ability "to endure the rigors of interstate travel and live testimony"); *see generally United States v. Campbell*, 845 F.2d 1374, 1377–78 (6th Cir. 1988) (recognizing that "the infirmity of an elderly witness which prevents him or her from traveling is an 'exceptional circumstance' which justifies the use of deposition testimony at trial"). The government has contacted F.B. and her counsel, and they have represented that F.B. is able to give deposition testimony in lieu of trial testimony in Gainesville, Georgia at a date and time convenient for defendants and their counsel.

Third, preserving F.B.'s testimony relating to the admissibility of GX 1030 is necessary to prevent injustice in this matter. GX 1030 is relevant to the core conduct charged in the Superseding Indictment. The government should be afforded an opportunity to authenticate a document for which there is no true claim of alteration— Mr. Martin not only admitted his authorship of the document in his deposition but also confirmed the content of the majority of the document.[3] At the same time, a Rule 15 deposition would authenticate GX 1030 using admissible testimony that adequately preserves defendants' confrontation rights. F.B. will be required to take an oath to tell the truth before she is deposed; defendants and defense counsel will attend the

---

[3] For example, the deposition transcript reads "Q. Okay. And then you say, 'Talked to Jason (sic) Penn,' right? A. Yes."

deposition, if they so choose; and the government will provide counsel with all of the anticipated exhibits in advance. Moreover, defendants, through their counsel, will be able to object to lines of questioning on F.B.'s direct-examination and also fully to cross-examine her. Finally, the deposition would be videotaped so that a jury could observe the demeanor of the witness. In these circumstances, the government submits that F.B.'s deposition would adequately meet constitutional standards. *See McGowan*, 590 F.3d at 456 (reaffirming 10th Circuit precedent holding that "there is no Confrontation Clause violation when admitting fully cross-examined testimony preserved by a properly conducted Rule 15 deposition").

## CONCLUSION

F.B.'s testimony is material to this case, and her failing health constitutes "exceptional circumstances" to warrant a Rule 15 deposition. Accordingly, the government respectfully requests that this Court permit the government to take F.B.'s deposition and play admissible portions of it at trial.

Dated: January 28, 2022       Respectfully submitted,

/s/ Heather D. Call
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov
*Attorneys for the United States*