IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
**9.     GARY BRIAN ROBERTS**, and
10.    RICKIE PATTERSON BLAKE,

Defendants.

---

**DEFENDANT ROBERTS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE RELATING TO TYSON FOODS'
2015 PRICING FOR POPEYES LOUISIANA KITCHEN**

---

Gary Brian Roberts files this Motion In Limine to Exclude Evidence Relating to Tyson Foods' 2015 Pricing For Popeyes Louisiana Kitchen and respectfully requests that the Court exclude any evidence relating to Tyson Foods (Tyson) 2015 pricing for Popeyes Louisiana Kitchen (Popeyes), from the trial in this action. Defendant respectfully shows that the alleged evidence is irrelevant evidence of non-criminal conduct, proof of which will expand the trial of this action, and that the evidence should be excluded based upon the grounds and authorities set forth herein.

**I. INTRODUCTION AND GROUNDS FOR EXCLUSION**

-1-

## OF THE GOVERNMENT'S EVIDENCE RELATING TO
## TYSON'S 2015 PRICING FOR POPEYES

On October 6, 2020, the Government obtained a Superseding Indictment against Mr. Roberts and the other defendants to this action, charging the defendants with conspiring between themselves and with others to rig bids and fix prices and other price-related terms for broiler chicken products, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 beginning at least as early as 2012. *See* Dkt. # 101, ¶ 1. The Superseding Indictment specifically alleges 14 transactions or episodes, two of which involve Popeyes—"Popeyes' 2015 Bone-In Promotional Discount" and "Popeyes' 8-Piece [Chicken-On-Bone] COB Supply for 2018 and 2019." *Id.* at ¶¶ 120-128, 136-143. The earliest conduct relating to Popeyes alleged in the Superseding Indictment dates to March of 2015. *Id.* at ¶ 121. The prosecution has now identified 14 exhibits—Exhibit #s 984 through 998--which it did not identify as exhibits for the first trial in this action, which relate to Tyson's 2015 pricing for Popeyes. *See* Dkt. # 935, pp. 72-74. This is the first time that the Government has alleged that Tyson's 2015 pricing for Popeyes is part of some overarching conspiracy—the Superseding Indictment was silent on any such conduct or episode, and the government admitted no evidence of conspiratorial conduct as related to Peopeyes pricing in 2015 at trial.

The prosecution's evidence relating to Tyson's 2015 pricing for Popeyes is extrinsic evidence for the purposes of Federal Rule of Evidence 404(b). The prosecution has failed to provide notice which complies with the requirements of Rule 404(b) of its intention to introduce the evidence in the upcoming trial in this case and to explain a proper purpose for admission of the evidence. This wholesale failure warrants exclusion of the evidence, given that Rule 404(b)'s notice requirement is a condition precedent to admissibility of evidence of other crimes, wrongs, or acts in a criminal case. By extension, the failure means that the Court cannot admit the evidence

-2-

pursuant to the other requirements for admission under Rule 404(b). There is no evidence that Tyson's determination of its 2015 pricing for Popeyes involved any criminal or wrongful conduct, or that Mr. Roberts engaged in any criminal or wrongful conduct during the process. Indeed, no documents indicate as much, and no witness testimony supports such an inference.  Finally, any asserted relevance of the evidence is substantially outweighed by nearly all of the considerations under Federal Rule of Evidence 403, warranting exclusion of the evidence from trial.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. The Prosecution's Evidence Relating to Tyson's Pricing for Popeyes for 2015 Constitutes Extrinsic Evidence And Should Be Excluded Given Its Failure To Give The Required Notice

Federal Rule of Evidence 404 provides, in pertinent part:

(b) Other Crimes, Wrongs, or Acts.
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
> (3) Notice in a Criminal Case. In a criminal case, the prosecutor must:
>> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>> (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b). For the purposes of Rule 404(b), evidence is "extrinsic" "when it is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021), *cert. denied*, No. 21-6314, 2022 WL 89556 (U.S. Jan. 10, 2022) (citing *United States v. Kupfer*, 797 F.3d 1233,

1238 (10th Cir. 2015)). On the other hand, evidence is "intrinsic" when it is "'directly connected to the factual circumstances of the crime and provides contextual or background information to the jury.'" *Id.* (citing *Kupfer*, at 1238).

> Indications that evidence is intrinsic include situations in which the evidence:
> • was inextricably intertwined with the charged conduct,
> • occurred within the same time frame as the activity in the conspiracy being charged,
> • was a necessary preliminary to the charged conspiracy,
> • provided direct proof of the defendant's involvement with the charged crimes,
> • was entirely germane background information, directly connected to the factual circumstances of the crime, or
> • was necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice.

*Id.* at 1075-1076 (citing *Kupfer*, at 1238).

The Government's evidence relating to Tyson's 2015 pricing for Popeyes constitutes extrinsic evidence for the purposes of Rule 404(b). The Government failed to allege pricing in 2015 for Popeyes as relating to the alleged price fixing and bid rigging conspiracy in the Superseding Indictment, it has never sought another superseding indictment to include the conduct, and the Government failed to present evidence regarding the same at trial. The Government possessed the exhibits concerning Tyson's 2015 pricing for Popeyes prior to obtaining the Superseding Indictment against the defendants, so its omission of the conduct supports a finding that the conduct is not intimately connected to the charged offense. In fact, the only document admitted into evidence at trial related to 2015 pricing for Popeyes (GX-959) showed Mr. Roberts circulating internally at Tyson what he considered to be the final pricing model for Popeyes in 2015, without reference to any competitor whatsoever.

Conversely, the evidence provides no background or context for the charged offense. The Government's evidence relating to Tyson's pricing for Popeyes for 2015 dates from September 5,

2014, through November 20, 2014. *See* Dkt. # 935, pp. 72-74. This period is over two years after the Government alleges the charged conspiracy commenced. *See* Dkt. # 101, ¶ 1. The conduct is unrelated to the Popeyes 2015 Bone-In Promotional Discount given the evident fact that that conduct did not begin until Kent Kronauge, an employee of Supply Management Services (SMS), asked suppliers if Popeyes could get "some type of discount" for a promotion around September of 2015, in a communication on March 25, 2015—over four months after Tyson finalized its 2015 pricing for Popeyes. *Id.* at ¶ 121. Likewise the conduct possesses no connection whatever to Tyson's bidding on supplying Popeyes with 8-piece COB for 2018 in August through September of 2017—nearly three years later. *Id.* at ¶¶ 136-143.

The conduct relating to Tyson's 2015 pricing for Popeyes is not inextricably intertwined with, or connected to, the charged conduct, and was not necessary to the formation of the alleged conspiracy. The evidence does not constitute proof of Mr. Roberts' involvement in the alleged conspiracy. The Government has failed to point to any evidence relating to Tyson's pricing for Popeyes for 2015 shows any communications between Tyson employees and other suppliers of broiler chicken products. *See* Dkt. # 935, pp. 72-74; *see also Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769 (1984) ("Nothing in the language of the Sherman Act is inconsistent with the view that corporations cannot conspire with their own officers"). With the exception of Mr. Roberts, Mr. Mulrenin, and Carl Pepper, none of the other parties to the communications— Brandon Campbell, Steven Cullen, Kent Kronauge, and Charlie Solomon—have been alleged by the Government to be co-conspirators in the charged conspiracy. The exhibits are therefore not evidence of Mr. Roberts' involvement in a conspiracy between suppliers of broiler chicken products to fix prices or rig bids. The exhibits furthermore are not probative of Mr. Roberts'

relationship with any alleged co-conspirators. The evidence relating to Tyson's pricing for Popeyes for 2015 is extrinsic evidence subject to the requirements of Rule 404(b).

The threshold requirement under Rule 404(b) in a criminal case is notice by the prosecution to the defendant. *See* Fed. R. Evid. 404(b)(3). The notice must be given before trial unless the Court excuses the lack of pretrial notice for good cause, must be in writing, and must state the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose. *Id*. As the Federal Rules Advisory Committee's notes to Rule 404 state:

> The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. *Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met*.

Fed. R. Evid. 404 Notes (1991 Amends.) (emphasis added). "Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied…" Fed. R. Evid. 404 Notes (2020 Amends.).

The prosecution has failed to provide Mr. Roberts with written notice of its intent to introduce evidence relating to Tyson's 2015 pricing for Popeyes in the upcoming trial in this case or an explanation of the purposes for which the evidence would be admissible. The prosecution's failure constitutes *prima facie* grounds for the Court to find that the Government has not complied with the requirements of Rule 404(b), and that its proposed evidence relating to Tyson's pricing for Popeyes for 2015 is inadmissible. Mr. Roberts requests that any and all evidence relating to Tyson's pricing for Popeyes for 2015 be excluded from the trial in this case.

**B. The Prosecution's Evidence Relating to Tyson's Pricing for Popeyes for 2015 Should Be Excluded Given Its Failure To Meet The Requirements of Rule 404(b)**

Even if the Government's failure to provide Mr. Roberts with the required notice of its intent to introduce extrinsic evidence against him was somehow excused, the Government's evidence would nevertheless fail to meet the other requirements under Rule 404(b). In order to be admissible under Rule 404(b):

> "(1) [T]he evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted."

*United States v. Tennison*, 13 F.4th 1049, 1055 (10th Cir. 2021) (quoting *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011); quoting *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000); citing *Huddleston v. United States*, 485 U.S. 681, 691-692 (1988)).

Mr. Roberts recognizes that "'Rule 404(b) admissibility is a permissive standard and if the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b).'" *Tennison*, 13 F.4th at 1056 (quoting *Davis*, 636 F.3d at 1298; quoting *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009); citing *United States v. Henthorn*, 864 F.3d 1241, 1248 (10th Cir. 2017); citing *United States v. Brooks*, 736 F.3d 921, 939 (10th Cir. 2013)). As Mr. Roberts has shown above, however, the prosecution has failed to provide Mr. Roberts with any alleged purpose for the admission of the evidence or to explain the reasoning for the admission of the evidence. As for the other requirements under Rule 404(b), the evidence relating to Tyson's 2015 pricing for Popeyes possesses no relevance to the conduct charged in the Superseding Indictment, and whatever alleged

relevance it might be asserted to have is substantially outweighed by its potential for unfair prejudice under Federal Rule of Evidence 403.

Even given Rule 404(b)'s permissive standards, however, "[f]or [ ] extrinsic offenses to be relevant to an issue other than character, *they must be shown to be offenses* and also that they are similar to the charged offense." *United States v. Anderson*, 933 F.2d 1261, 1268 (5th Cir. 1991) (emphasis added) (citing *United States v. Guerrero*, 650 F.2d 728, 733 (5th Cir. 1981)). There is no evidence that Tyson's formulation of its pricing for Popeyes for 2015 was in any way criminal, or was related to the conduct alleged in the Superseding Indictment. The evidence is therefore irrelevant, and has no purpose other than the prohibited purpose of trying to influence the jury's attitudes towards Mr. Roberts irrespective of the evidence relating to the charged offense. Moreover, "'in the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred *and that the defendant was the actor*.'" *Henthorn*, 864 F.3d at 1254 (emphasis added) (quoting *Dowling v. United States*, 493 U.S. 342, 346 (1990); citing *Huddleston*, 485 U.S. at 689). "[S]imilar acts must be established by 'sufficient evidence to support a finding by the jury that the defendant committed the similar act…'" *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (quoting *Huddleston v. United States,* 485 U.S. 681, 685 (1988)). Given the prosecution's failure to follow Rule 404(b)'s notice requirements, there is no evidence concerning what Mr. Roberts supposedly did during Tyson's determination of its pricing for Popeyes for 2015 which was allegedly criminal or wrongful.

The prosecution's failure to follow Rule 404(b) prohibits the admission of the evidence. In order to admit evidence under Rule 404(b), "'the trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b)

will not suffice.'" *United States v. Zimmerman*, 943 F.2d 1204, 1205–14 (10th Cir. 1991) (quoting *United States v. Rivera*, 837 F.2d 906, 912 (10th Cir. 1988); *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985)). The prosecution's disregard of the requirements of Rule 404(b) prohibits the Court from making the necessary findings to admit the evidence.

In addition to failing to meet the requirements of Rule 404(b), the evidence relating to Tyson's 2015 pricing for Popeyes should be excluded based upon the Government's numerous other exhibits of its alleged evidence in this case, covering innumerable transactions over the 7-year period charged in the Superseding Indictment. "The probity of Rule 404(b) evidence is not absolute; it depends on the extent of the overall evidence the government offers to establish a contested fact." *Tennison*, 13 F.4th at 1058 (citing *United States v. Tan*, 254 F.3d 1204, 1210 (10th Cir. 2001)). The evidence is not relevant to establishing any contested fact in the case, and the Government possessed an opportunity to include it among its exhibits in the first trial, and failed to do so. For the foregoing reasons, any and all evidence relating to Tyson's pricing for Popeyes for 2015 should be excluded from the upcoming trial of this case.

**C. The Prosecution's Evidence Relating to Tyson's Pricing for Popeyes for 2015 Should Be Excluded For The Reason That Any Alleged Relevance of the Evidence Is Substantially Outweighed By The Considerations Under Rule 403**

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Mr. Roberts concedes that "exclusion of otherwise admissible evidence under Rule 403 'is an extraordinary remedy and should be used sparingly.'" *Tennison*, at 1058 (quoting *Tan*, 254 F.3d at 1211; quoting *United States v. Rodriguez*,

-9-

192 F.3d 946, 949 (10th Cir. 1999)). "'In engaging in the requisite balancing, courts give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.'" *United States v. Alfred*, 982 F.3d 1273, 1282 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2834 (2021) (quoting *Henthorn*, 864 F.3d at 1256).

Accepting the foregoing authorities, it is also the case that "'Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance.'" *United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983) (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). Evidence may be "unfairly prejudicial" where "it has the capacity to 'lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged,'" *United States v. Oldman*, 979 F.3d 1234, 1250 (10th Cir. 2020) (quoting *United States v. Durham*, 902 F.3d 1180, 1224 (10th Cir. 2018); quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)); or where "it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" *Tennison*, at 1058 (quoting *Tan*, 254 F.3d at 1211). "'[T]he risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance.'" *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1265 (10th Cir. 2020) (quoting *United States v. Shomo*, 786 F.2d 981, 986 (10th Cir. 1986)).

The Government's evidence relating to Tyson's determination of its pricing for Popeyes for 2015 is unrelated to any of the conduct charged in the Superseding Indictment. The Government has not alleged that there was anything criminal or wrongful in the process. The only

purpose the Government could possibly have in attempting to inject the evidence into the trial in this case is a prohibited purpose of seeking to adversely the jury's attitude towards Mr. Roberts with the hope that the jury will convict him based upon conduct not alleged in the Superseding Indictment. The evidence constitutes evidence "'dragged in by the heels for the sake of its prejudicial effect.'" *Naranjo*, 710 F.2d at 1469 (quoting *McRae*, 593 F.2d at 707). Given the lack of relevance of the evidence, the evidence is properly held to be substantially outweighed by the danger of unfair prejudice under Rule 403 and excluded from the trial in this matter. *See United States v. Cardall*, 885 F.2d 656, 672 (10th Cir. 1989) (reversing one defendant's convictions in a multi-defendant trial for mail fraud, wire fraud, interstate transportation of money taken by fraud, bankruptcy fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), concluding that the trial court erred in admitting evidence of co-defendants' fraudulent accounts payable factoring business against the defendant pursuant to Fed. R. Evid. 404(b), and that the defendant was significantly prejudiced by the improper admission of the evidence against him). Exclusion would be appropriate in order to safeguard Mr. Roberts' right to a fair trial. Similarly, any asserted relevance of evidence relating to Tyson's 2015 pricing for Popeyes is substantially outweighed by the risks of confusing the issues, misleading the jury, undue delay, and waste of time pursuant to Rule 403. *See Lucas v. Brooks*, 85 U.S. 436, 441 (1873) ("Evidence which may divert the attention of the jury from the real issue—that is to say, immaterial evidence—should be kept from the jury"). The alleged evidence relating to Tyson's pricing for Popeyes for 2015 should properly be excluded.

### III. CONCLUSION

Based upon the arguments and authorities set forth herein, Defendant Gary Brian Roberts respectfully requests that the Court grant Defendant's Motion In Limine to Exclude Evidence Relating to Tyson Foods' 2015 Pricing For Popeyes Louisiana Kitchen, and exclude any evidence relating to Tyson Foods' pricing for Popeyes for 2015 Louisiana Kitchen from the trial in this action.

Respectfully submitted, this 3d day of February, 2022.

| | |
|---|---|
| */s/ Craig A. Gillen*_____ | */s/ Richard Tegtmeier*_____ |
| Craig A. Gillen | Richard L. Tegtmeier, #2544 |
| Anthony C. Lake | SHERMAN & HOWARD LLC |
| GILLEN WITHERS & LAKE LLC | 633 Seventeenth Street |
| 400 Galleria Parkway | Suite 3000 |
| Suite 1920 | Denver, Colorado 80202 |
| Atlanta, Georgia 30339 | (303) 299-8163 |
| (404) 842-9700 | rtegtmeier@shermanhoward.com |
| cgillen@gwllawfirm.com | |
| aclake@gwllawfirm.com | |

*Counsel for Gary Brian Roberts*

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on this 3d day of February, 2022, I electronically filed the foregoing **DEFENDANT ROBERTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO TYSON FOODS' 2015 PRICING FOR POPEYES LOUISIANA KITCHEN** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

| | |
|---|---|
| */s/ Craig A. Gillen*_____ | */s/ Richard Tegtmeier*_____ |
| Craig A. Gillen | Richard L. Tegtmeier, #2544 |
| Anthony C. Lake | SHERMAN & HOWARD LLC |
| GILLEN WITHERS & LAKE LLC | 633 Seventeenth Street |
| 400 Galleria Parkway | Suite 3000 |
| Suite 1920 | Denver, Colorado 80202 |
| Atlanta, Georgia 30339 | (303) 299-8163 |
| (404) 842-9700 | rtegtmeier@shermanhoward.com |
| cgillen@gwllawfirm.com | |
| aclake@gwllawfirm.com | |

*Counsel for Gary Brian Roberts*