IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
**9.   GARY BRIAN ROBERTS**, and
10.  RICKIE PATTERSON BLAKE,

Defendants.

### DEFENDANT ROBERTS' MOTION FOR AUTHORIZATION OF SUBPOENAS TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE TO GOVERNMENT EMPLOYEES AND COMMANDING PRODUCTION OF DOCUMENTS OR INFORMATION

Defendant Gary Brian Roberts files this Motion for Authorization of Subpoenas to Testify at a Hearing or Trial in a Criminal Case to Government Employees and Commanding Production of Documents or Information pursuant to Federal Rule of Criminal Procedure 17, and respectfully asks the Court to issue an order authorizing the issuance of Subpoenas to Testify at a Hearing or Trial in a Criminal Case (Subpoenas) to employees of the United States Department of Justice (DOJ), the United States Department of Commerce (Commerce) and the United States Department

of Agriculture (USDA) and for the production of any and all notes made by agents of DOJ, Commerce, or the USDA during any interviews of Carl Pepper, a former employee of Tyson Foods, Inc., with a compliance date of February 22, 2022, the date the retrial of this case is scheduled to commence. Defendant shows that he has complied with the regulations governing subpoenas for testimony and documents for employees of DOJ, Commerce, and the USDA through demands sent prior to the filing of this Motion, attached as Exhibit A. *See* 7 C.F.R. §§ 1.210 *et seq*.; 15 C.F.R. §§ 15.12 *et seq*.; 28 C.F.R. §§ 16.21 *et seq*.;

## I. INTRODUCTION AND GROUNDS FOR AUTHORIZATION OF THE PROPOSED SUBPOENAS

The Government has listed Carl Pepper, Tyson's former Manager of National Accounts, as a fact witness whom it intends to call in its case-in-chief in the retrial of the case. *See* Dkt. # 936, p. 1. Mr. Pepper is an alleged co-conspirator of the defendants in the Government's alleged conspiracy to fix prices and rig bids pursuant to the Sherman Act, 15 U.S.C. § 1, and is mentioned repeatedly in the Government's Superseding Indictment. *See* Dkt. # 101, ¶¶ 27, 67, 68, 69, 70, 79, 80, 82, 83, 94, 122, 123, 138, 139, 141, 142, 143. The Government estimates that Mr. Pepper's testimony may be anywhere from three-and-a-half to eight hours in duration. *See* Dkt. # 936 at 1.

Many alleged statements attributable to Mr. Pepper are set forth in the Government's original and supplemental logs pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), as alleged co-conspirator statements. *See* Dkt. # 358-2, Log #s 47 – 50, 53-57, 78, 79, 81, 178, 201, 202, 205, 206, 211, 212, 218, 237, 274, 281, 286, 288, 291, 296, 298 – 300, 307, 308; Dkt. # 941-1, Log #s 22-S - 44-S. The Government's supplemental *James* log shows that the Government has interviewed Mr. Pepper on more than 10 occasions. *See* Dkt. # 941-1, pp. 6-7. The Government has also listed Federal Bureau of Investigation Special Agent LaNard Taylor as a fact witness

2

whom the prosecution apparently intends to call as its first witness in the retrial of this case. *See* Dkt. # 936, p. 1. Special Agent Taylor has been present during the Government's interviews of Mr. Pepper. Also present during the many interviews of Mr. Pepper were Special Agents from Commerce and USDA.

The notes by the Special Agents for the FBI, Commerce and USDA (hereinafter, collectively, "Government Agents") from the Government's numerous interviews of Mr. Pepper are relevant and possess a high probability of containing both exculpatory and impeaching information, in view of Mr. Pepper's evolving and contradictory statements to the Government as set forth in interview report forms and discovery letters provided by the Government to the defense. Mr. Roberts possesses no other means to obtain the Government Agents' notes from the interviews of Mr. Pepper prior to Mr. Pepper's testimony during the Government's case-in-chief other than through issuance of Subpoenas for the notes. Finally, Mr. Roberts request for authorization of the Subpoenas for the Government Agents' notes is made in good faith. The evidence he seeks is limited to a single category of documents and one Government witness. The Court should grant Mr. Roberts' Motion and authorize the issuance of the proposed Subpoenas for the Government Agents' notes from the Government's interviews of Mr. Pepper.

## II. ARGUMENT AND CITATION OF AUTHORITIES

> *[T]he procedural rules which have been fashioned from the generality of due process are our best instruments for the distillation and evaluation of essential facts from the conflicting welter of data that life and our adversary methods present. It is these instruments of due process which enhance the possibility that truth will emerge from the confrontation of opposing versions and conflicting data.*

*Application of Gault*, 387 U.S. 1, 21, 87 S. Ct. 1428 (1967) (emphasis added).

3

Rule 17(c) of Federal Rules of Criminal Procedure provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c). The purpose of Rule 17(c) was to "establish[ ] a more liberal policy for the production, inspection and use of materials at the trial." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675 (1951). Under Rule 17(c), a party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

**A. The Government Agents' Notes Contain Relevant Evidence**

Mr. Roberts has reason to believe that the Government Agents' notes taken during the interviews of Mr. Pepper contain relevant and evidentiary information pursuant to the requirements of Rule 17(c). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

On August 5, 2020, the Government sent counsel for defendants a letter disclosing information which it had obtained during the course of its investigation pursuant to Federal Rules of Criminal Procedure 16(a) and 26.2, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83 (1963), a copy of which is attached to defendants' Joint Petition for Disclosure of Grand Jury Matters. *See* Dkt. # 298-1. In its letter, the Government disclosed that Mr. Pepper told counsel for Tyson that he was not aware of any illegality. *See Id.* at 29. Mr. Pepper furthermore informed representatives of the Government that he was not aware of any agreement at a higher level for a

4

substantial price increase. *Id*. at 86. Mr. Pepper said that he would have given pricing information to customers if he had been asked, and that he did not think it would be problematic. *Id*. at 85.

Mr. Pepper's statements to representatives of the Government contradicting the alleged existence of the charged conspiracy constitutes favorable or exculpatory evidence in favor of Mr. Roberts and the defendants. Such evidence is plainly relevant to Mr. Roberts' alleged guilt or innocence and his defense, and is of consequence to the action, pursuant to Rule 401. The Court of Appeals has recognized that agents' notes may constitute "'evidence favorable to an accused,' so that, if disclosed and used effectively, it may make the difference between conviction and acquittal." *United States v. Sullivan*, 919 F.2d 1403, 1427 (10th Cir. 1990) (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985); quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963); citing *Napue v. Illinois,* 360 U.S. 264, 269 (1959)); see also *United States v. Jordan*, 316 F.3d 1215, 1257 (11th Cir. 2003) ("it matters not whether exculpatory or impeaching material is in the form of raw notes, a 302, or an interoffice communication: if the document contains exculpatory or impeaching information, the prosecution is duty bound to disclose it").[1] And as another court has observed,

---

[1] Mr. Roberts also shows that evidence such as agents' notes may be subject to production pursuant to Federal Rule of Criminal Procedure 16, which provides, in relevant part:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>   (i) *the item is material to preparing the defense*;
>   (ii) the government intends to use the item in its case-in-chief at trial; or
>   (iii) the item was obtained from or belongs to the defendant.

Fed.R.Crim.P. 16(a)(1)(E) (emphasis added). Evidence is "material" if it "would be useful in obtaining further [favorable] evidence." *Giles v. Maryland*, 386 U.S. 66, 74 (1967).

5

"notes are a matter of considerable importance to a defendant, given the potential (actually, likelihood) that they constitute, or at least contain, *Brady* material." *United States v. Griggs,* 111 F.Supp.2d 551, 555 (M.D.Pa. 2000). Mr. Roberts believes that the Government Agents' notes from the Government's interviews of Mr. Pepper possess a high potential of containing addition favorable or exculpatory information.

     Mr. Roberts also possesses reason to believe that the Government Agents' notes from the Government's interviews of Mr. Pepper will contain additional evidence relevant to Mr. Pepper's credibility and impeachment. As shown by FBI Form FD-302s (Form 302s) and Commerce Interview Report Forms (IRFs) provided to the defense, Mr. Pepper has changed his story numerous times over the course of his numerous interviews by the Government. "An agent's reports or rough interview notes may [ ] be discoverable under *Brady* if the defendant shows that the notes… would have been useful to impeach the credibility of key prosecution witnesses." *United States v. Luna-Gomez*, No. CR 17-2583 JCH, 2018 WL 2138642, at *3 (D.N.M. May 9, 2018) (citing *Sullivan*, 919 F.2d at 1426-1427). DOJ itself recognizes that "Agent notes should be reviewed if there is a reason to believe that the notes are materially different from the memorandum, if a written memorandum was not prepared, if the precise words used by the witness are significant, or if the witness disputes the agent's account of the interview." David W. Ogden, Deputy Attorney General, *Memorandum for Department Prosecutors* (January 4, 2010), available at https://www.justice.gov/archives/dag/memorandum-department-prosecutors. The notes possess a likelihood of also containing information useful in the impeachment of Special Agent Taylor, who is listed as a witness for the Government and who was present during the many Government interviews of Mr. Pepper. The proposed Subpoenas to the Government employees for the

6

Government Agents' notes from the Government's interviews of Mr. Pepper should be authorized so that Mr. Roberts may obtain potential valuable exculpatory and impeachment evidence in order to adequately put on a defense to the Government's evidence at trial.

B. **The Government Agents' Notes Are Not Otherwise Procurable Reasonably In Advance of Trial By Exercise of Due Diligence**

Mr. Roberts does not seek production of the Government Agents' notes from the Government's interviews of Mr. Pepper in advance of trial, but at the beginning of the trial. The Government Agents' notes may be subject to production pursuant to the Jencks Act. *See* 18 U.S.C. § 3500(e). However, the Jencks Act only requires production of a witness' statement after the witness has testified on direct examination. *See id.*; *United States v. Chanthadara*, 230 F.3d 1237, 1254 (10th Cir. 2000) (quoting 18 U.S.C. § 3500(b)).

C. **Mr. Roberts Cannot Properly Prepare For Trial Without Production And Inspection of the Government Agents' Notes, And Failure To Obtain Such Inspection May Tend Unreasonably To Delay The Trial**

Mr. Roberts shows that production and inspection of the Government Agents' notes from the Government's interviews of Mr. Pepper are essential to his presentation of his defense. "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). Mr. Pepper is a key witness for the Government against Mr. Roberts as a former Tyson employee. As detailed above, Mr. Pepper is an important alleged co-conspirator in the charged conspiracy and is referred to many times in the Government's Superseding Indictment. Numerous statements by Mr. Pepper are claimed by the Government to have been in furtherance of the alleged conspiracy. Mr. Pepper is one of only a few fact witnesses identified by the Government, and the Government estimates that his testimony may last a full day. Obtaining any

and all exculpatory or impeaching information relating to Mr. Pepper is critically important for Mr. Roberts and his right to present a complete defense.

Furthermore, production of any notes by Government Agents after Mr. Pepper has testified on direct examination pursuant to the Jencks Act is insufficient and will cause delay at trial. As shown above, the Government has interviewed Mr. Pepper over 10 times with several Government Agents present from the FBI, Commerce and the USDA on each occasion. The amount of notes from Government Agents attending the interviews of Mr. Pepper is therefore likely to be voluminous. Mr. Roberts and his counsel, and counsel for the other defendants, must have sufficient time to review the notes in order to effectively prepare to cross-examine Mr. Pepper. Cross-examination "is critical for ensuring the integrity of the fact-finding process." *Kentucky v. Stincer*, 482 U.S. 730, 736 (1987) (quoting *Douglas v. Alabama*, 380 U.S. 415, 418 (1965)). In order to safeguard Mr. Roberts' right to a fair trial, the Court should authorize the issuance of the proposed Subpoenas.

**D. Mr. Roberts' Request for Subpoenas Is Made In Good Faith**

Pursuant to the final requirement under Rule 17(c), Mr. Roberts shows that his request for the issuance of Subpoenas for the Government Agents' notes from the interviews of Mr. Pepper is made in good faith. Mr. Roberts' requests for evidence are narrowly-tailored to one type of document—agents' notes—relating to one witness—Mr. Pepper. Mr. Roberts further shows that courts have ordered production of agents' notes in other cases where the notes were likely to reveal exculpatory or impeaching evidence or information. *See United States v. Stegman*, 873 F.3d 1215 (10th Cir. 2017) (observing that notes by Internal Revenue Service agent of files from audits of one of the defendants had been "'produced to defendants and [could] be used at trial'"); *United*

*States v. Anderson*, 36 F. Supp. 2d 1264, 1268 (D. Kan. 1998) (ordering the government to produce "rough notes of witness interviews conducted by government agents" which contained "(1) material and exculpatory information from rough notes taken by FBI agents who will testify at trial and (2) previously undisclosed material and exculpatory information from rough notes taken by FBI agents who will not testify at trial").

Mr. Roberts is not engaging in a "fishing expedition" in requesting Subpoenas for the notes of the Government Agents from the interviews of Mr. Pepper. He is seeking potential critical exculpatory or impeaching information relating to a key witness for the Government to enable him to present a complete defense. The Court should find that the requirements of Rule 17(c) have been satisfied, and should authorize the issuance of the proposed Subpoenas for the Govenrment Agents' notes from the Governments' interviews of Mr. Pepper. *See United States v. Chief*, 487 F. Supp. 3d 1162, 1169 (D.N.M. 2020) (holding that, to the extent that an FBI Special Agent's rough notes "contain undisclosed information that may be favorable and material, the government should resolve all doubts in favor of disclosure") (citing *United States v. Diggs*, 801 F. Supp. 441, 447 (D. Kan. 1992)).

### III. CONCLUSION

Based upon the arguments and authorities set forth herein, Defendant Gary Brian Roberts respectfully requests that the Court grant Defendant's Motion for Authorization of Subpoenas to Testify at a Hearing or Trial in a Criminal Case to Government Employees and Commanding Production of Documents or Information and issue an order authorizing the issuance of Subpoenas to Testify at A Hearing or Trial in a Criminal Case to employees of the United States Department of Justice (DOJ), the United States Department of Commerce and the United States Department

9

of Agriculture (USDA) and for the production of any and all notes made by agents of DOJ, Commerce, or USDA during any interviews of Carl Pepper, a former employee of Tyson Foods, Inc., with a compliance date of February 22, 2022, the date the retrial of this case is scheduled to commence.

Respectfully submitted, this 3d day of February, 2022.

| | |
|---|---|
| /s/ Craig A. Gillen | /s/ Richard Tegtmeier |
| Craig A. Gillen | Richard L. Tegtmeier, #2544 |
| Anthony C. Lake | SHERMAN & HOWARD LLC |
| GILLEN WITHERS & LAKE LLC | 633 Seventeenth Street |
| 400 Galleria Parkway | Suite 3000 |
| Suite 1920 | Denver, Colorado 80202 |
| Atlanta, Georgia 30339 | (303) 299-8163 |
| (404) 842-9700 | rtegtmeier@shermanhoward.com |
| cgillen@gwllawfirm.com | |
| aclake@gwllawfirm.com | |

*Counsel for Gary Brian Roberts*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3d day of February, 2022, I electronically filed the foregoing **DEFENDANT ROBERTS' MOTION FOR AUTHORIZATION OF SUBPOENAS TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE TO GOVERNMENT EMPLOYEES COMMANDING PRODUCTION OF DOCUMENTS OR INFORMATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

                                               */s/ Craig A. Gillen*_____
                                               Craig A. Gillen
                                               Anthony C. Lake
                                               GILLEN WITHERS & LAKE LLC
                                               400 Galleria Parkway
                                               Suite 1920
                                               Atlanta, Georgia 30339
                                               (404) 842-9700
                                               cgillen@gwllawfirm.com
                                               aclake@gwllawfirm.com

                                               *Counsel for Gary Brian Roberts*