IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

      Defendants.

---

**Defendants' Joint Motion for Immediate Production of all Rule 16, *Brady* and *Giglio* Materials Currently in the Government's Possession**

---

Defendants, through undersigned counsel, respectfully move for an Order directing the government to **immediately** produce all Rule 16, *Brady* and *Giglio* materials that are currently in its possession and have not yet been provided to defendants, including but not limited to: (1) all memorandum of witness interviews that have been memorialized in an FBI 302 Report or Investigative Report Form (IRF) (or the agent notes of witness interviews that have not yet been memorialized in an FBI 302 or IRF); (2) documents that refer to any consideration or benefit offered to any witness for their cooperation or potential trial testimony; and (3) any documents

that refer or relate to Carl Pepper's removal from the leniency non-prosecution protections conditionally offered to Tyson Foods and its current employees.

As the Court is aware, Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the government to produce, upon the defendants' request, documents and objects in the government's possession that, *inter alia*, are "material to preparing the defense." Similarly Section I(A)(7) of the Discovery Conference Memorandum and Orders entered into by the government and all ten defendants in this case, requires the government, at the request of the defendants and in light of the defendants' reciprocal discovery obligations, to produce, *inter alia*, "books, papers, documents, data, photographs, tangible objects . . . which are within the possession, custody, or control of the government, and which are material to the preparation of his defense." *See e.g.,* Doc. 138, p. 3.

In addition to its Rule 16 duties of disclosure, the government is obligated to provide materials that are either exculpatory or constitute impeachment materials, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). This obligation is also contained in the of the Discovery Conference Memorandum and Orders. *See Id.,* Section I(B)

Here, defendants request the immediate production of any Rule 16, *Brady* and *Giglio* materials currently in the government's possession that have not yet been provided to the defendants. Defendants acknowledge that the government provided extensive discovery in this case prior to the first trial. However, a review of discovery received **yesterday,** only after the defendants made a specific request, *see* Ex. A (Email from E. Prewitt to Government Counsel), makes clear that the government has been withholding discoverable materials for weeks—and

sometimes even months. On February 2, 2022, the government produced 8 FBI 302s, including the following:

- Larry Higdem, the Vice President of Analytics for Pilgrim's Pride Corporation, was interviewed by the government on December 2, 2021. The report of that interview was drafted on December 14, 2021 and entered into the FBI system on December 15, 2021, six weeks before it was produced.

- Charlie Solomon, Head of Operations of Poultry at Tyson Foods, was interviewed on January 13, 2021. The FBI 302 of that interview was drafted the same day and entered into the FBI system on January 19, 2021 but not disclosed for nearly two weeks.

- Perhaps most importantly, Carl Pepper, the Tyson employee who was carved out of the government's conditional grant of immunity protection prior to the September *James* Hearing, but whom it now indicates it intends to call as a witness at trial, was interviewed on January 12, 2022. No report was drafted until January 27, 2022 and the report was not entered into the FBI system until February 1, 2022.  As the Court may recall, Mr. Pepper was interviewed 12 times by June 2021 when the government still intended to call him at the first trial. It is reasonable to assume that the government has interviewed Mr. Pepper more than once in preparation for this trial. Yet, no other reports have been provided. Further, the one report that was provided was not produced until three weeks after the interview occurred, and less than three weeks before trial begins.

Trial is scheduled to begin in less than three weeks.  The government's gamesmanship with its discovery obligations at this late date is not acceptable. Unless the defendants are provided all Rule 16, *Brady* and *Giglio* materials immediately, they will not be able to effectively prepare for trial.

The government will likely argue that it needs time to prepare and review reports before they are produced. However, reports such as Mr. Solomon's demonstrate that a report can be drafted the same day an interview occurs. Further, to the extent the Court agrees that the government needs additional time, the defendants request that the Court order that the agent's notes be provided immediately and the reports made available when they are complete. This procedure would be consistent with how the government handled witness interviews that were conducted during the first trial, and with how the government handled the January 27, 2022 interview of Dean Bradley that was produced this evening.

Dated: February 3, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
Attorney for Rickie Patterson Blake
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Wendy L. Johnson*
Wendy L. Johnson
RMP LLP
Attorney for Rickie Patterson Blake
5519 Hackett St., Suite 300
Springdale, AR 72762
(479) 439-2705
wjohnson@rmp.law

*s/ Marci G. LaBranche*
Marci G. LaBranche
STIMSON STANCIL LABRANCHE HUBBARD LLC
Attorney for Timothy R. Mulrenin
1652 N. Downing Street
Denver, CO 80218
(720) 689-8909
labranche@sslhlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

   *s/ Nancy Hickam*
   Nancy Hickam