IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB-9

UNITED STATES OF AMERICA,

    Plaintiff,

v.

9.  GARY BRIAN ROBERTS,

    Defendant.

_____

## ORDER
_____

This matter is before the Court on Defendant Roberts' Motion for Authorization of Subpoenas to Testify at a Hearing or Trial in a Criminal Case to Government Employees and Commanding Production of Documents or Information [Docket No. 969]. Mr. Roberts asks the Court to issue a subpoena to government agents to testify at trial and for the notes of government agents from their interviews of Carl Pepper. *Id.* at 1-2. The government responded. Docket No. 1006. The government opposes the request for agent notes, but does not oppose the motion to the extent it seeks trial subpoenas for agent testimony. *Id.* at 2 n.1.

Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and states that the court "may direct the witness to produce the designated items in court before trial." Fed. R. Crim. P. 17(c)(1). Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials."

*Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

The government states that it has produced all agent interview reports in its possession and continues to produce them as they are created. Docket No. 1006 at 2. Additionally, the government states that it "has reviewed each agent's full set of notes, and to the extent any information was contained in agent notes that was not contained in a final interview report, that information also has already been produced to the defendants." *Id.*; *see United States v. Wright*, 2012 WL 4049826, at *3 (D. Colo. Sept. 13, 2012) ("[T]here is no discreet right to the preservation or production of handwritten notes that have been incorporated into final reports or statements." (citing *United States v. Shovea*, 580 F .2d 1382, 1389-90 (10th Cir. 1978)). Given that the government has already produced information from the agents' notes that may not have been included in the reports, Mr. Roberts cannot show any need for the notes themselves. *See United States v. Garcia-Martinez*, 730 F. App'x 665, 676-77 (10th Cir. 2018) (unpublished) ("[Defendant] has not demonstrated that he was legally entitled to independently receive originals and raw data containing, at least in substance, the same information [as contained in summary disclosures]."). Accordingly, the Court will deny that portion of the motion.

2

Wherefore, it is

**ORDERED** that Defendant Roberts' Motion for Authorization of Subpoenas to Testify at a Hearing or Trial in a Criminal Case to Government Employees and Commanding Production of Documents or Information [Docket No. 969] is **GRANTED in part** and **DENIED in part** as stated: the portion of the motion seeking agent testimony is granted and the portion of the motion seeking agent notes is denied. It is further

**ORDERED** that, on or before February 14, 2022, Mr. Roberts may file subpoenas for the testimony of Special Agents Taylor and Koppenahver.

DATED February 10, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge