IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

---

### UNITED STATES' MOTION FOR CURATIVE JURY INSTRUCTION AND NOTICE REGARDING LAY WITNESS OPINION TESTIMONY

---

During the direct examination of the government's witness, Mr. Carl Pepper, defense counsel made several inflammatory speaking objections improperly arguing in the presence of the jury. Especially troubling was defendant Lovette's objection, stating words to the effect that a witness' testimony was essentially a "tape recording" the government made with him and implying that he had been "coached until Tuesday." R. Tr. Mar. 2, 2022 at 242:2-8.[1]

---

[1] For the convenience of the Court, the government cites a real-time transcript of the proceedings because a certified transcript is not yet available. To the extent the Court's recollection differs, the government defers to the Court's view.

Counsel for defendant Lovette again condescendingly referred to the witness' opinions in yet another speaking objection, in which he incorrectly characterized the term "understanding" used by the witness as an indecipherably ambiguous phrase. R. Tr. Mar. 2, 2022 at 247:1-6.

The comments—in addition to plainly lacking decorum—are improper, highly prejudicial, and consistent with neither the facts nor the law. The objections are addressed in turn.

**Coaching Allegation:** First, "coaching" is a loaded term defendant Lovette's counsel used to imply that Mr. Pepper's testimony was engineered by the prosecution. The Court recognized such on the record after the jury was excused, although counsel denied having used the term.  R. Tr. Mar. 2, 2022 at 259:22-25. The prejudice from this kind of allegation ungrounded in any fact is violative of the Rules of Evidence and should be cured by a jury instruction explaining that only the jury—not defense counsel—can judge or weigh the credibility of a witness.  *See* Fed. R. Evid. 103(d) ("[T]he court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."). The government therefore respectfully proposes that the Court give this curative instruction tomorrow morning before Mr. Pepper resumes his testimony:

> "You may have heard some comments by counsel for defendant Lovette about the credibility of Mr. Pepper yesterday.  But the attorneys' arguments are not evidence.  You, as the jury, are the sole judges of the credibility or 'believability' of each witness and the weight to be given to the witness's testimony."[2]

---

[2] The proposed instruction is taken in part from Instruction No. 7 given in the prior trial, which reads in part: "You are the sole judges of the credibility or 'believability' of each

**Testimony to An Understanding Or Agreement:** Second, counsel continuously objected to the witness' use of the term "understanding" in describing the substance of his discussions with competitors. R. Tr. Mar. 2, 2022 at 247:1-6 (counsel for defendant Lovette interrupting the witness and describing the term understanding as indecipherably ambiguous to the jury); R. Tr. Mar. 2, 2022 at 252:20-21 (counsel for defendant Penn interrupting the witness because he characterized what was discussed rather than using specific words); R. Tr. Mar. 2, 2022 at 252: 5-6 (counsel for defendant Little interrupting the witness, without stating a basis other than "understanding").

Such testimony is not objectionable, entirely proper lay witness testimony, and will of course be helpful to the jury. In addition, counsel toed the line of incorrectly instructing the jury on the law when calling the term "understanding"—an everyday term which will unquestionably be in the Court's instructions—"indecipherably vague." R. Tr. Mar. 2, 2022 at 247:1-6.

Of course, "[a]n opinion is not objectional just because it embraces an ultimate issue." Fed. R. Evid. 704(a); *see also* Government's Consolidated Opp. to Defs. Mots. in Lim., ECF No. 1019 at 6-10 (use of phrase "price fixing" and "bid rigging" is appropriate). As such, the Tenth Circuit has endorsed "testimony about a defendant's substantive guilt" using characterizations such as "fraud," "kickbacks," and even describing their view that the conduct was "illegal." *United States v. Brooks*, 736 F.3d 921, 931 n.2 (10th Cir. 2013); *see also Okland Oil Co. v. Knight*, 92 F. App'x 589, 600

---

witness and the weight to be given to the witness's testimony."  *See also* Tenth Circuit Pattern Jury Instruction No. 1.08 (2021 ed.) (updated Apr. 2, 2021).

(10th Cir. 2003) (party's use of the term "kickback" in civil case was not prejudicial because the opposing party was free to dispute the characterization and present its own theory of the case); *United States v. Morris*, 573 F. App'x 712, 723 (10th Cir. 2014). On this same basis, "witnesses in antitrust case have uniformly been permitted to testify concerning the existence of agreements and understandings." *United States v. Standard Oil Co.*, 316 F.2d 884, 890 (7th Cir. 1963) (collecting cases). This Court applied this same logic in denying the defendants motion in limine to prohibit the use of the term "price fixing," which the Court described as "a generic term." R. Tr. Feb. 10, 2022 at 187:3-9.

In fact, the Tenth Circuit has found a district court's limitation of lay witness testimony to only "observations" as opposed to opinions or inferences to be reversible error. *United States v. Goodman*, 633 F.3d 963 (10th Cir. 2011). The Tenth Circuit in *Goodman* took the opportunity to expound on permissible opinion and inference testimony. Such testimony need only (1) be "rationally based on the perception of the witness," (2) be "helpful to clear understanding of the witness' testimony or the determination of a fact at issue," and (3) "not based on scientific, technical, or other specialized knowledge within the scope of 702." Fed. R. Evid 701. As such, the Tenth Circuit concluded that the "Federal Rules of Evidence do not, therefore, categorically prohibit lay witnesses from offering opinion testimony regarding the defendant's mental state." *Goodman* at 968.

Here, Mr. Pepper sought to testify about his own mental state reached as a result of conversations with the defendants, his conspirators. Although it would entirely proper

4

under *Goodman*, Mr. Pepper did not seek to testify about a defendants' state of mind. *Goodman* at 969. Such testimony is proper, based on his own perceptions, and extremely relevant and helpful to the jury in understanding Mr. Pepper's testimony.

Respectfully submitted this 2nd day of March 2022.

By: */s/ Heather Call*
Heather D. Call
Michael T. Koenig
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: Heather.call@usdoj.gov

5