IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

**UNITED STATES' MOTION TO COMPEL WITNESS LIST
AND RULE 26.2 STATEMENTS OF DEFENSE WITNESSES**

---

The government respectfully moves to compel the defendants to produce a realistic witness list—as opposed to their current list of 147 witnesses, a third of which are unnamed—and statements of such defense witnesses under Federal Rule of Criminal Procedure 26.2. The government estimates that it will rest its case later this week. In preparation for the defendants' case-in-chief, the government requested from defense counsel a revised witness list, but the defendants have not responded.

*Witness List*. Section IV.A of the Court's Criminal Practice Standards provides that "[t]wo business days before the trial preparation conference, the parties shall file their proposed witness and exhibit lists via CM-ECF." The form witness list on the Court's webpage requires "Estimated Date(s)" and "Length of Testimony" for each witness. It is within the Court's discretion to require such pre-trial disclosure of witnesses and to exclude witnesses not appropriately noticed. *See United States v. Combs*, 267 F.3d 1167, 1178–80 (10th Cir. 2001); *see also United States v. Russell*, 109 F.3d 1503 (10th Cir. 1997) (setting forth a three-factor test for the exclusion of witnesses based on improper disclosure based on prejudice to the opposing party).

The government will likely rest toward the end of the week, and the government still does not know who the defendants actually plan to call. The defendants' current witness list is unhelpful, as it contains 105 witnesses identified by name, 5 unnamed witnesses identified only by category,[1] and 37 unnamed custodians of record. The sheer number of potential defense witnesses make it extremely difficult for the government to adequately prepare for cross examination. And with an estimated 9-10 days available for the defendants' case-in-chief (subtracting 2.5 days for jury selection and openings, 7.5-8.5 days for the government's case-in-chief and 2 days for closings and rebuttal from the 22 allocated days), the defendants would need to call more than 13 witnesses per day to get through all 147 witnesses. That is obviously unrealistic.

---

[1] Categories include: "Fact Witness from McKinsey," "KFC Franchisees," "RSCS Board Member," "Witness for Summary Exhibits," and "General Character Witnesses."

Thus, the government respectfully requests a realistic witness list, including the order of witnesses as well as the estimated dates and times for each witness.

*Rule 26.2 Material*. Fed. R. Crim. P. 26.2(a) provides in pertinent part that, "[a]fter a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Under subsection (d), the Court may grant a recess after direct testimony if the government needs time to assess the defense witness's prior statements. Fed. R. Crim. Pr. 26.2(d).

Though the government is aware that the Court cannot order disclosure until after a witness has completed his or her testimony, the government requests the Court to compel the defendants to produce any witness statements as soon as possible in the interest of expediting the trial. Granting the government's request would help avoid trial delays immediately following testimony of the defendants' witnesses, especially their multiple experts. To the extent that the defendants' counsel possess witness statements that contain privileged information, the government seeks *in camera* review pursuant to Rule 26.2(c).

For the foregoing reasons, the Court should order the defendants to produce a realistic witness list and Rule 26.2 material as soon as practicable, but no later than 9:00 pm MT on March 7, 2022.

Dated: March 6, 2022

Respectfully,

By:   /s/ Michael T. Koenig
     Heather D. Call
     Michael T. Koenig
     Carolyn M. Sweeney
     Paul J. Torzilli
     Trial Attorneys
     Antitrust Division
     U.S. Department of Justice
     Washington Criminal II Office
     450 Fifth Street, N.W.
     Washington, D.C. 20530
     Tel: (202) 598-2623
     heather.call@usdoj.gov
     Attorneys for the United States