**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

---

### UNITED STATES' MOTION TO COMPEL DEFENDANTS' SUMMARY EXHIBITS

---

The government respectfully requests that the Court compel the defendants to produce its case-in-chief summary exhibits at least 48 hours—or, in the case of expert summary exhibits, 4 days—before they intend to introduce them. This reasonable advance notice will enable the government to verify the accuracy of the summaries before they are offered into evidence. The defendants' continued unwillingness to comply with the Court's Practice Standards has materially prejudiced the government

and, if permitted to continue, may result in avoidable delays depending on the extensiveness of summaries.

Federal Rule of Evidence 1006 itself provides that the proponent of a summary exhibit "must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006. Summary exhibits for which the underlying documents cannot be reviewed for accuracy are not admissible. *See Carosella v. One World Translation & Assocs., Inc.*, No. 16-cv-0805-WJM-KMT, 2018 WL 4565561 (D. Colo. Sept. 24, 2018), at *5 (holding summary exhibits as inadmissible under Rule 1006 because the underlying files could not be produced or identified, and therefore the opposing party could not check the summary exhibits for accuracy.); *United States v. Babichenko*, 543 F.Supp.3d 946, 952 (D. Idaho 2021) (citing *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984) ("Summary exhibits must be reasonably accurate and correct in their characterizations of the underlying materials.").

As Rule 1006 provides, the government needs reasonable time to review the defendants' summary exhibits before they are offered. The defendants have now had more than ample opportunity to prepare their proposed summaries. The Court ordered the Parties to provide their Exhibit Lists for the re-trial on January 14, 2022. The defendants have argued that the government should have been held to that date for disclosure of its summary exhibits, but that the defendants could not have disclosed their summary exhibits by that date because they did not have a sufficient understanding of the government's case in January. Their argument was meritless

when first raised—this is the second trial with very similar evidence as the first trial—and the argument is now indefensible—the defendants have introduced several summary exhibits with no notice to the government in contravention to the letter and spirit of Rule 1006. There is no reason those exhibits could not have been provided ahead of time to permit the government to verify their accuracy.

Moreover, the defendants' unwillingness to exchange summary exhibits before offering them is in direct violation of this Court's Criminal Practice Standards. Those Standards provide that "[e]xhibits not timely pre-marked or exchanged before a hearing or trial may not be admitted." *See* Chief Judge Brimmer's Criminal Practice Standards at 3 (updated Dec. 1, 2020). Therefore, if the defendants refuse to exchange their summary exhibits at least two days before they intend to introduce them—and four days in advance for expert summaries—they should be excluded. *Id.*

Dated: March 12, 2022

Respectfully submitted,

*/s/ Michael T. Koenig*
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*