IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

## ORDER

---

This matter comes before the Court as a follow up to the Court's February 14, 2022 order. Docket No. 1050.

The Court held a *James* hearing on September 2, 2021 and September 8, 2021. *See* Docket Nos. 440, 490. The Court issued an order finding, by a preponderance of the evidence, that (1) a conspiracy to rig bids and fix prices for broiler chicken products existed and operated between at least August 2011 and early 2019; (2) the membership of the conspiracy included each defendant and twenty[1] other individuals;

---

[1] The *James* order lists twenty-one non-defendant individuals as members, *see* Docket No. 559 at 8-9, but Tim Stiller is listed twice. *See id.*

and (3) certain statements were made during and in furtherance of the conspiracy. Docket No. 559 at 7-9, 20-48. The Court then presided over a twenty-five day trial, Docket No. 907, which ended in a mistrial. *See* Docket No. 920 at 2. Following the mistrial, the case was re-set for a twenty-two day trial to begin on February 22, 2022. Docket No. 925 at 1. Before the re-trial, the government filed a motion to supplement the *James* log and for reconsideration of certain exhibits the Court had found to not be in furtherance of the conspiracy in the original *James* order. Docket No. 941.[2]

The Court granted the motion to supplement in part and denied it in part. Docket No. 1050 at 10. The Court found that the following entries in the government's supplemental *James* log were made during and in furtherance of the conspiracy and permitted the government to add these entries to the *James* log: Entries 6-S (GX-9730), 7-S (GX-9739), 8-S (GX-9740), 22-S to 47-S, 50-S, 53-S to 83-S, and 85-S to 89-S. *Id.* at 3, 5-6. The Court additionally granted the government's motion to reconsider certain entries from the original *James* order. *Id.* at 8-10. Specifically, the Court found that the following entries in the original *James* log were made during and in furtherance of the conspiracy: Entries 50 (GX-113), 51 (GX-108), 52 (GX-109), 56 (GX-118), 57 (GX-119), 152 (GX-563), and 163 (GX-500). *Id.*

---

[2] The Court permitted the government to file an updated and corrected supplemental *James* log making the following changes: (1) the date of the co-conspirator statements in Entries 10-S and 11-2 was corrected; (2) Entry 19-S was shaded to reflect that the government withdrew this entry; and (3) for entries from trial testimony, the government updated the citation to be from the certified transcript. Docket No. 1043 at 1-2; Docket No. 1050 at 2 n.1. However, the Court cited Docket No. 941-1 in its order at Docket No. 1050 because that was the docket entry to which the defendants had filed their objections. Docket No. 1050 at 2 n.1. The Court cites Docket No. 941-1 in this order for consistency, though there have been minor corrections made to it in Docket No. 1043-1.

For a statement to be admissible under Fed. R. Evid. 801(d)(2)(E), the district court must first find the following elements by a preponderance of the evidence: "(1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy."[3]  *United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir. 2007).  When the Court permitted the government to add these entries to the *James* log and granted reconsideration it "admit[ted] the statements on the condition that the prosecution 'connect up' the evidence and prove the existence of the predicate conspiracy through trial testimony or other evidence."  *United States v. Jeffrey*, 128 F. App'x 680, 695 (10th Cir. 2005) (unpublished).  The Court must make findings on the record that Rule 801(d)(2)(E) has been satisfied and, "[p]resumably, th[is] could consist of a single declarative sentence."  *Id.* at 697 n.9.

The Court finds that, when they were admitted, the following statements "connected up": (1) statements of Carl Pepper from interviews, Entries 23-S to 44-S; (2) testimony of Joseph Brink, Entries 45-S to 47-S; (3) testimony of Robert Bryant, Entries 54-S to 83-S; and (4) statements of Peter Suerken from interviews, Entries 85-S to 89-S.

The Court additionally finds that each of the following exhibits "connected up" when admitted: (1) Entry 8-S (GX-9740); (2) Entry 22-S (GX-9743); (3) Entry 50 (GX-113); (4) Entry 51 (GX-108); (5) Entry 52 (GX-109); (6) Entry 56 (GX-118); (7) Entry 57

---

[3] The Court's earlier *James* order, Docket No. 559, found that the conspiracy existed and the declarant of each entry in Docket No. 941-1 was a member of the conspiracy.  Docket No. 559 at 7-9.

(GX-119); (8) Entry 152 (GX-563); and (9) Entry 163 (GX 500).[4]  The Court finds that the government has "connected up" each of the entries listed above that came into evidence.

For the foregoing reasons, it is

**ORDERED** that, to the extent they were admitted into evidence, Entries 8-S (GX-9740), 22-S (GX-9743), 23-S to 47-S, 54-S to 83-S, and 85-S to 89-S of the supplemental *James* log and Entries 50 (GX-113), 51 (GX-108), 52 (GX-109), 56 (GX-118), 57 (GX-119), 152 (GX-563), and 163 (GX-500) of the original *James* log were made during and in furtherance of the conspiracy and "connect up" to the conspiracy.

DATED March 15, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[4] Certain entries the Court permitted the government to add to the *James* log were from witnesses that did not testify at the re-trial or were for exhibits that were not introduced at the re-trial.  *See e.g.*, Docket No. 941-1 at 7, Entry 53-S (trial testimony of James Olson from the first trial stating that Mr. Roberts and Mr. Blake each stated that they were unable to help by providing a lower price; Mr. Olson did not testify at the re-trial); *id.* at 3, Entry 7-S (exhibit not admitted into evidence at retrial).  For entries that pertain to information that was not introduced, there is no finding on whether these entries "connect up."