IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **WILLIAM WADE LOVETTE,**

    Defendants.

---

**UNITED STATES' NOTICE OF EXCLUDED TIME UNDER THE SPEEDY TRIAL ACT AND REQUEST FOR UPDATED TRIAL DATES**

---

The government respectfully submits this notice and request regarding the Speedy Trial Act and updated trial dates. As detailed below, Defendants' Rule 29 motions and other pre-trial motions exclude time under the Speedy Trial Act. If convenient for the Court, the government respectfully requests updated trial dates that would allow for trial to proceed without the one-week, mid-trial break contemplated by the current schedule. New dates would minimize potential prejudice and interference with jury attention caused by a prolonged break.

## DISCUSSION

On March 29, 2022, the Court declared a mistrial and set June 6 as the first day of the retrial. (Courtroom Minutes, ECF 1231 at 2.) On April 15, the Court specified the

trial dates. (*See* Order Re-Setting Trial Dates and Deadlines, ECF 1263.) The presently-scheduled dates unfortunately create a one-week gap in the middle of the jury trial from June 16 to June 27.

The Court's schedule was based on the Speedy Trial deadline. (*See* R. Tr. 3/29/2022 at 9:14-16 ("the [S]peedy [T]rial deadline is June 7th. So, I will reset the trial for June 6th.").) However, motions taken under advisement or filed since the Court's initial calculation exclude time under the Speedy Trial Act. The Court has at least 22 days beyond June 7 based on certain past, pending, and future motions. 17 of those days—and counting—are attributable to the Defendants' pending Rule 29 motions for acquittal. The remaining days are attributable to other pre-trial motions.

I. **Defendants' Rule 29 Motions Exclude Time.**

Defendants' Rule 29 motions (ECF 1207, 1210, 1212, 1214–15) exclude time under the Speedy Trial Act's "advisement" provision, 18 U.S.C. § 3161(h)(1)(H). They do so by meeting both requirements of the provision.

First, the Rule 29 motions qualify as "any proceeding concerning the defendant." *Id.* This statutory language sweeps broadly. *See generally, e.g.*, *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (holding that "the word 'any' has an expansive meaning"); *United States v. P. F. Collier & Son Corp.*, 208 F.2d 936, 939 (7th Cir. 1953) (holding same for "proceeding"); *Morley v. CIA*, 508 F.3d 1108, 1118 (D.C. Cir. 2007) (holding same for "concerning"). The Act also tolls time even if the motion at issue does not "actually cause[] a delay, or the expectation of delay, of trial." *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011); *see id.* at 656–660. Thus, courts have held that

pending Rule 29 motions—including those pending before a retrial—toll time. *See United States v. Tertrou*, 742 F.2d 538, 539 (9th Cir. 1984) (per curiam) (analyzing Rule 29 motion for mistried counts followed by retrial); *United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999) (analyzing post-trial Rule 29 motion).

Second, Defendants' Rule 29 motions have been "actually under advisement." 18 U.S.C. § 3161(h)(1)(H). By a conservative estimate, the motions have been under advisement since the government filed its opposition on April 15.[1] "A motion is 'under advisement' once the district court has obtained all of the information necessary for it to rule on the motion." *United States v. Hicks*, 779 F.3d 1163, 1170 (10th Cir. 2015) (citing *United States v. Margheim*, 770 F.3d 1312, 1322 (10th Cir. 2014)). And if that date is ambiguous, the Tenth Circuit has presumed whatever date avoids "effectively penaliz[ing] the government and the district court." *United States v. Apperson*, 441 F.3d 1162, 1183 (10th Cir. 2006); *see also Margheim*, 770 F.3d at 1322–23 (holding that defendant "cannot benefit" from strategic withdrawal of motion). Here, out of caution, the government assumes the Court "obtained all of the information necessary" to rule on Defendants' Rule 29 motions on April 15—the date of the government's opposition. *See*

---

[1] To err on the side of caution, the government's calculation of excluded time does not include any overlapping excludable periods that may be attributable to other pending motions. (*See, e.g.*, Defs. Renewed or Supp. Motions for Acquittal, ECF 1246–50 (Apr. 4, 2022); US' Mot. re *James* Log, ECF 1276 (Apr. 25, 2022); Defs.' Mot. for Expanded Jury Voir Dire, ECF 1276 (Apr. 26, 2022).) Nor does the calculation include time attributable to this request for updated trial dates. The government preserves future reliance on these motions. *See, e.g.*, *United States v. Mulgado-Patida*, 402 F. App'x 367, 373 (10th Cir. 2010) (excluding time on *James* motion).

*Hicks*, 779 F.3d at 1170.[2] Therefore, from the Rule 29 motions alone, the Court has the benefit of at least 17 more days for scheduling this retrial. These motions will continue to exclude time until the maximum of thirty days have been excluded under the "advisement" provision. 18 U.S.C. § 3161(h)(1)(H).

Defendants would not be able to rely on Bill Lovette's unauthorized reply brief filed on April 22 (ECF 1266) to delay the start of the "advisement" period. That filing was not authorized by the local rules nor solicited by the Court. As the Tenth Circuit held in *United States v. Apperson*, an "unanticipated pleading" such as Lovette's reply cannot subtract Speedy Trial time. *Apperson*, 441 F.3d at 1183. "Any conclusion to the contrary would effectively penalize the government and the district court by allowing a defendant to file an unanticipated pleading that effectively delays the resolution of pending motions without simultaneously tolling the S[peedy] T[rial] A[ct] clock." *Id.*

## II. Two Other Sets of Motions Also Exclude Time.

Two other sets of motions also exclude time. The first comprise "'pro forma' or 'administrative' motion[s]." *United States v. Hicks*, 779 F.3d 1163, 1172 (10th Cir. 2015). These motions are "under advisement" from the date they are filed. *Id.* To date, at least one such motion has tolled time. The April 11 motion requesting remote observation of the Assistant Attorney General's hearing (ECF 1253) tolled one day. It did so despite being decided the same day. (ECF 1254); *see, e.g.*, *United States v. Williams*, 511 F.3d

---

[2] Alternatively, the "advisement" period started on March 22, not on April 15, when the Court "T[OOK] UNDER ADVISEMENT" all the pending Rule 29 motions. (Courtroom Minutes, ECF 1218 at 3 (order as to ECF 1205, 1207–15).) But out of caution, the government assumes that the advisement period "actually" started when the government filed its opposition on April 15. 18 U.S.C. § 3161(h)(1)(H).

4

1044, 1050 n.5 (10th Cir. 2007) ("[S]everal circuits hold that the date on which a pretrial motion is filed is excludable, as is its disposition date.").

"Any pretrial motion" further excludes time under 18 U.S.C. § 3161(h)(1)(D). Presently, pretrial motions are due May 9. Responses to those motions are due May 12. Even if the Court were to resolve the pretrial motions on May 12, four days would have passed "from the filing of the [pretrial] motion through the . . . prompt disposition of[] such motion." *Id.* § 3161(h)(1)(D). Of course, the Court will likely decide the pretrial motions well after May 12. So, barring the unforeseen, those motions will extend the Speedy Trial deadline by more than four days.

Together, the pending Rule 29 motions, April 11 motion, and the upcoming pretrial motions toll at least 22 days.[3] With this additional latitude in mind, the government respectfully requests updated trial dates. Specifically, if convenient for the Court, the updated dates should close what is currently a one-week gap in the midst of trial. Gaps during a jury trial carry significant risks. For one, empaneled jurors "might be exposed in the interim to outside sources concerning the case." *E.g.*, *United States v. Armstrong*, No. 1:07-CR-26-SJM-1, 2010 WL 4275232, at *3 (W.D. Pa. Oct. 25, 2010), *aff'd sub nom. United States v. Diehl-Armstrong*, 504 F. App'x 152 (3d Cir. 2012). Such exposure could—at worst—require a mistrial. For another, "a recess of even moderate duration can interfere with the jurors' focus on the evidence." *E.g.*, *Com. v. Baro*, 897

---

[3] The government's calculation of excluded time does not include any potential overlap between (1) the excludable advisement period for the Rule 29 motions; and (2) the excludable period between the filing and disposition of the pretrial motions. Given that the Rule 29 motions' advisement period started on April 15, any overlap would stop by May 15. *See* 18 U.S.C. § 3161(h)(1)(F) (capping "advisement" period at 30 days).

N.E.2d 99, 103 (Mass. App. Ct. 2008). Such lapses in juror focus or recollection would disserve this weighty proceeding. All told, updating the trial schedule would minimize potential prejudice and interference with jury attention.

## CONCLUSION

As of today, the Speedy Trial Act deadline for a new trial is June 29, 2022. Pending Rule 29 motions or pretrial motions continue to extend the deadline. Accordingly, the government respectfully requests updated trial dates that are convenient for the Court and that would allow trial to occur continuously and without a break from June 16 to June 27, 2022.

Dated: May 2, 2022          Respectfully submitted,

<u>/s/ Matthew Chou</u>
KEVIN B. HART
LESLIE A. WULFF
PAUL TORZILLI
DANIEL LOVELAND, JR.
MATTHEW CHOU
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-8242
Email: kevin.hart@usdoj.gov
*Attorneys for the United States*