IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>1.      JAYSON JEFFREY PENN,<br>2.      MIKELL REEVE FRIES,<br>3.      SCOTT JAMES BRADY,<br>4.      ROGER BORN AUSTIN, and<br>5.      WILLIAM WADE LOVETTE,<br><br>      Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS' MOTION IN LIMINE 2: JOINT MOTION TO EXCLUDE NEW EVIDENCE FROM THE THIRD TRIAL**

Defendants, by and through undersigned counsel, respectfully submit this Motion in Limine to Exclude New Evidence From The Third Trial.[1]

The government investigated this case for more than four years before the first trial began. It then tried and failed to prove its case—twice. Now, drawing on its failures at the first two trials, the government seeks to revise its case yet again. The government's justification for trying its case a third time as "streamlining" is belied by the facts: the government has not removed a single document from the exhibit list, but has added more than 100 *new* exhibits; it has taken one witness off its list, but has added four *new* witnesses. This new evidence relates mostly to the Pilgrim's Defendants' prior compensation and bonus structures—evidence the Court refused to admit in the prior trials—employment information, and internal company

---

[1] Defendants are also moving to exclude some of the new evidence on other grounds. *See* Defendants' Motions 3-11 (May 9, 2022).

1

presentations with no relevance to the charged conspiracy.[2] But there is no reason the government could not have discovered that information in the more than four years before the first trial—or in the three months before the second. And none of it is relevant to the Claxton defendants. The purpose of retrial is not to provide the government a fresh opportunity to fill gaps it belatedly believes prevented conviction twice before. Because of concerns about basic fairness, the Tenth Circuit has approved a district court's refusal to admit new evidence in a subsequent trial as long as that refusal does not work a "manifest injustice." *Cleveland By and Through Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1450 (10th Cir. 1993).

Here, there is no manifest injustice in preluding the government from introducing new evidence it could have introduced in the first two trials. Just the opposite. Such endless opportunity for revision is fundamentally unfair to Defendants. The government has already had more than enough time to investigate this case and assemble evidence; fairness demands a limit. Fairness demands also that the government be held to the representation it made to the Court that the case would be streamlined. Consistent with the Tenth Circuit's decision in *Cleveland By and Through Cleveland*, the Court should hold the government to its representation and its twice-made tactical decisions and prohibit the government from introducing any new evidence at the third trial.[3]

---

[2] Defendants have moved separately to exclude these new exhibits on hearsay, relevance, and prejudice grounds. *See* Defendants' Motion 5 (May 9, 2022).

[3] Defendants did not make this same challenge at the second trial, though the same fairness concerns applied then too. But not challenging the government's introduction of new evidence in the second trial does not waive Defendants' rights to challenge new evidence in the third trial. And the prejudice to Defendants of the government learning from its prior mistakes is obviously more pronounced in a third trial than in a second.

2

# ARGUMENT

I. **The Introduction Of New Evidence On Retrial Is Unfair to Defendants, And Its Exclusion Would Not Cause Manifest Injustice To The Government**

District courts exercise "reasonable control" over parties' "examining witnesses and presenting evidence," Fed. R. Evid. 611(a), and should use that control "so as to administer every proceeding fairly," Fed. R. Evid. 102; *see United States v. Augenblick*, 393 U.S. 348, 532 (1969) ("Rules of evidence are designed in the interest of fair trials."). District courts thus enjoy "considerable discretion in running [their] courtroom[s]," *United States v. Rodebaugh*, 798 F.3d 1281, 1294 (10th Cir. 2015) (internal quotations omitted), including "wide-ranging control" over "the admission of evidence," *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004).

These principles "govern the trial court's discretion in managing a second"—or third— "new trial in any given case." *Cleveland By and Through Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1450 (10th Cir. 1993), *abrogated on other grounds by US Airways, Inc. v. O'Donnell*, 627 F.3d 1318 (10th Cir. 2010). District courts, "familiar with the conduct of the original trial," "the needs for judicial management," and "the requirements of basic fairness to the parties," retain "broad latitude" to exclude new evidence unless "denial of the new evidence would create a manifest injustice." *Id.* Accordingly, when retrial follows a hung jury, district courts exclude new evidence that was discoverable "long before even the first trial." *Gagne-Fusco v. Gen. Motors Corp.*, 804 F. Supp. 404, 407 (D.N.H. 1992) ("To seek introduction of that which could have been brought forth at a much earlier date is to now test the Court's patience which is dimming with each new motion submitted on the eve of retrial.").

The reason for excluding such new evidence in a retrial is because "retrials are not given to provide the plaintiff with an opportunity to improve its case." *Total Containment, Inc. v.*

3

*Dayco Prods., Inc.*, 177 F. Supp. 2d 332, 338 (E.D. Pa. 2001). Retrials are not "invitation[s] to reopen discovery." *Cleveland By and Through Cleveland*, 985 F.2d at 1449. Nor are they opportunities to "enlarge trial time unnecessarily through the addition of totally new exhibits and testimony." *Id.* Indeed, while it "is always easy in hindsight for counsel to realize there may have been a better way to try a case the second time around," new trials following mistrials are not meant for lawyers to "plug the holes" in their cases. *Id.* at 1449-50. Accordingly, even where there is a "likelihood of a second"—or third—"hung jury if the parties are not allowed to introduce new evidence," *Gagne-Fusco*, 804 F. Supp. at 407, "fairness, efficiency, and the need for a coherent record" compel the exclusion of new evidence, *Apple, Inc. v. Samsung Elecs. Co.*, 2016 WL 524904, at *3 (N.D. Cal. Feb. 10, 2016); *see Oriental Fin. Grp., Inc. v. Fed. Ins. Co.*, 2007 WL 9760439, at *2 (D.P.R. June 19, 2007) (excluding "evidence and witnesses not presented to the first jury" from retrial). That principle applies even more acutely in the criminal context: criminal defendants at risk of losing their liberty have even greater interest than civil defendants in preventing their opponents from repeatedly revamping their trial strategies.

The government has already had two full and fair opportunities to present its best case. Before the first trial, the government investigated for 55 months. It conducted countless interviews, obtained and produced millions of documents, and spent copious hours devising its trial strategy. That effort failed. So, at the second trial, it revised its case. It presented an entirely new "star witness" and added 160 new exhibits. That effort also failed. "[B]asic fairness" bars the government from revising its case a third time. *Cleveland By and Through Cleveland*, 985 F.2d at 1450; *see Green v. United States*, 355 U.S. 184, 187 (1957) (allowing the government, "with all its resources and power," to "make repeated attempts to convict an

4

individual for an alleged offense" would be fundamentally unfair).  The new evidence the government seeks to present—Defendants' texts, compensation information, and employment information—was discoverable "long before even the first trial."  *Gagne-Fusco*, 804 F. Supp. at 407.  And the government cannot show that its exclusion would cause "manifest injustice." *Cleveland By and Through Cleveland*, 985 F.2d at 1450 (district court properly exercised its discretion to limit retrial to only exhibits and witnesses admitted in the first trial unless refusing to admit new evidence worked a "manifest injustice").

      Exactly the opposite.  Allowing the government yet *another* opportunity to revise its case is deeply unfair to Defendants.  Retrial following a procedural defect—like a mistrial based on a deadlocked jury—should not be an opportunity for the government to revamp its evidence before it tries again.  *See Gagne-Fusco*, 804 F. Supp. at 407.  And, even worse, the government represented to the Court that it would use the third trial to *streamline* its case, not to expand it. Apr. 14, 2022 Hearing Tr. 10:18-11:1.  Indeed, the government—Mr. Kanter and Ms. Call—represented to the Court that it failed to secure convictions the first two times because of juror confusion, not because of lack of sufficient evidence.  *Id.* at 19:19-23:22.  And Mr. Kanter represented to the Court that the decision to retry the case complied with the Justice Manual *because* the government had the proof it needed.  *Id.* at Tr. 8:22.  The Court should thus exercise its broad discretion to prohibit the government from introducing new evidence that it could have, but failed, to discover and introduce in the first two trials.[4]

---

[4] If Defendants were to seek a new trial based on newly discovered evidence, they would have to show that "(1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by lack of diligence; (3) the new evidence is not merely impeaching or cumulative; (4) the new evidence is material to the principle issues involved; and (5) the new evidence would

## II. The Continuing Jeopardy Theory Requires That The Government Have Just One Full And Fair Opportunity To Prove Its Case

The "continuing jeopardy" theory likewise counsels in favor of excluding new evidence from retrial. Although Defendants disagree that juror deadlock "is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was first impaneled," *see* Defendants' Motion to Dismiss Prosecution as Unconstitutional (quoting *Yeager v. United States*, 557 U.S. 110, 118 (2009)), for now, that is the law. Accordingly, "the failure of the jury to reach a verdict is not an event which terminates jeopardy." *Richardson v. United States*, 468 U.S. 317, 325 (1984). Under current law, retrial simply extends the government's "one full and fair opportunity to present [its] evidence to an impartial jury." *Arizona v. Washington*, 434 U.S. 497, 505 (1978). In other words, retrial following a deadlocked jury serves not as a new proceeding, but instead as a "continuation" of the proceeding that originally began "when the jury was first impaneled." *Yeager*, 557 U.S. at 118.

That doctrine counsels in favor of exclusion. If retrial serves as a "continuation" of the initial jeopardy, *id.*, the government should not be able to alter its case in a way that it could not have done once the first trial began. Rather, the parties should be restored to the same positions they would have been in when the original jury was empaneled. Any other rule would provide the prosecution more than "one complete opportunity to convict those who have [allegedly]

---

probably produce an acquittal if a new trial were granted." *United States v. Hill*, 737 F.3d 683, 687 (10th Cir. 2013) (quotation omitted). Defendants do not seek a new trial here. But the legal standard is informative: it makes no sense that the government can retry its case based on new evidence while Defendants could not seek retrial without meeting this exceedingly demanding standard.

violated its laws." *Washington*, 434 U.S. at 509. Accordingly, the Court should bar the government from admitting any new evidence at the third trial.

## CONCLUSION

For the reasons discussed, the Court should prohibit the government from introducing new evidence at the third trial.

Dated: May 9, 2022   Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach