IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **WILLIAM WADE LOVETTE,**

    Defendants.

---

**NOTICE OF GOVERNMENT'S INTENTION TO OBJECT TO LEADING QUESTIONS BY A DEFENDANT ON CROSS-EXAMINATION OF A CO-DEFENDANT'S WITNESS**

---

The government respectfully gives notice of its intent to object if a Defendant asks leading questions on cross-examination of a co-Defendant's witness absent an indication that the witness displays adversity towards the party conducting the cross examination.[1]

Leading questions are inappropriate where, as in the past two trials, witnesses called by one Defendant were not hostile (were, in fact, likely friendly) to other Defendants. The Federal Rules of Evidence generally eschew leading questions. Rule 611(c) "continues the traditional view that the suggestive powers of the leading question

---

[1] *See also* United States' Trial Brief (Docket No. 1057 at 8) (discussing the prohibition on leading questions for a co-Defendant's witness).

are as a general proposition undesirable" apart from certain exceptions like questioning a hostile witness.  Adv. Comm. Notes on Rule 611(c) (1972).  And witnesses called by one defendant are not per se hostile to a co-defendant.  Rather, outside of certain categories inapplicable to this case, courts should "wait until trial to determine whether a witness will actually demonstrate hostility," as shown by their demeanor at trial. *See SEC v. Goldstone*, 317 F.R.D. 147, 164 (D.N.M. 2016).  As was shown in the past two trials, witnesses called by any Defendant were typically not hostile to any other Defendant.  Absent some degree of hostility, there is no justification for leading questions.

The Court has discretion to limit this inappropriate cross-examination.  Rule 611 affords a "basis for denying the use of leading questions" when cross-examination is "in form only and not in fact," noting that "[o]rdinarily," but not always, "the court should allow leading questions on cross-examination."  Adv. Comm. Notes on Rule 611(c) (1972).  Use of that discretion to deny leading questions is warranted here.  If a calling defendant is unable to elicit desired testimony on direct examination, a friendly co-defendant with aligned interests can use direct as a springboard and salvage the testimony via leading questions on cross-examination. *See Movant v. Construction Aggregates Corp.*, 570 F.2d 626, 635 n.12 ("The right of a cross-examiner to employ leading questions is not absolute under Rule 611(c). If the witness is friendly to the examiner, there is the same danger of suggestiveness as on direct; and consequently the court may, in its discretion, forbid the use of leading questions.").  In other words, coordinated cross-examination occurs.  This problem arose during the second trial and

the Court sustained a government objection on the cross-examination of defense witness Richard Eddington by a co-Defendant, noting:

> I agree with [the government] that that follow-up question is kind of almost piggybacking on something [a calling Defendant] asked. And if there is that type of setups, if I determine those to be setup questions where the first party who calls a witness asks a question like that and then someone hops up and then seems to follow it up with a highly loaded leading question, I may step in. But as I said, I am choosing to exercise my discretion not to do that. . . . [I]f the government believes that there is some -- there is a set-up that's going on by parties with closely aligned interest, then it's free to object.

Penn 2 Cert. Tr. 2987:11-2988:20; *see also* 3892:11-13 (sustained leading objection on the cross-examination of defense witness Kent Kronague by a co-Defendant).

Due to a lack of hostility, cross-examinations of a co-Defendant's witness in the past two trials in this case have sometimes been "in form only and not in fact." *See* Adv. Comm. Notes on Rule 611(c); *United States v. DeLeon*, 418 F. Supp. 3d 682, 750 (D.N.M. 2019) ("The Federal Rules of Evidence . . . generally do not permit a party to ask a non-hostile witness leading questions" and "[a]dversity is not present when the witness is aligned with the defendant."). The use of such leading questions in the absence of hostility continues to be inappropriate and to the extent any Defendant chooses to call witnesses, his co-Defendants should be prohibited from posing leading questions.

Dated: June 15, 2022                Respectfully submitted,

/s/ Aidan D. McCarthy
KEVIN B. HART
LESLIE A. WULFF
PAUL J. TORZILLI
DANIEL A. LOVELAND, JR.
MATTHEW CHOU
AIDAN D. MCCARTHY
KAITLYN E. BARRY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 549-6183
Email: aidan.mccarthy@usdoj.gov
*Attorneys for the United States*