IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN, and
8. WILLIAM WADE LOVETTE,

    Defendants.

## ORDER

This matter comes before the Court as a follow up to the Court's May 24, 2022 order. Docket No. 1353.

The Court held a *James* hearing on September 2, 2021 and September 8, 2021. *See* Docket Nos. 440, 490. The Court issued an order finding, by a preponderance of the evidence, that (1) a conspiracy to rig bids and fix prices for broiler chicken products existed and operated between at least August 2011 and early 2019; (2) the membership of the conspiracy included each defendant[1] and twenty-five other individuals; and (3) certain statements were made during and in furtherance of the conspiracy. Docket No. 559 at 7-9, 20-48. The Court then presided over a twenty-five

---

[1] At the time the Court issued the *James* order, there were ten defendants. Before the third trial, the government filed a motion to dismiss five of the defendants, which the Court granted. Docket Nos. 1238, 1239.

day trial, Docket No. 907, which ended in a mistrial.  See Docket No. 920 at 2.  Following the mistrial, the case was re-set for a twenty-two day trial to begin on February 22, 2022.  Docket No. 925 at 1.  Before the re-trial, the government filed a motion to supplement the *James* log and for reconsideration of certain exhibits the Court had found to not be in furtherance of the conspiracy in the original *James* order.  Docket No. 941.  The Court granted the motion to supplement in part and denied it in part.  Docket No. 1050 at 10.  After the government rested its case-in-chief, the Court entered an order finding that the certain of the statements it had granted reconsideration of and permitted to be added to the *James* log were made during and in furtherance of the conspiracy and "connect[ed] up" to the conspiracy.  Docket No. 1182.  The second trial ended in a mistrial.  Docket No. 1231 at 2.

Before the third trial, the government filed a motion to supplement the *James* log.  Docket No. 1272.  The Court found that the following entries in the government's supplemental *James* log were made during and in furtherance of the conspiracy and permitted the government to add these entries to the *James* log: Entries 101-S (Exhibit D-925); 102-S through 121-S; 126-S; 127-S; and 129-S through 139-S.  Docket No. 1353 at 8.  The Court reserved ruling on Entries 122-S to 125-S and 128-S because defendants had separately moved to exclude entries regarding U.S. Foods.  *Id.* at 5.  In a separate order, the Court denied defendants' motion to exclude this evidence.  Docket No. 1352 at 3-5.  The Court finds that the statements in Entries 122-S to 125-S and 128-S were made during and in furtherance of the conspiracy.

For a statement to be admissible under Fed. R. Evid. 801(d)(2)(E), the district court must first find the following elements by a preponderance of the evidence: "(1)

that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy."[2] *United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir. 2007). When the Court permitted the government to add these entries to the *James* log, it "admit[ted] the statements on the condition that the prosecution 'connect up' the evidence and prove the existence of the predicate conspiracy through trial testimony or other evidence." *United States v. Jeffrey*, 128 F. App'x 680, 695 (10th Cir. 2005) (unpublished). A court must make findings on the record that Rule 801(d)(2)(E) has been satisfied and, "[p]resumably, th[is] could consist of a single declarative sentence." *Id.* at 697 n.9. The Court finds that the testimony at the third trial proved by a preponderance of the evidence that the conspiracy existed, the declarant and the defendants were members of the conspiracy, and the statements the Court permitted the government to add to the *James* log were made during and in furtherance of the conspiracy.

The Court finds that, when they were admitted, the following statements "connected up" to the conspiracy: (1) the testimony of Pete Suerken, Entries 102-S to 106-S, and (2) the testimony of Robert Bryant, Entries 107-S to 129-S.[3] The Court

---

[2] The Court's earlier *James* order, Docket No. 559, found that the conspiracy existed and the declarant of each entry in Docket No. 1272-1 was a member of the conspiracy. Docket No. 559 at 7-9.

[3] In its order on May 24, 2022, the Court denied the government's motion to add GX-1890 to the *James* log. Docket No. 1353 at 6-7. On June 9, 2022, the government moved the admission of GX-1890 (a portion of Entry 245) through Robert Bryant. Transcript at 548. While there was a discussion concerning the redaction of the "Highly Confidential" marker on the bottom left, defendants did not object that the Court had previously held the exhibit inadmissible under Rule 801(d)(2)(E). *See id.* Similarly, the government introduced GX-10048 through 10054 (Entry 140-S to Entry 146-S) through

3

finds that the government has "connected up" each of the entries listed above that came into evidence.[4]

For the foregoing reasons, it is

**ORDERED** that, to the extent they were admitted into evidence, Entries 102-S to 129-S were made during and in furtherance of the conspiracy and "connect up" to the conspiracy.

DATED July 7, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

Theodore Sangalis on June 14, 2022.  Transcript at 1006.  Despite the Court having denied the government's motion to add these entries to the *James* log, Docket No. 1353 at 7, defendants did not object and indicated these exhibits were part of a stipulation between the parties.  Transcript at 1006.

[4] Certain entries the Court permitted the government to add to the *James* log were statements from witnesses that did not testify at the third trial or were for exhibits that were not introduced at the third trial.  *See, e.g.*, Docket No. 1272-1 at 2 (Entry 101-S, Exhibit D-925, which was not admitted during the government's case); *id.* at 4 (statements of Carl Pepper, who did not testify at the third trial).  For entries that pertain to information that was not introduced, the Court makes no finding on whether these entries "connect up."