1          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLORADO
2
   Criminal Action No. 20-CR-00152-PAB
3  In Re: Penn II
   UNITED STATES OF AMERICA,
4
        Plaintiff,
5
   vs.
6
   JAYSON JEFFREY PENN,
7  MIKELL REEVE FRIES,
   SCOTT JAMES BRADY,
8  ROGER BORN AUSTIN,
   TIMOTHY R. MULRENIN,
9  WILLIAM VINCENT KANTOLA,
   JIMMIE LEE LITTLE,
10 WILLIAM WADE LOVETTE,
   GARY BRIAN ROBERTS,
11 RICKIE PATTERSON BLAKE,

12      Defendants

13 _____

                  REPORTER'S TRANSCRIPT
14                Trial to Jury, Vol. 20

15 _____

16         Proceedings before the HONORABLE PHILIP A. BRIMMER,

17 Chief Judge, United States District Court for the District of

18 Colorado, commencing at 8:01 a.m., on the 25th day of March,

19 2022, in Courtroom A201, United States Courthouse, Denver,

20 Colorado.

21

22

23

24 Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Janet M. Coppock, 901 19th Street,
25     Room A257, Denver, Colorado, 80294, (303) 335-2106

```
 1                          APPEARANCES

 2          Michael Koenig, Carolyn Sweeney, Heather Call and Paul

 3   Torzilli,, U.S. Department of Justice, 450 Fifth Street N.W.,

 4   Washington, DC 20530, appearing for Plaintiff.

 5          Anna Tryon Pletcher and Michael Tubach of

 6   O'Melveny & Myers, LLP, Two Embarcadero Center, 28th Floor,

 7   San Francisco, CA 94111-3823;

 8          Brian Quinn of O'Melveny & Myers, LLP, 1625 I Street

 9   N.W., Washington, DC 20006, appearing for Defendant Penn.

10          David Beller, Richard Kornfeld and Kelly Page of

11   Recht & Kornfeld, P.C., 1600 Stout Street, Suite 1400, Denver,

12   CO 80202, appearing for Defendant Fries.

13          Bryan B. Lavine of Troutman Pepper Hamilton Sanders,

14   LLP, 600 Peachtree Street NE,  Suite 3000, Atlanta, GA 30308;

15          Laura Kuykendall and Megan Rahman of Troutman Pepper

16   Hamilton Sanders, LLP,  1001 Haxall Point, Richmond VA 23219,

17   appearing for Defendant Brady.

18          Michael Felberg of Reichman, Jorgensen, Lehman,

19   Feldberg, LLP, 750 Third Avenue, 24th Floor, New York, NY

20   10017;

21

22

23

24

25
```

```
 1                    APPEARANCES (Continued)

 2              Laura F. Carwile of Reichman, Jorgensen, Lehman,

 3     Feldberg, LLP, 100 Marine Parkway, Suite 300, Redwood Shores,

 4     CA 94065; appearing for Defendant Austin.

 5              Elizabeth B. Prewitt of Latham & Watkins, LLP,

 6     555 11th Street, N.W., Suite 1000, Washington, DC 20004;

 7              Marci Gilligan LaBranche of Stimson, Stancil,

 8     LaBranche, Hubbard, LLC, 1652 North Downing Street, Denver, CO

 9     80218, appearing for Defendant Mulrenin.

10              James A. Backstrom, Counselor at Law, 1515 Market

11     Street, Suite 1200, Philadelphia, PA 19102-1932;

12              Roxann E. Henry, Attorney at Law, 5410 Wilson Lane,

13     Bethesda, MD 20814, appearing for Defendant Kantola.

14              Mark A. Byrne of Byrne & Nixon, LLP, 888 West Sixth

15     Street, Suite 1100, Los Angeles, CA 90017;

16              Dennis J. Canty, Canty Law Corporation,

17     1990 North California Blvd., 8th Floor, Walnut Creek, CA 94596,

18     appearing for Defendant Little.

19              John Anderson Fagg, Jr. and James McLoughlin of

20     Moore & Van Allen, PLLC, 100 North Tryon Street, Suite 4700,

21     Charlotte, NC 28202-4003, appearing for Defendant Lovette.

22

23

24

25
```

1                        APPEARANCES (Continued)

2              Craig Allen Gillen and Anthony Charles Lake of

3      Gillen, Withers & Lake, LLC, 400 Galleria Parkway, Suite 1920,

4      Atlanta, GA 30339;

5              Richard L. Tegtmeier of Sherman & Howard, LLC,

6      633 17th Street, Suite 3000, Denver, CO 80202-3622, appearing

7      for Defendant Roberts.

8              Barry J. Pollack of Robbins, Russell, Englert, Orseck

9      & Untereiner, LLP, 2000 K Street N.W., 4th Floor, Washington,

10     DC 20006;

11             Wendy Johnson and Christopher Plumlee of  RMP, LLP,

12     5519 Hackett Road, Suite 300, Springdale, AR 72762, appearing

13     for the Defendant Blake.

14

15                        PROCEEDINGS

16         THE COURT:  Back on the record in 20-CR-152.  We are

17     continuing our discussion of the two notes that the Court

18     received both carrying a time of 3:30 p.m.  Both sides have

19     filed proposals as to the response.  In addition, I have passed

20     out what I think would be an appropriate response to both notes

21     as well.

22             Why don't we focus on the response, first of all, to

23     what we deemed as note No. 2, the one that starts off, "We're

24     stumped."  The government, of course, proposes that we do a

25     combined response.  I don't think that we should.  Why don't we

1    look -- first of all, let me ask you first the defendants or

2    any of the defendants the reaction to the Court's proposed

3    language as to that note.

4         Ms. Henry.

5         *MS. HENRY:*  Your Honor, we are comfortable I think

6    with the very first part of the first paragraph.  The second

7    paragraph we believe is insufficient and -- you know, perhaps

8    unnecessary, but also insufficient because the instruction --

9    we are reformulating the instruction in 26 which we do not

10   think is appropriate.  And the instruction in 26 is very

11   careful in the third paragraph to talk about how to prove the

12   conspiracy existed within the statute of limitations, the

13   government must prove beyond a reasonable doubt that one or

14   more members of the conspiracy performed some act after

15   June 2015, da, da, da, da, da, and it's obviously the two.

16        We do not think that this is an appropriate way of

17   reconstructing it and we don't think it's necessary either,

18   Your Honor, and that's the biggest problem with that.  We also

19   don't think that the government has cited any case law or

20   anything that would change what was put in the initial

21   instruction.  And this does, in fact, change what was put in

22   the initial instruction which we don't think is appropriate.

23        *THE COURT:*  Okay.  I am not quite sure that I

24   understand what you are talking about.  So we are focusing on

25   the response to the second note.

1          MS. HENRY:  Right.

2          THE COURT:  Hold on one second.  So in the Court's

3     draft where it says No. 2, that's the response -- there are two

4     paragraphs in response to that note.  And do the defendants, as

5     far as you know, have any problem with the language of the

6     first paragraph?

7          MS. HENRY:  No, Your Honor, I don't believe so.

8          THE COURT:  And then what about the second paragraph?

9          MS. HENRY:  It is the second paragraph that we think

10    is unnecessary.

11         THE COURT:  The one that starts with, "Thus, even if

12    the jury finds"?

13         MS. HENRY:  Yes.

14         THE COURT:  Why do you believe that's a reformulation

15    since I am using language from Instruction No. 26?

16         MS. HENRY:  Because you are not using all of the

17    language from Instruction No. 26, and they may suddenly start

18    to think that it's not part of -- it's not the full instruction

19    is the point.

20         THE COURT:  I am sure that they will note that it's

21    not the full instruction because it's not the full instruction.

22    Answering with a full instruction wouldn't be very helpful

23    since they are confused about the full instruction.

24         MS. HENRY:  Well, I think the only thing that the

25    evidence confusion on is the date issue.  They certainly did

1    not indicate that they are confused about the entire

2    instruction.  So I think that that's where we need to make it

3    clear that this is a reference back to the instruction, not

4    that this is a new or different instruction which is what it

5    sort of sounds like.

6            *THE COURT:*  Okay.

7            *MS. HENRY:*  So we need some sort of reference back to

8    the full instruction and make it clear that that is still the

9    full instruction because this is only part of the instruction.

10   And the issue of that the conspiracy to show it existed, that

11   you have to perform some act in furtherance is critical.  And

12   it also -- we're getting into in this whole thing, and this is

13   going to bleed into the issue on the third instruction if you

14   don't mind, but we have a situation here where the government

15   has explicitly, you know, strongly and required the Court

16   basically to put into the overall instructions that the jury

17   may find a narrower conspiracy.

18           The moment that you've done that you also have the

19   issue that what is the conspiracy that's relevant to the

20   statute of limitations because it could be different.  It could

21   be different things that they are thinking about, and this

22   doesn't really address a lot of those issues.  So there is

23   issues of you have to still be a member of the conspiracy that

24   is existing at the time of the statute of limitations.  There

25   is a lot of issues for each of these individual defendants with

1   regard to different facts and different circumstances for each

2   individual.  We don't know whether the jury is looking at it

3   from that perspective or whether the jury is looking at it from

4   a broad perspective.

5        Essentially the concern that we have is that the

6   government has sort of assumed where the confusion is.  And

7   there is no basis to assume where the confusion really is here

8   other than the dates and that they need to understand that the

9   dates for 26 are different dates than the dates for the

10  allegation of conspiring to rig bids and fix prices, and that's

11  what we feel the Court needs to address.  And that by getting

12  into more issues and trying to address all of these other

13  things, we're going to end up confusing the jury more than we

14  are going to end up helping them out.

15       And, you know, again just going through the cases that

16  the government has cited here, they basically do not address

17  these points.

18       THE COURT:  Well, we are getting way ahead of

19  ourselves here, but --

20       MS. HENRY:  We are getting ahead of ourselves.

21       THE COURT:  Moreover, the second paragraph of the

22  defendants' proposed response to the jury notes is almost

23  identical to what I proposed, and yet there has not been an

24  expression of all these worries and concerns and incompleteness

25  and lack of quoting the entire instruction --

1          *MS. HENRY:*  I think that the way --

2          *THE COURT:*  -- which makes me think that all of this

3     is just a response to the government's brief, and what we're

4     really talking about is how to respond to the third note.

5          *MS. HENRY:*  If you look at what we have proposed, I

6     think it is sufficiently succinct, that it addresses the points

7     that we're trying to make here.  And as I said, the concern

8     that we have is that by taking out only part of it, you've left

9     out that part about that there has to be an act, which I think

10    we've covered in our instruction.

11         *THE COURT:*  Okay.  Mr. Tubach?

12         *MR. TUBACH:*  Just very briefly to that point, Your

13    Honor.  Just sticking with No. 2, for Mr. Penn only we are fine

14    with the first paragraph.  For the second paragraph the only

15    thing I would request is the Court add at the end, To determine

16    whether the alleged conspiracy existed for purposes of the

17    statute of limitations, I refer you to the last paragraph of

18    26.  That's essentially what --

19         *THE COURT:*  Hold on one second.  So you would put a

20    period after the term "statute of limitations" and then refer

21    back to Instruction No. 26 or what did you propose?

22         *MR. TUBACH:*  I was actually going to leave what the

23    Court had written and just add another sentence that says, For

24    purposes of determining whether the alleged conspiracy existed

25    for purposes every Instruction No. 26, I refer you to the last

1   paragraph of that instruction or some reference to the last

2   paragraph because it's not just that it existed in some sort of

3   atmospheric way.  The third paragraph specifically says, as

4   Ms. Henry noted, that there has to be an act within the five

5   years, so it's not just an existent thing.  It's an act.  And

6   that's our main concern.  Otherwise, at least for Mr. Penn, we

7   are fine with the response to Question No. 2.

8          MR. KOENIG:  I would strongly disagree with putting

9   that in.  Instruction 26 is a statute of limitations and they

10  are trying to say that it's about the existence of the

11  conspiracy and that's not what 26 deals with.  That's highly

12  misleading.  And you know --

13         THE COURT:  Well, that's not -- even if Mr. Tubach

14  thinks that's the theory, that's not what his language would

15  suggest.

16         MR. KOENIG:  It's possible I misunderstood, but I

17  thought it was for the existence of the conspiracy.  It's set

18  forth in the third paragraph of 20 -- oh, 23.

19         THE COURT:  No, 26.

20         MR. KOENIG:  26, right, which I don't think has

21  anything to do with the existence of the conspiracy.  The

22  existence of the conspiracy, it could have been back in 1911.

23  It's totally different than the statute of limitations.

24         THE COURT:  Mr. Pollack?

25         MR. POLLACK:  Your Honor, on behalf of Mr. Blake, I

1   just had two modest requests.  In the second paragraph that you

2   drafted for No. 2, and I think this is consistent with what the

3   Court was suggesting last night, I think the language should be

4   conditional; Thus, even if the jury were to find that the

5   government has proved the charge of conspiring to rig bids and

6   fix prices against a defendant, the jury could not find that

7   defendant guilty unless it also found.

8          THE COURT:  The only -- I think it's clear that if the

9   jury didn't find a given defendant guilty of the charge, then,

10  of course, the statute of limitations issue would be irrelevant

11  anyway.  I mean, it wouldn't --

12         MR. POLLACK:  I don't think this is a substantive

13  change, Your Honor.  I think it is just simply to me saying

14  even if the jury finds.  It makes it sound as if you believe or

15  expect that they are going to come to that conclusion, and then

16  you are telling them that they still need to move on to this

17  other issue about the statute of limitations.  We have no idea

18  where the jury is in its deliberations and so I just think it

19  should be phrased in the conditional.  Even if the jury were to

20  find that the government has proved the charge of conspiring to

21  rig bids against the defendant, the jury could not find that

22  defendant guilty unless it also found.  So I am just changing

23  it to conditional because we have no idea what the jury is

24  thinking at this point.

25         THE COURT:  Understood.

1        MR. POLLACK:  And then my other modest request is in

2   No. 3, the sentence about halfway down that begins with

3   moreover.

4        THE COURT:  We are getting a little ahead of

5   ourselves, but if we are just doing minor wordsmithing, go

6   ahead.

7        MR. POLLACK:  It says moreover.  I would say,

8   Moreover, for purposes of the statute of limitation, it is not

9   necessary.  Because again they seem to be confused as to which

10  instructions relate to the statute of limitations versus which

11  relate to the substantive instructions.

12       THE COURT:  Got it.  Thank you.

13       MR. POLLACK:  That's all I had.  Thank you, Your

14  Honor.

15       THE COURT:  Ms. Prewitt?

16       MS. PREWITT:  Thank you, Your Honor.  I agree with

17  what Mr. Tubach argued and I agree also with the proposed

18  changes by Mr. Pollack.  Thank you.

19       THE COURT:  Thank you.

20       Ms. Henry, did you have something else?  Go ahead.

21       MS. HENRY:  No, Your Honor.  We just really want to

22  point out that the difference between what we wrote and what we

23  have proposed is a pretty simple difference, which is the jury

24  cannot convict that defendant if the jury finds that the

25  government failed to carry its burden of proof under the

1   statute of limitations rather than trying to repeat what is in

2   Rule 26.

3        *MR. KOENIG:*  I am not sure I followed that.  I do have

4   some thoughts on what Mr. Pollack said too.

5        *THE COURT:*  Right.  Mr. Koenig, why don't you give us

6   the government's response assuming -- whatever points the

7   government wants to make.

8        *MR. KOENIG:*  Sure.  In response to Mr. Pollack, I

9   think the language is already in the conditional after the

10   thus, thus even if.  I mean, I think it's pretty clear and I

11   don't think that, you know, even if the jury were to or, you

12   know, that language, that sort of hedging language, I don't

13   know that it makes that much of a difference, but I will point

14   out it's much simpler the way the Court has written it.

15       And then I also would disagree with the putting in for

16   purposes of statute of limitations because, you know, I think

17   that inserts this idea that, you know, the conspiracy, you

18   know, that -- any applicable law, it somehow cabins it.  And

19   maybe -- could I ask the Court's indulgence to read exactly

20   where he was proposing putting the "even if" or not even if,

21   but "for purposes of"?

22        *THE COURT:*  Sure.  It was in the response to the third

23   note, so we are jumping ahead.  Mr. Pollack, as I understood

24   it, proposed including that language right after the word

25   "moreover" in the third sentence.

1          MR. POLLACK:  That's correct, Your Honor.

2          MR. KOENIG:  Yeah.  And so it seems to be adding in,

3    you know, because -- one moment.

4          MS. CALL:  The Court's indulgence, Your Honor.  I

5    think what Mr. Pollack's statement does is add in a new

6    requirement for the jury that's not the law because the

7    government does not need to prove that a defendant performed

8    some act in furtherance of the conspiracy after one of those

9    dates in the statute of limitations.  By cabining it for the

10   purposes of Instruction 26 will make the jury obviously think

11   that for some other instruction they may need to find that when

12   that's just simply not the case.  So I think we would certainly

13   oppose some sort of condition that makes a new requirement here

14   that is not consistent with the law.

15         THE COURT:  Right.  Let's not get into -- unless it's

16   minor wordsmithing, but we are going to tackle that in just a

17   minute.

18         MR. TUBACH:  Just on No. 2, Your Honor.

19         For that one, I don't understand Mr. Koenig's

20   objection to my proposal because I am quoting the language or I

21   am asking the Court to refer to the exact language the Court

22   has already instructed the jury on, which the last paragraph of

23   Instruction 26.  We are not proposing any new requirement.  We

24   are just asking the Court to remind the jury that this existed

25   isn't some free-floating idea.  It's specifically described in

1    paragraph 3 in the last paragraph of Instruction 26.

2          THE COURT:  Mr. Tubach, can you remind me what your

3    proposed additional sentence was, if you don't mind?

4          MR. TUBACH:  Sure.  For purposes of determining

5    whether the conspiracy existed within the statute of

6    limitations, the government must prove beyond a reasonable

7    doubt -- you could either read that entire thing or just say I

8    refer you to paragraph 3 of Instruction No. 26.  That's

9    probably easier rather than re-reading the entire thing.

10          THE COURT:  Thank you.

11          MR. TUBACH:  And the language "to prove that the

12    conspiracy existed within the statute of limitations" is taken

13    directly from the third paragraph of Instruction 26.

14          THE COURT:  Mr. Koenig?

15          MR. KOENIG:  I do still disagree with that.  I believe

16    that what we're doing there is telling the jury that somehow --

17    we are risking confusing the jury that the existence of the

18    conspiracy is somehow tied to 26.  I understand that he is

19    saying prove the existence of the conspiracy within the statute

20    of limitations.  However, that seems to be really the paragraph

21    that is getting the confusion.  And I think that this merging

22    of ideas that the existence is somehow tied to that third

23    paragraph is going to create the same sort of confusion that

24    led to where we are in the first place.

25          I think that what the Court has in the first two

1    paragraphs of what was handed out are just perfectly simple,

2    perfectly straightforward.  And I think drafting on all these

3    little things here and there is just going to get us back to

4    where we were in the first place.  I think the Court really hit

5    it spot on with those first two paragraphs.

6        THE COURT:  Of course, the third paragraph -- the

7    second paragraph indicates that the government has to prove

8    that the alleged conspiracy existed at some point within the

9    statute of limitations.  And then the third paragraph explains

10   how the government has to go about doing so; namely, proving

11   that one or more members of the conspiracy performed some act.

12       MR. KOENIG:  Which is what I think the third paragraph

13   of Your Honor's proposed instruction does.

14       THE COURT:  Well, there is no third paragraph.  There

15   is a response --

16       MR. KOENIG:  I am sorry, the answer to No. 3.

17       THE COURT:  The one that we are not on yet?

18       MR. KOENIG:  Well, I am saying why interject that idea

19   into the answer to No. 2 when the answer to No. 3 takes care of

20   it.

21       THE COURT:  Okay.

22       MS. CALL:  Very briefly, just to add a proposal that I

23   think my address the concerns of the defendants.  I think the

24   government's concern, referring back to the list of 10 names

25   because the jury obviously seems to be confused with finding an

 1    individual act by each defendant, which is, of course, the next

 2    note, but perhaps if after the language saying to the second

 3    paragraph of the Court's proposed instruction where it says,

 4    "The jury cannot find the defendant guilty unless it also finds

 5    the government has proved beyond a reasonable doubt that the

 6    alleged conspiracy existed," perhaps we just add a clause

 7    there, a comma saying "meaning one or more members performed

 8    some act, at some point within the period of the statute of

 9    limitations," because I think that addresses the act

10    requirement that the defendants were concerned about.

11         THE COURT:  I am going to come back to the response to

12    the second note.  Let's now focus on the response to the third

13    note.  And let's also stick to -- let me make a couple of

14    observations about what the parties have filed.

15         First of all, in terms of the term "collusion," if you

16    look at the dictionary definition of collusion, it means some

17    illegal conspiracy or at least that's one of the -- I don't

18    read anything into what they say about collusion.  If we were

19    to tell them, hey, we are not talking about collusion here, you

20    would have to define what we think collusion means.  And I am

21    not sure what they think collusion means.  I think they are

22    just using it as a shorthand method of referring to, you know,

23    a conspiracy.

24         And we've already referenced or would reference in the

25    answer to the second note that the elements of the charge are

1    explained in Instructions No. 17 through 24.  So anyway, that's

2    my observation as to the defendants' proposed response.  The

3    government's proposed response, of course, it's a combined

4    response, so it's a little bit different.  However, I am

5    worried that the third paragraph of the government's proposed

6    response interjects a number of different phrases and concepts

7    that I think would be problematic and confusing to the jury.

8            Ms. Henry?

9            So what I would like to do is to focus on the Court's

10   proposed response to the third note.

11           *MS. HENRY:*  And, Your Honor, with regard to the

12   Court's proposal, again we are happy with the Court's proposal

13   up until the word "moreover."  After moreover we are starting

14   to get into more complex issues, and we are anticipating

15   through this some of what the concerns are from the jury.  And

16   as we've talked about, it's impossible to really understand

17   where the jury is at this particular moment in terms of whether

18   they are looking at one individual, many individuals, whether

19   they are looking at the broad issues.  There are, as we have

20   talked about, very different circumstances here.  There is 10

21   different circumstances for -- every defendant has slightly

22   different circumstances.

23           And to do these sort of --

24           *THE COURT:*  I don't think that's true.  I don't think

25   that's true.  The statute of limitations is not focused on each

1    individual defendant.  It's just not.  And I haven't seen any

2    instruction that requires as part of the analysis of the

3    statute of limitations that the jury determine whether or not

4    that defendant was part of the conspiracy.  I haven't seen that

5    anywhere.  The issue is whether the charged conspiracy occurred

6    during those dates and whether any member of the conspiracy

7    performed an act.

8              Now, I think that the presupposition, not relevant to

9    the statute of limitations, is that, you know, if a defendant

10   were not part of the charged conspiracy, that defendant is

11   going to be acquitted on the substantive charge.  But I haven't

12   seen anything that requires the jury to say as part of the

13   analysis, okay, was he part of the charged conspiracy?  If not,

14   then the statute of limitations, you know, gets him off the

15   hook.  I haven't seen that.

16        MS. HENRY:  Your Honor is correct, but in this

17   instance the charged conspiracy has now been defined as

18   potentially being narrower conspiracies within the charged

19   conspiracy, and that makes a difference when you are looking at

20   the statute of limitations.  That's the point that we're

21   making.

22             Where you have -- I completely agree if you have a

23   single charged conspiracy, as you do in each of the jury

24   instructions that the government has appended, *Hayter Oil* talks

25   about evidence of some alleged separate conspiracy not charged

1    in the Indictment may not be considered to determine whether a

2    defendant is a member of the conspiracy alleged in the

3    Indictment.

4         So very different here circumstance.  In *Mrs. Baird's*

5    *Bakeries*, the government did not include the earlier part of

6    the Court's charge, but as an officer of the Court, I sat

7    through the entire case and I will represent to the Court this

8    was absolutely charged as a single conspiracy, one.  So the

9    language that you have to be a member of the single conspiracy

10   is very different.

11        Same again if you go to the *U.S. v. Builders*.  It's

12   very clear the conspiracy that existed.  There was very much a

13   charge to the jury in each and every one of these cases, in

14   each and every one of these situations that there was a single,

15   one conspiracy.  We are faced with a very different situation

16   now because the government insisted that indeed they could find

17   narrower conspiracies.

18        So if you have an individual who may be involved in

19   something narrower, but then even if somebody else performs an

20   act in furtherance of the broad conspiracy that was charged,

21   that individual has not really gotten into a situation where

22   the statute of limitations can be applied against them if

23   somebody else did something.

24        So it's a very different situation.  Here and that

25   really puts us in a very -- a situation where trying to put in

1    a lot of this extra language, trying to cabin in very different

2    ideas of if somebody did something with regard to the broad

3    conspiracy, then that means the statute of limitations is okay

4    for the individual.

5          It can't work that way in this situation, and that's

6    what makes it very different.  And that's why we're saying skip

7    all this extra stuff and just go back to a simple issue.  Here

8    is Instruction 26.  This is what you need to look at.  I could

9    explain it further, but I think you probably got the gist of

10   the concept.

11         THE COURT:  Perhaps, but don't assume too much.

12         MS. HENRY:  Well, I mean, again there are issues here

13   with regard to individuals.  We heard Robbie Bryant testify

14   that you had to have mutual trust, and if people had given

15   wrong information continually, then that person obviously would

16   not be part of a conspiracy.

17         We have facts in this record that go to that point.

18   We have facts in the record that go to other individuals where

19   potentially you could see a narrower conspiracy issue.  We do

20   not know what the jury is thinking.  We should not be trying to

21   decide where the jury is thinking.  The jury itself at this

22   point may not know where the jury is thinking.  But to try to

23   go into all of these issues at this point is premature and

24   really is assuming a confusion that may not exist and where

25   there are a lot of different circumstances that could play into

1    what the -- what we should be explaining.

2          THE COURT:  All right.  Thank you.

3          Mr. Koenig?

4          MR. KOENIG:  Sure, thank you.  A couple points.

5    First, this is a single conspiracy charged in this case, so I

6    am not sure where that's coming from.  To the extent that there

7    is, you know, instructions on the narrower conspiracy the jury

8    could find to be sufficient, that's just the law.  It doesn't

9    change what's been charged in this case.  And it's already in

10   the instructions, you know, 22 says the proof of separate

11   conspiracies is not proof of the single conspiracy overall.  So

12   I think we have got that covered and the jury hasn't asked any

13   questions about single, multiple conspiracies.

14          The point about, you know, saying everything after

15   "moreover" should somehow be -- it is somehow problematic, I

16   really don't think that's the case.  I mean, it really gets to

17   the nub of the issue which is the jury in two separate notes

18   has clearly indicated that they're stuck on this idea of does

19   that defendant have to perform something after the statute or

20   is it okay if one or more conspirators perform afterwards.  And

21   I think this gets to it just perfectly, the "moreover"

22   language.

23          THE COURT:  That's your modest proposal?

24          MR. KOENIG:  Yes.

25          THE COURT:  Mr. Tubach?

1          MR. TUBACH:  I think what Mr. Koenig said about there

2    being only one charged conspiracy, that is certainly true with

3    respect to the Indictment.  But as the Court heard, the

4    government is alleging all kinds of different and disparate

5    acts.  And as to Ms. Henry's point, the jury may be thinking,

6    well, okay, defendant A was part of this conspiracy relating to

7    KFC pricing for 2013, but not any other conspiracy.

8          And the problem is we don't -- the statute of

9    limitations as to that one would be a different inquiry than

10   the one with regard to, I don't know, 2018 Popeye's, right?  So

11   that's, I think, the concern that we have about the, what I

12   called yesterday, the atomization of what the government has

13   essentially done in this case.

14         What I would suggest on behalf of Mr. Penn only is

15   that in response to No. 3, I think we should at least -- they

16   have asked a question.  I think we should answer it, and I

17   think the answer is "yes," and then go on to answer the

18   question.  I would start No. 3 by saying "yes" and then answer.

19   And I would suggest -- perhaps the easiest way --

20         THE COURT:  Yeah, the problem with that is that it

21   presupposes that the question is not focused upon just evidence

22   pertaining to that individual defendant.  And admittedly, there

23   is some ambiguity there, but the beginning of the question is

24   focused on an individual defendant.  The end of the question is

25   focused on an individual defendant.  And I think, especially

1   given the confusion that we are aware of between the

2   substantive charge and the statute of limitations, that it is I

3   would say likely that the no future evidence also pertains to

4   an individual defendant.  That's my read of it.  I admit

5   it's -- that is not entirely clear from the question.

6        *MR. TUBACH:*  On behalf of Mr. Penn, we read that

7   differently.  We think the middle part relates simply to all

8   evidence because they didn't reference it.  I guess my question

9   would be with respect to No. 3 that we simply delete the

10  sentence that starts with "moreover."  So on behalf of

11  Mr. Penn, my modest suggestion would be start with "yes,"

12  delete the sentence that says "moreover," and with that we

13  would be acceptable -- the language of the Court would be

14  acceptable.

15       *THE COURT:*  Okay.  Thank you, Mr. Tubach.

16       Mr. Feldberg?

17       *MR. FELDBERG:*  Just to note, Your Honor, I agree on

18  behalf of Mr. Austin with Mr. Tubach's suggestion.  We also

19  think this should start with "yes."  And I would just add that

20  if we do follow Mr. Tubach's suggestion and delete the

21  "moreover" sentence, the sentence that follows that refers

22  directly back to Instruction 26 and essentially makes the same

23  point, and therefore, I think the "moreover" sentence is a

24  little bit redundant and certainly not necessary.

25       *THE COURT:*  Thank you, Mr. Feldberg.

1          Mr. Beller?

2          MR. BELLER:  Thank you, Your Honor.  Only for the

3    purposes of making sure our record is clear, because Mr. Tubach

4    has predicated his statements on only as to Mr. Penn, I would

5    agree with the arguments of Mr. Tubach and Mr. Feldberg and ask

6    that the "moreover" sentence be deleted because again it's

7    duplicative of the next clause that the Court has written.

8          With that said, I still believe that the instruction

9    as submitted by the defendants is the appropriate one.  To the

10   extent there is a need, I would object to the giving of either

11   instruction, but nonetheless, I also want to be collaborative

12   with where the Court is, but do want to make sure that we are

13   simply making a clear record for my client.  Thank you.

14         THE COURT:  And I think you said either instruction.

15   In other words, both the Court's proposed response to the

16   second note and third note.

17         MR. BELLER:  Yes, Your Honor.  Thank you very much.

18         THE COURT:  Mr. McLoughlin?

19         MR. McLOUGHLIN:  Very quickly, Your Honor.  As with

20   Mr. Beller, we preserve any objection with respect to anything

21   other than what was proposed, but we would agree also with

22   Mr. Feldberg's point with respect to Mr. Tubach's proposal.  If

23   one adds "yes," one gives the jury that feeling of certainty

24   that they are clearly looking for.  And it is, in fact, I think

25   the correct answer to their question when just read straight.

1            Your Honor's has a very good point with respect to the

2    risk of confusion that they are talking about an individual

3    throughout as opposed to the conspiracy is as Mr. Feldberg

4    noted taken care of quite clearly by the sentence after

5    "moreover" where you say one or more members of the conspiracy,

6    so that clears up that issue.  So we would -- we believe that

7    Mr. Feldberg's proposed to include "yes" and, as Mr. Tubach

8    says, delete the "moreover" is the cleanest certainty to

9    provide to the jury.

10           *THE COURT:*  Thank you.

11           Mr. Koenig?

12           *MR. KOENIG:*  Your Honor, I think the purpose of that

13    is being obscured.  The purpose is not to have the cleanest,

14    fewest words possible.  The case law is that when the jury

15    expresses confusion as they have here, they are begging for us

16    to dumb this down, and putting in the "moreover" sentence is

17    crucial.

18           And Supreme Court and 10th Circuit case law is clear

19    that you need concrete accuracy when the jury asks for

20    clarification like this.  And the "moreover" sentence really is

21    the nub of what their confusion is.  So I don't think that

22    these proposals to just say, well, let's just refer them back

23    to the instruction that they were confused about in the first

24    place is the answer.

25           You know, and what is the harm?  I haven't heard any

1    harm by putting in the "moreover" other than to stay, you know,

2    if a lawyer is reading this, they wouldn't need the moreover.

3    Well, the jury isn't lawyers.  The jury are, you know,

4    nonlawyers who are asking, begging for us to dumb this down,

5    and we should give it to them.  You know, and "moreover," that

6    sentence is the law.  I mean, what is the harm in giving them

7    the actual law?

8         The harm in not giving the law is they are going to

9    come to a verdict based on a misunderstanding of the law.  We

10   are just suggesting -- and I don't think any defendant can say

11   that that is not an accurate statement of the law.  They just

12   don't want it in there because they want to have them going

13   back to Instruction 26 which they are clearly not understanding

14   right now, so we would strongly urge the Court to keep the

15   "moreover" sentence in there.

16        *THE COURT:*  All right.  Here is what I am going to do.

17   Going back now to the Court's proposed response to jury note 2,

18   I will keep the first paragraph of the Court's response as

19   written.  I will adopt Mr. Pollack's proposed changes to the

20   first sentence.  And I will add as a last sentence to that

21   second paragraph the following:  Please see paragraph 3 of

22   Instruction No. 26.

23        In terms of the answer to the third note, I will once

24   again adopt Mr. Pollack's Swiftian modest proposal after the

25   word "moreover," in other words, add the words "for the

1    purposes of the statute of limitations," and I will reject the

2    remainder of the proposed suggestions to it.

3            I do believe that because of my interpretation of note

4    No. 3, that the jury is confused as to an individual

5    defendant's actions.  And as Mr. Koenig said, there is no doubt

6    that the so-called "moreover" sentence is the law, and I think

7    it's an appropriate clarification that would be helpful to the

8    jury.

9            In terms of Ms. Henry's point about the narrower

10   conspiracy, once again, I agree with Mr. Koenig.  I think that

11   Instruction No. 22 will -- addresses that particular point and

12   I don't believe that we need to delve into that, those matters,

13   because I think that Instruction No. 22 answers them.

14           I will prepare a typewritten response and append it to

15   the jury note.

16           Ms. Prewitt?

17           *MS. PREWITT:*  I would just ask for the record the

18   comment regarding Mr. Pollack's Swiftian proposal because I

19   just don't want to encourage him.  If Your Honor would just

20   accommodate that, I think it would help all of us here in the

21   courtroom.

22           *THE COURT:*  Mr. Tubach?

23           *MR. LAVINE:*  Just briefly, I am still not sure on all

24   the objections are for all of the defendants.  I agree on the

25   objections made by Mr. Beller for the record, Your Honor.

1          THE COURT:  If anyone wants to make their record, this

2     is a little different area, and as Mr. Beller said, it may be a

3     good idea to make those records.  So if anyone wants to do

4     that, we can -- why don't we do that now unless, Mr. Tubach,

5     you have something that you think other people may want to

6     object to.

7          MR. TUBACH:  Most likely.  Just for purposes of the

8     record, I was going to just note that we did -- on behalf of

9     Mr. Penn, we would still want to have the instruction given as

10    proposed, but we understand the Court's ruling.

11         THE COURT:  So noted.

12         Ms. Henry?

13         MS. HENRY:  Exactly the same.  We would request the

14    instruction that is proposed.

15         THE COURT:  Mr. Feldberg?

16         MR. FELDBERG:  Same for Mr. Austin.

17         MS. PREWITT:  Same for Mr. Mulrenin.

18         MR. LAVINE:  Same for Mr. Brady.

19         MR. BYRNE:  Same for Mr. Little.

20         MR. FAGG:  Same for Mr. Lovette.

21         MR. GILLEN:  Same for Mr. Roberts with the addition

22    that the comments made by counsel regarding the multiple

23    conspiracies, I think we might want to think about having some

24    sort of reference to that instruction if we are going to

25    include the Court's language, and we are because you just told

1    us what you are going to do, I think a reference back to that,

2    we simply say, well, Instruction 22 handles that.  Let's tell

3    them.  Let's reference back to 22 so that they know that if

4    the -- in the event that there is this issue about a narrower

5    conspiracy, then that's going to be addressed in this

6    instruction rather than sort of assuming that they are going to

7    pick up that very, very nuanced legal issue.  So I would ask in

8    addition to all the other proposals, to have some language in

9    there referencing them back to 22.

10            THE COURT:  I am going to reject that proposal.  I

11   think that that would probably generate a couple notes in short

12   order.

13            Mr. Pollack?

14            MR. POLLACK:  So I guess, first of all, to make the

15   record clear, Mr. Blake also was seeking the instruction that

16   all the defendants filed yesterday.  I thought that was clear,

17   but now that we've seemed to have opted out, we need to opt

18   out, it's gotten a little confusing.

19            In the first sentence of the second paragraph, I am

20   not sure I heard the Court entirely in terms of how we are

21   implementing that suggestion.  Thus, were the jury to find, I

22   believe is what the Court said, and I am not sure if the Court

23   made the additional change to "the jury could not" as opposed

24   to "cannot" unless it also "found" to be consistent throughout.

25            THE COURT:  It also found, yeah, you are right, unless

1    it also found.

2          *MR. POLLACK:*  And I think "cannot" would be "could

3    not."

4          *THE COURT:*  Yes, got that one.  Do you propose,

5    Mr. Pollack, that thus, striking "even" or rather just saying

6    "thus, even if the jury were to find"?

7          *MR. POLLACK:*  "Even if the jury were to find" is fine,

8    Your Honor.

9          *THE COURT:*  Okay.  So I will have copies available for

10   you of that response and Ms. Grimm will hand those out.

11         All right.  Anything else to take up at this time?

12         *MR. KORNFELD:*  I am sorry, Your Honor.  We had raised

13   the issue yesterday of possibly kicking back the due dates of

14   the 29th.  Obviously, we have no objection to the government's

15   date being kicked back also, and I think the government was

16   going to think about it overnight.

17         *THE COURT:*  What did you propose, Mr. Kornfeld, or

18   what was the thought?

19         *MR. KORNFELD:*  Another week.  So right now our

20   supplements are due Monday and the government's the following

21   Monday.  We would propose that ours be due a week from Monday,

22   whatever date that is, and the government's then be due the

23   following Monday.

24         *MR. KOENIG:*  Your Honor, we have thought about it

25   overnight and the reason given on the record was after, you

1    know, four hours of deliberation, given that the jury is still

2    deliberating, I think it makes sense to kick it back.  I don't

3    know what that means exactly, but I guess I don't see what the

4    justification is, but, you know --

5            THE COURT:  Well, I think the rationale, although I

6    may be speculating a bit, is that given that people may be busy

7    with answering notes, it would be best to focus on that and

8    then postpone the deadline by a week just on the assumption

9    that we won't be answering notes in a week.

10           MR. KOENIG:  Sure.  Okay.  Well, I mean, I don't think

11   it is all that big of an issue, so...

12           THE COURT:  All right.  I am going to go ahead and

13   grant the defendants' request, and so both deadlines will be

14   shifted back for a week, okay?

15           MR. KORNFELD:  Thank you, Your Honor.

16           THE COURT:  We will be in recess, then, until we get a

17   note or it's 5:00 o'clock or the jury has reached a verdict.

18           MR. KOENIG:  I think it was stated on the record that

19   our deadline was April 4th before.  It was actually April 8th

20   before, so that would be the deadline to be kicked back by a

21   week, not the 4th.

22           THE COURT:  That's right, whatever the previous

23   deadlines were, it's been moved back a week.  Thank you.

24       (Recess at 8:50 a.m. until 5:00 p.m.)

25           THE COURT:  All right.  It's 5:00 o'clock and let's go

 1    ahead and bring the jury back in.

 2         Well, ladies and gentlemen, the weekend is upon us,

 3    and I will have you come back on Monday at 8:30.  Once again

 4    you won't be brought back in the courtroom.  Just once you are

 5    all assembled, you can commence your deliberations.

 6         Keep my standard weekend admonitions in mind.  Namely,

 7    be especially careful unless you are coming into contact with

 8    some people that you don't normally see during the course of

 9    the week that they don't try to pry information out of you or

10    tell you things or any of those types of things that I want you

11    to avoid.  Otherwise, I think the weather is supposed to be

12    great.  I hope you have a wonderful weekend and the jury is

13    excused.  Thank you.

14         (Jury excused.)

15         THE COURT:  Anything that we should take up before we

16    recess?

17         Mr. Beller, did you have something?

18         MR. BELLER:  Just quickly.  Your Honor, I don't

19    remember if we gather on Monday morning to greet the jurors or

20    not.

21         THE COURT:  No.

22         MR. BELLER:  Okay.  Thank you.  That's all I had.

23         THE COURT:  Yeah, there is no need for that, so won't

24    have to worry.

25         All right.  I hope all of you have a good weekend, and

1   the Court will be in recess until either a question, a verdict

2   or 5:00 o'clock on Monday.   Thank you.

3        (Recess at 5:05 p.m.)

4                       REPORTER'S CERTIFICATE

5        I certify that the foregoing is a correct transcript from

6   the record of proceedings in the above-entitled matter.   Dated

7   at Denver, Colorado, this 23rd day of June, 2022.

8

9                              S/Janet M. Coppock

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25